IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

```
JOHN GILBERT,                    )
                                 )
              Plaintiff,         )
                                 )
v.                               )
                                 )
APC NATCHIQ, INC.,               )
                                 )
              Defendant.         ) Case No.: 3:03-CV-00174-RRB
_____)
```

**<u>MOTION FOR RULE OF LAW ESTABLISHING
THE FLSA DAY RATE CALCULATION OF OVERTIME DAMAGES
AND MEMORANDUM IN SUPPORT THEREOF</u>**

**I.   <u>INTRODUCTION AND RELIEF REQUESTED</u>**

Defendant, APC Natchiq, Inc., by and through its attorneys DeLisio, Moran, Geraghty & Zobel, PC moves this court pursuant to 8 AAC § 15.100(b)(1) and 29 C.F.R. § 778.112 for a ruling as a matter of law that overtime damages in this case, if any, shall be calculated in accordance with the Fair Labor Standards Act ("FLSA"). This motion is supported by the points and authorities below.

The parties disagree as to the proper method of calculating overtime damages. Plaintiff asserts that overtime should be calculated under the Alaska Wage and Hour Act ("AWHA"). Defendant maintains that, because plaintiff was paid a day rate, and the AWHA is silent in setting a rate in this context, the

DELISIO MORAN
GERAGHTY & ZOBEL, P.C.

943 WEST 6TH AVENUE
ANCHORAGE, ALASKA
99501-2033

(907) 279-9574

104131v3 - Motion For Rule Of Law Re: FLSA Date Rate Calculation of Overtime
4 *Gilbert v. APC Natchiq*, Case No.: 3:03-cv-00174-RRB; Page 1 of 13

FLSA Act provides the proper method of calculating overtime damages.[1]

Determination of this issue prior to trial is important because the calculation to be applied will have significant impact on the parties' evaluation of their respective positions, the plaintiff's claimed damages, and settlement efforts. Defendant, therefore, moves this court for an order that the FLSA calculation of overtime for employees paid a day rate, 29 C.F.R. § 778.112, applies to this case.

## II. **FACTS**

Plaintiff, John Gilbert ("Gilbert") worked for defendant APC Natchiq, Inc. ("APC") from January 30, 2001 to April 22, 2003. He was hired as a Safety Specialist and worked in that capacity from January 30, 2001 to January 1, 2002. See Plaintiff's Complaint. As of January 3, 2002, he was promoted to the position of Safety Supervisor. See id. On April 22, 2003, he voluntarily terminated his employment with APC. See id.

Throughout his employment with APC, Gilbert worked at the Kaparuk oil field on the North Slope, and was paid a day rate. See id. He earned $350 per day during the period January 30, 2001 – April 16, 2001; $375 per day during the period April 17,

---

[1] In a companion case to this one, the Ninth Circuit Court of Appeals held that the Safety Specialist position was a non-exempt position and, thus, subject to overtime. See Zuber v. APC Natchiq, Inc., 144 Fed. Appx. 657 (9th Cir. 2005). Defendant concedes that plaintiff is entitled to overtime for work performed in excess of 40 hours while employed as a Safety Specialist. It is defendant's position, however, that he is entitled to such compensation only for those claims not barred by the two-year statute of limitations under the FLSA and AWHA. Defendant has paid plaintiff overtime damages consistent with its position in this motion and following the FLSA regulations. Defendant
[FOOTNOTE CONTINUED]

DELISIO MORAN
GERAGHTY & ZOBEL, P.C.

943 WEST 6TH AVENUE
ANCHORAGE, ALASKA
99501-2033

(907) 279-9574

104131v3 - Motion For Rule Of Law Re: FLSA Date Rate Calculation of Overtime
4 *Gilbert v. APC Natchiq*, Case No.: 3:03-cv-00174-RRB; Page 2 of 13

2001 - June 18, 2001; $425 from June 19, 2001 – January 1, 2002; and finally $475 from January 3, 2002 – April 20, 2003. See id.

On June 20, 2003, Gilbert filed this action claiming entitlement to overtime under Alaska's Wage and Hour Act ("AWHA") and the Fair Labor Standards Act ("FLSA"). See id.

