IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT ANCHORAGE

RANDY WATKINS, ROBERT PENLAND, )
CAMERON MURRAY, RANDALL DENARDI, )
STAN DALTON, KIP SPRAGUE, CHARLES )
YOUNG, TERRENCE STOKAN, and )
LEON RAY FLEMING, JR., )
                              )
       Plaintiffs, )
                              )
  v. )
                              )
CTI ALASKA, INC.; BP EXPLORATION )
(ALASKA), INC.; GEORGE HAUGEN; and )
WILLIAM F. WEBB, )
                              )
       Defendant. )
                              )

Case Number 3AN-98-6037 CI

VOLUME I

TRANSCRIPT OF PROCEEDINGS

January 18, 2000    Pages 1 through 5

**Alaska Stenotype Reporters**
511 West Ninth Avenue
Anchorage AK 99501-3520
*Serving Alaska Since 1953*

Rick D. McWilliams, RPR, Ret.
Fred M. Getty, RPR, Ret.

Telephone: 907.276.1680
Email: AkSteno@aol.com
Fax: 907.276.8016

EXHIBIT A
PAGE 1 OF 6

<u>M.O. ENTERING FINDINGS &</u>

<u>JUDGEMENTS IN FAVOR OF PLAINTIFFS</u>

BEFORE THE HONORABLE JUDGE JOHN REESE
Superior Court Judge

Anchorage, Alaska
January 18, 2000
8:20 a.m.

APPEARANCES:

FOR THE PLAINTIFF:    RANDALL G. SIMPSON
                      Attorney at Law
                      3000 A Street
                      Suite 300
                      Anchorage, Alaska

                      KENNETH W. LEGACKI
                      Attorney at Law
                      425 G Street
                      Suite 920
                      Anchorage, Alaska
                      (not present)

FOR THE DEFENDANT:    WILLIAM F. MEDE
                      Attorney at Law
                      1500 West 33rd Avenue
                      Suite 200
                      Anchorage, Alaska
                      (not present)

                      KIMBERLY GEARIETY
                      Attorney at Law
                      1500 West 33rd Avenue
                      Suite 200
                      Anchorage, Alaska
                      (not present)

1  Tape Number 51-1298

Alaska Stenotype Reporters

EXHIBIT A
PAGE 2 OF 6

2

2      THE CLERK: On record.

3      THE COURT: We're on the record in the <u>Watkins v CTI</u> matter,
4  number 3AN-98-6037. Remaining before the Court for decision are
5  the claims of Watkins, Denardi, Murray, Dalton and Sprague.
6  They've made claim for overtime wages and penalties under the Wage
7  and Hour Laws of Alaska.

8      The defendants raised, as a defense, the argument that
9  the positions held by these employees were exempt from the
10 overtime provisions of the law because the positions were
11 administrative or supervisory.

12     Considering first the defenses. This Court concludes
13 that neither the Plant Inspector positions, nor the Field
14 Supervisor position were of the type that are exempt from
15 application of the overtime law.

16     Under Alaska law Supervisors, to be exempt, must be
17 hired solely to supervise others. That was not the case here.
18 Supervision was a minor part of the job.

19     The Plant Inspectors were not exercising independent
20 discretion as required by the administrative exemption, and were
21 merely producing examinations, along with other routine work.

22     These employees were not exempt from the overtime
23 provisions of the Wage and Hour Law. The administrative, or
24 supervisory elements of their work, if any, were minor and
25 certainly no where near the 80 percent required.

Alaska Stenotype Reporters

EXHIBIT __A__
PAGE __3__ OF __6__

1   The day rate paid to the employees does not comply with
2   any allowed method of payment to non-exempt employees.
3       The employer is responsible for time keeping for hourly
4   workers. Considering this, weight is given to the employees
5   estimates of their hours worked. That is, the Court is starting
6   from the premise that the employee's numbers are accurate. The
7   employer must rebut this presumption, and the Court finds it has
8   not done so. The employee's evidence of hours work is persuasive
9   and accepted by the Court.
10      Counsel argued several methods of determining the hourly
11  rate of these employees. Number 1, the daily rate divided by
12  11.5, which is found at B2 in the Greisen report, exhibit GY.
13  This method is rejected by the Court as there was clear, un-
14  rebutted testimony that the day rate was intended, initially, to
15  be equivalent to what each employee would have received under an
16  hourly method of computation, including straight and overtime.
17      Second, using vacation time. And this is analyzed in
18  B1 in the Greisen report. This method is too indirect. The day
19  rate and the actual hours worked, along with 11.5 per day
20  assumption, is a more direct method of calculation and lends
21  itself to more accuracy.
22      Number 3 is weekly earnings divided by the hours worked,
23  and one half on the overtime hours, which is analyzed under B3 in
24  the Greisen report. This approach seems to be the most accurate
25  of the three calculations presented to the Court. It does not

minimize the calculation, nor does it include a penalty. It is consistent with the CFR approach to analyzing piece work payment found at 29 CFR 778.111(a). These employees are also entitled to the full penalties provided plus interest.

Therefore judgement will be entered, based on the Greisen report calculations, of money due to Dalton, Denardi, Murray, Sprague and Watkins.

Plaintiff's counsel shall prepare a formal final judgment for each plaintiff.

Off record.

THE CLERK: Off record.

Log 303

Alaska Stenotype Reporters

EXHIBIT A
PAGE 5 OF 6

5

C-E-R-T-F-I-C-A-T-I-O-N

SUPERIOR COURT            )
                          ) SS.
STATE OF ALASKA           )

I, Beth Clayton, hereby certify:

That the foregoing pages number 1 through 5 contain a full, true and correct transcript of proceedings in cause number 3AN-98-6037, Civil, <u>Randy Watkins, Robert Penland, Cameron Murray, Randall Denardi, Stan Dalton, Kip Sprague, Charles Young, Terrence Stokan, and Leon Ray Fleming, Jr., v CTI Alaska, Inc., BP Exploration (Alaska), Inc., Geroge Haugen, and William F. Webb</u>, transcribed by me to the best of my knowledge and ability from a tape identified as follows:

Tape Number 51-1298   Log 0128 through 0303

DATED at Anchorage, Alaska this 23rd day of January, 2000.

SIGNED AND CERTIFIED BY:

*Beth Clayton*
Beth Clayton
Court Reporter

Alaska Stenotype Reporters

EXHIBIT A
PAGE 6 OF 6

5