IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

JOHN GILBERT, )
)
     Plaintiff, )
)
v. )
)
APC NATCHIQ, INC., )
)
     Defendant. ) Case No.: 3:03-CV-00174-RRB
_____ )

## MOTION FOR PARTIAL SUMMARY JUDGMENT ESTABLISHING THE STATUTE OF LIMITATIONS AND MEMORANDUM IN SUPPORT THEREOF

### I.   INTRODUCTION AND RELIEF REQUESTED

Defendant, APC Natchiq, Inc. ("APC") by and through its attorneys, DeLisio Moran Geraghty & Zobel, P.C., moves this court pursuant to Federal Rule of Civil Procedure 56(c) for partial summary judgment. The facts at issue are undisputed and, as a matter of law, the two-year statute of limitations under the AWHA and FLSA apply.

The Plaintiff, John Gilbert, seeks to avoid the two-year statute of limitations under the AWHA by bringing a breach of contract claim, which carries a three-year limitations period. Plaintiff also attempts to avoid the two-year statute of limitations under the FLSA by claiming that APC acted willfully in failing to pay Gilbert overtime. As a matter of law, both Gilbert's breach of contract and willful violation claims fail. Defendant, APC Natchiq, Inc., therefore, requests that the court grant summary judgment and find that all claims occurring more

DeLisio Moran
Geraghty & Zobel, P.C.

943 West 6th Avenue
Anchorage, Alaska
99501-2033
———
(907) 279-9574

than two years from the date the complaint was filed are time
barred under the AWHA and FLSA.

## II.  FACTS

### A.  **Plaintiff's Employment with APC**

Plaintiff, John Gilbert ("Gilbert") worked for defendant APC
Natchiq, Inc. ("APC") from January 30, 2001 to April 22, 2003.
He was hired as a Safety Specialist and worked in that capacity
from January 30, 2001 to January 1, 2002.  See Plaintiff's
Complaint.  As of January 3, 2002, he was promoted to the
position of Safety Supervisor.  Id.  Throughout his employment
with APC, Gilbert was paid a set rate for all hours worked in a
day ("day rate") and was considered exempt from overtime.  See
Plaintiff's Complaint.

### B.  **Classification of Exempt/Non-Exempt Positions & Day Rate Compensation**

Well before Gilbert began working for APC, the company
engaged in a comprehensive review of the exempt/non-exempt
classification of various positions and the propriety of day rate
compensation.  Exhibit A (Deposition of Mark Nelson in Zuber v.
APC Natchiq, Inc., A03-0052 CV (RRB) p. 13)[1]; Exhibit B
(Affidavit of Mark Nelson submitted in support of Motion for

---

[1]At the deposition of Mr. Nelson taken in this matter on June 15, 2006,
Mr. Gilbert's counsel referenced Mr. Nelson's deposition taken in the
Zuber case which centered on the exempt classification of the safety
specialist position.  Exhibit D Deposition of Mark Nelson, June 15,
2006 at 4, 8.  In the second deposition in this matter, the questions
regarding the safety specialist position were not repeated and the
concentration was on the decision to classify the Safety Supervisor
position.  Id at 4.

DeLisio Moran
Geraghty & Zobel, P.C.

943 West 6th Avenue
Anchorage, Alaska
99501-2033

(907) 279-9574

Summary Judgment in <u>Zuber v. APC Natchiq, Inc.</u>, A03-0052 CV (RRB)¶¶ 4-7); <u>Exhibit D</u> (Deposition of Mark Nelson June 15, 2006), <u>Exhibit C</u> (Deposition of Christopher Boyle June 1, 2006). The Safety Specialist and Safety Supervisor positions, held by Gilbert, were among the positions reviewed. <u>Exhibit A</u> (Deposition of Mark Nelson, pp. 15, 24); <u>Exhibit D</u> (Deposition of Mark Nelson June 15, 2006, pp. 9, 11-14).

