# NATCHIQ, INC.

ALASKA PETROLEUM  
CONTRACTORS, INC.

HOUSTON CONTRACTING  
COMPANY - ALASKA, LTD.

To: D. Dieckmeyer, S. Eliason, D. Frederick, L. Gabrielson, J. Laasch, L. Shultz

From: Christopher B. Boyle  *CBBoyle*

Date: December 26, 1996

Subject: Wage & Hour Day Rate Analysis

There have been recent concerns raised about our practice of paying certain personnel a day rate versus a straight monthly salary. The main issue is whether the day rate is an appropriate form of payment under wage and hour laws. In addition, it is appropriate to review whether personnel currently paid as exempt are properly classified.

To further this review, the Payroll Department has already requested listings of all personnel currently paid on a day rate. I also have the following requests:

1) Review all exempt (not subject to overtime) occupations to determine if they are properly classified as exempt. Provided as guidance is an attached document which provides functional definitions of exempt employees in administrative, executive, and professional positions. Please be critical in this review and provide a listing of any personnel who may not fit the criteria of exempt. We will then further review these personnel to ensure they are properly classified.

For purposes of this review, do not be concerned with contractual language at this time.

2) Please provide me with the requested information by **January 15, 1997**.

In the meantime, we will be determining whether the practice of paying a day rate is appropriate for our organization.

Please forward this request to whomever you delegate to address this request at your respective organizations.

Thank you for your assistance.

cc: C. Cheek  
    A. Hippe  
    T. Osborn

A Subsidiary of Arctic Slope Regional Corporation  
6700 Arctic Spur Road • Anchorage, Alaska 99518-1550 • (907) 344-5757 • FAX: (907) 267-3190

APC0183

of that entity and not an independent contractor.[1] In fact, the Alaska Supreme Court recently held that a partner in a partnership was an employee for purposes of the Alaska Wage and Hour Act. Bobick v. Stewart, 843 P.2d 1232, 1236 (Alaska 1992).

9. **IMPROPERLY CLASSIFYING EMPLOYEES AS EXEMPT**

One of the most common and most expensive mistakes that employers make is to improperly label employees covered by the Alaska Wage and Hour Act as exempt. The Alaska Wage and Hour Act contains numerous exemptions for certain employees such as agricultural workers, employees of small mining operations or small newspapers, seamen or casual employees. AS 23.10.060(d). Additionally, numerous other employees are exempt from both overtime and minimum wage provisions of the Alaska Wage and Hour Act. Among the most important of these are exemptions for individuals employed in a bona fide executive, administrative or professional capacity or individuals employed as supervisors, outside salesmen or straight commission salesmen. AS 23.10.055(9). However, simply labeling an employee as exempt is not enough to avoid overtime liability. Rather, the employer must meet the test established by the Department of Labor.

The regulations define an administrative employee as an employee:

1) whose primary duty consists of work directly related to management policies or supervising the general business operations of his employer;

2) who customarily and regularly exercises discretion and independent judgment;

3) who performs his work under only general supervision;

4) who is paid on a salary or fee basis;

---

[1] Employers should be aware that the economic realities test is only used for wage and hour analysis. Other factors are used to evaluate independent contractor/employee relationships for purposes of tort liability, worker's compensation, unemployment insurance, the NLRA, Title VII or IRS tax liability.

8

5) who regularly and directly assists a proprietor or an exempt executive employee of the employer; and

6) who performed work along specialized or technical lines requiring special training, experience or knowledge and does not devote more than 20%, or in the case of an employee of a retail or service establishment who earns at least two and one-half times the state minimum wage per hour for the first 40 hours of employment each week and who does not devote more than 40% of the employee's weekly hours to nonexempt activities.

8 AAC 15.910(a)(1).

An executive employee is defined as an employee:

1) whose primary duty consists of the management of the enterprise in which the employee is employed or of a customarily recognized branch, department, or subdivision of the enterprise;

2) who customarily and regularly directs the work of two or more other employees;

3) who has authority to hire or fire or effect any other change of status of other employees or whose suggestions or recommendations regarding these kinds of changes are given particular weight;

4) who customarily and regularly exercises discretionary authority;

5) who does not devote more than 20%, or in the case of an employee of a retail or service establishment who earns at least two and one-half times the state minimum wage per hour for the first 40 hours of employment each week and who does not devote more than 40% of the

9

APC0185

employee's weekly hours to activities which are not directly and closely related to administrative, executive or professional work.

