FILED

JAN 0 8 2004

UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA
By_____ Deputy

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| RONALD E. ZUBER,<br><br>      Plaintiff,<br><br>vs.<br><br>APC NATCHIQ, INC.,<br><br>      Defendant. | Case No. A03-0052 CV (RRB)<br><br>**ORDER GRANTING DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT** |

I.   INTRODUCTION

Before the Court is Defendant APC Natchiq, Inc. ("APC") with a Cross-Motion for Summary Judgment (Docket No. 62). APC contends Ronald E. Zuber ("Zuber") was "an exempt executive, administrative, supervisory and/or professional employee under the FLSA and AWHA, and as such, is not entitled to overtime wages."[1] Plaintiff Zuber opposes and argues APC has failed to "show that

---

[1]   Clerk's Docket No. 100 at 4.

EXHIBIT F
PAGE 1 OF 7

ORDER GRANTING DEFENDANT'S
 CROSS-MOTION FOR SUMMARY JUDGMENT - 1
A03-0052 CV (RRB)

105  1/7/04

Zuber performed exempt work and even if the work was exempt, they failed to show that it was his primary duty."[2]

## II. FACTS/PROCEDURAL HISTORY

APC "employed [Zuber] as a Safety Specialist at Kuparuk, Alaska from October 7, 1996 through January 16, 2001."[3] "Zuber generally worked seven days per week and 11 ½ hours per day."[4] Beginning in 1999, Zuber was paid a flat rate of $350 per day.[5] "[I]n October 2000, his daily rate was increased to $375.00."[6] "Zuber was not employed under a written contract nor was Zuber promised payment of overtime."[7] Zuber voluntarily quit his employment on January 16, 2001.[8]

On September 25, 2002, Zuber initiated this action in the Superior Court for the State of Alaska alleging certain violations of the FLSA and the AWHA. On or about October 18, 2002, the cause was removed to the United States District Court for the District of Alaska by APC.

---

[2] Clerk's Docket No. 91 at 1.

[3] Clerk's Docket No. 37 at 1.

[4] Id.

[5] Id. at 2.

[6] Id.

[7] Id. at 9.

[8] Id. at 1.

ORDER GRANTING DEFENDANT'S
 CROSS-MOTION FOR SUMMARY JUDGMENT - 2
A03-0052 CV (RRB)

EXHIBIT F
PAGE 2 OF 7

## III. STANDARD OF REVIEW

Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment should be granted if there is no genuine dispute as to material facts and if the moving party is entitled to judgment as a matter of law. The moving party has the burden of showing that there is no genuine dispute as to material fact.[9] The moving party need not present evidence; it need only point out the lack of any genuine dispute as to material fact.[10] Once the moving party has met this burden, the nonmoving party must set forth evidence of specific facts showing the existence of a genuine issue for trial.[11] All evidence presented by the non-movant must be believed for purposes of summary judgment, and all justifiable inferences must be drawn in favor of the non-movant.[12] However, the nonmoving party may not rest upon mere allegations or denials, but must show that there is sufficient evidence supporting the claimed factual dispute to require a fact-finder to resolve the parties' differing versions of the truth at trial.[13]

---

[9]  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

[10]  Id. at 323-325.

[11]  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-9 (1986).

[12]  Id. at 255.

[13]  Id. at 248-9.

## IV. DISCUSSION

Under both the FLSA and the AWHA, a <u>non-exempt</u> employee is entitled to overtime compensation and/or pay for hours worked in excess of forty hours per week and/or eight hours per day.[14] Nevertheless, "[c]ertain employees, including those serving in bona fide <u>administrative</u> capacities, are <u>exempt</u> from the overtime provisions of the AWHA and the FLSA."[15]

An employee is considered exempt and/or an "administrative employee" only when it can be established that he/she meets certain required factors that have been established by those codes and/or regulations which more particularly describe and/or define both the AWHA and the FLSA. For example, "[t]he Alaska Administrative Code defines the administrative employment exemption to require six factors, specifying that an "administrative employee" is a worker:"[16]

> (A) whose primary duty consists of work directly related to management policies or supervising the general business operations of the employer;
>
> (B) who customarily and regularly exercises discretion and independent judgment;

---

[14] Clerk's Docket No. 62 at 15 (<u>citing</u> Alaska Stat. § 23.10.060(b); 29 U.S.C. § 207).

[15] <u>Id.</u> at 16 (<u>citing</u> Alaska Stat. § 23.10.055(9); 29 U.S.C. § 213) (emphasis added).

