Kenneth L. Covell
LAW OFFICE OF KENNETH L. COVELL
712 Eighth Avenue
Fairbanks, Alaska  99701
(907) 452-4377 telephone
(907) 451-7802 fax

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| JOHN GILBERT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| APC NATCHIQ, INC. | ) |
| | ) |
| Defendant. | ) |
| _____ | ) Case No. 3:03-CV-00174 RRB |

**PLAINTIFF GILBERT'S MOTION FOR SUMMARY JUDGMENT FOR STATE**

**RATE CALCULATION ON AWHA AND CONTRACT CLAIMS AND**

**OPPOSITION TO DEFENDANT'S FEDERAL RATE MOTION**

Gilbert is maintaining an overtime claim against defendant APC under the

Alaska Wage and Hour Act (AWHA), the Fair Labor Standards Act (FLSA), and breach

of contract.  Defendant APC has conceded that Gilbert was illegally denied overtime

wages.

The question arises as to how to calculate the amount of money due to Gilbert from APC. This question is governed by *Payment for overtime*, 8 AAC 15.100, Exhibit A. AS 23.10.060 requires payment for overtime. 8 AAC 15.100 is authorized by AS 23.10.060.

When calculating overtime, it is based on an employee's "regular rate." The regular rate is an hourly rate used for the purposes of calculating overtime. An employee need not actually be hired at an hourly rate, however, the applicable compensation basis must be converted to an hourly rate for the purposes of computing overtime compensation 8 AAC 15.100 (a).

The Administrative Code further dictates that the employment contract must set out the specific number of straight time and overtime hours the employee is expected to work each week. The contract must establish a regular straight time hourly rate of pay and the appropriate overtime rate with respect to the salary to be paid and the number of hours to be worked 8 AAC 15.100(a)(1).

APC failed to comply with this portion (8 AAC 15.100(a)(1)) of the Act. Continuing to the next section, that contingency is addressed as follows:

> "If a contract fails to establish...daily and weekly hours that the salary is intended to compensate...or if the actual hours of work deviate from the hours specified in the contract, the salary will be considered to be compensation for an eight-hour work day and 40-hour workweek, and overtime will be computed on that basis" 8 AAC 15.100(a)(2).

In this case, 8 AAC 15.100(a)(2) applies. Either the contract failed to establish the fixed number of daily and weekly hours, Exhibit A-2, or in any event, Gilbert's hours frequently deviated from the hours in the contract.[1] Defendant does not dispute that Gilbert's actual hours deviated from the hours specified for him to work, nor does employer dispute the hours Gilbert has submitted in his daily logs (Exhibits B-1, B-2, & C). See also Mark Nelson Deposition, hereinafter ND, at p.36, line 19 through p.37, line 22.

At this point, The Court's attention is directed to the appropriate case law. Plaintiff Gilbert submits that calculation in this matter is subject to the controlling authority of *Reeves v. Piquniq Management Corp.*, 965 P.2d 732 (Alaska 1998) and the persuasive authority of *Brock v. Cominco Alaska*, D. Alaska, Aug. 29, 2001, No. F00-0025-CV (HRH), (copy of *Brock,* attached as Exhibit D).

### Defendant's Request for Federal Rate Calculation

Defense's argument for Federal Rate Calculation while perhaps valiant is totally unfounded. A day rate is a day salary, 8 AAC 15.908(c), Exhibit E.

> 8 AAC 15.910(22)"Salary" means...a fixed and recurring amount of money constituting all or part of an exempt employee's compensation, which amount is not subject to reduction because of variations in the quality or quantity of the work performed, Exhibit F.

In 1997, Chris Boyle, the Human Resources Director for APC, Mark Nelson, a senior manager for APC, and others in the company discussed the payment of

---

[1] Gilbert's pay records show he was paid for ten-hour days, but in reality, he worked twelve hours and more a day.

**GILBERT VS. APC NATCHIQ, INC.**
Case No. 3:03-CV—00174 RRB
GILBERT'S MOTION FOR SUMMARY JUDGMENT FOR STATE RATE CALCULATION ON AWHA CLAIMS AND OPPOSITION TO DEFENDANT'S FEDERAL RATE MOTION (STATE RATE CALCULATION)

employees at a daily salary.  They corresponded with Randy Carr, with the State Department of Labor, and concluded that such a scheme would be allowable under the State Law, e.g. see letter of Chris Boyle to Mark Nelson dated April 4, 1997, Exhibit G, (also numbered in the bottom right corner as "Z APC0180", and attendant documents within Exhibit G, previously designated Exhibit N1 to Nelson's deposition of June 15, 2006).  It is clear from such documentation that APC intended to pay a daily salary, not reduced for variations in quality and quantity of work.

