APC Interoffice

## MEMORANDUM.............

DATE:      December 7, 1996

TO:        Anne Hippe / Toby Osborn

FROM:      Mark Nelson

SUBJECT:   A few compensation questions?

*****************************************************************************

After reading, the attached article from Forbes magazine last month regarding employee compensation I've been concerned over the way we have a few of our employees classified. I was going to call the Alaska department of labor for an opinion and still can, I just want to make sure all of our jobs are consistent so we have no exposures..........

In the Kuparuk field the majority of our foremen are non-exempt although the materials foremen are exempt on a day rate. Their title is materials supervisor but essentially perform a foreman's role reporting to a superintendent. The question comes up, what does "bona fide executive, administrative, or professional capacity" really mean? In this situation my research would indicate these supervisors should be non-exempt - would you concur? In addition, the article talks about paying a salaried employee in increments of no less than a week. We have many employees on a "day" rate and for the sake of payroll put 10 hours of work down each day on their timecards. I'm thinking we may want to get completely away from any mention of hours and only indicate a day worked. Plus would the legal opinion be that we work the majority of our employees on a two on two off cycle would constitute a "weekly" basis?

Take a look at the article and see if we should have any concerns and if you know who the attorney was who talked with our foreman regarding "charter delays." We may want to research this?    (see attached)

Thanks for the help!





_Schick_

# NATCHIQ, iNC.

ALASKA PETROLEUM
CONTRACTORS, INC.

HOUSTON CONTRACTING
COMPANY - ALASKA, LTD.

To:        D. Dieckmeyer, S. Eliason, D. Frederick, L. Gabrielson, J. Laasch, L. Shultz

From:      Christopher B. Boyle

Date:      December 26, 1996

Subject:   Wage & Hour Day Rate Analysis

There have been recent concerns raised about our practice of paying certain personnel a day rate versus a straight monthly salary. The main issue is whether the day rate is an appropriate form of payment under wage and hour laws. In addition, it is appropriate to review whether personnel currently paid as exempt are properly classified.

To further this review, the Payroll Department has already requested listings of all personnel currently paid on a day rate. I also have the following requests:

1) Review all exempt (not subject to overtime) occupations to determine if they are properly classified as exempt. Provided as guidance is an attached document which provides functional definitions of exempt employees in administrative, executive, and professional positions. Please be critical in this review and provide a listing of any personnel who may not fit the criteria of exempt. We will then further review these personnel to ensure they are properly classified.

For purposes of this review, do not be concerned with contractual language at this time.

2) Please provide me with the requested information by January 15, 1997.

In the meantime, we will be determining whether the practice of paying a day rate is appropriate for our organization.

Please forward this request to whomever you delegate to address this request at your respective organizations.

Thank you for your assistance.

cc:    G. Cheek
       A. Hippe
       T. Osborn

A Subsidiary of Arctic Slope Regional Corporation

of that entity and not an independent contractor.[1] In fact, the Alaska Supreme Court recently held that a partner in a partnership was an employee for purposes of the Alaska Wage and Hour Act. <u>Bobick v. Stewart</u>, 843 P.2d 1232, 1236 (Alaska 1992).

## 9.  IMPROPERLY CLASSIFYING EMPLOYEES AS EXEMPT

One of the most common and most expensive mistakes that employers make is to improperly label employees covered by the Alaska Wage and Hour Act as exempt. The Alaska Wage and Hour Act contains numerous exemptions for certain employees such as agricultural workers, employees of small mining operations or small newspapers, seamen or casual employees. AS 23.10.060(d). Additionally, numerous other employees are exempt from both overtime and minimum wage provisions of the Alaska Wage and Hour Act. Among the most important of these are exemptions for individuals employed in a bona fide executive, administrative or professional capacity or individuals employed as supervisors, outside salesmen or straight commission salesmen. AS 23.10.055(9). However, simply labeling an employee as exempt is not enough to avoid overtime liability. Rather, the employer must meet the test established by the Department of Labor.

The regulations define an administrative employee as an employee:

1) whose primary duty consists of work directly related to management policies or supervising the general business operations of his employer;

2) who customarily and regularly exercises discretion and independent judgment;

3) who performs his work under only general supervision;

4) who is paid on a salary or fee basis;

---

[1] Employers should be aware that the economic realities test is only used for wage and hour analysis. Other factors are used to evaluate independent contractor/employee relationships for purposes of tort liability, worker's compensation, unemployment insurance, the NLRA, Title VII or IRS tax liability.

8

APC0184

5)   who regularly and directly assists a
     proprietor or an exempt executive
     employee of the employer; and

6)   who performed work along specialized
     or technical lines requiring special
     training, experience or knowledge
     and does not devote more than 20%,
     or in the case of an employee of a
     retail or service establishment who
     earns at least two and one-half
     times the state minimum wage per
     hour for the first 40 hours of
     employment each week and who does
     not devote more than 40% of the
     employee's weekly hours to nonexempt
     activities.

