AK-CS1 - 633 P.2d 998, Dresser Industries, Inc. v. Alaska Dept. of Labor, (Alaska 1981)

------------ Excerpt from page 633 P.2d 1003 follows ------------

> [3] Dresser's next argument is based upon > AS 23.10.145, which indicates that "(t)erms used in (the Alaska Wage and Hour Act) shall be defined, where applicable, as they are defined in the federal Fair Labor Standards Act of 1938, as amended, or the regulations adopted under it." On its face, this provision presents a strong indication that the federal definition of "regular rate of pay" is binding on the State Wage and Hours Division. However, two other statutory provisions undercut this position. > AS 23.10.085(b) provides that the state regulations to be issued by the Wage and Hour Division "may ... define terms used in (the Alaska Wage and Hour Act)"; > ([FN7]) and > AS 23.10.095 provides that the state Commissioner of Labor "may adopt regulations and interpretations which are made by the administrator of the Wage and Hour Division of the federal Department of Labor and which are not inconsistent with (the Alaska Wage and Hour Act)." > ([FN8])

   We must interpret the statutory scheme as a whole and in such a way that separate provisions do not conflict. > ([FN9]) Here, we agree with the state's argument that > AS 23.10.145 directs the courts to apply federal regulatory definitions "where applicable," and that such definitions are "applicable" only when the state director of the Wage and Hour Division and the Commissioner of Labor have refrained from defining terms in the state regulations, pursuant to their discretionary authority under > AS 23.10.085 and > 23.10.095. > ([FN10]) We reject Dresser's contention that > AS 23.10.145 is a mandatory directive to both courts and agencies, to be overruled only by the legislature. Such an interpretation would substantially nullify > AS 23.10.085 and > 23.10.095.

   > [4] For the above reasons, we conclude that the Director was authorized to promulgate > 8 AAC 15.100(d)(3).

© 2006 Thomson/West. No claim to original U.S. Govt. works.

Refrain