IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

JOHN GILBERT,                    )
                                 )
                Plaintiff,       )
                                 )
v.                               )
                                 )
APC NATCHIQ, INC.,               )
                                 )
                Defendant.       ) Case No.: 3:03-CV-00174-RRB
_____)

**MOTION FOR SUMMARY JUDGMENT
TO DISMISS LIQUIDATED DAMAGES CLAIM AND
MEMORANDUM IN SUPPORT THEREOF**

## I.    INTRODUCTION AND RELIEF REQUESTED

Defendant, APC Natchiq, Inc. ("APC") by and through undersigned counsel, DeLisio Moran Geraghty & Zobel, P.C., moves this court pursuant to Federal Rule of Civil Procedure 56(c) for summary judgment for dismissal of plaintiff's claim for liquidated damages.  APC acted in good faith in classifying the jobs held by Mr. Gilbert and had reasonable grounds to believe that its classification of Mr. Gilbert's positions as Safety Specialist, and later as Safety Supervisor were in compliance with the Alaska Wage and Hour Act ("AWHA"), and the Federal Labor Standards Act ("FLSA").  As such, Mr. Gilbert's claims for liquidated damages under the AWHA and the FLSA should be dismissed.

Plaintiff has filed a claim under both the FLSA and the AWHA, because defendant is uncertain which Act the Court will

DELISIO MORAN
GERAGHTY & ZOBEL, P.C.

943 WEST 6TH AVENUE
ANCHORAGE, ALASKA
99501-2033
_____

(907) 279-9574

apply, defendant's memorandum will analyze both Acts with application of the pertinent facts of the case.[1]

## II.   FACTS

### A.   Plaintiff's Employment with APC

Plaintiff, John Gilbert ("Gilbert") worked for defendant APC from January 30, 2001 to April 22, 2003.  He was hired as a Safety Specialist and worked in that capacity from January 30, 2001 to January 1, 2002.  *See* Plaintiff's Complaint ¶ 4.  As of January 3, 2002, he was promoted to the position of Safety Supervisor.  *Id.*  Throughout his employment with APC, Gilbert was paid a set rate for all hours worked in a day ("day rate") and was considered exempt from overtime.  *Id.* at 5.

### B.   Classification of Exempt/Non-Exempt Positions & Day Rate Compensation

Well before Gilbert began working for APC, the company engaged in a comprehensive review of the exempt/non-exempt classification of various positions and the propriety of day rate compensation.  Exhibit A (Deposition of Mark Nelson in *Zuber v. APC Natchiq, Inc.,* A03-0052 CV (RRB)); Exhibit B (Affidavit of Mark Nelson submitted in support of Motion for Summary Judgment in *Zuber v. APC Natchiq, Inc.,* A03-0052 CV (RRB)); Exhibit C (Deposition of Mark Nelson taken June 15, 2006); and Exhibit D

---

[1] APC filed a *Motion for Partial Summary Judgment Establishing the Statute of Limitations* with this Court on August 1, 2006.  The present motion before the court will utilize similar facts and arguments and as such may contain references to the previous motion.

DELISIO MORAN
GERAGHTY & ZOBEL, P.C.

943 WEST 6TH AVENUE
ANCHORAGE, ALASKA
99501-2033
____

(907) 279-9574

104247v3 – Motion for Summary Judgment re: Liquidated Damages Claim
*Gilbert v. APC Natchiq, Inc.*, Case No. 3:03-cv-00174-RRB; Page 2 of 20

(Deposition of Christopher Boyle).   The Safety Specialist and Safety Supervisor positions, held by Gilbert, were among the positions reviewed.   Exhibit A (Deposition of Mark Nelson, pp. 15, 24).

