Kenneth L. Covell
LAW OFFICE OF KENNETH L. COVELL
712 Eighth Avenue
Fairbanks, Alaska 99701
(907) 452-4377 telephone
(907) 451-7802 fax

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| JOHN GILBERT,              )<br>                                          )<br>         Plaintiff,              )<br>                                          )<br>vs.                                     )<br>                                          )<br>APC NATCHIQ, INC.       )<br>                                          )<br>         Defendant.          )<br>_____) | Case No. 3:03-CV-00174 RRB |

**PLAINTIFF GILBERT'S MOTION FOR ESTABLISHING HOURS WORKED**

**Is the Evidence of hours worked, Produced by Plaintiff Gilbert, Sufficient to Show the Amount and Extent of Work for Which he was Improperly Compensated, and shift the burden to the Employer to Come Forward with Evidence Sufficient to Negate the Reasonableness of the Inferences Drawn from Gilbert's Evidence?**

AS 23.05.080 requires that:

> An employer shall keep an accurate record of the name, address, and occupation of each person employed, of the daily and weekly hours worked by each person, and of the wages paid each pay period to each person. The record shall be kept on file for at least three years.

AS 23.10.100 requires that:

> (a) An employer shall keep for a period of at least three years at the place where an employee is employed a record of the name, address, and occupation of each employee, the rate of pay and the amount paid each pay period to each employee, the hours worked each day and each workweek by each employee, and other payroll information that the commissioner may require.
>
> (b) The commissioner or an authorized representative of the commissioner may copy the employer's records at any reasonable time.  An employer shall furnish to the commissioner or the representative on demand a sworn statement of the employer's records, and the commissioner may require that the sworn statement be made upon forms the commissioner has prescribed or approved. AS 23.10.110.

Subsequent to AS 23.05.080 and AS 23.10.100 is the annotation:

> If an employee produces sufficient evidence to show the amount and extent of work for which the employee was improperly compensated, the burden shifts to the employer to come forward with evidence sufficient to negate the reasonableness of the inference drawn from the employee's evidence.  Although this burden of proof in an action under the Alaska Wage & Hour Act is not binding on a bankruptcy court in a proceeding to determine the validity of a claim, it is indicative of the public policy interest that proper records be kept by an employer and that an employee be properly compensated for any overtime worked.  *In re Equipment Servs., Ltd.*, 36 Bankr. 241 (Bankr. D. Alaska 1983).

This principal was further applied by the Alaska Supreme Court:

> When an employer fails to keep records, an employee may prove her claim if she presents sufficient evidence from which the court may draw a "just and reasonable inference."  If the employee meets this minimum threshold, the burden shifts to the employer to "come forward with evidence of the precise amount of work performed, or with evidence to negate the reasonableness of the inference to be drawn from the employee's evidence." *Barios v. Brooks Range Supply, Inc.*, 26 P.3d 1082, 1086 (Alaska 2001).

This state law is the same as the Federal Law. *Hutka v. Sisters of Providence* 107 P.3d 947, 954 (Alaska 2004), and *Anderson v. Mt. Clemens Pottery Co.,* 328 U.S. 680, 687, 66 S.Ct. 1187, 90 L.Ed. 1515 (1946).  The employer does not dispute Gilbert's documented hours and has no

evidence to the contrary.  Boyle Deposition p.42, line 25 through p.48, Exhibit A; Smith Deposition page 69, line 16 through page 70, line 6, Exhibit B.

The employer's only evidence produced, which might be responsive to AS 23.05.080 and AS 23.10.100 was a copy of standardized time sheets for Mr. Gilbert indicating 10 hours worked per day without any variation, and other time sheets indicating one day worked, Exhibits C and D.  Clearly, the employer did not keep the records required by the statutes.

     Gilbert kept an accurate contemporaneous record of his hours worked on his daily logs, Exhibit E.  Plaintiff therefore asks The Court to issue an order affirming that the hours worked stated by Gilbert on his daily logs are sufficient for The Court and Jury to establish a just, reasonable inference that those hours were the hours worked, as the employers failed to come forward with evidence in a precise amount of work performed.

     Respectfully submitted this 3rd day of August, 2006 at Fairbanks, Alaska.

LAW OFFICES OF KENNETH L. COVELL
Attorney for John Gilbert

s/Kenneth L. Covell
712 8th Ave.
Fairbanks, AK 99701
Phone:  907.452.4377
Fax:  907.451.7802
E-mail:  kcovell@gci.net
Attorney Bar #:  8611103

**CERTIFICATE OF SERVICE**
This is to certify that a copy of the foregoing has been
Electronically sent to the following attorney(s):

**Patricia Zobel**
**DeLisio Moran Geraghty & Zobel**
**943 W. 6th Ave.**
**Anchorage, AK 99501**

Dated: 8/03/06
By:      /s/ Emily S. Ervin
     Emily S. Ervin for Kenneth L. Covell