IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

```
JOHN GILBERT,                    )
                                 )
              Plaintiff,         )
                                 )
v.                               )
                                 )
APC NATCHIQ, INC.,               )
                                 )
              Defendant.         ) Case No: 3:03-CV-00174-RRB
_____)
```

**DEFENDANT'S MOTION IN LIMINE TO PRECLUDE**
**THE TESTIMONY OF PLAINTIFF'S EXPERT AND**
**MEMORANDUM IN SUPPORT THEREOF**

Defendant, APC Natchiq, by and through their counsel, Delisio, Moran, Geraghty & Zobel, PC, moves this Court pursuant to Federal Rules of Evidence 701 and 702 and the authorities cited in this memorandum for an order precluding Plaintiff's designated expert from testifying in this case as his opinions do not meet the standards set forth in *Daubert v. Merrell Dow Pharm.*, 509 U.S. 579 (1993). This motion is supported by the authorities and exhibit cited therein.

I.   **FACTS.**

Plaintiff, John Gilbert ("Gilbert") worked for defendant APC Natchiq, Inc. ("APC") from January 30, 2001 to April 22, 2003. He was hired as a Safety Specialist and worked in that capacity from January 30, 2001 to January 1, 2002. *See* Plaintiff's Complaint. As of January 3, 2002, he was promoted to the

DELISIO MORAN
GERAGHTY & ZOBEL, P.C.

943 WEST 6TH AVENUE
ANCHORAGE, ALASKA
99501-2033
____
(907) 279-9574

00104548.doc Defendant's Motion in Limine to Preclude Testimony of Plaintiff's Expert
   *Gilbert v. APC Natchiq*, Case No.: 3:03-cv-00174 RRB; Page 1 of 10

position of Safety Supervisor. *See id.* On April 22, 2003, he voluntarily terminated his employment with APC. *See id.*

Throughout his employment with APC, Gilbert worked at the Kaparuk oil field on the North Slope, and was paid a day rate. *See id.* He earned $350 per day during the period January 30, 2001 – April 16, 2001; $375 per day during the period April 17, 2001 - June 18, 2001; $425 per day from June 19, 2001 – January 1, 2002; and finally $475 a day from January 3, 2002 – April 20, 2003. *See id.*

On June 20, 2003, Gilbert filed this action claiming entitlement to overtime under Alaska's Wage and Hour Act ("AWHA") and the Fair Labor Standards Act ("FLSA"). *See id.* In support of his case, Gilbert has offered the report of Monte L. Jordon in calculating the amount of overtime he alleges he is owed by APC. Exhibit A.

## II. ARGUMENT.

### A. Testimony of Plaintiff's Expert Will Not Assist Trier of Fact.

Federal Rules of Evidence (FRE) Rule 702 states:

> **If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue**, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

DELISIO MORAN
GERAGHTY & ZOBEL, P.C.

943 WEST 6TH AVENUE
ANCHORAGE, ALASKA
99501-2033
____
(907) 279-9574

00104548.doc Defendant's Motion in Limine to Preclude Testimony of Plaintiff's Expert
  *Gilbert v. APC Natchiq*, Case No.: 3:03-cv-00174 RRB; Page 2 of 10

Fed. R. Evid. Rule 702 (emphasis added).

This rule is applied and defined in *Daubert v. Merrell Dow Pharm.*, 509 U.S. 579 (1993), where the court posited that the initial step must be "a preliminary assessment of whether the reasoning or methodology underlying the testimony is scientifically valid and of whether that reasoning or methodology properly can be applied to the facts in issue." *Daubert*, 509 U.S. at 592-93. Thus, while the *Daubert* court initially focused on "scientific" testimony, the U.S. Supreme Court's holding in *Daubert* has subsequently been expanded to require application of the standard of evidentiary reliability to all expert testimony. *Id., see, e.g., Kumho Tire Co., Ltd. v. Carmichael,* 526 U.S. 137 (1999).

The Federal Rules of Evidence place limits on the admissibility of purportedly scientific evidence and assign to the trial judge "the task of ensuring that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand." *Daubert*, 509 U.S. at 597. Fed. R. Evid. Rule 702 places the responsibility on the judge to be the gatekeeper. The judge is responsible as the 'gatekeeper' to keep out unhelpful expert testimony. *See id.* This gatekeeper function applies to all expert testimony, not just testimony based in science. *See, Kumho Tire Co., Ltd.*, 526 U.S. at 147.

DELISIO MORAN
GERAGHTY & ZOBEL, P.C.

943 WEST 6TH AVENUE
ANCHORAGE, ALASKA
99501-2033
____
(907) 279-9574

00104548.doc Defendant's Motion in Limine to Preclude Testimony of Plaintiff's Expert
*Gilbert v. APC Natchiq*, Case No.: 3:03-cv-00174 RRB; Page 3 of 10

Therefore, the District Court must exercise its discretion to exclude expert testimony if it finds that the testimony would waste time, confuse or not materially assist the trier of fact or be better served through cross-examination or a comprehensive jury instruction. *U.S. v. Hicks*, 103 F.3d 837, 847 (9th Cir. 1996).

