IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

JOHN GILBERT,                      )
                                   )
            Plaintiff,             )
                                   )
v.                                 )
                                   )
APC NATCHIQ, INC.,                 )
                                   )
            Defendant.             ) Case No.: 3:03-cv-00174-RRB
_____)

### DEFENDANT APC NATCHIQ, INC.'S RESPONSES TO PLAINTIFF'S DISCOVERY REQUESTS OF FEBRUARY 17, 2006

Defendant, APC Natchiq, Inc. ("APC"), through its counsel, DeLisio Moran Geraghty & Zobel, P.C., objects to the interrogatories propounded on behalf of John Gilbert. According to Fed. R. Civ. P. 33, a party is limited to serving written interrogatories not exceeding 25 in number, including all discrete subparts. The interrogatories served are numbered 1 through 27, but contain a substantial number of subparts in addition. Thus, the interrogatories do not comply with Fed. R. Civ. P. 33. However, despite the violation of the rule, Defendant hereby responds to the Plaintiff's Discovery Requests of February 17, 2006.

### INTERROGATORIES

**INTERROGATORY NO. 1**: If you deny Request for Admission No. 2 above, state each and every fact that supports your denial, including explanations of hours and percentage of time spent on

non-exempt duties under both state and federal law.

a) Describe the "exempt duties" performed by Plaintiff, and the amount and percentage of time spent on those duties, and state whether percentage of time is based on an 8-hour day or some other length.

b) State whether Gilbert spent more than twenty percent (20%) of his time on non-exempt duties, detailing what the duties were and what amount of time was spent on each.

c) State whether Gilbert spent more than fifty percent (50%) of his time on non-exempt duties, detailing what the duties were and what amount of time was spent on each.

**RESPONSE:** Defendant objects on the grounds that the interrogatory is overly broad, cumulative, unduly burdensome, is within the knowledge and control of the plaintiff, and calls for legal analysis/conclusion. Without waiving said objections, see the job description for the safety supervisor position [Document Nos. APC0040 - 0041]. Plaintiff's job duties included, but were not limited to the following: develop, wrote, and implemented procedures for the Health Safety and Environmental Department ("HSE"); supervision and general oversight of the safety specialists to determine work needs and took steps necessary to facilitate department functionality; interpreted testing results; devised and implemented changes to department on an ongoing basis and as needed; hiring input and "veto rights" of

potential applicants; discipline and termination of supervised employees; approval of time sheets and other employee management functions. Plaintiff also acted as the HSE Department Manager when Doug Smith, the then acting HSE Manager was off rotation. In this capacity he had complete decision making authority and was not required or expected to contact Mr. Smith for approval of matters affecting the department. Plaintiff did not spend more than 20% of his time on non-exempt duties, and that percentage is based upon all hours worked during any given day. Discovery is ongoing and defendant reserves the right to further supplement its response.

**INTERROGATORY NO. 2**: Please state each and every fact which supports, describes in detail, relates to or substantiates that Plaintiff met the *bona fide* administrative employee exemption under AS 23.10.055(9)-23, 8 AAC 15.910(1) and FLSA Section 13.(a)(1), 20 CFR Part 541, as claimed in your defense:

a) Please state each and every fact which supports, describes in detail, relates to or pertains to the specific primary duty performed by Plaintiff that related to the management or general business operations of Defendant or Defendant's clients/customers, and include the number of daily and weekly hours (by hours per day or days per week, and by percentage of time per day and/or percentage of time per week) that this duty was performed by Plaintiff from January 2, 2001

to April 22, 2003;

b) Please state each and every fact which supports how and when Plaintiff regularly directed the work of two or more other full-time employees or their equivalent during the period from January 3, 2002 to April 22, 2003;

c) Please state each and every fact which supports, describes in detail, relates to or pertains to the nature and extent of Plaintiff's authority to hire or fire other employees, or when and how often Plaintiff's suggestions and recommendations as to the hiring, firing, advancement, promotion or any other change of status of other employees was given particular weight, and include the number of daily and weekly hours this duty was performed by Plaintiff from January 3, 2002 to April 22, 2003.

**RESPONSE:** Defendant objects on the grounds that the interrogatory is overly broad, unduly burdensome, within the knowledge and control of the plaintiff, and to the extent it calls for a legal conclusion. Without waiving said objections, see job description for safety supervisor (Document Nos. APC0040 - 0041). See also organizational chart (Document No. APC 0044) and response to Interrogatory No. 1. Plaintiff typically worked a two week on/two week off schedule in which he worked seven (7) days per week. Discovery is ongoing and defendant reserves the right to further supplement its response.

INTERROGATORY NO. 3: Please state each and every fact which supports, describes in detail, relates to or substantiates that Plaintiff met the *bona fide* learned professional employee exemption under AS 23.10.055 (9)-23, 8 AAC 15.910(11), and FLSA Section 13.(a)(1), 20 CFR Part 541, as claimed in your defense.

a) Please state each and every fact which supports, describes in detail, relates to or pertains to the specific primary duty performed by Plaintiff that required advanced knowledge (in a field of science or learning and acquired by a prolonged course of specialized intellectual instruction), defined as work which is predominantly intellectual in character and which includes work requiring the consistent exercise discretion and judgment, and further include the number of da and weekly hours this duty was performed by G from 1/3/2002 4/22/2003.

RESPONSE: Defendant objects on the grounds that the information requested is overly broad, unduly burdensome, is within the knowledge and control plaintiff, and calls for a legal analysis/conclusion. Without waiving said objections see job description for safety supervisor (Document Nos. APC0040 - 0041). Discovery is ongoing and defendant reserves the right to further supplement its response.

INTERROGATORY NO. 4: What was Plaintiff's established work week, as defined under 8 AAC 15.910(15), and work day, as

defined under 8 AAC 15.910(17).

**RESPONSE**: Defendant objects on the grounds that the information requested is within the knowledge and control of the plaintiff, and to the extent it calls for legal analysis/conclusion. Without waiving said objections, plaintiff's work schedule typically required that he work a two week on/two week off schedule, Monday thru Sunday. Plaintiff was expected to work approximately 10 or more hours per day. Discovery is ongoing and defendant reserves the right to further supplement its response.

**INTERROGATORY NO. 5**: How many daily and weekly hours was Defendant required, by contract, statute, state and/or federal law, to have a Safety Specialist available on site and on call?

**RESPONSE**: The project client's expectation was to have a specialist on shift 11.5 hours daily with 24 hour on call availability. Discovery is ongoing and defendant reserves the right to further supplement its response.

**INTERROGATORY NO. 6**: How many daily and weekly hours did the clerical staff assigned to the Safety and Health Section regularly work during the period of Plaintiff's employment with Defendant from January 30, 2001 through April 22, 2003.

**RESPONSE**: Defendant objects on the grounds that the information requested is not likely to lead to the discovery of