Kenneth L. Covell
LAW OFFICE OF KENNETH L. COVELL
712 Eighth Avenue
Fairbanks, Alaska  99701
(907) 452-4377 telephone
(907) 451-7802 fax

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| JOHN GILBERT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| APC NATCHIQ, INC. | ) |
| | ) |
| Defendant. | ) |
| | ) Case No. 3:03-CV-00174 RRB |

**PLAINTIFF'S MEMORANDUM OF LAW 90-DAY PENALTY**

COMES NOW Plaintiff, John Gilbert, by and through its undersigned counsel, The Law Office of Kenneth L. Covell and moves the Court for an Order directing the defendant to pay a 90-day penalty for it's failure to pay all overtime and wages due him, pursuant to AS 23.05.140(d).

## FACTS

John Gilbert was employed by APC, as a Safety Specialist and Safety Supervisor on the North Slope of Alaska, from January 30, 2001 to April 22, 2003. He was employed as a Safety Specialist from January 20, 2001 to January 1, 2002.

Gilbert filed a wage and hour overtime complaint, pursuant to the Alaska Wage and Hour Act (AWHA) and Fair Labor Standards Act (FLSA) on June 20, 2003.

The Gilbert case was stayed, pending proceedings in the *Zuber v. APC Natchiq*, A03-0052 CV (RRB). In *Zuber*, the question of whether or not the Safety Specialist position was exempt or not was litigated. The 9th Circuit ruled on August 15, 2005, that indeed, the Safety Specialist position was not exempt and thus Zuber and Gilbert were entitled to overtime. *Zuber v. APC* 114 Fed.Appx 657 (9th Cir. 2005).

APC has known since the middle of August, 2005, that it owes Gilbert overtime money. (Whether or not APC owes Gilbert overtime for his time as a Safety Supervisor is still in litigation, and whether or not APC owes Gilbert overtime for his duty as a Safety Specialist in years two to three, under an FLSA willful theory and/or a state contract theory is also still in dispute).

There is no question that Gilbert is owed overtime from the period of June 20, 2001, (within the two year state statute of limitations) through December 31, 2001 when he was promoted to Safety Supervisor.

Gilbert has not been paid these overtime wages, in nearly a year now.

On May 2, 2006, Gilbert, to make the situation excruciatingly clear, sent by certified mail a demand letter to APC's attorney demanding pay for this period (Exhibit A).

Gilbert knows the fact that he filed a lawsuit ought to be sufficient demand for payment (however, the letter was sent). [1]

AS 23.10.110(a) provides for liquidated damages under the AWHA in the amount equal to the overtime damages awarded. AS 23.05.140(b) provides that, once an employee is terminated, his wages become due within three days. AS 23.05.140(d) provides that, if an employer violates section (b), the employer may be required to pay the employee a penalty in the amount of the employee's regular wage, salary, or other compensation from the time of demand to the time of payment, or for 90 working days, whichever is the lesser amount.

---

[1] APC's failure to pay Gilbert his overtime monies due, in whatever amount they might argue is due, is a glaring example of APC's lack of good faith and willful violation of Wage and Hour Law. If they were trying to comply with the act, they would have paid the money; and furthermore, avoided potential exposure for the 90-day penalty. The prospect of the 90-day penalty is of no surprise to APC as Zuber made a similar demand in his case, on March 3, 2003, which was well in advance of August 2005. This sub issue again illustrates APC's willingness to not only avoid the act, but it would appear to be apparently purposefully evading the act; after having been put on notice that the penalty exists, and having the lawsuit, and having the ruling of the nonexemption of the Safety Specialist position. And then, to make it excruciatingly clear, receiving the demand of May 2, 2006, they still failed to pay overtime due, in any amount. Their conduct is willful and in violation of the act. It surely meets the reckless standard, and it absolutely demonstrates a lack of good faith on the part of defendant.

Plaintiff made a demand for payment in this matter on May 2, 2006, received by defendant's counsel on May 4, 2006 and 90 days have since lapsed. Gilbert may wish to elect to attempt to collect this penalty in lieu of the liquidated damages under AS 23.10.110(a). AS 23.05.140(f) provides that, if liquidated damages are awarded under AS 23.10.110(a), then in any action is not brought by the department, the 90-day penalty does not apply.

AS 23.05.140 (f) provides,

> "In an action brought for unpaid overtime under AS 23.10.060 that results in an award of liquidated damages under AS 23.10.110, the provisions of (d) of this section do not apply unless the action was brought by the department under (e) of this section."

What this means is if Gilbert receives and award of liquidated damages, then he cannot receive the penalty award. Conversely, if Gilbert does not receive an award of liquidated damages, then, under this section, the penalty does apply.

"The award of a penalty under this section is within the sound discretion of the trial court…" *Hallam v. Holland America Line, Inc.*, 27 P.3d 751 (Alaska 2001), citing *Klondike Indus. Corp. v. Gibson*, 741 P.2d 1161, 1171 (Alaska 1987). Gilbert suggests to the court that it would be abuse of discretion not to award the penalty under the circumstances of this case.

Plaintiff Gilbert, therefore, respectfully requests that the court order that Plaintiff shall receive a 90-day penalty award of damages pursuant to AS 23.05.140(d); in the alternative to any award of liquidated damages pursuant to AS 23.10.110(a), and if he is awarded both, shall have the opportunity to elect between the two, and/or if is not

awarded liquidated damages pursuant to AS 23.10.110(a), then shall receive the penalty under AS 23.05.140(d).

Respectfully submitted this 4th day of August, 2006 at Fairbanks, Alaska.

LAW OFFICES OF KENNETH L. COVELL<br>
Attorney for John Gilbert<br><br>
s/Kenneth L. Covell<br>
712 8th Ave.<br>
Fairbanks, AK 99701<br>
Phone:  907.452.4377<br>
Fax:  907.451.7802<br>
E-mail:  kcovell@gci.net<br>
Attorney Bar #:  8611103

**CERTIFICATE OF SERVICE**
This is to certify that a copy of the foregoing has been
Electronically sent to the following attorney(s):

**Patricia Zobel**
**DeLisio Moran Geraghty & Zobel**
**943 W. 6th Ave.**
**Anchorage, AK 99501**

Dated: 8/04/06
By:     /s/ Emily S. Ervin
         Emily S. Ervin for Kenneth L. Covell