Kenneth L. Covell
LAW OFFICE OF KENNETH L. COVELL
712 Eighth Avenue
Fairbanks, Alaska  99701
(907) 452-4377 telephone
(907) 451-7802 fax

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| JOHN GILBERT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| APC NATCHIQ, INC. | ) |
| | ) |
| Defendants. | ) |
| | ) Case No. 3:03-CV-00174 (RRB) |

**PLAINTIFF'S GILBERT'S MOTION AND MEMORANDUM OF LAW FOR AN ORDER REGARDING THE LAW OF THE CASE ON HIS BREACH OF CONTRACT ACTION FOR OVERTIME AND PARTIAL OPPOSITION TO DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT ESTABLISHING THE STATUTE OF LIMITATIONS AND MEMORANDUM IN SUPPORT THEREOF**

**INTRODUCTION**

Plaintiff files that a contract action for overtime for years 2-3.  (That is from the second year back to the third year from the date of filing his complaint).

Defendant has filed a Statute of Limitations Motion, which in part addresses willfulness under the FLSA and in part address the viability of a State Breach of Contract, cause of action for overtime.

1

This motion seeks an Order establishing the law of the case in regard to Gilbert's claim for a Breach of Contract action for overtime as to year 2-3; and as an opposition to that portion of defendant's statute of limitations motion, which addresses the contract claim.

The willfulness portion of defendant's Statute of Limitations claim is addressed in plaintiff's good faith and willfulness motion.

### DISCUSSION

This is a wage and hour case. Plaintiff brought claims for violations of the Federal Labor Standards Act (FLSA), the Alaska Wage and Hour Act (AWHA) and breach of contact.

Plaintiff Gilbert seeks breach of contact damages for years 2-3 under a contact theory, as opposed to a statutory theory under AS 23.10.110. AS 23.10.110 has a statute of limitations of two (2) years. AS 23.10.130. Contracts on the other hand are limited by AS 09.09.053. A three year statute of limitation.

Defendant asks the court to dismiss plaintiff Zuber's breach of contact claim. Defendant relies upon out-of-state case law which is clearly distinguishable from the instant case, because of specific differences in the applicable statute of limitations and wage and hour statutes. Additionally, defendant brushes aside the controlling Alaska authority of *Reed v. Municipality of Anchorage*, 741 P.2d 1181 (Alaska 1987) (*Reed I*) and *Reed v. Municipality of Anchorage*, 782 P.2d 1155 (AK 1989) (*Reed II*) as well as *Quinn v. ASEA*, 944 P.2d 468 (Alaska 1987).

Additionally, at times defendant seems to state that Gilbert essentially had no contract of employment at all with defendant (which of course is untrue).

## SUMMARY

Gilbert was employed with APC from January 30, 2001 through April 22, 2003. He worked on the North Slope of Alaska in the oil fields at Kuparak. He was paid a daily salary of $350 to $475 per day, and he worked varying hours per day as needed, generally never less than eleven and a half hours and oftentimes many more.

## APPLICABLE ALASKA STATUTES

AS 23.10.060 indicates that employees that are nonexempt from the AWHA should be paid time and a half for hours worked in excess of eight hours a day, and 40 hours a week. Subsection (c) of that statute indicates: "This section is considered included in all contracts of employment."

Plaintiff Gilbert had a contract of employment with APC.[1]

Alaska statute AS 23.10.130 is the statute that limits actions under the Alaska Wage and Hour Act. It states:

> AS 23.10.130 **Statute of Limitations.** An action for unpaid wages, unpaid overtime compensation, or liquidated damages under AS 23.10.050 through 23.10.150 is forever barred unless it is started within two years after the cause of action accrues. For the purpose of this section, an action is considered to be started on the date when the complaint is filed.

Clearly this statute would limit an action under AS 23.10.110 for the recovery of overtime to which employees are statutorily entitled under AS 23.10.060, and plaintiff Gilbert has stipulated to that effect.

---

[1] Whether or not this contract is written or oral seems immaterial to this motion. Arguably this contract could be considered to be in writing based upon compilation of the papers that commemorate the employment relationship, and pay schedule of Gilbert. If the court somehow feels that the issue of a written contract is central to the decision in this matter Plaintiff asks the court to allow further briefing in this regard.

However, plaintiff Gilbert asks the court to note that AS 23.10.130, the wage and hour limitation statute, speaks of an action under AS 23.10.050 through 23.10.150. Gilbert's contract action is not an action under statute; it is an action under contract. Whether or not the cause of action under statute was eliminated, the right to overtime is incorporated in his contract.

Defendant's citation to the phrase, "otherwise provided by law in AS 09.10.053," is misleading. That is the three-year statute of limitations and that means the limitations ends at three years, unless there is another provision. In any event, Gilbert has brought a wage and hour action under the AWHA, with results of joining an overtime action under the Common law Breach of Contract concerning a term that especially included in the contract by operation of AS 23.060(c).

