FILED

AUG 3 0 2001

UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA
By_____ Deputy

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

RECEIVED

SEP 4 2001

Schendel & Callahan

```
KEN BROCK,                        )
                                  )
                     Plaintiff,   )
                                  )
     vs.                          )
                                  )
COMINCO ALASKA INCORPORATED, an   )
Alaska corporation,               )
                                  )    No. F00-0025-CV (HRH)
                     Defendant.   )
                                  )
```

## O R D E R

### Motions for Summary Judgment

Plaintiff moves for partial summary judgment.[1] Defendant opposes the motion and cross-moves for summary judgment.[2] Oral argument has been heard.

### FACTS

Plaintiff Ken Brock brings this action against his former employer, Cominco Alaska, Inc., for unpaid overtime and related claims under the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201-219, and the Alaska Wage and Hour Act, AS 23.10.050-.150. Plaintiff and defendant each seek summary judgment on several wage and hour issues related to plaintiff's claims.

---

[1] Clerk's Docket No. 20.

[2] Clerk's Docket No. 22.

- 1 -

(36)

On June 16, 1997, defendant hired plaintiff to work as a water and waste treatment technician ("Technician III") at the port facility of the Red Dog Mine in Northwestern Alaska.[3] Defendant hired plaintiff as an at-will employee who was expected to work 11.5 hours per day, seven days a week, subject to a two-week-on, one-week-off schedule.[4] Defendant originally paid plaintiff $18.25 per hour, then raised plaintiff's pay to $18.80.

Plaintiff sought increased compensation. On January 7, 1999, defendant promoted plaintiff from "Technician III" status to "Technician II," a position which defendant considered to be exempt from overtime compensation. At the time plaintiff was promoted, there were no other "Technician II" employees. Defendant created this position for plaintiff and one other water and waste technician working at the port facility at that time.

Plaintiff accepted the job at the annual salary of $68,200.00. The terms of plaintiff's new position are not subject to a contract, but his salary and expected hours of work per day are found on an "Exempt Employee Change Request" form.[5] The form shows a change in plaintiff's standard work day from 11.5 to 10 hours per day and a change in his base rate of pay from $18.80 per hour to $68,200.00 per year. The form does not define plaintiff's new job

---

[3] Letter of hire, attached as Exhibit 1 to Plaintiff's Motion for Partial Summary Judgment, Clerk's Docket No. 20.

[4] Id.

[5] Exempt Employee Change Request, attached as Exhibit 3 to Plaintiff's Motion for Partial Summary Judgment, Clerk's Docket No. 20.

- 2 -

responsibilities. The form does not establish a regular straight time hourly rate nor an appropriate overtime rate for overtime hours which make up the salary amount. The form is signed by three Cominco management personnel. Plaintiff did not sign the form, nor is there a place for his signature on it.

From the outset, plaintiff did not like the terms of his new position. Shortly after plaintiff's promotion, plaintiff informed defendant's human resources department that he often worked well over the 10 hours per day upon which his salary was based.[6] Plaintiff stated his belief that he was entitled to more pay than he was receiving.[7] The head of plaintiff's department was also made aware of plaintiff's concerns.[8]

On July 20, 1999, plaintiff submitted a written request to the head of his department to return him to his hourly wage status.[9] The department head responded in writing by accepting plaintiff's proposal, but also informing plaintiff of other negative aspects of returning to hourly status such as a pay ceiling, lack

---

[6] February 12, 1999, correspondence from plaintiff to Cole Schaeffer and Robert Nelson, attached as Exhibit 7 to Plaintiff's Motion for Partial Summary Judgment, Clerk's Docket No. 20.

[7] Id.

[8] See id.; see also, unsigned correspondence to plaintiff, attached as Exhibit C to Defendant's Opposition to Motion for Summary Judgment and Cross-Motion for Summary Judgment, Clerk's Docket No. 22.

[9] Correspondence to Steven Dismuke, attached as Exhibit D to Defendant's Opposition to Motion for Summary Judgment and Cross-Motion for Summary Judgment, Clerk's Docket No. 22.

of educational benefits, and lack of schedule flexibility.[10] Upon receiving this information, plaintiff asked that he be retained at his salaried position.

On October 1, 1999, defendant raised plaintiff's salary to $69,650.00 per year.[11] The following spring, on May 4, 2000, plaintiff resigned from his position with defendant.[12] In a letter that plaintiff submitted as part of his exit interview, plaintiff cited his continued displeasure in not being properly compensated for overtime hours as one of his reasons for his resigning.[13]

Plaintiff routinely kept track of his overtime hours. Once plaintiff became a salaried "Technician II", defendant no longer kept track of the number of hours plaintiff worked. Plaintiff, however, kept track of the hours he allegedly worked in a "log book" used by treatment operators to record events at the treatment plant and also in a personal journal.

Shortly after resigning, plaintiff filed a claim for unpaid overtime compensation with the Wage and Hour Office of the Alaska Department of Labor. Plaintiff used the hours recorded in

---

[10] Letter to Ken Brock from Steve Dismuke (July 20, 1999), attached as Exhibit 8 to Plaintiff's Motion for Partial Summary Judgment, Clerk's Docket No. 20.

[11] Exempt Employee Change Request, attached as Exhibit 10 to Plaintiff's Motion for Partial Summary Judgment, Clerk's Docket No. 20.

[12] Correspondence to Human Resources Department from Ken Brock (May 4, 2000), attached as Exhibit 11 to Plaintiff's Motion for Partial Summary Judgment, Clerk's Docket No. 20.

