> allows a salaried employee's regular rate of pay to be set by employment contract, but only if the contract clearly spells out the expectations of the employer and the worker, and only if actual practice conforms to those expectations....

Id. at 734. Paragraph (a)(2) acts as a default to the first paragraph, requiring that in the absence of a contract or where actual hours deviate from hours specified in the contract, "the worker's salary must be deemed compensation for a forty-hour week of eight-hour days." Id. at 735.

In Piqunig, the court applied the alternative method for calculating the proper rate of overtime pay (found in paragraph (a)(2)) because the plaintiff's salaried employment was not subject to a written agreement. Id. This alternative method takes the yearly salary and divides it by 52 (the number of weeks in a year) to produce a weekly salary, and then divides the weekly salary by 40 (the number of regular hours in a week), to produce the rate of pay for regular hours worked. That rate of pay is then multiplied by 1.5 to produce the appropriate rate of overtime. Id. at 734 n.3.

Here, plaintiff asserts that the court should apply the alternative calculation method found in (a)(2) because his actual work hours deviated from the expected hours recorded in the controlling document. As the Alaska Supreme Court noted in Piqunig, the alternative method is appropriately applied where the actual hours of work deviate from the hours specified in the contract. Id. at 735 (citing 8 AAC § 15.100(a)(2)). This conclusion is clear from the plain meaning of the regulation as well. The court must there-

- 9 -

fore determine if plaintiff's hours deviated from those expected and, if so, apply the alternative calculation method.

That plaintiff's hours deviated from those specified on the "Exempt Change of Employment Status" form is undisputed. The form stated that plaintiff's standard work day would be 10 hours long. Plaintiff has provided the court with documentation in the form of company log books and personal journals showing that he often worked more than 10 hours per day. While the parties disagree as to the extent of those hours, they do not disagree that plaintiff worked more hours than were specified or expected. Thus, as a matter of law, plaintiff is entitled to the alternative calculation of regular rate of pay in order to correctly determine the overtime pay due him.

Defendant argues that plaintiff consented to a salary based upon 70 hours per week, and that the regulatory calculation takes plaintiff's salary and divides it by 40 hours per week, thereby producing a regular hourly rate that neither of the parties considered. While the court recognizes the harsh result of the regulatory calculation method, the court also notes that defendant's argument has no basis in law. The regulation clearly provides that if there is a contract and if the hours actually worked deviate from the hours stated in the contract, the rates of pay within the contract do not control. Here, the contract fails to state the regular or overtime rates which make up the agreed salary, although the total number of hours is stated to be 10 per day. The contract fails to include the required rate of pay terms and the specified

number of hours was exceeded. Defendant's argument fails on the face of the regulation.

Defendant also argues that plaintiff should not be entitled to the alternative calculation method found in 8 AAC § 15.100(a)(2) because plaintiff breached his employment contract by working more than 10 hours per day and by performing duties that he was no longer supposed to perform.

As a matter of pure contract interpretation, there is nothing written on the "Exempt Change of Employment Status" form that states plaintiff is not allowed to work beyond 10 hours per day. Nor is there any such limitation in the form that outlines plaintiff's duties as a Technician II. The form is the sole piece of writing that defendant relies upon as a contract here, and all that it states is that 10 hours is the standard work day. Thus, what is found in the form does not support defendant's argument.

Absent written authority for its position, defendant attempts to rely on testimony from its management personnel stating that plaintiff was forbidden or otherwise told that he was not allowed to work more than 10 hours per day. Most of what defendant points to states that plaintiff was told he was not entitled to overtime compensation for hours worked in excess of 10 per day. Other testimony in the record shows that plaintiff was instructed by superiors to keep track of the hours he worked in excess of 70

per week. What is clear is that defendant did not expect plaintiff to work more than 10 hours per day,[18] but plaintiff often did so.

It is an accepted principle of employment law that so long as the employer knew or through reasonable diligence should have known of an employee's work, the employer is liable to pay for that work. Forrester v. Roth's I.G.A. Foodliner, Inc., 646 F.2d 413, 414 (9th Cir. 1981) (construing the FLSA and its implementing regulation, 29 C.F.R. § 785.11.[19] Here, there is no doubt that defendant was aware that plaintiff often worked beyond 10 hours per day and 70 hours per week.

Plaintiff was an at-will employee. If defendant were not satisfied with plaintiff's work performance, defendant's recourse was to fire plaintiff, not to keep him on and then claim he breached an employment contract. This same principle applies to the type of tasks plaintiff performed. Defendant argues that plaintiff was supposed to train other waste and water technicians, but not perform the duties of those technicians. The record shows that at times on plaintiff's shift there were no trainees to perform waste and water technician duties, so he did so. But these facts are not material. By law, plaintiff is entitled to be paid for the hours he worked. The statute and the regulation dictate the rate of pay for those hours. Defendant's argument on this position fails.

---

[18] Declaration of Steven R. Dismuke at 2-4, ¶¶ 5-8, Clerk's Docket No. 28.

[19] The Alaska Supreme Court generally looks to federal FLSA case law when construing the Alaska Wage and Hour Act. Jeffcoat v. State, Dep't of Labor, 732 P.2d 1073, 1075 (Alaska 1987).

