IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

JOHN GILBERT,                       )
                                    )
                Plaintiff,          )
                                    )
v.                                  )
                                    )
APC NATCHIQ, INC.,                  )
                                    )
                Defendant.          )  Case No.: 3:03-cv-00174-RRB
_____ )

### DEFENDANT APC NATCHIQ, INC.'S RESPONSES TO PLAINTIFF'S DISCOVERY REQUESTS OF FEBRUARY 17, 2006

Defendant, APC Natchiq, Inc. ("APC"), through its counsel, DeLisio Moran Geraghty & Zobel, P.C., objects to the interrogatories propounded on behalf of John Gilbert. According to Fed. R. Civ. P. 33, a party is limited to serving written interrogatories not exceeding 25 in number, including all discrete subparts. The interrogatories served are numbered 1 through 27, but contain a substantial number of subparts in addition. Thus, the interrogatories do not comply with Fed. R. Civ. P. 33. However, despite the violation of the rule, Defendant hereby responds to the Plaintiff's Discovery Requests of February 17, 2006.

#### INTERROGATORIES

**INTERROGATORY NO. 1:** If you deny Request for Admission No. 2 above, state each and every fact that supports your denial, including explanations of hours and percentage of time spent on

and calls for legal analysis/conclusion. The treatment of other supervisory employees is not likely to lead to the discovery of admissible evidence as to the classification of plaintiff's positions.

**INTERROGATORY NO. 20:** For each employee of Defendant listed in 19 above, state the employee's name, the category under which that employee's position is classified, whether exempt or non-exempt, supervisory or non-supervisory, the name of the position, and the methodology used to pay such employee for all hours worked.

**RESPONSE:** See response to Interrogatory No. 19.

**INTERROGATORY NO. 21:** From 1997 to present, describe how Materials Supervisors (and/or any supervisors) were paid for all hours they suffered or were permitted to work.

**RESPONSE:** Defendant objects on the grounds that the information requested is vague and not likely to lead to the discovery of admissible evidence. The treatment and payment of materials supervisors is not likely to lead to the discovery of evidence relevant to the issue of wages paid to plaintiff in the positions he held while employed with defendant.

**INTERROGATORY NO. 22:** For each employee that was paid "for all hours they were suffered or permitted to work," state the names, addresses, telephone numbers and titles of each such employees, dates and times worked, and number of hours worked by

each such employee, as well as the calculations used to pay and the methodology of calculation of payment.

**RESPONSE**: Defendant objects on the grounds that the information requested is vague, overly broad, unduly burdensome, not likely to lead to the discovery of admissible evidence, and calls for legal analysis/conclusion. The treatment of employees for all hours suffered or permitted to work is beyond the scope plaintiff's claims.

**INTERROGATORY NO. 23**: From 1997 to present, have any supervisory employees been compensated for hours worked in excess of:

 a)   10 hours per day?

 b)   11 ½ hours per day?

 c)   12 hours per day?

**RESPONSE**: Defendant objects on the grounds that the information requested is vague, overly broad, unduly burdensome, not likely to lead to the discovery of admissible evidence, and calls for legal analysis/conclusion. The compensation for any and all supervisory employees is beyond the scope of discovery. Without waiving said objections, the Safety Supervisor was a position created at the time plaintiff began employment in that capacity. Since plaintiff's employ, defendant has treated the Safety Supervisor position within HSE as an exempt position. Discovery is ongoing and defendant reserves the right to further

supplement its response.

**INTERROGATORY NO. 24**: State when and if employees of Defendant, who were paid at a day rate, were clearly advised by the employer of their daily rate and the minimum amount guaranteed each week for any work that is performed. State whether such advisement was in writing.

**RESPONSE**: Defendant objects on the grounds that the information requested is vague, overly broad, unduly burdensome, likely to lead to the discovery of admissible evidence, and within the control of plaintiff. The information requested, as it applies to all employees who were paid a day rate, is outside the scope of plaintiff's claims, and plaintiff should be aware of pay rate and information communicated to him. Without waiving said objections, defendant advised plaintiff in writing of his day rate and hours worked per week (see document no. APC 0020). The job vacancy announcement for the safety supervisor position noted that the rotation was two weeks on/two weeks off (see document nos. APC 0040 & APC0042). Discovery is ongoing and defendant reserves the right to further supplement its response

**INTERROGATORY NO. 25**: State whether or not any investigation was taken into the exempt/non-exempt status of the position of Safety Supervisor:

a)    From the beginning of time until 1997;