have something on black and white that we can nail down and examine at a future date.

> Q   Assuming Mr. Nelson asks you a question about the exemption of safety specialists back in 1997 or so, based on your practice would you say that you made that statement or statement of that nature to them at the time?
>
> A   I would certainly hope so, it is my practice.

Tab BB, C.D. p. 55, line 3 – p. 56, line 6.

> Q   All right, so just to be clear, not to be redundant, the answer to the question is yes, that it would be imprudent for an employer not to get a formal DOL opinion?
>
> A   I think it would be risky behavior.

Tab BB, C.D. p. 55, lines 2-12.

The department keeps a registry of wage and hour opinion letter which is available on the world wide web, the index of which is attached to this memorandum at Tab CC. There are approximately 158 opinion letters issued since 1982. Mr. Carr indicates that these opinion letters contain all the materials that the department relied upon in making its decision and the information before it is available for future reference. Tab BB, C.D. p. 8, lines 13-18, and *generally* C.D. p. 5, line 11 – p. 13, line 25.

Additionally, during the course of that testimony Mr. Carr notes that when speaking in reference to WHOL and other formal opinions:

> Those are the only types of formal opinions that we issue. We model this somewhat after the U.S. Department of Labor's administrative practice. They have private letter ruling and in some instances, like the IRS uses, and I imagine a lot of federal government agencies use those, that address specific situations as posed by someone, maybe an employer, maybe an employee.

Tab BB, C.D. p. 12, lines 20 – p. 13, line 1.

LAW OFFICES OF
KENNETH L. COVELL
712 8TH AVENUE
FAIRBANKS, ALASKA 99701
PHONE (907) 452-4377
FAX (907) 451-7802

Page 9 -   OPPOSITION TO MOTION FOR SUMMARY JUDGMENT RE STATUTE OF LIMITATIONS AND CROSS MOTION FOR SUMMARY JUDGMENT RE WILLFULNESS

## WARNINGS TO NELSON

Besides Carr's practice to give admonitions to people requesting opinion letters to "get in writing" and his admonition as noted in footnote 2, *supra*, in his letter of June 25th concerning the complicated nature of wage and hour regulation; Nelson was "warned" numerous times during the course of his inquiry as to the complicated nature of the wage and hour regulation. Referring to Tab AA, N.D., 38 at line 20, Nelson reads from some of the materials he was reviewing at the time:

    A    One of the more complex areas of the FLSA is its classification of certain employees as exempt or excluded from coverage by the overtime requirements or the law. An employee is presumed to be nonexempt, parenthesis, 'covered by the law and entitled to receive overtime pay', comma, 'unless the employee (sic) can show that the employee's job duties and meet certain criteria'.

    Q    Did you review that material when you did this review back in '96, '97? Did you read this paper, 163?

    A    I -- I sure did, sure.

    Q    Okay, and did you read the Forbes article which is perhaps — would you agree to paraphrase it is sort of says that this area is a quagmire that's a fair way to characterize that article. I don't really recall I haven't read it recently, but okay, it's kind of a watch out article isn't it?

    A    Oh, sure, that was my -- set my alarm bells off yes.

Tab AA, N.D. p. 38, lines 20 – p. 39, line 10.

Page 163 referred to therein is Plaintiff's Dep. Ex. 4, p. APC 0163.

Mr. Nelson was further asked during his deposition whether he looked at and consult the Code of Federal Regulations on his own to which he responded no. Tab AA, N.D. p. 52, lines 6-14.

Had Mr. Nelson or his counsel read the CFR's he may have encountered the interpretive text of 29 CFR § 5 541.207 read to him at his deposition (Tab AA, N.D. p. 52, line 15-22) which would have been an additional warning to Nelson. It says in part:

Page 10 - OPPOSITION TO MOTION FOR SUMMARY JUDGMENT RE STATUTE OF LIMITATIONS AND CROSS MOTION FOR SUMMARY JUDGMENT RE WILLFULNESS

LAW OFFICES OF
NNETH L. COVELL
712 8TH AVENUE
RBANKS, ALASKA 99701
HONE (907) 452-4377
FAX (907) 451-7802

> It has been most frequently misunderstood and misapplied by employees of [sic] cases involving the following:
>
> 1. confusion between the exercise of discretion and independent judgment and the of skill in applying techniques, procedures or specific standards;
>
> 2. misapplication of the term to employees making decisions making decisions relating to matter of little importance.