### III.   POINTS AND AUTHORITIES

**A.   If Gilbert Is Entitled to Overtime, the FLSA Method of Calculating the Regular Rate of Pay and Overtime Applies Because the AWHA Does Not Define the Method of Calculating Overtime For Day Rate Employees.**

Gilbert brings this action for overtime damages under both the FLSA and AWHA. See Plaintiff's Complaint. When a claim alleges a violation of both the state and federal statutes, the state law will apply only where, by its terms, it is more restrictive or more favorable to the employee than the FLSA. See Quinn v. State Employees Assoc./AFSCME, 944 P.2d 468, 471 (1997)(citing Eastern Sugar Assocs. v. Pena, 227 F.2d 934, 936 (1st Cir. 1995); Alaska Indus. v. Musarra, 602 P.2d 1240, 1246 (Alaska 1979)). Where the AWHA is silent, it is required that one utilize the FLSA to calculate overtime. See AS 23.10.145 (providing that "terms used in [the Act] shall be defined as they are defined in the federal Fair Labor Standards Act of 1938, as amended, or the regulations adopted under it."); see also Whitesides v. U-Haul Co., 16 P.3d 729, 732 (Alaska 2001) (applying FLSA definition of "salary basis" because term was not

DELISIO MORAN
GERAGHTY & ZOBEL, P.C.

943 WEST 6TH AVENUE
ANCHORAGE, ALASKA
99501-2033

(907) 279-9574

---

disputes that plaintiff is entitled to overtime while he was employed
  [FOOTNOTE CONTINUED]

defined in AHWA). Neither the AWHA, nor the interpretive state regulations, define the method of calculating the regular rate of pay or overtime for an employee paid a day rate. The FLSA, however, does define how to calculate overtime where day rates are paid. Thus, one would look to the FLSA to define the calculation.

Further, the state regulations expressly instruct that the AWHA is inapplicable where an employee is paid other than hourly or by salary. In the case at hand, Gilbert was paid a day rate; he was not paid hourly or a salary. Consequently, for both of these reasons, this court must look to the FLSA to determine the proper method of calculating overtime.

The FLSA and the AWHA provide that when calculating overtime, a court must first determine the individual's regular rate of pay. <u>See</u> 8 AAC 15.100(b)(1); 29 C.F.R. § 778.108. The AWHA provides that an employee may be paid by "piece-rate, salary, commission, or any other basis agreeable to the employer and employee. . . . However, the applicable compensation basis must be converted to an hourly rate when determining the regular rate for computing overtime compensation." <u>See</u> 8 AAC 15.100(b)(1). The regulations further instruct that the FLSA applies where an employee is paid "other than hourly or by

---

as a Safety Supervisor.

DELISIO MORAN
GERAGHTY & ZOBEL, P.C.

943 WEST 6TH AVENUE
ANCHORAGE, ALASKA
99501-2033

(907) 279-9574

104131v3 - Motion For Rule Of Law Re: FLSA Date Rate Calculation of Overtime
4 *Gilbert v. APC Natchiq*, Case No.: 3:03-cv-00174-RRB; Page 4 of 13

salary." See id. The AWHA regulation in question provides, in pertinent part:

> (b) In order to compute a regular hourly rate for the purpose of determining the overtime rate for an employee who is paid **other than hourly or by salary**, or if the employee's rate of pay includes bonuses, the following provisions of 29 C.F.R. Part 778 apply:
>
> (1) for a pieceworker, 29 C.F.R. 778.111 . . .
> (2) for an employee who works at two or more hourly rates, 29 C.F.R. 778.115;
> (3) for an employee who receives wages in a form other than cash, 29 C.F.R. 778.116;
> (4) for an employee who receives a commission, 29 C.F.R. 778.117 -- 778.122; or
> (5) for an employee who receives a bonus, 28 C.F.R. 778.208 -- 778.215.

8 AAC 15.100(b) (emphasis added). This section specifically instructs that the FLSA applies to employees who are "pieceworkers"; work at two or more hourly rates; receive wages in a form other than cash, and who receive commission and bonuses, but does not specifically reference employees who are paid a day rate. See id. However, this listing was not intended to be all encompassing. Because the AWHA is silent on the day rate issue, this court must look to the FLSA, which, as discussed in the following section, specifically defines the applicable calculation for employees paid a day rate.

The Superior Court in Watkins v. CTI Alaska, Inc., 3AN-98-6037 CI, followed the line of argument urged by APC here. The court had been given three alternative methods of calculating the hourly earnings of employees paid by a day rate. The court

DELISIO MORAN
GERAGHTY & ZOBEL, P.C.