In late 1996, earlier 1997, APC's Operations Manager, Mark Nelson, came across a *Forbes Magazine* article addressing the importance of properly classifying employees as exempt or non-exempt. <u>Exhibit A</u> (Deposition of Mark Nelson, p. 16). Mr. Nelson testified that this article precipitated action within the company to discern whether day rate compensation was proper, and whether employees were being properly classified under wage and hour laws. <u>Id.</u> Mr. Nelson consulted with the Department of Labor on at least 6 occasions and directed relevant personnel within APC to review employee compensation and job descriptions to insure compliance with applicable laws and regulations. <u>Id.</u> at 17-19. Mr. Nelson also interviewed personnel who held the position of Safety Supervisor on the topic of exempt classification. <u>Exhibit D</u> at 12-13. Mr. Nelson himself reviewed and applied Department of Labor checklists in classifying the Safety Specialist position as exempt. <u>Exhibit A</u> at 39-40; <u>see also</u> <u>Exhibit B</u>. Based upon the duties performed by the Safety Specialist and Safety Supervisor Mr. Nelson concluded that the

DELISIO MORAN
GERAGHTY & ZOBEL, P.C.

943 WEST 6TH AVENUE
ANCHORAGE, ALASKA
99501-2033

(907) 279-9574

position was properly classified as exempt from overtime. Exhibit B, ¶ 6 and Exhibit D, pp. 11-12.

Christopher Boyle, APC's Human Resources Manager, also undertook to insure proper classification and compensation of employees. Exhibit C, pp. 54-55. Mr. Nelson authored two memoranda to management and field supervisors advising on the standards for exempt employees, as well as the position of the Department of Labor concerning day rate compensation. Id. (Deposition of Christopher Boyle, pp. 59-60; Exhibits B-1 & B-4 to deposition).

Doug Smith came to work for APC Natchiq as the Health Safety and Environment Manager at Kuparuk for APC Natchiq in December of 2001. Exhibit E, (Deposition of Douglas L. Smith, pp. 6, 12). In this position he was Mr. Gilbert's direct supervisor. One of his first activities was to do a review of the job positions of safety specialist and safety supervisor to determine if they were properly classified. Id. When Mr. Smith was hired, there was a safety supervisor position which was held by another individual named Ron Kirk. Id. at 9. Mr. Gilbert was hired into that same position and became Mr. Kirk's alternate, working when Mr. Kirk was on R&R and vice versa. Id. at 14. When Mr. Gilbert was given the job it was classified as exempt and the safety supervisors were paid a day rate. As part of Mr. Smith's review of the positions in the safety department for exempt versus non-exempt status, Mr. Smith personally

DeLisio Moran
Geraghty & Zobel, P.C.

943 West 6th Avenue
Anchorage, Alaska
99501-2033

(907) 279-9574

104095v6 - Motion for Partial Summary Judgment re: Statute of Limitations
4 *Gilbert v. APC Natchiq*, Case No.: 3:03-cv-0017-RRB; Page 4 of 22

evaluated the position of safety supervisor. <u>Id.</u> at 9. Mr. Smith determined that the position was exempt.

> In my opinion and in my observation, an expectation of the job was that they were the coordinator of the specialist, and in that role provided, you know a degree of oversight and direction to these embedded employees. And in my absence—I worked a four day on, three-day off schedule, and in my absence from the Slope, they were the step-up for the department and fill the roll of HSE manager in my absence.

<u>Id</u>. at 14-15. The safety supervisor did not do safety specialist work routinely. <u>Id.</u> The supervisor was the line of communication up and down the line with both the client and the chain of command with APC Natchiq. <u>Id.</u> at 16-17.  The supervisors had more technical knowledge and acted as a resource for the people in the field. <u>Id.</u> The safety specialist would act to redirect resources and manpower and make decisions as the sole manager of safety on the slope in Mr. Smith's absence. <u>Id.</u> at 18.

**C.    <u>Plaintiff's Claim for Overtime</u>**

On June 20, 2003, Gilbert filed this action claiming entitlement to overtime under Alaska's Wage and Hour Act ("AWHA") and the Fair Labor Standards Act ("FLSA"). <u>Id.</u>  Gilbert's complaint alleges, <u>inter</u> <u>alia</u>, that APC "willfully and intentionally" failed to pay Gilbert overtime. <u>Id.</u> ¶ 9. Gilbert further alleges that APC breached its employment contract with Gilbert in failing to pay overtime. <u>Id.</u> ¶¶ 23-24. The Parties agreed to stay Gilbert's case while a companion case with similar issues, <u>Zuber v. APC Natchiq, Inc.</u>, A03-0052 CV (RRB) proceeded in litigation.