8 AAC 15.910(a)(7).

A professional employee is defined as an employee

1) whose primary duty is

 a) to perform work requiring knowledge of or an advanced type in a field of science or learning customarily acquired by a prolonged course of specialized intellectual instruction and study, as distinguished from a general academic education or from an apprenticeship or from training in the performance of routine mental, manual, or physical processes, or

 b) to perform work that is original and creative in character in a recognized field of artistic endeavor (as opposed to work which can be produced by a person with general manual or intellectual ability and training), and the result of which depends primarily on the invention, imagination, or talent of the employee, or

 c) to teach, tutor, instruct or lecture in the activity of imparting knowledge and who is employed and engaged in this activity as a teacher certified or recognized as such in a school or other educational establishment or institution; and

2) whose work

10

a) requires the consistent exercise of discretion and judgment in its performance,

b) is predominantly intellectual and varied in character (as opposed to routine mental, manual, mechanical, or physical work) and is of such character that the output produced or the results accomplished cannot be standardized on a time basis, and

c) is compensated on a salary or fee basis.

8 AAC 15.910(a)(11).

Persons employed in a supervisory capacity are defined as those whose:

primary duties performed by an employee who is employed solely for the purpose of regularly assigning and directing the activities of other employees; and is responsible for results of the work performed; and who does not perform duties regularly performed by the employees supervised, except for brief periods of time not to exceed 20% of the hours worked in the work week; for the purpose of AS 23.10.060 "supervisory capacity" does not apply to an employee required by the employer to perform those activities on an intermittent or substitute basis during the course of employment.

8 AAC 15.910(a)(14).

A salesman employed on a straight commission basis is defined as a person:

1) who is regularly employed on the business premises of the employer;

2) who is compensated on a straight commission basis for the purpose of making sales, contracts for sales, consignments, or shipments for sale

11

APC0187

       or for obtaining orders for services or the use of facilities for which a consideration will be paid by the client or customer; and

  3)   whose hours of work of a nature other than that described in this paragraph or in the definition of outside salesman do not exceed 20% of the hours worked in the work week.

8 AAC 15.910(a)(12).

An outside salesman is defined as a person:

  1)   who is customarily and regularly away from the employer's place of business;

  2)   who is employed for the purpose of making sales, contracts for sales, consignments, or shipment for sale, or from obtaining orders for service or for use of facilities for which consideration will be paid by the client or customer; and

  3)   whose hours of work of a nature other than that described in this paragraph or as defined by straight commission salesperson do not exceed 20% of the hours worked in the work week.

8 AAC 15.910(a)(10).

Employers must take great pains to ensure that the employees they classified as administrative, executive, professional, supervisory, straight commission salespersons or outside salespersons meet the regulatory definitions. If they do not, the employer will be faced with significant liability for overtime for hours worked in excess of eight hours a day or forty hours per week.

10. **THE COMPUTER PROFESSIONAL EXEMPTION**

In November, 1990, Congress passed a provision requiring the Department of Labor to enact a regulation that would exempt certain computer professionals from the overtime

12

provisions of the Fair Labor Standards Act. The final rule implementing this provision was enacted in October, 1992. It is aimed at certain highly skilled workers such as computer programmers, systems analysts, computer programmer analysts, application programmers, software engineers, software specialists, systems engineers and systems specialists.

The employee's primary duty must consist of one or more of the following duties:

1. The application of systems analysis techniques and procedures, including consulting with users, to determine hardware, software, or system functional specifications;

2. The design, development, documentation, analysis, creation, testing, or modification of computer systems or programs, including prototypes, based on [and] related to use or system design specifications;

3. The design, documentation, testing, creation or modification of computer programs related to machine operating systems; or

4. A combination of the aforementioned duties, the performance of which requires the same level of skills.

The exemption applies only to highly skilled employees who have achieved a level of proficiency in the theoretical and practical application of a body of highly specialized knowledge in computer systems analysis, programming, and software engineering. It does not include trainees or employees in entry level positions learning to become proficient in those areas or to employees in computer related occupations who have not attained a level of skill and expertise that allows them to work independently without close supervision. Although employees who would qualify for this exemption generally have a bachelors degree or higher, the regulations do not specify any particular academic degree and there is no requirement for any specific license or certification such as is required for learned professions such as accounting, law and medicine.