[16] <u>Id.</u>

(C) who performs work only under general supervision;

(D) who is paid on a salary or fee basis;

(E) who regularly and directly assists a proprietor or an exempt executive employee of the employer; and

(F) who performs work along specialized or technical lines requiring special training, experience or knowledge and does not devote more than 20 percent, or in the case of an employee of a retail or service establishment who earns at least two and one half times the state minimum wage per hour for the first 40 hours of employment each week and who does not devote more than 40 percent of the employee's weekly hours to activities that are not described in this paragraph or (7) or (11) of this section[.][17]

The "FLSA similarly defines [an] 'administrative employee' as any employee:"[18]

(a) Whose primary duty consists of either:

(1) The performance of office or non-manual work directly related to management policies or general business operations of his employer or his employer's customers; . . . and

(b) Who customarily and regularly exercises discretion and independent judgment; and

(c)(1) Who regularly and directly assists a proprietor, or an employee employed in a bona fide executive or administrative capacity (as such terms are defined in the regulations of this subpart), or

---

[17]  8 ACC 15.910(a)(1).

[18]  Clerk's Docket No. 62 at 17.

(2) Who performs under only general supervision work along specialized or technical lines requiring special training, experience, or knowledge, or

(3) Who executes under only general supervision special assignments and tasks; and

(d) Who does not devote more than 20 percent, or, in the case of an employee of a retail or service establishment who does not devote as much as 40 percent, of his hours worked in the workweek to activities which are not directly and closely related to the performance of the work described in (a) through (c) of this subsection; and

(e)(1) Who is compensated for his services on a salary or fee basis at a rate of not less than $155 per week . . . [provided, t]hat an employee who is compensated on a salary or fee basis at a rate of not less than $250 per week . . . , and whose primary duty consists of the performance of work described in (a) of this section, which includes work requiring the exercise of discretion and independent judgment, shall be deemed to meet all the requirements of this section.[19]

In the present case, an application of these specifications and/or factors, to the facts heretofore proffered by both parties, reveals: (1) Zuber's "primary duties" consisted of office and non-manual work directly related to management polices or supervising the general business operations of APC; (2) Zuber customarily and/or regularly exercised in discretion and/or independent judgment; (3) Zuber performed work under only "general"

---

[19] 29 C.F.R. § 541.2 (2003).

ORDER GRANTING DEFENDANT'S
CROSS-MOTION FOR SUMMARY JUDGMENT - 6
A03-0052 CV (RRB)

EXHIBIT F
PAGE 6 OF 7

supervision; (4) Zuber was paid on a salary basis; (5) Zuber regularly and directly assisted an exempt executive employee of APC; (6) Zuber performed work along specialized and/or technical lines requiring special training, experience and/or knowledge; and (7) Zuber did not devote more than 20 percent of his weekly activities to non-exempt work.[20]

## V. CONCLUSION

Consequently, the Court concludes "Zuber's duties as a Safety Specialist fit squarely within the definition of administrative employee under both the AWHA and the FLSA."[21] Zuber's overtime wage claims must therefore be dismissed as a matter of law. Defendant's Cross-Motion for Summary Judgment (Docket No. 62) is hereby **GRANTED**.[22]

ENTERED at Anchorage, Alaska, this 7 day of January, 2004.

_____
RALPH R. BEISTLINE
UNITED STATES DISTRICT JUDGE

RECEIVED –
JAN 0 9 2004
DeLISIO MORAN
GERAGHTY & ZOBEL, P.C.

---

[20] Clerk's Docket No. 62 at 18-32.

[21] Id. at 18.

[22] As the Court's ruling on this issue is dispositive, any and/or all remaining motions and/or matters are **DENIED** as moot, and this case and/or matter is hereby closed.

A03-0052--CV (RRB)
G. YOUNGHUN (DELISIO)
K. COVELL
- 7 -
EXHIBIT F
PAGE 7 OF 7
MAILED ON 1/8/03
BY PD

RECEIVED
JAN 0 9 2004
DELISIO MORAN
GERAGHTY & ZOBEL, P.C.

FILED
JAN 0 8 2004
UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA
By_____

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

RONALD E. ZUBER,
    Plaintiff,

v.

APC NATCHIQ, INC.,
    Defendant.

Case Number A03-0052 CV (RRB)

**JUDGMENT IN A CIVIL CASE**

___ **JURY VERDICT.** This action came before the court for a trial by jury. The issues have been tried and the jury has rendered its verdict.

_X_ **DECISION BY COURT.** This action came to trial or hearing before the court. The issues have been tried or heard and a decision has been rendered.

    IT IS ORDERED AND ADJUDGED:

    THAT Defendant's Cross-Motion for Summary Judgment is GRANTED. Plaintiff's overtime wage claims must therefore be dismissed as a matter of law.

APPROVED:

/s/ Ralph R. Beistline
RALPH R. BEISTLINE
United States District Judge

Date: January 8, 2004

Michael D. Hall
Clerk

/s/ Patricia
(By) Deputy Clerk

NOTE: Award of prejudgment interest, costs and attorney's fees are governed by D.Ak. LR 54.1, 54.3, and 58.1.

EXHIBIT _____
PAGE ___ OF ___

A03-0052--CV (RRB)
-----------------
G. YOUNGHUN (DELISIO)
K. COVELL
O&J 11630

MAILED ON 1/8/03
BY /s/ Patricia

106