      Additionally, 8 AAC 15.908(c) provides:

> Exempt administrative, executive, or professional employees may be compensated on a **daily rate** if they receive at least $300 per day and that, subject to the provisions of this section, the employee receives the full **daily salary** for any day in which any hours are worked regardless of the number of hours worked.

Clearly, the Department equates a daily rate to a daily salary (plaintiff notes that this section was effective 4/29/1999).  Mr. Boyle's letter of 1997 indicates that the department in an interpretive ruling in 1989 made a similar statement.  It appears likely that 8 AAC 15.908(c) is a codification of the interpretive ruling discussed by Boyle.

      Since it is excruciatingly clear that the State defines what a salary is, and further more equates a daily rate with a daily salary; as is evidence both in APC Natchiq's internal correspondence and the Administrative Code section concerning "daily rates" and "daily salaries," that Gilbert's regular rates should be calculated pursuant to 8 AAC 15.100.  There is no need or direction to go to the Federal law.

> "We must interpret the statutory scheme as a whole and in such a way that separate provisions do not conflict" (*Dresser Industries, Inc. v. Alaska Dept. of Labor*, 633 P.2d 998, 1003 (Alaska 1981)).

AS 23.10.145 clearly directs that definitions found in regulations are adopted under this title of regulations and shall be used, and that; "federal regulatory…definitions are 'applicable' only when the state director of the wage and hour division and the commissioner of labor have refrained from defining terms in the state regulations, pursuant to their discretionary authority to do so".  This statutory scheme must be interpreted as a whole (Exhibits H & I).

Gilbert's regular rate is established by the following methodology pursuant to 8 AAC15.100(a)(2), "…the salary will be considered to be compensation for an eight (8) hour workday and a 40-hour workweek and overtime will be computed on that basis". Since Gilbert was compensated by his daily salary, the salary per day would be the various amounts he was paid during the course of his employment between $350 a day and $475 a day**.**

Defendant, therefore, respectfully requests that The Court order calculation of Gilbert's claims under the AWHA and state law claims be made pursuant to 8 AAC 15.100(a)(2).

It seems clear that the intent of this regulation is that employers should notify the employees of how many hours are expected of them in relation to their salary.  In addition, it is expected of employers that they will actually document the hours worked as is required by statute AS 23.05.080, AS 23.10.100.  If an employer fails to do so, the

regular rate is calculated in a manner that does not reward the employer's failure to accurately record the employee's hours and pay. Thus, the employer's failure to follow the law is not rewarded. [2]

We ask The Court to issue an order stating that Gilbert's regular rate shall be calculated pursuant to 8 AAC 15.100(a)(2). Arguably, Gilbert could ask that his daily salary be multiplied by seven (7) and then divided by forty (40), which would yield probably the highest possible amount. This methodology arguably was rejected in Reeves. However, taking the daily salary, multiplying it by five (5) and dividing it by forty (40), seems to squarely fit within the mandate of the regulation. [3]

## Other Assertions of Defendant

Defendant asserts that they have paid plaintiff overtime damages consistent with it's admission that they owe him overtime wages for the minimum period of time he was employed as a Safety Specialist. Gilbert has received no such compensation. Gilbert has received no check for $8900 from APC (not to mention liquidated damages in the same amount). APC's failure to pay Gilbert his overtime is just one more clear example of their lack of willingness to follow the Alaska Wage and Hour Act and the Fair Labor Standards Act.

---

[2] An employer's failure to accurately record hours worked as required is obviously evasion of the act, not an effort to comply with it, and shows a willfulness to violate overtime provisions of the AWHA and the FLSA. A finding of willfulness precludes a finding of Good Faith. *Chao v. A-1,* 346 F.3d 908, 920 (9th Circuit 2003).
[3] Results of the same number are arrived at by the daily salary and dividing it by eight (8) hours.

Respectfully submitted this 1st day of August, 2006 at Fairbanks, Alaska.

LAW OFFICES OF KENNETH L. COVELL
Attorney for John Gilbert

s/Kenneth L. Covell
712 8th Ave.
Fairbanks, AK 99701
Phone:  907.452.4377
Fax:  907.451.7802
E-mail:  kcovell@gci.net
Attorney Bar #:  8611103

**CERTIFICATE OF SERVICE**
This is to certify that a copy of the foregoing has been
Electronically sent to the following attorney(s):

**Patricia Zobel**
**DeLisio Moran Geraghty & Zobel**
**943 W. 6th Ave.**
**Anchorage, AK 99501**

Dated: 8/01/06
By:   /s/ Emily S. Ervin
        Emily S. Ervin for Kenneth L. Covell