8 AAC 15.910(a)(1).

An executive employee is defined as an employee:

1)   whose primary duty consists of the
     management of the enterprise in
     which the employee is employed or of
     a customarily recognized branch,
     department, or subdivision of the
     enterprise;

2)   who customarily and regularly
     directs the work of two or more
     other employees;

3)   who has authority to hire or fire or
     effect any other change of status of
     other employees or whose suggestions
     or recommendations regarding these
     kinds of changes are given
     particular weight;

4)   who customarily and regularly
     exercises discretionary authority;

5)   who does not devote more than 20%,
     or in the case of an employee of a
     retail or service establishment who
     earns at least two and one-half
     times the state minimum wage per
     hour for the first 40 hours of
     employment each week and who does
     not devote more than 40% of the

9

APC0185

employee's weekly hours to activities which are not directly and closely related to administrative, executive or professional work.

8 AAC 15.910(a)(7).

A professional employee is defined as an employee

  1)   whose primary duty is

     a)   to perform work requiring knowledge of or an advanced type in a field of science or learning customarily acquired by a prolonged course of specialized intellectual instruction and study, as distinguished from a general academic education or from an apprenticeship or from training in the performance of routine mental, manual, or physical processes, or

     b)   to perform work that is original and creative in character in a recognized field of artistic endeavor (as opposed to work which can be produced by a person with general manual or intellectual ability and training), and the result of which depends primarily on the invention, imagination, or talent of the employee, or

     c)   to teach, tutor, instruct or lecture in the activity of imparting knowledge and who is employed and engaged in this activity as a teacher certified or recognized as such in a school or other educational establishment or institution; and

  2)   whose work

10

APC0186

# NATCHIQ, INC.

L. .A PETROLEUM
:ONTRACTORS, INC.

ASRC PARSONS
ENGINEERING, LLC

HOUSTON CONTRACTING
COMPANY - ALASKA, LTD.

To:     Mark Nelson/Charlie Schick

From:   Christopher B. Boyle

Date:   April 4, 1997

Subject:   **Exempt Employee - Payment of Day Rate**

In follow-up to your questions of the appropriateness of paying a day-rate to exempt employees, the following will provide guidance.

Alaska has no specific Wage & Hour law addressing the payment of a day-rate to exempt employees. Of course, the first step an employer must take is to properly classify an employee as exempt (not eligible for overtime) or non-exempt. I have previously provided some information on this subject and would recommend we again look at the foreman and similarly classified employees to ensure their status can stand up to the exemption test.

Concerning the payment of day-rates, Alaska has not adopted its own regulation defining "salary basis". However, federal regulations specifically allow paying exempt employees on a day-rate basis when a guarantee of work per week is given. 29 C. F. R. 541.118 (b).

The appropriateness of paying a day rate was raised in Alaska in 1989 at which time the Department (Wage & Hour) ruled that day-rate employees did not meet the salary requirements under state law. However, when challenged, the Department reversed itself and issued the following interpretive ruling in December, 1989:

> The Department "would indeed allow a daily rate providing the following procedures and conditions are true: An employer wishing to compensate an employee on a daily basis, who is otherwise exempt from provisions of the Wage & Hour Act, must communicate to that prospective employee their daily rate and the minimum amount guaranteed each week that any work is performed. In the absence of such documentation, the employer's intent may not be clear concerning the minimum weekly salary to be paid and that employee could become overtime eligible".

APC0180

Page 2

In summary, we may pay exempt employees on a day-rate provided very specific conditions are satisfied. I understand from speaking with you that it is beneficial from a reimbursable stand point to pay on a day-rate. However, I would be concerned about the consistent application of the requirements and other practices, known or unknown, that may cause an employees pay to vary from week to week. This is seldom a concern when establishing and paying a straight monthly salary.

Another question you raised was whether a two on two off cycle would constitute a "weekly" basis. The answer is no. Under applicable federal and state regulations, a workweek is a fixed and regularly occurring period i.e., seven consecutive 24 hour periods. The work week may begin on any day of the week and need not coincide with a calendar week; an individual employee's workweek is the statutory or contract number of hours that are to be worked during that period; the workweek may not be artificially adjusted for the purpose of avoiding the payment of overtime, however, the workweek may be changed for any other purpose as allowed by the regulations.

A final question you referred to me was the issue of waiting time if the Charter breaks down or cannot fly due to weather. For non-exempt employees, there is no obligation to pay for "waiting" time. However, many employers will provide some compensation in recognition of the inconvenience and loss of income the employee incurs through no fault of their own. For exempt employees, if they are ready and able to work, but cannot travel to the work site through no fault of their own, no deductions from normal pay would be allowed.

### Recommendations

The following are recommended actions relative to the day-rate issue:

1) Review all occupations where there may be questions concerning whether they are properly classified as exempt or non- exempt, i. e., foremen and other personnel whose actual job responsibilities and duties may not meet the overtime exemption test.

2) Consider a flat monthly salary for exempt employees.