In late 1996/early 1997, APC's Operations Manager, Mark Nelson, came across a *Forbes Magazine* article addressing the importance of properly classifying employees as exempt or non-exempt.   Exhibit A (Deposition of Mark Nelson, p. 16). Mr. Nelson testified that this article precipitated action within the company to discern whether day rate compensation was proper, and whether employees were being properly classified under wage and hour laws.   *Id.*   Mr. Nelson consulted with the Alaska State Department of Labor 6 times and directed relevant personnel within APC to review employee compensation and job descriptions to insure compliance with applicable laws and regulations.   *Id.* (Deposition of Mark Nelson, pp. 17-19) Mr. Nelson himself reviewed and applied Department of Labor checklists in classifying the Safety Specialist position as exempt.   *Id.* (Deposition of Mark Nelson, pp. 39-40); *see also* Exhibit B.   Based upon the duties performed by the Safety Specialist, Mr. Nelson concluded that the position was properly classified as exempt from overtime.   *Id.*

In 1996/1997, when APC began its review of exempt positions such as Safety Specialist, they also engaged in a comprehensive

DeLisio Moran
Geraghty & Zobel, P.C.

943 West 6th Avenue
Anchorage, Alaska
99501-2033
____

(907) 279-9574

review of their supervisory positions, including the Safety
Supervisor position.  Exhibit C (Deposition of Mark Nelson, June
15, 2006, pp. 9-12).  Mr. Nelson contacted Randy Carr, Chief of
the Alaska Department of Labor Standards to discuss the
supervisory positions to ensure APC's compliance with the
exemption rules.  *Id.* at 9.  Although Mr. Nelson was familiar
with the position, he conducted additional research to determine
the proper classification of the Safety Supervisor position.
*Id.* at 12-13.  Mr. Nelson had conversations with Bob Cannon, one
of the Safety Supervisors at the time, to ensure his
understanding of the role of Safety Supervisor to determine
whether it merited exemption status.  *Id.*  Mr. Nelson also spoke
to Mr. Carr at the Department of Labor some five or six times in
relation to the supervisor position.  *Id.* at 13.  After numerous
conversations with the Department of Labor, Mr. Nelson requested
a written opinion letter from the department pertaining to the
exemption status of their "materials supervisors".  Exhibit A
(Exhibit N-1 to Nelson deposition, bates number APC0201).  The
Department of Labor sent an opinion letter to APC on June 26,
1997.  Based on a review of the supervisor job description, the
Department of Labor opined that, "they are exempt from overtime
under AS 23.10.060."  *Id.* (Exhibit N-2 to Nelson deposition,
bates number APC0203-204).  The position of Materials Supervisor
was very similar to that performed by the Safety Supervisors.

DELISIO MORAN
GERAGHTY & ZOBEL, P.C.

943 WEST 6TH AVENUE
ANCHORAGE, ALASKA
99501-2033
____

(907) 279-9574

104247v3 – Motion for Summary Judgment re: Liquidated Damages Claim
*Gilbert v. APC Natchiq, Inc.*, Case No. 3:03-cv-00174-RRB; Page 4 of 20

Christopher Boyle, APC's Human Resources Manager, also undertook to insure proper classification and compensation of employees. *See* Exhibit D.  Mr. Boyle authored two memoranda to management and field supervisors advising on the standards for exempt employees, as well as the position of the Department of Labor concerning day rate compensation. *Id.* (Deposition of Christopher Boyle, pp. 59-60; Exhibit B-1 & B-4 to deposition).

Doug Smith came to work for APC Natchiq as the Health Safety and Environment Manager at Kuparak for APC Natchiq in December of 2001.  Exhibit E (Deposition of Douglas L. Smith, pp. 6, 12).  In this position he was Mr. Gilbert's direct supervisor.  One of his first activities was to do a review of the job positions of Safety Specialist and Safety Supervisor to determine if they were properly classified. *Id.*  When Mr. Smith was hired, there was a Safety Supervisor position which was held by another individual named Ron Kirk.  Mr. Gilbert was hired into that same position in January of 2002 and became Mr. Kirk's alternate, working when Mr. Kirk was on R&R and vice versa. *Id.* at 14.  When Mr. Gilbert was given the job it was classified as exempt and the Safety Supervisors were paid a day rate.  As part of Mr. Smith's review of the positions in the safety department for exempt versus non-exempt status, Mr. Smith personally evaluated the position of Safety Supervisor. *Id.* at 9. Mr. Smith

DeLisio Moran
Geraghty & Zobel, P.C.