The key to admissibility of expert testimony under the Federal Rules of Evidence, as well as federal case law, hinges on a determination of whether the jury can receive help understanding evidence or facts in issue from such testimony and the expert is able to inform the court and jury about affairs not within the understanding of the average man. *See* Fed. R. Evid. Rule 702. Under *Daubert*, the court notes that the helpfulness standard of Rule 702 of the Federal Rules of Evidence requires that the testimony show "a valid scientific connection to the pertinent inquiry as a precondition to admissibility." *Daubert*, 509 U.S. at 591-2. When the subject of inquiry is one which common knowledge would enable one to decide, it is not a proper subject for expert testimony. *Vent v. State*, 67 P.3d 661, 667-8, (2003 Alas. App. LEXIS 66). An expert's opinion is helpful only to the extent the expert draws on some special skill, knowledge, or experience to formulate that opinion, it must be an expert opinion – one formed by the

DELISIO MORAN
GERAGHTY & ZOBEL, P.C.

943 WEST 6TH AVENUE
ANCHORAGE, ALASKA
99501-2033
____
(907) 279-9574

00104548.doc Defendant's Motion in Limine to Preclude Testimony of Plaintiff's Expert
*Gilbert v. APC Natchiq*, Case No.: 3:03-cv-00174 RRB; Page 4 of 10

witness' expertise. *Vent*, 67 P.3d at 667-8.

Further, an expert is not allowed to testify as to his opinion as to how the law should be interpreted. This is strictly a question of law for the court. In this case, the expert presented purports to do a calculation of the overtime that is due to Mr. Gilbert. However, in order to do such a calculation, the witness, Monte Jordon, is dictating what he thinks should be the proper calculation. The question of what method should be used to calculate the overtime for a person receiving pay on a day rate basis is currently the subject of cross motions for summary judgment brought by both the plaintiff and the defendant. Both parties clearly agree that the issue is one of law. It is the court which will decide the proper methodology, not a witness. Once the formula is chosen by the court after application of the law, the calculation of the overtime is easy. It entails just plugging numbers of hours worked into the correct formula. No expert is required for this calculation.

Any "expert" called would only be there to put numbers into a formula and calculate the amount of overtime pay. This act does not require a special skill requiring expert testimony. None of the overtime calculations present complicated or convoluted formulas which an ordinary juror would have trouble

DeLisio Moran
Geraghty & Zobel, P.C.

943 West 6th Avenue
Anchorage, Alaska
99501-2033
____
(907) 279-9574

00104548.doc Defendant's Motion in Limine to Preclude Testimony of Plaintiff's Expert
*Gilbert v. APC Natchiq*, Case No.: 3:03-cv-00174 RRB; Page 5 of 10

understanding or computing.  In fact, once the court rules on the formula, there should not be differences between the parties as to amount of overtime which might be owed.

The court should assume its gate-keeping role in keeping out irrelevant expert testimony which does not provide any assistance to the trier of fact and which attempts to usurp the function of the court in interpreting the law.  Mr. Jordon should be excluded from testifying.

### B. Alternatively, if Plaintiff's Expert is Allowed to Testify, His Testimony Should be Limited to Opinions as to Issues of Fact and not Those Regarding Issues of Law.

An expert witness cannot give an opinion as to his legal conclusion, i.e., an opinion on an ultimate issue of law, because the role of experts is to interpret and analyze factual evidence and not to testify about the law.  *McHugh v. United Serv. Auto. Ass'n*, 164 F.3d 451, 454 (9th Cir. 1999); *Crow Tribe of Indians v. Racicot*, 87 F.3d 1039, 1045 (9th Cir. 1996).  When an expert undertakes to tell the jury what result to reach, this does not aid the jury in making a decision, but rather attempts to substitute the expert's judgment for the jury's or the court's.  *Mukhtar v. Cal. State Univ.*, 2002 U.S. App. LEXIS 27934 (9th Cir, 2002), quoting *U.S. v. Duncan*, 42 F. 3d 97, 101 (2d Cir. 1994).  When this occurs, the expert acts outside of

DELISIO MORAN
GERAGHTY & ZOBEL, P.C.

943 WEST 6TH AVENUE
ANCHORAGE, ALASKA
99501-2033
____
(907) 279-9574

00104548.doc Defendant's Motion in Limine to Preclude Testimony of Plaintiff's Expert
  *Gilbert v. APC Natchiq*, Case No.: 3:03-cv-00174 RRB; Page 6 of 10

his limited role of providing the groundwork in the form of an opinion to enable the jury to make its own informed determination. *Hygh v. Jacobs*, 961 F.2d 359 (2d Cir. 1992).