*Reed I* and *II* and *Quinn v. ASEA* all support Reed's position. In *Reed I*, pay rates and overtime rates were included in the collective bargaining agreement. Reed sought a contract cause of action to enforce the terms of his collective bargaining agreement under the contract limitation. The Supreme Court states:

> We do not believe that Reed's cause of action is strictly or solely an action for liability upon a statute. Rather, we construe Reed's cause of action in Count I to alleged breach of the collective bargaining agreement. The collective bargaining agreement was attached to Reed's complaint. The agreement contains the specified wage rates at which employees working as a utility man, operator I and II are required to be paid. Both parties agree that they are bound by the collective bargaining agreement. The municipality's failure to pay the specified wage would be a violation of the collective bargaining agreement. Thus, Reed's complaint alleging that the municipality failed to pay these rates may be construed to state a cause of action for breach of the bargaining agreement. As such, it is controlled by the [then] six year statute of limitations for contract actions, AS 09.10.050, and was timely filed. Therefore, the Superior Court erred in dismissing Count I based upon the running of the two-year statute of limitations.

4

*Reed I*, at 1185.

This logic is clearly applicable to Gilbert's case. Gilbert's case includes a contract right to overtime payments. Gilbert only asks that this term of his contract be enforced under the contract statute of limitations. To the contrary, defendant asks the Court to apply the statute of limitation for the statutory right to overtime, to the contract right to overtime. This despite there being a specific contract statute of limitation.

Gilbert notes that in the years 2 to 3 of his claim that he will not be entitled to liquidated damages pursuant to AS 23.10.110, as such section is addressed under the wage and hour two year limitation of AS 23.10.130. Were AS 23.10.110 to contain a section stating that this section is considered included in all contracts of employment, Gilbert would assert a claim for liquidated damages under a contract theory as well.

*Reed v. Municipality of Anchorage*, 782 P.2d 1155 AK (1989) ("*Reed II*") also supports Gilbert's claim that an implied term of contract is actionable under the three year statute of limitations. In the second appeal of that case the court addressed the issue of Reed's claim that a covenant of good faith and fair dealing is implied in employment contracts. The court indicated that they had recognized that this duty is implied in employment contracts and that breach of this duty creates an enforceable cause of action. *Reed II* at 1157. There the trial court had dismissed his claim stating that it was only a statutory cause of action. The court said: "We reverse the trial court's determination that the complaint failed to state a claim for which relief could be granted." *Reed II* at 1157. The employer made the argument that the statutory

claim was the exclusive remedy for retaliatory discharge. The court noted that the legislature had wanted to foreclose Reed's common law cause of action and could have done so expressively.

Here, the same logic can be applied. They are separate causes of action and arise under separate theories. Additionally, had the legislature intended to foreclose Reed's contract cause of action, it could have specifically stated so, and it had not done so.

### IS AS 23.10.060(c) MERE SURPLUSAGE?

If defendant's theory is correct and Gilbert is limited to a two year period of limitation, why would the legislature include subsection (c) in AS 23.10.060?  It would seem to be a hollow and useless phrase.

Logic and reason suggest, by including this sentence in the statute, the legislature intended for an individual to have both a statutory right of action for overtime pay, as well as a contractual one.  Any other reading of this statute would indicate that the legislature was merely wasting their ink upon the page.

Additionally, the Alaska Supreme Court in *Quinn v. ASEA* recognized an employee's right to assert an overtime claim pursuant to a contractual obligation.  In addressing *Quinn's* claim of a cause of action for breach of contract, the court stated:

> In our decision in *Reed*, we construed Reed's cause of action to allege a breach of the collective bargaining agreement between the municipality and Reed's union, as well as a cause of action under AS 23.05.140(b). We held that while the latter claim was governed by the limitation period contained in AS 09.10.070(3), the six year statute of limitation for contract actions contained in AS 09.10.050 apply to Reed's claim for breach of contract. *Id*. at 1185.

This case falls squarely under *Reed*. Quinn did not attach a copy of the collective bargaining agreement to his complaint, as did Reed. *Id.* However, he did attach a copy of his motion for summary judgment, and he argued below that the six year statute of limitation applies. Also, as in *Reed*, "[b]oth parties agree that they are bound by the collective bargaining agreement." *Id.* Thus, it is fair to construe Quinn's complaint as alleging a breach of the collective bargaining agreement, and to hold that the six year statute of limitation for contracts applies. *Id.* Quinn filed his complaint in February 1994. He seeks unpaid overtime dating back to 1990. Quinn's claim for unpaid overtime under a breach of contract theory is not barred by AS 09.10.050(1). However, as discussed *supra*, "Quinn's timely filing under the contract statute of limitation does not rekindle unpaid liquidated damages claims 'forever barred' by the statute of limitation in AWHA." *Quinn* incorrectly asserts that because he satisfied the contract statute of limitation, he may seek "all wages and penalties for up to six years." He may seek full recovery of all unpaid overtime (fn 10) but whatever penalties he is entitled to under AWHA are subject to the statute of limitations in AS 23.10.130.[2]   *Reed* at 473, 474.