[13] Id.

the "log book" and those in his personal journal to calculate the number of hours upon which his claim for unpaid overtime was based. For purposes of his claim, plaintiff calculated his overtime hours as those hours in excess of 10 hours per day.[14] The Alaska Department of Labor accepted plaintiff's calculations and submitted a claim for 245.5 overtime hours to Cominco on June 15, 2000.[15]

On July 14, 2000, four things happened in short succession. First, plaintiff retained counsel. Second, plaintiff's counsel informed the Alaska Department of Labor that plaintiff revoked assignment of his claim to it, thereby also revoking any authority concerning the settlement of his claim with Cominco. Third, plaintiff's counsel notified Cominco of these matters. Fourth, Cominco offered plaintiff (via e-mail) a settlement agreement of $9,141.89, amounting to the $8,624.42 plaintiff claimed was owed to him in overtime payments plus 6% for inconvenience and "tax concerns."[16] Plaintiff did not accept the settlement offer.

Plaintiff now moves for summary judgment on the following four issues: (1) that he is entitled to a calculation of his regular and overtime rate of pay at $32.79 and $49.18 per hour, respec-

---

[14] Wage and Hour Claim, attached as Exhibit 13 to Plaintiff's Motion for Partial Summary Judgment, Clerk's Docket No. 20.

[15] Certified letter from the Alaska Department of Labor to Comnico (June 15, 2000), attached as Exhibit 14 to Plaintiff's Motion for Partial Summary Judgment, Clerk's Docket No. 20. The parties have since agreed that the correct amount of recorded hours was 241.5.

[16] Printout of e-mail to Ken Brock (July 14, 2000, 5:47 p.m.), attached as Exhibit 17 to Plaintiff's Motion for Partial Summary Judgment, Clerk's Docket No. 20.

tively; (2) that he is entitled to overtime pay for all hours worked in excess of eight per day or 40 per week; (3) that plaintiff's records of his overtime hours are legally binding and undisputed; and (4) that plaintiff did not enter into an accord and satisfaction agreement with defendant.

Defendant opposes plaintiff's motion, but also cross-moves for summary judgment on the following issues: (1) that plaintiff has already been compensated for 40 hours straight time and 30 hours overtime for each week he worked as a "Technician II;" (2) that plaintiff is only entitled to receive $27.20 as an overtime rate of pay for hours worked as a "Technician II;" (3) that plaintiff is at most entitled to overtime pay for hours worked in excess of 70 hours each week.

## DISCUSSION

Summary judgment is appropriate if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). When a motion for summary judgment is made, the nonmoving party must set forth specific facts showing that there is a genuine issue for trial. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986). When the parties submit cross-motions for summary judgment on the same claim, the court must consider the appropriate evidentiary material identified and submitted in support of both motions, and in opposition to both motions, before ruling on each of them. Fair Housing Council of

Riverside County, Inc. v. Riverside Two, 249 F.3d 1132, 1135 (9th Cir. 2001).

At the heart of these cross-motions are four fundamental questions which the court now resolves: (1) is plaintiff entitled to overtime; (2) at what rate of pay; (3) for how many hours is plaintiff entitled to be paid; and (4) has plaintiff already agreed to accord and satisfaction of his wage and hour claim?

### Entitlement to Overtime

The Alaska Wage and Hour Act provides that to the extent an employee is not statutorily exempt, he or she is entitled to overtime compensation for hours worked in excess of eight hours per day or 40 hours per week. AS 23.10.060(a), (b), (c) & (d). Despite the fact that defendant paid plaintiff by salary and listed plaintiff's Technician II position as "exempt," defendant has not argued that plaintiff's position was "exempt" under the Wage and Hour Act. Nor does defendant dispute that plaintiff is entitled to some kind of overtime pay. Rather, defendant asserts that it has already paid plaintiff for 40 hours of straight time and 30 hours of overtime (at a premium rate which was rolled into the annual salary) for each week plaintiff worked within the dates at issue. Because defendant does not dispute plaintiff's entitlement to overtime compensation, and because plaintiff is not exempt from overtime pay as a matter of law, the issue is resolved and the court turns to the question of how to determine the correct rate of overtime pay.

Calculation of Regular
and Overtime Compensation Rates
Under the Alaska Wage and Hour Act[17]

The Wage and Hour Act provides that "overtime compensation rate of one and one-half times the regular rate of pay paid." AS 23.10.060(b). An Alaska Department of Labor implements the statute in part by providing alternate for determining the regular rate of pay:

[(a)] (1) The employment contract must set out the specific number of straight time and overtime hours the employee is expected to work each day and each week. The contract must establish a regular straight time hourly rate of pay and the appropriate overtime rate with respect to the salary to be paid and the number of hours to be worked. Changes to the pay schedule of a salaried employee must conform to the provisions of AS 23.05.160.

[a] (2) If a contract fails to establish a fixed number of daily and weekly hours that the salary is intended to compensate, or <u>if the actual hours of work deviate from the hours specified in the contract</u>, the salary will be considered to be compensation for an eight-hour work day and 40-hour workweek, and overtime will be computed on that basis.

5.100 (emphasis added).

The Alaska Supreme Court has construed and applied this
1. See <u>Piqniq Management Corp. v. Reeves</u>, 965 P.2d 732
998). According to the Alaska Supreme Court, paragraph

---

The overtime rates calculated under the FLSA may result r rate than the Alaska Wage and Hour Act, but a plaintiff ed to use the higher of the two rates because the federal not preempt the state counterpart. <u>Grimes v. Kinney Shoe</u> )2 F. Supp. 1070, 1073-74 (D. Alaska 1995).