- 12 -

Defendant also asserts that as a matter of law, plaintiff is only entitled to an overtime rate of $27.20 for those hours he worked during weeks in which he did not perform his duties as a trainer of water and waste technician trainees. Defendant relies on 8 AAC § 15.100(b)(2) for its argument, but 8 AAC § 15.100(b)(2) only applies to those employees who work at two or more hourly rates. Plaintiff was salaried and not paid at two or more hourly rates. Nothing in the record supports the contrary position. Accordingly, 8 AAC § 15.100(b)(2) does not apply.

In summary, plaintiff is entitled to the alternative calculation found in 8 AAC § 15.100(a)(2) as a means of determining the correct rate of overtime pay. Applying the regulatory calculation method, plaintiff's regular rate was $32.79 per hour with an overtime rate of $49.18 per hour for dates worked between January 7, 1999, and September 30, 1999,[20] and a regular rate of $33.49 and an overtime rate of $50.23 for dates plaintiff worked between October 1, 1999, and May 10, 2000.[21]

### Entitlement to the Number of Overtime Hours Claimed

If an employee produces sufficient evidence to show the amount of work for which he was improperly compensated, the burden

---

[20] Plaintiff's annual salary $68,200 [÷] 52 weeks [=] $1,311.53 weekly salary; $1,311.53 weekly salary [÷] 40 straight-time hours per week [=] $32.79 per hour regular rate [x] 1.5 [=] $49.18 overtime rate.

[21] Plaintiff's annual salary $69,650 [÷] 52 weeks [=] $1,339.42 weekly salary; $1,339.42 weekly salary [÷] 40 straight-time hours per week [=] $33.49 per hour regular rate [x] 1.5 [=] $50.23 overtime rate.

shifts to the employer to come forward with evidence sufficient to negate the reasonableness of the inferences drawn from the employees evidence. Alaska Int'l Indus., Inc. v. Musarra, 602 P.2d 1240 (Alaska 1979) (applied in In re Equipment Servs., Ltd., 36 B.R. 241, 245 (Bankr. D. Alaska 1983)).

The parties have stipulated that over the course of plaintiff's employment as a "Technician II," he worked 241.5 hours beyond the 70 hours per week upon which his salary was based. Nonetheless, defendant argues that it is entitled to offset other hours for which it allegedly paid defendant, but defendant did not work. Defendant also asserts that there are discrepancies and irregularities in the way in which plaintiff recorded his hours. Plaintiff explains these discrepancies and irregularities, but their existence, along with the issue of offset, creates a triable issue of fact. The case law says that once the plaintiff comes forward with evidence of hours worked, the burden then shifts to the employer to negate the reasonable inferences from such evidence. Defendant has effectively called into question the reasonable inferences from the stipulated hours--namely, that plaintiff is entitled to overtime pay for all of them. Therefore, plaintiff is not entitled to judgment on the number of hours issue.

### Accord and Satisfaction

As a matter of law, there was no accord and satisfaction of plaintiff's claim against defendant. Plaintiff's exhibits show that he revoked assignment of his wage and hour claim and revoked the Department of Labor's authority to settle his claim before

defendant contacted him with an acceptance of that offer. "An offeror, by manifesting an intention not to enter into a proposed contract, can terminate the offeree's power of acceptance." Copper River School Dist. v. Traw, 9 P.3d 280, 286 (Alaska 2000). Plaintiff clearly manifested his intent to revoke the offer prior to acceptance.

Also, the agreement ultimately proposed by defendant included a release of all claims to liquidated damages, late payment penalties, and retaliation. Because defendant conditioned its acceptance upon the release of claims, it was not an acceptance of plaintiff's offer but a counter offer. See Hall v. Add-Ventures, Ltd., 695 P.2d 1081, 1087 n.9 (Alaska 1985).

Finally, defendant did not respond to the Department of Labor but to plaintiff directly. Defendant's offer of settlement was unsupervised, and unsupervised private agreements to waive or settle liquidated damages claims under the Alaska Wage and Hour Act are against public policy. McKeown v. Kinney Shoe Corp., 820 P.2d 1068, 1070 (Alaska 1991). Thus, under Alaska law, the settlement would be considered void. For the above reasons, defendant's accord and satisfaction defense fails as a matter of law.

## CONCLUSION

Plaintiff's motion for partial summary judgment is granted in part and denied in part. Plaintiff is entitled to overtime pay for all hours worked in excess of eight per day or 40 per week. Plaintiff's regular and overtime rates of pay shall be calculated using the calculation method found in 8 AAC § 15.100(a)(2) and

employed by the Alaska Supreme Court in _Picuniq Management Corp. v. Reeves_, 965 P.2d 732 (Alaska 1998). Plaintiff is also entitled to summary judgment on the issue of accord and satisfaction, but not entitled to summary judgment on the question of the number of overtime hours. Defendant's cross-motion for summary judgment is denied.

DATED at Anchorage, Alaska, this **29** day of August, 2001.

_/s/ H. Russel Holland_
H. Russel Holland, Judge
District of Alaska

---

F00-0025--CV (BRB)
------------------------------------------------
N. SCHENDEL
S. HALLGRAN (HARTIG)

- 16 -