Another warning to Mr. Nelson concerning the problems in ascertaining exempt or nonexempt status is found at Tab 4 APC p. 0155, which states in part:

> Note the distinction between exempt and nonexempt can be very difficult to discern in certain cases if you have any doubt consult the U.S. Department of Labor and your attorney.

Tab AA, N.D. p. 69, lines 4-8. When inquired as to whether he ever consulted the U.S. Department of Labor he indicated no and inquired whether he ever consulted an attorney he answered no. Tab AA, N.D. p. 69, lines 11-13.

At the time Mr. Nelson was also warned by Mr. Boyle the head of Human Resources:

Additionally, he inquired concerning a letter from Mr. Boyle of April 4, 1997, Tab 4 APC p. 0182.

Mr. Boyle indicated

> I know this information may be more than you were looking for, but determining proper procedures under the federal and state wage and hour laws is very complex. In speaking with the department, they are often unclear on many issues related to exempt status. It appears case law rulings are often contradictory resulting in the uncertain application of the regulations. Of course this creates even more uncertainty for employers.

Tab AA, N.D. p. 69, lines 14-20. When Nelson was asked these statements and additional similar ones were a warning that he ought to be very careful in classifying employees, he answered "that's the way I interpreted it, yes". Tab AA, N.D. p. 70., lines 12-16.

Interestingly, given all these warnings and being aware of the intricacies of these issues Mr. Nelson chose not to obtain a written wage and hour opinion letter from either Randy Carr at the Alaska Department of Labor and/or United States Department of Labor and/or private counsel.

LAW OFFICES OF
NNETH L. COVELL
712 8TH AVENUE
BANKS, ALASKA 99701
HONE (907) 452-4377
FAX (907) 451-7802

Page 11 - OPPOSITION TO MOTION FOR SUMMARY JUDGMENT RE STATUTE OF LIMITATIONS AND CROSS MOTION FOR SUMMARY JUDGMENT RE WILLFULNESS

## ANALYSIS

Today we are faced with whether or not this conduct shows that "an employer disregarded the very internal 'possibility' that it was violating the statute". *Alvarez v. IBP*, p. 11 of 19, Lois Law Ed. Section VI, *citing Herman v. RSR Security Svs.*, 172 F.3d 132, 141 (2nd Cir. 1999). Illustrative of the reasons why the State Department of Labor, and Mr. Carr, and apparently the Federal Department of Labor; require written opinions in order to show good faith is demonstrated in this vary case. Mr. Nelson was asked why he obtained a formal opinion letter in this case about other positions, but not of the "Material Supervisor." He indicated there were changes in positions with foreman and warehouseman:

> Q   Okay, do you recollect which positions and what adjustments you might have made?
>
> A   The one that I ended up telling the superintendent to change were the warehouse, its foremen and warehousemen
>
> A   And they got changed from?
>
> Q   Exempt to nonexempt.

Tab AA, N.D. p. 26, lines 9-14.

Further discussion concerning the determination letter for warehousemen begins at page 37, line 11 indicating that the warehousemen were adamant that they were professionals and inferred that they wanted to be classified as exempt hence he got the opinion letter from Mr. Carr. Tab AA, N.D. p. 37 line 11 – p. 38, line 2. What's troubling about this statement of Mr. Nelson is that WHOL No. 122 concerns "Material Supervisor" not a warehouseman, and it shows that the material supervisor can be classified exempt, as opposed to nonexempt. Therefore, by historical fact and records kept in a regular business of the Department of Labor, Mr. Nelson's testimony in regard to his reasoning and actions at the time, is unquestionably incorrect.