943 WEST 6TH AVENUE
ANCHORAGE, ALASKA
99501-2033

(907) 279-9574

104131v3 - Motion For Rule Of Law Re: FLSA Date Rate Calculation of Overtime
4 *Gilbert v. APC Natchiq*, Case No.: 3:03-cv-00174-RRB; Page 5 of 13

adopted the methodology offered by APC, stating that it was the most accurate method of calculation. See Exhibit A, Transcript of Proceedings, 4-5; see also Exhibit B (demonstrating day rate compensation of plaintiffs and method of calculating overtime per "Greisen report" adopted by court).[2] The method chosen by the Watkins court was to apply the FLSA day rate calculation. See id. The Watkins court stated that the adopted calculation for day rate workers (the "Greisen report") was "consistent with the CFR approach to analyzing piece work payment found at 29 C.F.R. § 778.111(a)." The court noted that this CFR section pertaining to pieceworkers is specifically incorporated at 8 AAC 15.100(b)(1). The Federal calculation for pieceworkers is as follows:

> . . . [w]hen an employee is employed on a piece-rate basis, his regular hourly rate of pay is computed by adding together his total earnings for the workweek from piece rates and all other sources. . . . This sum is then divided by the number of hours worked in the week for which such compensation was paid, to yield the pieceworker's "regular rate" for that week. For his overtime work the piece-worker is entitled to be paid, in addition to his total weekly earnings at this regular rate for all hours worked, a sum equivalent to one-half his regular rate of pay multiplied by the number of hours worked in excess of 40 in the week.

---

DELISIO MORAN
GERAGHTY & ZOBEL, P.C.

943 WEST 6TH AVENUE
ANCHORAGE, ALASKA
99501-2033

(907) 279-9574

[2] The Watkins superior court file does not contain the "Greisen report" adopted by the court. Exhibit B. Plaintiff's memorandum in support of motion for reconsideration, however, explains the calculations used in the report.

104131v3 - Motion For Rule Of Law Re: FLSA Date Rate Calculation of Overtime
4 *Gilbert v. APC Natchiq*, Case No.: 3:03-cv-00174-RRB; Page 6 of 13

29 C.F.R. § 778.111. This calculation is substantially similar to the Federal calculation for day rates. As the Watkins court found, the Alaska legislature expressly approved this method of calculating overtime when it directed that the Federal calculation be used for computing the rate of pay for pieceworkers. See Exhibit A. Thus, there can be no argument that the calculation itself is unlawful, either for pieceworkers or workers paid a day rate.

This court should apply the FLSA calculation for day rate employees because the AWHA is silent on the issue; whereas, the FLSA expressly provides for the method of calculating overtime in such circumstances. Further, the AWHA limits its calculation method to only hourly or salaried employees. APC, therefore, requests that the court enter an order that the FLSA calculation for day rates applies in this case.

**B.   Pursuant to 29 C.F.R. § 778.112, Overtime Is Calculated by Totaling All Day Rate Sums Received in the Workweek, Dividing by the Total Hours Actually Worked to Get the Regular Rate of Pay, and Then Multiplying the Half-Time Pay at This Rate for All Hours Worked in Excess of 40 in the Workweek.**

The FLSA regulation governing overtime for day rate compensation provides:

> [i]f the employee is paid a flat sum for a day's work or for doing a particular job, without regard to the number of hours worked in the day or at the job, and if he receives no other form of compensation for services, his regular rate is determined by totaling all sums received at such day rates or job rates in the workweek and

DELISIO MORAN
GERAGHTY & ZOBEL, P.C.

943 WEST 6TH AVENUE
ANCHORAGE, ALASKA
99501-2033

(907) 279-9574

104131v3 – Motion For Rule Of Law Re: FLSA Date Rate Calculation of Overtime
4 *Gilbert v. APC Natchiq*, Case No.: 3:03-cv-00174-RRB; Page 7 of 13

>     dividing by the total hours actually worked. He
>     is then entitled to extra half-time pay at this
>     rate for all hours worked in excess of 40 in the
>     workweek.

29 C.F.R. § 778.112; see also Dufrene et al. v. Browning-Ferris, Inc., 207 F.3d 264, 268 (5th Cir. 2000) (holding that § 778.112 applied to the employees where employees were paid a day-rate, paid regardless of the number of hours worked in a day, and were paid only for the number of days worked in a week).

By way of example, if an employee is paid a flat day-rate of $100, works 7 days per week, and a total of 50 hours during that workweek, the employee's regular rate for that workweek would be calculated as follows:  $100 x 7 days per week constitutes $700 per work week; $700 divided by 50 hours equals $14.  Thus, the employee's regular rate of pay for that week is $14 per hour.  Accordingly, the employee's overtime damages are calculated as follows:  10 overtime hours x $7 (or $14 x .5 x 10 hours) = $70.  Section 778.112 instructs that this calculation applies to each applicable "workweek."  See also Dufrene at 267-68.  Thus, the regular rate of pay will vary from week-to-week, depending upon the total number of hours worked each week.