DeLisio Moran
Geraghty & Zobel, P.C.

943 West 6th Avenue
Anchorage, Alaska
99501-2033

(907) 279-9574

The issue before the U.S. District Court for the District of Alaska in <u>Zuber</u> was whether the Safety Specialist position was exempt from overtime. <u>Exhibit E</u>. The Safety Specialist position at issue in <u>Zuber</u> was the same position held by Gilbert prior to his promotion to safety supervisor. On January 8, 2004, the U.S. District Court held that the Safety Specialist position was an exempt position and that Zuber was not entitled to overtime compensation. <u>Exhibit F</u>. Zuber appealed that decision and the Ninth Circuit Court of Appeals, in a brief opinion, reversed the U.S. District Court. <u>Zuber v. APC Natchiq, Inc.</u>, 144 Fed. Appx. 657 (9th Cir. 2005). The Ninth Circuit held that the Safety Specialist position was non-exempt; thus, entitling Zuber to overtime damages during the period he worked in that capacity. <u>Id.</u>

**D.    Basis for APC's Current Motion**

Based upon the Ninth Circuit's decision in <u>Zuber v. Natchiq, Inc.</u>, APC acknowledges that Gilbert is entitled to overtime during the period he worked as a Safety Specialist, but it contests the proposition that the Safety Supervisor position was also non-exempt. APC brings this motion for summary judgment pursuant to the two-year statutes of limitations under the AWHA and FLSA to dismiss Gilbert's claims for overtime which go back more than two years from when he filed his claim. As stated, Gilbert worked as a Safety Specialist from January 30, 2001 to January 1, 2002. He filed his Complaint on June 20, 2003. Thus,

DeLisio Moran
Geraghty & Zobel, P.C.

943 West 6th Avenue
Anchorage, Alaska
99501-2033

(907) 279-9574

all claims occurring prior to June 19, 2001 are time barred and should be dismissed.

### III. POINTS AND AUTHORITIES

**A.    The Material Facts are Undisputed and, as a Matter of Law, the Two-Year Statute of Limitations Under the AWHA and FLSA Apply to this Case.**

Pursuant to Federal R. Civ. P. 56(b), a party against whom a claim is asserted may move for summary judgment in the party's favor as to all or any part thereof.  Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.  Fed. R. Civ. P. 56(c).

A ruling on the appropriate statute of limitations presents a question of law for the court to decide.  Jenkins v. Daniels, 751 P.2d 19, 21 (Alaska 1988) (citation omitted); Aleck v. Delvo Plastics, Inc., 972 P.2d 988, 990 (Alaska 1999); Aetna Cas. & Sur. Co. v. Marion Equipment Co., 894 P.2d 664, 666 (Alaska 1995)(the interpretation of a statute presents a question of law).  In the instant case, no genuine issue of material fact exists and APC is entitled to judgment as a matter of law.

**B.    Gilbert Cannot Avoid the Two-Year Statute of Limitations Applicable to a Claim for Overtime Wages by Mischaracterizing his Claim as One for Breach of Contract.**

The AWHA provides that an employee's claims for unpaid overtime are subject to a two-year statute of limitations.

DeLisio Moran
Geraghty & Zobel, P.C.

943 West 6th Avenue
Anchorage, Alaska
99501-2033

(907) 279-9574

104095v6 - Motion for Partial Summary Judgment re: Statute of Limitations
4 *Gilbert v. APC Natchiq*, Case No.: 3:03-cv-0017-RRB; Page 7 of 22

<u>Dayhoff v. Temsco Helicopters, Inc.</u>, 772 P.2d 1085 (Alaska 1989). AS 23.10.130 provides:

> An action for unpaid minimum wages, unpaid overtime compensation, or liquidated damages under AS 23.10.050-23.10.150 is forever barred unless it is started within two years after the cause of action accrues. For the purposes of this section, an action is considered to be started on the date when the complaint is filed.

Pursuant to this provision, any claims under the AWHA more than two years prior to the date of filing the Complaint (June 20, 2001) are time-barred.