Significantly, the exemption does not include employees who simply operate computers or those engaged in the manufacture, repair or maintenance of computer hardware and related equipment. Further, the regulation also excludes highly skilled employees such as engineers, drafters and

13

others whose work is greatly facilitated by or depends upon sophisticated computer programs such as CAD/CAM, but who are not in computer systems analysis and programming occupations.

Employers should note that computer professionals may be paid on a salary or on an hourly basis. If the employees are paid on an hourly basis, hourly pay must be at least 6 1/2 times the minimum wage.

## 11. ILLEGAL DEDUCTIONS II

Both federal and state laws require that exempt salaried employees be paid on a bona fide salary basis in order to maintain exempt status. Under federal law, a salaried employee must receive "a predetermined amount constituting all or part of his [or her] compensation, which amount is not subject to reduction because of variations in the quality or quantity of the work performed." 29 CFR § 541.118(a).

### A. Compensatory Time

#### 1. Private Employers.

Overtime pay earned should be actually paid. Allowing "comp time" (paid time off work) in lieu of overtime pay (money) is illegal in Alaska. Employers who have a "comp time" policy which defers payment for overtime and allows it to accumulate to a future unspecified date, to be taken as paid time off, are risking overtime pay liability. "Comp time" is not a legal substitute for overtime pay (money).

The FLSA has no provision for "comp time." An employer **must** pay for overtime compensation as it is earned. Employers may **not** credit an employee with compensatory time, even at time and one-half overtime rates for overtime earned but allowed to be taken at some later date after the end of the pay period in which the overtime was earned.

#### 2. Public Employers.

The Ninth Circuit recently ruled that the "salary basis" test is invalid as it applied to the public sector. <u>Service Employ. Union Local 102 v. San Diego</u>, 35 F.3d 483 (9th Cir. 1994). The rationale being that public employers are constrained by pay systems based on public accountability, "governmental employees should not be paid for time not worked due to the need to be accountable to the taxpayers for expenditures of public funds." Accordingly, public employees,

14

others whose work is greatly facilitated by or depends upon sophisticated computer programs such as CAD/CAM, but who are not in computer systems analysis and programming occupations.

Employers should note that computer professionals may be paid on a salary or on an hourly basis. If the employees are paid on an hourly basis, hourly pay must be at least 6 1/2 times the minimum wage.

## 11. ILLEGAL DEDUCTIONS II

Both federal and state laws require that exempt salaried employees be paid on a bona fide salary basis in order to maintain exempt status. Under federal law, a salaried employee must receive "a predetermined amount constituting all or part of his [or her] compensation, which amount is not subject to reduction because of variations in the quality or quantity of the work performed." 29 CFR § 541.118(a).

### A. Compensatory Time

#### 1. Private Employers.

Overtime pay earned should be actually paid. Allowing "comp time" (paid time off work) in lieu of overtime pay (money) is illegal in Alaska. Employers who have a "comp time" policy which defers payment for overtime and allows it to accumulate to a future unspecified date, to be taken as paid time off, are risking overtime pay liability. "Comp time" is not a legal substitute for overtime pay (money).

The FLSA has no provision for "comp time." An employer must pay for overtime compensation as it is earned. Employers may not credit an employee with compensatory time, even at time and one-half overtime rates for overtime earned but allowed to be taken at some later date after the end of the pay period in which the overtime was earned.

#### 2. Public Employers.

The Ninth Circuit recently ruled that the "salary basis" test is invalid as it applied to the public sector. Service Employ. Union Local 102 v. San Diego, 35 F.3d 483 (9th Cir. 1994). The rationale being that public employers are constrained by pay systems based on public accountability, "governmental employees should not be paid for time not worked due to the need to be accountable to the taxpayers for expenditures of public funds." Accordingly, public employees,

14