3) If day-rate status is maintained, ensure the following:

   a) Employees are clearly advised, in writing, of their daily rate and the minimum guaranteed each week that any work is performed. Our current "Notice of Wage Payments" can be modified to address this requirement.

ABC0181

Page 3

b) Ensure there are no inappropriate deductions from pay. In this context, it means there must be no deductions from pay unless the employee absents himself from work for a day or more for personal reasons, other than sickness or accident. **Deductions for a partial day worked are not permitted unless** the leave falls under the Family Medical Leave Act.

c) Deductions may not be made for jury duty, attendance as a witness, or temporary military leave. Concerning, jury duty, the Department is unclear as to how long the employer can be expected to provide pay to an employee who is on jury duty for an extended period.

I know this information may be more than what you were looking for, but determining proper procedures under Federal and State Wage & Hours laws is very complex. In speaking with the Department, they are often unclear on many issues related to exempt status. It appears case law rulings are often contradictory resulting in the uncertain application of the regulations. Of course, this creates even more uncertainty for employers.

Let me know if I can help you review your current practices or if you need further information.

cc:    B. Cheek
       T. Osborn
       J. Cehula
       J. Laasch
       L. Gabrielson
       M. White/S. McKay
       D. Dieckmeyer
       D. Burrows

APC0182



ALASKA PETROLEUM CONTRACTORS INC.
*General Contractors*

June 19, 1997

Faxed to: (907) 269-4992

Mr. Randy Carr
Director of Labor & Safety
State of Alaska
Anchorage, Alaska

Re:    Determination Letter

Dear Mr. Carr:

Attached you will find two documents, the first is a job description written for our material supervisors and the second is a form stating "Notice of Wage Payments." Please help me with the following determinations.

want to confirm we are operating within the legal bounds of paying an employee on an exempt basis for the position of "Materials Supervisor" based upon the job description attached. In addition, when we do pay employees on an exempt basis we first have them sign the form titled "Notice of wage payments." I also want to make sure this form gives us the latitude to pay a legitimate exempt employee on a day rate given they could work anywhere from .5 hours to 24 hours in a given day. Should the form also state the requirement of hours work in the range?

These are just two issues I'm looking to clear up to ensure we are operating outside of any gray areas and paying our employees according to state and federal laws. I appreciate any help you can give me, my office telephone number is 659-7344. Thank you.

Sincerely,

Mark C. Nelson
Operations Manager

APC0201

# JOB #626

## APC JOB DESCRIPTION - WAREHOUSE

## DIVISION CLASS: CONSTRUCTION /MAINTENANCE

### JOB TITLE: Materials Supervisor

**SUMMARY:** Performs lead role in receiving, inspection, stocking, staging, packaging, crating, inventory issue, shipping and delivery functions in Kuparuk warehousing system.

**ESSENTIAL DUTIES AND RESPONSIBILITIES** include the following.  Other duties may be assigned.

A Materials Supervisor must first and foremost be able and willing to comply with the APC safety policy and the ARCO/BP Alaska Safety Handbook, and must be willing and able to lead and educate fellow employees in safe work ethics, practices, and behaviors.  Must understand the prioritization of safety, quality, and production, and be willing to work accordingly.  A successful candidate must be familiar with all job requirements and duties of the contract work force.  Candidate must be familiar with the use of the ARCO AMPS system, and operating procedures, perform, train, instruct other personnel in performance of storage, issue, inventory control, shipping, receiving and transportation functions in a safe and environmentally sound manner. Prepare detailed written proposals, plans and project status reports. Develop or assist in developing procedures by working with all groups that require material support or are themselves providing support to Materials Department. Assess, forecast and respond to management-mandated business needs regarding manpower, equipment, tools, supplies and materials used to perform the work.. Develop written budgetary criteria / justifications for related expenditures. Monitor business costs in all areas of responsibility and prepare periodic status reports regarding same. Instruct other personnel regarding handling, storage and transportation of hazardous materials, to include the disposal of used chemical and lube drums in a safe and environmentally conscious manner. Participate in physical inventory counts maintaining a minimum accuracy rate of 97.5%. Review inventory adjustments and recommend changes to improve accuracy and integrity. Operate all material handling equipment assigned to the work site, including but not limited to electric, diesel, gas and propane-powered lift trucks, pickups and flatbed trucks. Perform and instruct other Contractor personnel in performance of daily equipment inspection, maintenance and operation.

### QUALIFICATION REQUIREMENTS:
To perform this job successfully, an individual must be able to perform each essential duty satisfactorily.  The requirements listed below are representative of the knowledge, skill and/or ability required.  Reasonable accommodations may be made to enable individuals with disabilities to perform the essential functions.

### EDUCATION and/or JOB RELATED EXPERIENCE:
Five or more years experience and/or training; general knowledge of standard warehousing principles and practices, familiarity with oilfield production equipment, its maintenance and standard parts.  Strong administrative and computer skills required.  Arctic experience desirable.