943 West 6th Avenue
Anchorage, Alaska
99501-2033
____

(907) 279-9574

104247v3 – Motion for Summary Judgment re: Liquidated Damages Claim
*Gilbert v. APC Natchiq, Inc.*, Case No. 3:03-cv-00174-RRB; Page 5 of 20

determined that the position was exempt, and stated in his deposition that:

> In my opinion and in my observation, an expectation of the job was that they were the coordinator of the specialist, and in that role provided, you know a degree of oversight and direction to these embedded employees. And in my absence—I worked a four day on, three-day off schedule, and in my absence from the Slope, they were the step-up for the department and fill the roll of HSE manager in my absence.

*Id.* at 14-15.

The Safety Supervisor did not do safety specialist work routinely. *Id.* The supervisor was the line of communication up and down the line with both the client and the chain of command within APC Natchiq. *Id.* at 16-17. The supervisors had more technical knowledge and acted as a resource for the people in the field. *Id.* The safety specialist would act to redirect resources and manpower and make decisions as the sole manager of safety on the slope in Mr. Smith's absence. *Id.* at 18.

Based upon a comprehensive review of the supervisor position, which included interviews with supervisors, conversations with the Department of Labor, an opinion letter from the Department of Labor confirming exempt status for a similar position, and Mr. Nelson's and Mr. Smith's own education and familiarity with the positions, a good faith effort was made by APC to ensure they were properly classifying the Safety Specialist and Supervisor positions as exempt. Exhibit C

DELISIO MORAN
GERAGHTY & ZOBEL, P.C.

943 WEST 6TH AVENUE
ANCHORAGE, ALASKA
99501-2033
____

(907) 279-9574

104247v3 – Motion for Summary Judgment re: Liquidated Damages Claim
*Gilbert v. APC Natchiq, Inc.*, Case No. 3:03-cv-00174-RRB; Page 6 of 20

(Deposition of Mark Nelson June 15, 2006, pp. 15-16). It is important to note that APC did not just undertake this analysis once and then ignore it, but rather continued to monitor the issue and periodically reevaluated the classification of the employees.

## C. **Plaintiff's Claim for Liquidated Damages**

On June 20, 2003, Gilbert filed this action claiming entitlement to liquidated damages under the AWHA and the FLSA. *See* Plaintiff's Complaint ¶ 21. Gilbert's complaint alleges, *inter alia*, that APC "willfully and intentionally" failed to pay Gilbert for all hours worked. *See id.* ¶ 9. Gilbert further alleges that APC violated the AWHA, AS 23.10.060, AS 23.10.110, and 29 U.S.C. § 207. *See id.* ¶¶ 11 & 20. Accordingly, Gilbert asserts that he is entitled to receive liquidated damages under AS 23.10.110 and 29 U.S.C § 206. *See id.* ¶ 21.

## III. STANDARD OF REVIEW

Pursuant to Federal R. Civ. P. 56(b), a party against whom a claim is asserted may move for summary judgment in the party's favor as to all or any part thereof. Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Rule 56(c); *see also Celotex Corp.*

DELISIO MORAN
GERAGHTY & ZOBEL, P.C.

943 WEST 6TH AVENUE
ANCHORAGE, ALASKA
99501-2033
____

(907) 279-9574

*v. Catrett,* 477 U.S. 317, 323 (1986). In this case, the testimony of Mr. Nelson, Mr. Boyle and Mr. Smith as to the actions of the employer in classifying the positions is uncontested. Either the actions they took were in good faith and they reached a reasonable conclusion as a matter of law or they did not. As such, summary judgment is appropriate.

**IV.  ARGUMENT**

**A.   APC Acted in Good Faith and had Reasonable Grounds to Believe that it Complied with the AWHA and the FLSA when it Classified the Safety Specialist and Supervisor Positions Exempt; Therefore, Plaintiff is not Entitled to Liquidated Damages.**

APC acted in good faith when it classified the Safety Specialist and Supervisor positions as exempt.  Because APC acted in good faith and had reasonable grounds to believe it was complying with the Acts, plaintiff is not entitled to liquidated damages.