Generally the use of expert testimony is not permitted if it will usurp the role of the trial judge in instructing the jury as to the applicable law, will usurp the role of the court to determine questions of law where there are no issues of fact, or will usurp the role of the jury in applying that law to the facts before it. *U.S. v. Bilzerian*, 926 F.2d 1285, 1294 (2d Cir. 1991). Experts do not testify about the law because the judge's special legal knowledge is presumed to be sufficient, and it is the judge's duty to inform the jury about the law that is relevant to their deliberations. *U.S. v. Curtis*, 782 F.2d 593, 599-600 (6th Cir. 1986).

If Plaintiff's expert is allowed to testify, his testimony should be limited to applying the data into the overtime formula which the court has deemed proper and should not be allowed to testify as to any conclusions he has drawn as to the law to be applied or any assumptions as to issues of law.

Within his report, Mr. Jordon makes a number of assumptions which are issues that should be left for a determination by the judge or jury, including: basing the method of calculation for the period 6/20/01-4/07/03 on Alaska Statute (Ex. A, Pg. 3);

DELISIO MORAN
GERAGHTY & ZOBEL, P.C.

943 WEST 6TH AVENUE
ANCHORAGE, ALASKA
99501-2033
____
(907) 279-9574

00104548.doc Defendant's Motion in Limine to Preclude Testimony of Plaintiff's Expert
*Gilbert v. APC Natchiq*, Case No.: 3:03-cv-00174 RRB; Page 7 of 10

assuming promotion to safety supervisor did not exempt Mr. Gilbert from overtime pay (Ex. A, Pg.3); assuming there was a willful violation of the Fair Labor Standards Act and continuing violations and falsifications of federal and state record keeping requirements by APC (Ex. A, Pg.6); assuming that statutory liquidated damages are appropriate unless APC can show by clear and convincing evidence that it acted in good faith (Ex. A, Pg.9) and the assumption that there was a bad faith failure by APC to conduct an extensive review of exempt positions (Ex. A, Pg. 10). All of the assumptions made by Mr. Jordon are contested and are questions of law which are the subject of motions for summary judgment pending before this court. Once the court rules, the expert should be precluded from testifying about the law to be applied.

These conclusions drawn by Mr. Jordon should not be allowed to enter into his testimony and prevent the jury or judge from making their own informed opinions as to these issues. These are not subjects upon which the testimony is needed or allowed and thus, Mr. Jordon should not be allowed to step outside his limited role.

### III. CONCLUSION.

Plaintiff's expert should not be allowed to testify since his testimony is limited to applying numbers into a formula

DELISIO MORAN
GERAGHTY & ZOBEL, P.C.

943 WEST 6TH AVENUE
ANCHORAGE, ALASKA
99501-2033
____
(907) 279-9574

00104548.doc Defendant's Motion in Limine to Preclude Testimony of Plaintiff's Expert
 *Gilbert v. APC Natchiq*, Case No.: 3:03-cv-00174 RRB; Page 8 of 10

which, given the formula and data, any reasonable juror could accomplish. His testimony is also not regarding any opinion he has come to through special skill, knowledge or experience.

If Plaintiff's expert is allowed to testify based on some alleged insight his skill or experience offers, then his testimony should be limited to applying the proper numbers into the overtime formula which the court has deemed appropriate and should not be allowed to testify as to any opinions or conclusions made as to issues of law in this case.

DATED this 4th day of August, 2006, at Anchorage, Alaska.

                DeLISIO MORAN GERAGHTY & ZOBEL, P.C.
                Attorneys for APC Natchiq, Inc.

By: /s/ Patricia L. Zobel
    Patricia L. Zobel
    Bar No. 7906067
    E-Mail: pzobel@dmgz.com
    Danielle M. Ryman
    Bar No. 9911071
    E-Mail: dryman@dmgz.com
    943 West 6th Avenue
    Anchorage, Alaska 99501
    Telephone: (907) 279-9574
    Facsimile: (907) 276-4231

DELISIO MORAN
GERAGHTY & ZOBEL, P.C.

943 WEST 6TH AVENUE
ANCHORAGE, ALASKA
99501-2033
____
(907) 279-9574

00104548.doc Defendant's Motion in Limine to Preclude Testimony of Plaintiff's Expert
*Gilbert v. APC Natchiq*, Case No.: 3:03-cv-00174 RRB; Page 9 of 10

This is to certify that a true copy of the
foregoing was served via electronic service
or U.S. Mail this 4th day of August, 2006,
to the following:

Kenneth L. Covell
712 8th Avenue
Fairbanks, AK 99701

By: /s/ Jean K. Adams
‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾
    Jean K. Adams

DELISIO MORAN
GERAGHTY & ZOBEL, P.C.

943 WEST 6TH AVENUE
ANCHORAGE, ALASKA
99501-2033
‾‾‾‾
(907) 279-9574

00104548.doc Defendant's Motion in Limine to Preclude Testimony of Plaintiff's Expert
  *Gilbert v. APC Natchiq*, Case No.: 3:03-cv-00174 RRB; Page 10 of 10