Clearly, the Alaska case law recognizes the right of an employee to seek unpaid overtime under multiple theories. These cases interpret Alaska's statutory scheme, including its limitations to allow for such actions. Any out-of-state authority to the contrary is irrelevant. The court should deny defendant's motion.

## THE OUT-OF-STATE AUTHORITY IS DISTINGUISHABLE

The Louisiana case, *Grabert v. Iberia Parrish School Board,* 683 So.2d 645 Louisiana (1994) is distinguishable because the statutes therein are different than the Alaska statutes. There, they have a statute of limitation of three years for past wages due, apparently without reference to the cause of action being statutory or contractual. Additionally, the ten year contract limitation states that it applies "unless otherwise

---

[2]  Footnote 10 therein states, in addition, while Quinn may recover all actual unpaid overtime, he may not seek double recovery of such funds by attempting to recover unpaid wages multiple times under different theories.

provided for by legislation." *Grabert* at 645.  In that case, the prescriptive period for the recovery of unpaid wages was otherwise provided for in the specific three year statute of limitations.  *Id.*  The Alaska statutes operate to the contrary as stated above.

The Washington case cited by defendant is inapposite and distinguishable as well.  The two salient points to be garnered from reading that case, *Bennett v. Computer Task Group, Inc.*, 112 Wn. App. 102, 47 P.3d 594 (Wash. 2002).

The first salient difference between the Washington case and the Alaska case is that the Washington statute states:

The following action shall be commenced within six years:

> (1) an action upon a contract <u>in writing,</u> or liability express or implied arising out of a <u>written agreement</u>. (Emphasis added).

*Bennett* at 594.

To the contrary, the Alaska contractual statute does not require the contract to be in writing.  It states:

> Unless the action is commenced within three years, a person may not bring an action upon a contract or liability, <u>express or implied,</u> except as provided in AS 09.10.040, or as otherwise provided by law or, except if the provisions of this section are waived by contract.

(Emphasis added).

Clearly, the two statutes of limitations are different. The Alaska statute acknowledges that terms of contract or liability can be "express or implied".  The Washington statute requires that the terms be in writing.

---

Footnote 10 certainly seems to recognize that a plaintiff in a wage and hour case may pursue multiple theories for recovery of damages under both contact theories and statutory right theories.

8

Under the Alaska statute, plaintiff's theory is quite viable. Under the Washington statute since there is arguably no written contract, it maybe significantly less viable. Additionally, under the Washington contract whether or not liability is express or implied, it still needs to arise out of a written agreement.

Secondly, the Washington court addresses the opinions in *Bicknell v. Garnett*, 96 P.2d 592 (Wash. 1939) and *Halver v. Weller*, 266 P.2d 1053 (Wash. 1954). It appears that the Washington philosophy concerning an incorporation of other terms into a contract is diametrically opposed to the Alaska philosophy which is expressly put by the legislature in AS 23.10.060(c); that implied or incorporated terms can be included in contracts, and are enforceable under the contract limitation.

In any event, 1) the controlling Alaska law under *Reed I* and *Reed II* and *Quinn v. ASEA* allow for plaintiff's contract action, and 2) the out-of-state cases are distinguishable, and even if not distinguishable, not controlling and contrary to controlling Alaska authority. Plaintiff Gilbert therefore asks the court to deny defendant's motion for partial summary regarding statute of limitations as it applies to breach of contract, and furthermore grant plaintiff's motion for orally establishing ??? indicating that he can bring this claim pursuant to contract AS 23.10.060.

Furthermore, should The Court be inclined to grant defendant's motion in this regard, plaintiff suggests that this would be an important issue of state law and that The Court ought to certify to the State Court for decisions.

Respectfully submitted this 4th day of August, 2006 at Fairbanks, Alaska.

LAW OFFICES OF KENNETH L. COVELL
Attorney for John Gilbert

s/Kenneth L. Covell
712 8th Ave.
Fairbanks, AK 99701
Phone: 907.452.4377
Fax: 907.451.7802
E-mail: kcovell@gci.net
Attorney Bar #: 8611103

**CERTIFICATE OF SERVICE**
This is to certify that a copy of the foregoing has been
sent electronically to the following attorney(s):
**Patricia Zobel**
**DeLisio Moran Geraghty & Zobel**
**943 W. 6th Ave.**
**Anchorage, AK 99501**

Dated: 8/4/06
By:      /s/ Emily S. Ervin
        Emily S. Ervin for Kenneth L. Covell