Page 12 - OPPOSITION TO MOTION FOR SUMMARY JUDGMENT RE STATUTE OF LIMITATIONS AND CROSS MOTION FOR SUMMARY JUDGMENT RE WILLFULNESS

LAW OFFICES OF
ENNETH L. COVELL
712 8TH AVENUE
FAIRBANKS, ALASKA 99701
PHONE (907) 452-4377
FAX (907) 451-7802

## WHAT CONCLUSIONS CAN WE DRAW FROM MR. NELSON'S FACTUALLY INCORRECT TESTIMONY?

Based upon a review of the index for opinion letters, it does not indicate there is an WHOL that concerns warehousemen or positions of that nature; when reviewed in total and/or examined around the time of June 26, 1997 when wage and hour opinion letter concerning "Material Supervisors" was issued. This testimony illustrates the very reason why the State Department of Labor only issues a formal opinion letter. If one attempted to rely upon the misrecollection of the individuals such as Mr. Nelson, and the recollections of Mr. Carr about purported determinations made six or seven years ago, the court would find that no reliable determinations can be made.

One could draw the conclusion that Mr. Nelson is being purposely untruthful. Putting that possibility aside the other conclusion is that Mr. Nelson is seriously misrecollecting the situation. If he remembers getting a formal opinion letter about warehouseman being classified as a nonexempt, when in fact it appears that he got a letter about a "Material Supervisor" being classified as exempt, any of his recollections about his conversations with Mr. Carr simply cannot be relied upon. At the time of his deposition he really did not recall what he told Mr. Carr the safety specialist job duties were. That in and of itself would made any reliance upon how Mr. Carr's purported opinion about the exempt or nonexempt status of safety specialist unreliable. However, given this painfully clear illustration of why memory ought not to be relied about upon in a situation such as this, the court can only reach the conclusion that the necessary steps were not taken to ensure that APC was not subject to the very possibility that it was violating the Wage and Hour Act.

APC has employed numerous safety specialists over the years and is not difficult to envision class action suit over a matter such as this ranging into the millions of dollars. *See* Zuber Affidavit in Support of Cross Motion for Summary Judgment on the Issues of Willfulness and Good Faith, Ex. DD.

LAW OFFICES OF
ENNETH L. COVELL
712 8TH AVENUE
RBANKS, ALASKA 99701
HONE (907) 452-4377
FAX (907) 451-7802

Page 13 - OPPOSITION TO MOTION FOR SUMMARY JUDGMENT RE STATUTE OF
LIMITATIONS AND CROSS MOTION FOR SUMMARY JUDGMENT RE WILLFULNESS

<u>IS IT RECKLESS DISREGARD OF THE POSSIBLE VIOLATION UNDER THE FLSA FOR A BUSINESS WITH THE POTENTIAL LIABILITY IN EXCESS OF MILLIONS OF DOLLARS TO RELY UPON A "ORAL OPINION" OTHERWISE UNCOMMEMERATED WHEN IT MAY BE AT RISK FOR SUCH SUBSTANTIAL SUMS</u>

A fair minded person would have to answer the question yes, its reckless conduct on behalf of APC.

The reasonable steps that a subjectively reasonable business person would take under these circumstances would be to obtain the written opinion letter, which the system makes available to it for this very purpose.

<u>DEFENSE OF GOOD FAITH RELIANCE ON ADMINISTRATIVE REGULATION</u>

**§ 790.13 General nature of defense** indicates:

(a) Under the provisions of sections 9 and 10 of the Portal Act, an employer has a defense against liability or punishment in any action or proceeding brought against him for failure to comply with the minimum wage and overtime provisions of the Fair Labor Standards Act, where the employer pleads and proves that 'the act or omission complained of was in good faith in conformity with and in reliance of any administrative regulation, order, ruling, approval, or interpretation' or 'any administrative practice or enforcement policy * * * with respect to the class of employers to which he belonged.' In order to provide a defense with respect to acts or commission occurring on or after May 14, 1947 (the effective date of the Portal Act), the regulation, order, ruling, approval, interpretation, administrative practice or enforcement policy relied upon and conformed with must be that of the 'Administrator of the Wage and Hour Division of the Department of Labor,' and <u>a regulation, order, ruling, approval, or interpretation of the Administrator may be relied on only if it is in writing</u>.