The Fifth Circuit and several lower courts have held that 29 C.F.R. § 778.112 is a proper method of calculating day-rate overtime compensation even where the employees' hours vary by week.  See id. at 268; Hartsell v. Dr. Pepper Bottling Co. of

DELISIO MORAN
GERAGHTY & ZOBEL, P.C.

943 WEST 6TH AVENUE
ANCHORAGE, ALASKA
99501-2033

(907) 279-9574

104131v3 - Motion For Rule Of Law Re: FLSA Date Rate Calculation of Overtime
4 *Gilbert v. APC Natchiq*, Case No.: 3:03-cv-00174-RRB; Page 8 of 13

Tx., 207 F.3d 269-74 (5th Cir. 2000); Sexton v. BFR Waste Systems of North America, 2002 U.S. Dist. Lexis 2169 *18 (E.D. Mich. 2002)(attached); South Fla. Beverage Corp. v. Figueredo, 409 So. 2d 490, 491-92 (Fla. 1981). When computing overtime compensation for a "day-rate employee," if the employee's hours vary by week so will his regular rate of pay and overtime damages. See Dufrene at 268; Sexton at 18. The authorities supporting this proposition held that the week-by-week calculation of overtime is proper despite the fact that the greater number of hours worked, the lower the regular rate, and, as a result, the lower the overtime compensation. See id.

In Dufrene v. Browning-Ferris, Inc., supra, employees working for a refuse company brought suit under the FLSA for overtime compensation. The employees were paid a set rate for all hours worked in a day and the employer calculated overtime pursuant to 29 C.F.R. § 778.112. On appeal of summary judgment in favor of the employer, the employees contended that the overtime method violated the FLSA. The Fifth Circuit affirmed summary judgment holding that § 778.112 was a proper interpretation of the FLSA. See id. at 267-68. In reaching this conclusion the court noted that the employees made "much of the undisputed fact that the greater the number of hours worked, the lower the regular rate, and, as a result, the lower the

DELISIO MORAN
GERAGHTY & ZOBEL, P.C.

943 WEST 6TH AVENUE
ANCHORAGE, ALASKA
99501-2033

(907) 279-9574

104131v3 - Motion For Rule Of Law Re: FLSA Date Rate Calculation of Overtime
4 *Gilbert v. APC Natchiq*, Case No.: 3:03-cv-00174-RRB; Page 9 of 13

overtime compensation." See id. In rejecting this concern, the Fifth Circuit stated,

> [b]ut, that does not cause the system to run afoul of the FLSA if, as in this case, the regular rate remains constant within each workweek and the employee receives one and one-half his regular rate of compensation.

See id. (quoting Condo v. Sysco Corp., 1 F.3d 599, 605 (7th Cir. 1993) Cf. Overnight Motor Transp. Co. v. Missel, 316 U.S. 572, 580 (1942)(method for calculating overtime pay for weekly-wage employee did *not* violate FLSA simply because regular rate decreased as number of hours worked in a week increased, so long as employee received as overtime compensation, 150% of his regular rate)). The court, thus, concluded that "because each employee received 100% of their regular rate for each hour worked, plus an additional one-half of that regular rate for each hour in excess of 40 in a week, § 778.112 is a permissible interpretation of the FLSA, entitled to deference." See Dufrene at 268; see also Sexton at *18 (citing Dufrene at 268) (attached).

In reaching its decision, the Dufrene court also found that § 778.112 contained "*no* requirement that employees consent to its application. *The triggering requirement is solely that employees are paid a day or job rate.*" See id. (emphasis in original).

DELISIO MORAN
GERAGHTY & ZOBEL, P.C.

943 WEST 6TH AVENUE
ANCHORAGE, ALASKA
99501-2033
____
(907) 279-9574

APC provides the following examples in order to best illustrate the calculation it asks this court to adopt. Attached as Exhibit C are overtime wage calculations for the six (6) month period in which Gilbert worked as a Safety Specialist and for which it is undisputed that he is entitled to overtime (June 20, 2001 – January 1, 2002). Gilbert's workweek ran from Monday to Sunday wherein he was paid $425 per day. See Exhibit D. During the workweek, July 16, 2001 – July 22, 2001, Gilbert worked a total of 58 hours, which consisted of 40 straight time hours and 18 overtime hours. Dividing Gilbert's weekly compensation of $2,125 (5 days * $425) by the 58 hours (total hours in workweek) results in a regular rate in the amount of $36.64. The half-time rate is then calculated by multiplying the regular rate by .5 which amounts to $18.32. Multiplying this amount by 18 (overtime hours), overtime damages total $329.76 for that workweek.