In a companion case to this one, the Ninth Circuit Court of Appeals held that the Safety Specialist position was a non-exempt position and, thus, subject to overtime. <u>Zuber v. APC Natchiq, Inc.</u>, 144 Fed. Appx. 657 (9th Cir. 2005). APC acknowledges that in light of the <u>Zuber</u> decision, Gilbert worked in a position that would have been entitled to overtime during the period that he was employed as a Safety Specialist, January 30, 2001–January 1, 2002. However, Gilbert filed his complaint for overtime damages on June 20, 2003, and pursuant to the AWHA's two-year statute of limitations, all claims occurring prior to June 19, 2001 are barred. Thus, any claim for overtime from January 30, 2001–June 19, 2001 is barred under the statute.

To avoid dismissal of these untimely claims, Gilbert mischaracterizes his claim for overtime as one for breach of contract, wherein a three year statute of limitations would apply. AS 09.10.053. Contrary to Gilbert's theory, the

DeLisio Moran
Geraghty & Zobel, P.C.

943 West 6th Avenue
Anchorage, Alaska
99501-2033

(907) 279-9574

authority discussed below shows that the two-year statute of limitations under the AWHA applies to any claim for overtime, regardless of how it is creatively characterized.

The Alaska Supreme Court has not addressed the specific issue raised here, whether the contract limitations period applies to an overtime claim; however, several cases from other jurisdictions are instructive. In <u>Grabert v. Iberia Parish School Board</u>, 638 So.2d 645 (La. 1994), plaintiff employees worked under employment contracts which did not reflect the salary to be paid. The plaintiffs sought recovery of underpaid wages. The School Board pled prescription, relying on Louisiana's three-year limitation on suits filed for recovery of past due wages. The lower court concluded that the plaintiffs' causes of action were for breach of contract subject to the 10 year statute of limitation under Louisiana law. The Supreme Court of Louisiana reversed. <u>Id.</u> at 646.

The <u>Grabert</u> court held that the applicable period of limitations in a suit for underpaid wages under Louisiana law was three years,[2] stating as follows:

> [b]reach of contract is not a free standing cause of action. It is a legal premise, or principle, which gives rise to the right to claim some substantive remedy at law. Here that remedy is the recovery of past due wages.

DeLisio Moran
Geraghty & Zobel, P.C.

943 West 6th Avenue
Anchorage, Alaska
99501-2033

(907) 279-9574

---

[2]LA C.C. Art. 3494 provides, "The following actions are subject to a liberative prescription of three years: (1) An action for the recovery of compensation for services rendered, including payment of salaries, wages, commissions, . . . ."

The actions are plainly for salary or wages past due under the allegedly appropriate salary index. The three year prescription provided for in article 3494 is directly and explicitly applicable. The nature of the claim (for under paid wages) is not something different because it arises out of breach of contract. The contract breached made provisions for the very wages sought.

Id. at 646-647. The court also reasoned that the ten year prescriptive period is only applicable "unless otherwise provided for by legislation." Id. at 647 (citing La.Civ. Code art. 3499). The court held that the prescriptive period for the recovery of underpaid wages is otherwise provided for in article 3494, which provides a three year prescriptive period for actions seeking "compensation for services rendered." Id.

Finally, the court concluded that the plaintiffs' argument that their claims deal with their rights under their employment contracts was unpersuasive, stating:

as virtually all claims for wages arise out of breach of a contract, oral or written, to pay wages for services rendered. Accordingly, the employer's failure to pay the full and proper compensation for services provided gives rise to an action for breach of contract for which the remedy is recovery of wages.

Id. at 647; see also Basco v. Wal-Mart Stores, Inc. 2003 WL 21219026 (E.D. La. 2003)(holding that the fact that plaintiffs' unpaid wage claims have been characterized as breach of contract claims does not mean they fall within the ten year prescriptive period; an action for the recovery of compensation for services rendered, including payment of salaries and wages is subject to a three-year prescriptive period).

DELISIO MORAN
GERAGHTY & ZOBEL, P.C.

943 WEST 6TH AVENUE
ANCHORAGE, ALASKA
99501-2033

(907) 279-9574

Similarly, in <u>Bennett v. Computer Task Group, Inc.</u>, 47 P.3d 594 (Wash.App. 2002), the plaintiff employee brought a breach of contract action against his employer seeking overtime wages under the Washington Minimum Wage Act (WMWA).  The court held that the three-year statute of limitations applicable to actions under the WMWA barred the action.