If a defendant shows by clear and convincing evidence that the act or omission giving rise to an action was made in good faith and with reasonable grounds for believing that the act or omission was not in violation of AS 23.10.060[2], the court may decline to award liquidated damages or may award a lesser amount of damages.  AS 23.10.110(d).  The FLSA contains similar language and states that, "if the employer shows to the satisfaction of the court that the act or omission giving rise to such action

---

[2] AS 23.10.060 defines when an employee is entitled to compensation for overtime hours worked.

DELISIO MORAN
GERAGHTY & ZOBEL, P.C.

943 WEST 6TH AVENUE
ANCHORAGE, ALASKA
99501-2033
____

(907) 279-9574

104247v3 – Motion for Summary Judgment re: Liquidated Damages Claim
*Gilbert v. APC Natchiq, Inc.*, Case No. 3:03-cv-00174-RRB; Page 8 of 20

was in good faith and he had reasonable grounds for believing that his act or omission was not a violation of the FLSA, the court may, in its sounds discretion, award no liquidated damages or award any amount thereof.." 29 U.S.C. § 260.

"An employer has the burden of showing that the violation of the [FLSA] was in good faith and that the employer had reasonable grounds for believing that no violation took place." *Bratt v. County of Los Angeles,* 912 F.2d 1066, 1071 (9ᵗʰ Cir. 1990). The statutory requirement of good faith and reasonable grounds establishes a test with both subjective and objective components. *Id.* (citing *Brock v. Shirk,* 833 F.2d 1326, 1330 (9ᵗʰ Cir. 1987)(per curiam), vacated on other grounds 488 U.S. 806 (1988)). The court in *Bratt* held that, "to satisfy the subjective 'good faith' component, the [County was] obligated to prove that [it] had an honest intention to ascertain what [the FLSA] requires and to act in accordance with it." *Id.* at 1071-72. "The additional requirement that the employer have reasonable grounds for believing that his conduct complies with the Act imposes an objective standard by which to judge the employer's behavior." *Id.* (quoting *Marshall v. Brunner,* 668 F.2d 748, 753 (3d Cir. 1982).

In *Bratt*, the Ninth Circuit held that the district court did not abuse its discretion by refusing to award liquidated damages. The district court found that the County did as

DELISIO MORAN
GERAGHTY & ZOBEL, P.C.

943 WEST 6TH AVENUE
ANCHORAGE, ALASKA
99501-2033
____

(907) 279-9574

104247v3 – Motion for Summary Judgment re: Liquidated Damages Claim
*Gilbert v. APC Natchiq, Inc.*, Case No. 3:03-cv-00174-RRB; Page 9 of 20

objective a study as possible of the job classification for the purposes of determining presumptively exempt and non-exempt status.  The court also concluded that there was no evidence to the contrary that the County attempted to evade its responsibilities under the Act.  The Ninth Circuit, concluding that the district court's findings were not clearly erroneous, reasoned that, "while the employees present arguments that the County did not do as good a job as it could have done, they fail to show that the County had anything other than an honest intention to comply with the Act.  The person assigned to make the coverage decisions arguably was adequately qualified, and his decisions whether to make more extensive studies of individual jobs and corresponding data involved practical considerations on how best to complete the required evaluations in a timely fashion."  *Bratt.* at 1072.

In *Fred Meyer of Alaska, Inc., v. Bailey,* 100 P.3d 881 (Alaska 2004), the Alaska Supreme Court upheld the superior court's finding that Fred Meyer failed to produce clear and convincing evidence that it acted in good faith when it classified the employee as an exempt employee, resulting in Fred Meyer's liability for liquidated damages.  In *Bailey,* the employer did very little to ascertain whether its employees were properly classified as exempt. In fact, the employer disregarded the opinion of its own expert who concluded that the electronic

DeLisio Moran
Geraghty & Zobel, P.C.