From this CFR, it appears that a good faith defense under the federal act cannot be relied upon unless it is in writing. The reasons for such a regulation, the plaintiff suggests, are abundantly clear based upon the facts of this case.

Page 14 - OPPOSITION TO MOTION FOR SUMMARY JUDGMENT RE STATUTE OF LIMITATIONS AND CROSS MOTION FOR SUMMARY JUDGMENT RE WILLFULNESS

LAW OFFICES OF
NNETH L. COVELL
712 8TH AVENUE
BANKS, ALASKA 99701
HONE (907) 452-4377
FAX (907) 451-7802

## THE STATE ACT

As far as the State Act goes, there is no good faith unless inquires are made into Alaska law AS 23.10.100(d). Defendant suggests arguably in this instance no inquiry was made into Alaska law, while Mr. Carr may be a knowledgeable individual is not an attorney.

Even if oral inquiry of Mr. Carr can be considered an inquiry under Alaska law, while the inquiry was made, the court can find that no comprehensive response was made; as it is Carr's practice to inquires, that if they want a formal opinion they need to get it in writing.

## CONCLUSION

Based upon the foregoing, plaintiff asks the court to reach the following conclusions. The issue of good faith is one which the defendant carries the burden of proof and the defendant has advanced no facts which show that it acted in good faith. Under the federal standard a writing is required, and there is no writing. Under the state standard, it may not be as clearly laid out as under the federal standard, plaintiff would suggest a writing ought to be required, and no writing is found. Additionally, a further examination of the evidence shows that by clear and convincing evidence it is insufficient to substantiate a good faith defense.

Under the federal standard of willfulness the evidence advanced by plaintiff is not in dispute, and it shows that defendant "recklessly disregarded the very possibly that it was violating the statute," by failing to get a written opinion.

Respectfully submitted this 18th day of September, 2003 at Fairbanks, Alaska.

LAW OFFICES OF KENNETH L. COVELL
Attorneys for the Plaintiff

By: _____
KENNETH L. COVELL
Attorney No. 8611103

LAW OFFICES OF
KENNETH L. COVELL
712 8TH AVENUE
FAIRBANKS, ALASKA 99701
PHONE (907) 452-4377
FAX (907) 451-7802

Page 15 - OPPOSITION TO MOTION FOR SUMMARY JUDGMENT RE STATUTE OF LIMITATIONS AND CROSS MOTION FOR SUMMARY JUDGMENT RE WILLFULNESS

This is to certify that a copy of the foregoing has
been MAILED to the following attorney(s)
and/or parties of record:

    Gregory Youngmun
    943 W. 6th Ave
    Anchorage, AK 99501-2033

By: _Katie Groff_    9/18/03
Katie Groff for the Law Office of Kenneth L. Covell

Page 16 - OPPOSITION TO MOTION FOR SUMMARY JUDGMENT RE STATUTE OF LIMITATIONS AND CROSS MOTION FOR SUMMARY JUDGMENT RE WILLFULNESS

LAW OFFICES OF
KENNETH L. COVELL
712 8TH AVENUE
FAIRBANKS, ALASKA 99701
PHONE (907) 452-4377
FAX (907) 451-7802

# INDEX

*Ronald E. Zuber v. APC Natchiq, Inc.*

| | |
|---|---|
| AA | Deposition of Mark Nelson |
| BB | Deposition of Randy Carr |
| CC | Labor and Standards and Safety Division Opinion Letters |
| DD | Plaintiff Zuber's Affidavit in Support of Cross Motion for Summary Judgment on the Issues of Willfulness and Good Faith |
| 1 | APC Job Description (Job #2626) |
| 2 | Job Vacancy Announcement |
| 3 | Memorandum in Support of Defendant's Motion for Partial Summary Judgment re Statute of Limitations |
| 4 | Defendant's First Supplemental Responses to Plaintiff's First Discovery Requests |
| 5 | Part 541 |