Turning to Gilbert's workweek of July 23, 2001 – July 29, 2001, Gilbert worked a total of 85 hours. Thus, he worked 40 straight time hours and 45 overtime hours. Dividing Gilbert's weekly compensation of $2,975 ($425 * 7 days) by 85 hours (total hours in workweek) results in a regular rate in the amount of $35. Multiplying the regular rate by .5 results in a half-time rate of $17.50. Multiplying this amount by 45 (overtime hours)

DELISIO MORAN
GERAGHTY & ZOBEL, P.C.

943 WEST 6TH AVENUE
ANCHORAGE, ALASKA
99501-2033

(907) 279-9574

104131v3 - Motion For Rule Of Law Re: FLSA Date Rate Calculation of Overtime
4 *Gilbert v. APC Natchiq*, Case No.: 3:03-cv-00174-RRB; Page 11 of 13

results in overtime damages in the amount of $787.50. These calculations mirror the method under Section 778.112

APC draws the court's attention to the fact that its calculation, under Section 778.112, is consistent with the AWHA's more favorable allowance of overtime where an employee works in excess of eight (8) hours in a day, although he does not work 40 hours in a week. The AWHA provides that an employee is entitled to overtime where he works in excess of either eight (8) hours in a day or forty (40) hours in a week. <u>See</u> AS 23.10.060(b). The FLSA's overtime provisions, however, entitle an employee to overtime only when he works in excess of forty (40) hours in a week. <u>See</u> 29 U.S.C. § 207(a)(1) The calculation urged by APC computes overtime in a workweek according to the AWHA's more favorable allowance. Thus, as Exhibit C shows, where Gilbert worked less than 40 hours in a week, but the workweek included days wherein he worked in excess of eight hours, overtime was considered and computed accordingly. <u>See</u> Exhibit C (workweek June 20, 2001 – July 24, 2001).

The overtime damage calculations contained in Exhibit C comport with the FLSA's overtime provisions for day rates while complying with the AWHA's more favorable allowance of overtime for hours worked in excess of eight (8) in a day. APC, therefore, requests that the court find that the FLSA

DELISIO MORAN
GERAGHTY & ZOBEL, P.C.

943 WEST 6TH AVENUE
ANCHORAGE, ALASKA
99501-2033

(907) 279-9574

104131v3 - Motion For Rule Of Law Re: FLSA Date Rate Calculation of Overtime
4 *Gilbert v. APC Natchiq*, Case No.: 3:03-cv-00174-RRB; Page 12 of 13

calculation pursuant to 29 C.F.R. § 778.112 is the applicable method of calculating overtime in this case.

### IV.  CONCLUSION

The AWHA is completely silent on the method of calculating overtime where an employee is paid a day rate. It is, therefore, proper to look to the FLSA, which expressly provides the correct calculation. The Federal calculation has been approved by the Alaska legislature and should be the rule of law in this case. APC, therefore, requests that this court enter an order that the FLSA calculation pursuant to 29 C.F.R. § 778.112 is the method of calculating overtime that will be used in this case.

DATED this 26th day of July, 2006, at Anchorage, Alaska.

> DeLISIO MORAN GERAGHTY & ZOBEL, P.C.
> Attorneys for APC Natchiq, Inc.
>
> /s/ Danielle M. Ryman
> By:_____
> Patricia L. Zobel
> Bar No. 7906067
> E-Mail: pzobel@dmgz.com
> Danielle M. Ryman
> Bar No. 9911071
> E-Mail: dryman@dmgz.com
> 943 West 6th Avenue
> Anchorage, Alaska 99501
> Telephone: (907) 279-9574
> Facsimile: (907) 276-4231

This is to certify that a true copy of the foregoing was served via electronic service or U.S. Mail this 26th day of July, 2006, to the following:

Kenneth L. Covell
712 8th Avenue
Fairbanks, AK 99701

/s/ Juliana Wood
By:_____
Juliana Wood

DELISIO MORAN GERAGHTY & ZOBEL, P.C.

943 WEST 6TH AVENUE
ANCHORAGE, ALASKA
99501-2033

(907) 279-9574

104131v3 - Motion For Rule Of Law Re: FLSA Date Rate Calculation of Overtime
4 *Gilbert v. APC Natchiq*, Case No.: 3:03-cv-00174-RRB; Page 13 of 13