Bennett did not dispute that the three-year statute of limitations applied to his claim for overtime pay under the WMWA.  He argued, however, that the six-year statute of limitations governing actions on written contracts applied to the claim that his employer breached his employment agreement by failing to pay overtime.  There was no express reference to the WMWA in the contract nor did it contain an express promise to pay overtime.  Rather, Bennett relied on that portion of his contract stating that "for payroll purposes," the employer will "comply with all applicable . . . state laws."  Bennett maintained that the employer breached this provision by failing to pay him overtime wages required by the WMWA.  Thus, his theory was that the employment agreement incorporated the WMWA but did not incorporate the statute of limitations applicable to that act.  Instead, he argued that the incorporation of the WMWA into the written contract also incorporates the six-year statue applicable to certain writings.  The court rejected Bennett's arguments.  <u>Id.</u> at 496.

DeLisio Moran
Geraghty & Zobel, P.C.

943 West 6th Avenue
Anchorage, Alaska
99501-2033

(907) 279-9574

The court reasoned that the six year statute did not apply since Bennett's action was not one upon a contract in writing because his employment contract did not contain an express promise to pay overtime.  Id. at 507.  The Court also held that because the employer's obligation to pay overtime arose from the WMWA, a source external to the contract, Bennett's action was not one upon "a liability express or implied arising out of a written agreement."  Id.  The Court further explained that:

> . . . [the employer] would have to comply with applicable state law even in the absence of its contractual promise to do so.  [The employer's] liability for overtime pay was thus created by statute, and the obligation on its part to pay Bennett overtime wages arises not from the express terms of Bennett's employment contract, but from the WMWA. Accordingly, Bennett's claim is not upon a 'liability express or implied arising out of a written agreement.'

Id. at 597; see also Mogilevsky v. Bally Total Fitness Corp., 2003 WL 21098646 (D.Mass. 2003)(former employee brought action against employer for unpaid wages under FLSA, state law and common law.  The court held that the employee's common law breach of contract claim, which carries a six-year statue of limitations, was inapplicable reasoning that the personnel documents were not contracts and did not give rise to a cause of action apart from the federal and state causes of action arising from the employer's failure to pay wages).

The courts' reasoning in Grabert and Bennett apply to the case at hand and should be adopted by this court.  These cases

DeLisio Moran
Geraghty & Zobel, P.C.

943 West 6th Avenue
Anchorage, Alaska
99501-2033

(907) 279-9574

make clear that Gilbert cannot avoid the two-year limitations period by simply couching his claim as one for a general breach of contract.  As the Grabert court noted, all claims for unpaid wages stem from an employment agreement, written or oral, otherwise the plaintiff would not be entitled to wages.  See Grabert v. Iberia Parish School Board, 638 So.2d at 647. Further, all claims for overtime pay arise from the statutory scheme under the AWHA and not from Gilbert's employment agreement. Application of the three-year statutory period for an action upon a breach of contract, which seeks recovery of unpaid wages under the AWHA, would render the statutory period set forth at AS 23.10.130 governing actions for unpaid minimum wages and unpaid overtime compensation null and without effect. Gilbert should not be allowed to avoid the two-year limitations period expressly provided in the AWHA by reclassifying his claim as one for breach of contract.  Gilbert's claim is for unpaid overtime wages, and the AWHA places a two-year limitation period on such claims.

The statute that Gilbert relies upon, AS 09.10.053, provides:

> Unless the action is commenced within three years, a person may not bring an action upon a contract or liability, express or implied, except as provided in AS 09.10.040, or as otherwise provided by law, or, except if the provisions of this section are waived by contract.

The three-year statute of limitations cannot apply here because Gilbert's asserted cause of action is not one based "upon a

DELISIO MORAN
GERAGHTY & ZOBEL, P.C.