943 West 6th Avenue
Anchorage, Alaska
99501-2033
____

(907) 279-9574

104247v3 – Motion for Summary Judgment re: Liquidated Damages Claim
*Gilbert v. APC Natchiq, Inc.*, Case No. 3:03-cv-00174-RRB; Page 10 of 20

manager positions should not be classified as exempt. *Bailey* at 887-88. "Fred Meyer contends that it met its burden of demonstrating good faith by clear and convincing evidence through testimony from former senior vice president for human resources . . . as well as evidence of Fred Meyer's prompt evaluation of remaining salaried positions." *Id.* at 887. However, the court ruled that these actions were insufficient to establish good faith, especially in light of the fact that Fred Meyer ignored the opinion of its expert witness, who concluded the positions were not exempt. *Id.* at 889.

Applying the lessons of these cases to the case at hand, the facts clearly show that APC acted in good faith and had reasonable grounds when it classified the Safety Specialist and Supervisor positions as exempt. This position is supported by deposition testimony, exhibits, produced documents, and correspondence between APC employees and the Department of Labor.

### i.    APC Actions were Taken in Good Faith

Deposition testimony taken in the *Zuber* case and in the present action demonstrates that in late 1996 and early 1997, APC undertook a comprehensive evaluation and analysis of the exempt classification of a number of company positions, including the Safety Specialist position and Safety Supervisor position.    Exhibit A (Deposition of Mark Nelson, p. 13);

DELISIO MORAN
GERAGHTY & ZOBEL, P.C.

943 WEST 6TH AVENUE
ANCHORAGE, ALASKA
99501-2033
____

(907) 279-9574

*see also* Exhibit C (Deposition of Mark Nelson, June 15, 2006, pp. 12-13). Mark Nelson, who was then employed with APC as Operations Manager, testified that he read a *Forbes Magazine* article that caused him to evaluate some of the exempt/non-exempt classifications within APC. *Id.* (Deposition of Mark Nelson, p. 16). Mr. Nelson testified that he authored a memorandum to two employees within the accounting department expressing his concern about day rate compensation, as well as the classification of certain positions as exempt/non-exempt. *Id.* (Deposition of Mark Nelson, pp. 17-18).

Mr. Nelson also attempted to ascertain how employees were being classified by other companies performing the same or similar work as APC's business. Mr. Nelson contacted Nancy Williams, who at the time was ARCO's compensation specialist. Ms. Williams faxed Mr. Nelson tables summarizing criteria for overtime exemptions under the FLSA. *See* Exhibit A (Deposition of Mark Nelson, pp. 22-23). *See also Bennet v. SLT/TAG Inc.,* 2003 U.S. Dist. 25438 (D. Or. 2003)(finding employer's reliance on industry standard when classifying employees was in good faith).

Mr. Nelson further testified that he applied a Department of Labor Checklist in classifying the Safety Specialist position as exempt and reviewed regulations defining the administrative, executive, professional, supervisor and outside salesman

DeLisio Moran
Geraghty & Zobel, P.C.

943 West 6th Avenue
Anchorage, Alaska
99501-2033
____

(907) 279-9574

104247v3 – Motion for Summary Judgment re: Liquidated Damages Claim
*Gilbert v. APC Natchiq, Inc.*, Case No. 3:03-cv-00174-RRB; Page 12 of 20

exemptions. *Id.* (Deposition of Mark Nelson, pp. 39-40); *see also* Exhibit B. Based on the duties performed by the Safety Specialist and the fact that Safety Specialists have specialized training and knowledge and work independently on a day-to-day basis without direct supervision, Mr. Nelson concluded that Safety Specialists are bona fide administrative or professional employees exempt from overtime. *Id.*

Mr. Nelson did not stop there to determine the exemption status. Mr. Nelson had multiple conversations with Mr. Carr of the Labor Department regarding the proper classification of the Safety Specialists and various supervisor positions. *See* Exhibit A (Deposition of Mark Nelson, pp. 18-19); *see also* Exhibit C (Deposition of Mark Nelson June 15, 2006, pp. 12-13). After numerous conversations with the Department of Labor, Mr. Nelson requested a written opinion letter from the department pertaining to the exemption status of their "materials supervisors". *See* Exhibit A (Exhibit N-2 to Nelson deposition, bates number APC0202 – Letter from Mark Nelson to Randy Carr dated June 25, 1997). The Department of Labor sent an opinion letter to APC on June 26, 1997. Based on a review of the supervisor job description, the Department of Labor opined that, "they are exempt from overtime under AS 23.10.060 . . . ." Exhibit A (Exhibit N-2 to Nelson deposition, bates number APC0203-204 - Letter from Randy Carr to Mark Nelson dated June

DELISIO MORAN
GERAGHTY & ZOBEL, P.C.