943 WEST 6TH AVENUE
ANCHORAGE, ALASKA
99501-2033

(907) 279-9574

contract or liability, express or implied." Gilbert had no written employment contract containing a promise to pay overtime, APC's obligation to pay overtime only arises from the AWHA, a source external to any employment contract. Exhibit C. APC's potential liability for overtime compensation can only be created by reference to statute and not from the terms of Gilbert's employment relationship with APC. Thus, Gilbert's claim is not upon a liability arising out of a contract.[3]

Lastly, the three-year statute of limitations is only applicable unless "otherwise provided by law". AS 09.10.053. The statutory period for the recovery of overtime wages is *otherwise provided by law* in AS 23.10.130, which provides a two-year statute of limitations for actions for unpaid overtime compensation. Statutes are to be construed together, and where by its own terms a statute contains limitations which prevent an

---

[3]The instant case is distinguishable from Reed v. Municipality of Anchorage, 741 P.2d 1181 (Alaska 1987). In Reed, the former municipal employee alleged that he had been underpaid, in violation of his collective bargaining agreement (CBA). The MOA argued that his claim was barred by the two-year statute of limitations for actions based upon a statute, AS 09.10.070(3). The Court held that Reed's cause of action was not solely an action for liability upon a statue. Rather, his cause of action was a breach of the collective bargaining agreement which contained the specified wage rates at which employees were required to be paid. The Court held that Reed's allegation that the MOA failed to pay these rates may be construed as a cause of action for breach of the CBA and as such, was controlled by the six-year statute of limitations for contract actions. See also Quinn v. Alaska State Employees Assoc., 944 P.2d 468 (Alaska 1997)(holding that employee alleged a breach of the CBA and thus, the six-year statute of limitation for contracts applied). By contrast, Gilbert was not employed pursuant to a CBA or any other written or oral contract, express or implied, that promised payment of overtime compensation. APC's alleged liability for overtime compensation was created solely by statute.

DeLisio Moran
Geraghty & Zobel, P.C.

943 West 6th Avenue
Anchorage, Alaska
99501-2033

(907) 279-9574

inconsistency when interpreted with other statutes, that limitation must be given effect. 73 Am Jur. 2d Section 199.

The sound authority discussed above supports the conclusion that, as a matter of law, Gilbert's mischaracterization of his claim as one for breach of contract does not override the limitations period under the AWHA. APC, therefore, requests that the court find that the AWHA's two-year statute of limitations period applies and consequently bars Gilbert's overtime damages occurring prior to June 20, 2001.

**C.** **APC Did Not Act Willfully in Failing to Pay Gilbert Overtime; Thus, the Three-Year Statute of Limitations Under the FLSA Does Not Apply**.

The FLSA provides that an action brought under its terms must be commenced within two years "except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued." 29 U.S. C. § 255(a); McLaughlin v. Richland Shoe Company, 486 U.S. 128, 135 (1988). The employee bears the burden of proving the willfulness of the employer's FLSA violations. Bankston v. Illinois, 60 F.3d 1249, 1253 (7th Cir. 1995) ("The plaintiffs bore the burden of showing that the defendants' conduct was willful for purposes of the statute of limitations.") In the case at hand, Gilbert alleges that APC "willfully and intentionally" failed to pay overtime wages. See Plaintiff's Complaint ¶ 9. Gilbert presumably asserts that APC's conduct was willful for the purpose of overcoming the FLSA's general

DELISIO MORAN
GERAGHTY & ZOBEL, P.C.

943 WEST 6TH AVENUE
ANCHORAGE, ALASKA
99501-2033

(907) 279-9574

two-year statute of limitations. The undisputed facts, however, show that APC acted prudently and without intentional or reckless disregard for overtime laws and regulations.

The U.S. Supreme Court has held that to obtain the benefit of the three-year limitations exception, the plaintiff must prove that the employer's conduct was "willful." McLaughlin v. Richland Shoe Company, 486 U.S. 128, 135 (1988). The standard for willfulness requires that the employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the FLSA. Id. at 133 (citing Trans World Airlines, Inc. v. Thurston, 469 U.S. 111 (1985)). In defining the FLSA's term "willful," the U.S. Supreme Court noted as follows:

> [i]n common usage the word "willful" is considered synonymous with such words as "voluntary," "deliberate," and "intentional." The word "willful" is widely used in the law, and, although it has not by any means been given a perfectly consistent interpretation, it is generally understood to refer to conduct *that is not merely negligent.*

McLaughlin at 133 (citations omitted)(emphasis added). The Supreme Court, thus, found that the plain meaning of the FLSA supported the standard that the "employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the [FLSA]." Id. (relying upon Thurston, supra.)