943 WEST 6TH AVENUE
ANCHORAGE, ALASKA
99501-2033
____

(907) 279-9574

104247v3 – Motion for Summary Judgment re: Liquidated Damages Claim
*Gilbert v. APC Natchiq, Inc.*, Case No. 3:03-cv-00174-RRB; Page 13 of 20

26, 1997). *See Samson v. Appollo Res., Inc.,* 242 F.3d 629, 641 (5th Cir. 2001)(approving a finding of good faith where the employer consulted with the Department of Labor); *SEIU Local 102 v. County of San Diego,* 60 F.3d 1346, 1355-56 (9th Cir. 1994)(employer's conduct deemed to be taken in good faith when employer consulted with Department of Labor in an attempt to comply with the law); *Cross v. Arkansas Forestry Comm'n,* 938 F.2d 912, 918 (8th Cir. 1991)(reliance on experts is a badge of good faith). Mr. Nelson testified that he believed that if the materials or warehouse supervisors were exempt, so were the Safety Supervisors.

Mr. Nelson also asked Christopher Boyle, the head of Human Resources for APC Natchiq to also undertake an evaluation of the exempt versus non-exempt status. Mr. Boyle is well qualified to do an evaluation as he is trained in the area of exempt versus non-exempt status. On December 26, 1996, Mr. Boyle issued a memo to various "field supervisors" regarding the practice of paying certain personnel a day rate and the classification of exempt employees. Exhibit D (Deposition of Christopher Boyle, pp. 54-55 & Exhibit B-1 to deposition) Mr. Boyle also issued a memorandum on April 4, 1997, to Mark Nelson & Charlie Schick in follow-up to questions regarding the appropriateness of paying a day-rate to exempt employees. *Id.* (Deposition of Christopher Boyle, pp. 59-60 & Exhibit B-4 to deposition). In this

DELISIO MORAN
GERAGHTY & ZOBEL, P.C.

943 WEST 6TH AVENUE
ANCHORAGE, ALASKA
99501-2033
____

(907) 279-9574

104247v3 – Motion for Summary Judgment re: Liquidated Damages Claim
*Gilbert v. APC Natchiq, Inc.*, Case No. 3:03-cv-00174-RRB; Page 14 of 20

memorandum, Mr. Boyle cites an Alaska Department of Labor ruling

which states:

> The department 'would indeed allow a daily rate
> providing the following procedures and conditions are
> true: An employer wishing to compensate an employee on
> a daily basis, who is otherwise exempt from provisions
> of the Wage & Hour Act, must communicate to that
> prospective employee their daily rate and the minimum
> amount guaranteed each week that any work is
> performed.  In the absence of such documentation, the
> employer's intent may not be clear concerning the
> minimum weekly salary to be paid and that employee
> could become overtime eligible.

*See id.* (Deposition of Christopher Boyle, pp. 59-60 & Exhibit B-

4 to deposition).

Mr. Boyles' memo goes on to analyze the day rate based upon

APC's exempt employees. At the end of the letter, a

recommendation section is added in order to ensure APC's

compliance with day rate pay. *Id.*

The analysis of exempt status did not end with the

evaluations by Mr. Boyle and Mr. Nelson. At the end of 2001,

beginning of 2002, Douglas Smith, the new Health, Safety and

Environment Manager for APC Natchiq undertook his own analysis

of the positions under his supervision – those of Safety

Specialist and Safety Supervisor.  This evaluation occurred

contemporaneous with Mr. Gilbert's promotion to Safety

Supervisor.  Exhibit E (Deposition of Douglas C. Smith).