Applying the McLaughlin definition of "willful," the Ninth Circuit reversed a decision imposing a three-year statute of limitations in Services Employees International Union v. County

DeLisio Moran
Geraghty & Zobel, P.C.

943 West 6th Avenue
Anchorage, Alaska
99501-2033

———

(907) 279-9574

of San Diego, 60 F.3d 1346, 1355-1356 (9th Cir. 1994). There, the Court held that the willful standard was not satisfied because there was no knowing or reckless conduct on behalf of the employer. Id. The Court concluded that the employer relied on substantial legal authority, as well as consulted experts and the Department of Labor in an attempt to comply with the law. Id.; see also Pautlitz v. City of Naperville, 127 Lab. Cas. P 33,075, 1994 WL 22963 (N.D.Ill. 1994)(unreported in F.Supp.)(court granted defendant's motion for summary judgment holding that the two-year limitation period applied concluding that defendant made reasonable attempts to comply with the law). The undisputed facts in the instant case show that APC conducted a thorough ongoing review of the Safety Specialist and Safety Supervisor positions and day rate compensation in general. There is no evidence of knowing or reckless conduct by APC.

The most compelling evidence that APC did not act willfully in classifying the Safety Specialist position as exempt is the U.S. District Court's decision in Zuber v. APC Natchiq, Inc., Exhibit E. There, the court held that, in fact, the Safety Specialist position was properly classified as exempt from overtime under the administrative exception. Id. Although that decision was eventually reversed by the Ninth Circuit, it shows that APC had a reasonable and sound basis to believe that the job duties of a Safety Specialist rendered the position exempt from overtime compensation. Indeed, the U.S. District Court

DeLisio Moran
Geraghty & Zobel, P.C.

943 West 6th Avenue
Anchorage, Alaska
99501-2033

(907) 279-9574

believed the position to have been properly classified; thus, APC's classification was obviously based upon substantial evidence and a reasonable belief as to the position it was taking. Obviously if the court believed that the employer was in compliance with the law, there are no grounds for the court to rule that it acted incorrectly, while knowing that it was violating the law. The same is true of the second part of the test. The employer could not be found to have acted recklessly in making the classification as it did.

The same is true for the classification of the Safety Supervisor position as exempt. If APC reasonably classified a safety specialist as exempt, then the position that was supervising that position (Safety Supervisor) should also be exempt.

Moreover, deposition testimony taken in <u>Zuber</u> and the instant case demonstrate that in late 1996 and 1997, APC undertook a comprehensive evaluation and analysis of the exempt classification of a number of company positions, including the Safety Specialist and Safety Supervisor positions. <u>Exhibit A</u> (Deposition of Mark Nelson, p. 13). Mark Nelson, who was then employed with Alaska Petroleum Contractors Inc. as Operations Manager, testified that he had read a *Forbes Magazine* article that caused him to evaluate some of the exempt/non-exempt classifications within APC. <u>Id.</u> at 16. Mr. Nelson testified that he authored a memorandum to two employees within the

DeLisio Moran
Geraghty & Zobel, P.C.

943 West 6th Avenue
Anchorage, Alaska
99501-2033

(907) 279-9574

accounting department expressing his concern about day rate compensation, as well as the classification of certain positions as exempt/non-exempt. Id. at 17-18).

Mr. Nelson consulted with Randy Carr, Chief Labor Standards for the Alaska Department of Labor, numerous times to obtain assistance in making determinations as to overtime exemptions with regard to certain supervisor positions. Id. at 18-19. Mr. Nelson further testified that he applied a Department of Labor Checklist in classifying the Safety Specialist position as exempt, and reviewed regulations defining the administrative, executive, professional, supervisor and outside salesman exemptions. Id. at 39-40; Exhibit B. Based on the duties performed by the Safety Specialist and the fact that Safety Specialists have specialized training and knowledge and work independently on a day-to-day basis without direct supervision, Mr. Nelson concluded that Safety Specialists were bona fide administrative or professional employees exempt from overtime. Id. at 39-40.