Mr. Smith interviewed the employees, analyzed the work that was

being performed, looked at the checklists from the Department of

DELISIO MORAN
GERAGHTY & ZOBEL, P.C.

943 WEST 6TH AVENUE
ANCHORAGE, ALASKA
99501-2033
____

(907) 279-9574

104247v3 – Motion for Summary Judgment re: Liquidated Damages Claim
*Gilbert v. APC Natchiq, Inc.*, Case No. 3:03-cv-00174-RRB; Page 15 of 20

Labor and based on his prior experience and knowledge concluded that the Safety Supervisor was an exempt position. *Id.*

The question of whether there was a good faith effort on the part of the employer in analyzing the classifications of certain jobs as exempt versus non-exempt, is to be judged on a subjective standard. The main question is whether the employer attempted to comply with the law and took steps to be sure that it was in compliance to the best of its ability. This does not require a finding that the employer was ultimately correct; rather it requires that the employer tried to ascertain the standards for the classifications, using reasonable efforts. The courts have found that in reviewing the actions for good faith, one looks to the question of the qualifications of the ones doing the analysis;[3] whether they talked to the employees whose jobs were being analyzed and researched the positions;[4] whether they consulted with the Department of Labor or other experts in reaching their conclusions;[5] and whether they looked at industry standards in reaching the conclusions.[6]

In this case, the individuals who did the analysis were well qualified; they consulted with other experts or the

---

[3] *See Bratt v. County of Los Angeles,* 912 F.2d 1066 (9th Cir. 1990).
[4] *Id.*
[5] *See Samson v. Appollo Res., Inc.,* 242 F.3d 629, 641 (5th Cir. 2001); *SEIU Local 102 v. County of San Diego,* 60 F.3d 1346, 1355-56 (9th Cir. 1994); *Cross v. Arkansas Forestry Comm'n,* 938 F.2d 912, 918 (8th Cir. 1991).
[6] *See Bennet v. SLT/TAG Inc.,* 2003 U.S. Dist. 25438 (D. Or. 2003).

DELISIO MORAN
GERAGHTY & ZOBEL, P.C.

943 WEST 6TH AVENUE
ANCHORAGE, ALASKA
99501-2033
____

(907) 279-9574

104247v3 – Motion for Summary Judgment re: Liquidated Damages Claim
*Gilbert v. APC Natchiq, Inc.,* Case No. 3:03-cv-00174-RRB; Page 16 of 20

department of labor; they talked to the individuals in the positions to be sure that they thoroughly understood the positions and the work actually performed and they made decisions consistent with the industry standard and the checklists provided by the US Department of Labor.  In other words, they did everything they were supposed to do to make a good faith effort to properly analyze the positions.

### ii.    APC had Reasonable Grounds for Believing its Conduct Complied with the AWHA and FLSA.

The second part of the test for avoiding liquidated damages is that the court must find that the employer had reasonable grounds for the classification ultimately applied to the positions in question. The most compelling evidence that APC had objective, reasonable grounds when classifying the Safety Specialist position as exempt is the U.S. District Court's decision in *Zuber v. APC Natchiq, Inc.*  There, the court held that, in fact, the Safety Specialist position was properly classified as exempt from overtime under the administrative exception.  *See* Exhibit E.   Although that decision was eventually reversed by the Ninth Circuit, it shows that APC had a reasonable and sound basis to believe that the job duties of a Safety Specialist rendered the position exempt from overtime compensation.   Indeed, the U.S. District Court believed the position to have been properly classified; thus, APC's classification was obviously based upon substantial evidence. In

DeLisio Moran
Geraghty & Zobel, P.C.

943 West 6th Avenue
Anchorage, Alaska
99501-2033
____

(907) 279-9574

104247v3 – Motion for Summary Judgment re: Liquidated Damages Claim
*Gilbert v. APC Natchiq, Inc.*, Case No. 3:03-cv-00174-RRB; Page 17 of 20

judging whether APC acted in good faith with a reasonable basis for the classifications, it is not necessary that its decision ultimately be found correct.  It is only important that within this murky world of classifications, that the employer put forth its best effort to try to comply with the law and that its conclusions were reasonable. *See Bratt v. County of Los Angeles,* 912 F.2d at 1072.  The multitude of actions taken by APC clearly demonstrates that APC acted in a reasonable manner when classifying the Safety Specialist and Supervisor positions as exempt.