In addition to the review conducted by Mark Nelson, APC Human Resources Manager, Christopher Boyle, issued a memorandum on December 26, 1996 to various "field supervisors" regarding the practice of paying certain personnel a day rate and the classification of exempt employees. Exhibit C (Deposition of Christopher Boyle, pp. 54-55 & Exhibit B-1 to deposition) Mr. Boyle also issued a memorandum on April 4, 1997, to Mark

DeLisio Moran
Geraghty & Zobel, P.C.

943 West 6th Avenue
Anchorage, Alaska
99501-2033

(907) 279-9574

Nelson & Charlie Schick in follow-up to questions regarding the appropriateness of paying a day-rate to exempt employees.  <u>Id.</u> (Deposition of Christopher Boyle, pp. 59-60 & Exhibit B-4 to deposition).

The evaluation of the day rate positions within the safety department continued to occur periodically. Doug Smith testified that at the time he was hired and contemporaneously with Mr. Gilbert's promotion to the position of Safety Supervisor in January of 2002, he reviewed the positions of safety specialist and safety supervisor for exempt versus non-exempt status. <u>Exhibit E</u> (Deposition of Doug Smith, pp. 6, 12). He concluded that the safety supervisor position held by Mr. Gilbert was exempt after discussing the position with him and applying checklists.  <u>Id.</u>

The deposition testimony and documentary evidence offered by APC shows that it took measurable steps to determine whether day rate compensation and classification of the Safety Specialist and Safety Supervisor positions was proper.  APC consulted with the Department of Labor, reviewed the wage and hour regulations, and performed a comprehensive analysis to determine whether the Safety Specialist and Safety Supervisor positions were exempt from the overtime wage and whether day rate compensation was proper. This was not just a one time analysis, but rather was revisited on several occasions to be sure that the company was in compliance with the law. There is

DELISIO MORAN
GERAGHTY & ZOBEL, P.C.

943 WEST 6TH AVENUE
ANCHORAGE, ALASKA
99501-2033

(907) 279-9574

no evidence that APC either knew that it was violating the FLSA
or showed reckless disregard as to whether its conduct violated
the FLSA.     Accordingly, the two-year statute of limitation
period applies in this case.

## IV.  CONCLUSION

Gilbert's Complaint seeks unpaid overtime compensation
pursuant to the AWHA and the FLSA.  A two-year statute of
limitations applies to both claims.  Gilbert's breach of
contract claim is an attempt to avoid the two-year limitations
period.  Despite the characterization of the claim as one based
upon contract, it is a claim for the recovery of unpaid
overtime.  Thus, as a matter of law, the breach of contract
claim should be dismissed and the AWHA's two-year limitations
period should be applied.

Likewise, Gilbert's claim that APC acted willfully should
be dismissed and the applicable two-year statute of limitations
under the FLSA applied.  Gilbert cannot establish any undisputed
facts to support the claim that APC acted knowingly or
recklessly in disregarded of the FLSA.  Since Gilbert cannot
meet this burden, summary judgment should be entered
establishing the two-year limitations period to this case.

APC Natchiq respectfully requests that the court enter an
order dismissing Gilbert's overtime claims occurring prior to
June 20, 2003.

DeLisio Moran
Geraghty & Zobel, P.C.

943 West 6th Avenue
Anchorage, Alaska
99501-2033

(907) 279-9574

DATED this 1st day of August, 2006, at Anchorage, Alaska.

DeLISIO MORAN GERAGHTY & ZOBEL, P.C.
Attorneys for APC Natchiq, Inc.

/s/ Patricia L. Zobel

By:_____
        Patricia L. Zobel
        Bar No. 7906067
        E-Mail: pzobel@dmgz.com
        Danielle M. Ryman
        Bar No. 9911071
        E-Mail: dryman@dmgz.com
        943 West 6th Avenue
        Anchorage, Alaska 99501
        Telephone: (907) 279-9574
        Facsimile: (907) 276-4231

This is to certify that a true copy of the
foregoing was served via electronic service
or U.S. Mail this 1st day of August, 2006,
to the following:

Kenneth L. Covell
712 8th Avenue
Fairbanks, AK 99701


        /s/ Juliana Wood
By:_____
        Juliana Wood

DeLISIO MORAN
GERAGHTY & ZOBEL, P.C.

943 WEST 6TH AVENUE
ANCHORAGE, ALASKA
99501-2033
_____

(907) 279-9574