Following the rationale in *Bratt,* the evidence shows that APC had honest intentions of complying with the pertinent labor laws.  APC acted reasonably and in good faith when undertaking its review of the positions.  While plaintiff can argue that APC could have done more, the facts demonstrate that APC acted reasonably with no intentions of escaping its duties under the AWHA and FLSA.  Furthermore, the case at hand is distinguishable from *Bailey.*  In *Bailey,* the employer purposefully ignored evidence which indicated positions it was classifying as exempt were in fact non-exempt. The opposite is true for APC's actions.

The undisputed evidence demonstrates that APC acted in good faith to ascertain what the law requires and to act in accordance with it.  Based upon a comprehensive review of the supervisor position, which included interviews with supervisors,

DELISIO MORAN
GERAGHTY & ZOBEL, P.C.

943 WEST 6TH AVENUE
ANCHORAGE, ALASKA
99501-2033
____

(907) 279-9574

104247v3 – Motion for Summary Judgment re: Liquidated Damages Claim
*Gilbert v. APC Natchiq, Inc.*, Case No. 3:03-cv-00174-RRB; Page 18 of 20

conversations with the Department of Labor, an opinion letter from the Department of Labor confirming exempt status, and Mr. Nelson's and Mr. Smith's own education and familiarity with the positions, a good faith effort was made by APC to ensure they were properly classifying the supervisor positions as exempt. *See* Exhibit C (Deposition of Mark Nelson, June 15, 2006, pp. 15-16); *see also Bratt* at 1072 (rejecting employee's argument that employer acted in bad faith by assigning employment decisions to someone with insufficient experience).

## V.    CONCLUSION

Mr. Gilbert seeks liquidated damages under the AWHA and the FLSA for the alleged failure of APC to pay him overtime during his employment as a Safety Specialist and Safety Supervisor.

The facts demonstrate that APC acted in good faith and had reasonable grounds for believing that its classification of Mr. Gilbert's positions as exempt was proper did not violate the AWHA or the FLSA.

Therefore, summary judgment is appropriate because the facts of this case, the pleadings, depositions, and documentary evidence show there is no genuine issue as to any material fact. Accordingly, Mr. Gilbert's claim for liquidated damages should be dismissed as a matter of law.

APC respectfully requests this Court to enter an order dismissing Mr. Gilbert's claim for liquidated damages.

DELISIO MORAN
GERAGHTY & ZOBEL, P.C.

943 WEST 6TH AVENUE
ANCHORAGE, ALASKA
99501-2033
____

(907) 279-9574

DATED this 3rd day of August, 2006, at Anchorage, Alaska.

                         DeLISIO MORAN GERAGHTY & ZOBEL, P.C.
                         Attorneys for APC Natchiq, Inc.


                              /s/ Patricia L. Zobel
                         By: _____
                              Patricia L. Zobel
                              Bar No. 7906067
                              E-Mail: pzobel@dmgz.com
                              Adolf V. Zeman
                              Bar No. 0411082
                              E-Mail: azeman@dmgz.com
                              943 West 6th Avenue
                              Anchorage, Alaska 99501
                              Telephone: (907) 279-9574
                              Facsimile: (907) 276-4231


This is to certify that a true copy of the
foregoing was served via electronic service
or U.S. Mail this 3rd day of August, 2006,
to the following:

Kenneth L. Covell
712 8th Avenue
Fairbanks, AK 99701


      /s/ Juliana Wood
By: _____
      Juliana Wood

DeLISIO MORAN
GERAGHTY & ZOBEL, P.C.

943 WEST 6TH AVENUE
ANCHORAGE, ALASKA
99501-2033
____

(907) 279-9574

104247v3 – Motion for Summary Judgment re: Liquidated Damages Claim
*Gilbert v. APC Natchiq, Inc.*, Case No. 3:03-cv-00174-RRB; Page 20 of 20