RECEIVED
AUG 04 2003
Ans'd

Gregory L. Youngmun, Esq.
DeLISIO MORAN GERAGHTY & ZOBEL, P.C.
943 West 6th Avenue
Anchorage, Alaska 99501
(907) 279-9574

Attorneys for APC NATCHIQ, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

RONALD E. ZUBER, )
 )
 Plaintiff, )
 )
v. ) Case No.: A03-0052 CV (RRB)
 )
APC NATCHIQ, INC., )
 )
 Defendant. )

## MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT RE: STATUTE OF LIMITATIONS

### I. Introduction

Defendant APC Natchiq, Inc. ("APC Natchiq") employed plaintiff Ronald E. Zuber ("Zuber") as a Safety Specialist at Kuparuk, Alaska from October 7, 1996 through January 16, 2001 at which time Zuber voluntarily quit his employment. Second Amended Complaint at ¶ 4. Zuber generally worked seven days per week and 11.5 hours per day and was paid a pre-determined daily rate for each day he worked regardless of the number of hours worked. Beginning in 1999, Zuber's daily rate was $350.00 and in October 2000, his daily rate was increased to $375.00. APC

DELISIO MORAN
GERAGHTY & ZOBEL, P.C.
3 WEST 6TH AVENUE
ANCHORAGE, ALASKA
99501-2033
(907) 279-9574

#72086 v1 - Defendant's Memo for PSJ re Statute of Limitations
Case No.: A03-0052 CV; Page 1 of 8


Boyle DEPOSITION EXHIBIT #3

Natchiq's position is that Mr. Zuber was an exempt administrative or professional employee, and thus was exempt from the overtime pay requirements of Alaska's Wage and Hour Act and the Fair Labor Standards Act. Even if Zuber were eventually found to be entitled to recover overtime wages, his recovery would be limited to those amounts allegedly due from September 25, 2000 until January 16, 2001, his last day of work.

On February 27, 2003, Zuber filed a Second Amended Complaint again alleging that APC Natchiq violated both state and federal overtime wage and hour law. Although generally claims for overtime compensation under the Fair Labor Standards Act ("FLSA") must be brought within two years after the cause of action accrued, a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued. 29 USC § 255(a). Zuber's claim that the three-year limitations period applies, rather than the two-year period, is without merit since there is no evidence that APC Natchiq willfully violated the FLSA. Accordingly, the two-year statute of limitation period applies to Zuber's claims under the FLSA.[1] Zuber's overtime wage claims brought pursuant to the FLSA seeking overtime more than two years prior to the date of filing

---

[1] Zuber's claims under the Alaska Wage and Hour Act ("ANHA") are also subject to a two-year statute of limitations. AS 23.10.130.

DELISIO MORAN
GRAGHTY & ZOBEL, P.C.
943 WEST 6TH AVENUE
ANCHORAGE, ALASKA
99501-2033
(907) 279-9574

#72086 v1 - Defendant's Memo for PSJ re Statute of Limitations
Case No.: A03-0052 CV; Page 2 of 8

the Complaint (September 25, 2002) are time-barred and should be dismissed.

## II. Standard of Review

Pursuant to Federal R. Civ. P. 56(b), a party against whom a claim is asserted may move for summary judgment in the party's favor as to all or any part thereof. Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Rule 56(c). See also Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). When a motion for summary judgment is made, the non-moving party must set forth specific facts showing there is genuine issue remaining for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986).

A ruling on the appropriate statute of limitations presents a question of law for the court to decide. Mann v. American Airlines, 324 F.3d 1088, 1090 (9th Cir. 2003)(citing Underwood Cotton Co., Inc. v. Hyundai Merch. Marine (Am.), Inc., 288 F.3d 405, 407 (9th Cir. 2002)). In the instant case, no genuine issue of material fact exists and APC is entitled to judgment as a matter of law.

DELISIO MORAN
GERAGHTY & ZOBEL, P.C.

3 WEST 6TH AVENUE
ANCHORAGE, ALASKA
99501-2033

(907) 279-9574

#72086 v1 - Defendant's Memo for PSJ re Statute of Limitations
Case No.: A03-0052 CV; Page 3 of 8

III. **Argument**

Zuber's asserted overtime wage claim brought pursuant to the FLSA is governed by the two-year statute of limitations since there is no evidence that APC Natchiq willfully violated the Act. 29 USC § 255(a) provides:

> Any action commenced on or after May 14, 1947, to enforce any cause of action for unpaid minimum wages, unpaid overtime compensation, or liquidated damages, under the Fair Labor Standards Act of 1938, as amended. . .
> (a) if the cause of action accrues on or after May 14, 1947 – may be commenced within two years after the cause of action accrued, and every such action shall be forever barred unless commenced within two years after the cause of action accrued, except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued.

Interpreting this provision, the U.S. Supreme Court has held that ordinary violations of the FLSA are subject to the general 2-year statute of limitations. To obtain the benefit of the 3-year exception, the plaintiff must prove that the employer's conduct was "willful." McLaughlin v. Richland Shoe Company, 486 U.S. 128, 135 (1988). In McLaughlin, the court adopted the same standard of "willfulness" as employed in Trans World Airlines, Inc. v. Thurston, 469 U.S. 111 (1985)–that the employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute. Id. at 133.

DELISIO MORAN
GERAGHTY & ZOBEL, P.C.
3 WEST 6TH AVENUE
ANCHORAGE, ALASKA
99501-2033

(907) 279-9574

#72086 v1 - Defendant's Memo for PSJ re Statute of Limitations
Case No.: A03-0052 CV; Page 4 of 6

Applying McLaughlin, the Ninth Circuit reversed the district court's imposition of the three years statute of limitations in Services Employees International Union v. County of San Diego, 60 F.3d 1346, 1355-1356 (9th Cir. 1994) since the Court was unable to identify any knowing or reckless conduct on behalf of the County. Rather, the Court concluded that the County relied on substantial legal authority as well as consulted experts and the Department of Labor in an attempt to comply with the law. Id. See also Pautlitz v. City of Naperville, 127 Lab. Cas. P 33,075, 1994 WL 22963 (N.D.Ill. 1994)(unreported in F.Supp.)(court granted defendant's motion for summary judgment holding that the two year limitation period applied concluding that plaintiffs produced no evidence of willfulness and evidence showed that the defendant made reasonable attempts to comply with the law).

Likewise, in the instant case, even if Zuber were found to be owed any overtime wages, there is no evidence of willfulness on the part of APC Natchiq. To the contrary, in late 1996 and 1997, APC Natchiq undertook a comprehensive evaluation and analysis of the exempt classification of a number of APC Natchiq positions, including the Safety Specialist position. Mark Nelson, who was then employed with Alaska Petroleum Contractors Inc. as Operations Manager, consulted with Randy Carr, Chief

DELISIO MORAN
~~AGHTY & ZOBEL, P.C.

WEST 6TH AVENUE
ANCHORAGE, ALASKA
99501-2033

(907) 279-9574

#72086 v1 - Defendant's Memo for PSJ re Statute of Limitations
Case No.: A03-0052 CV; Page 5 of 8

Labor Standards for the Alaska Department of Labor, to obtain general assistance in making determinations as to overtime exemptions. Exhibit A, Affidavit of Nelson at ¶ 5. Mr. Nelson also reviewed regulations defining the administrative, executive, professional, supervisor and outside salesman exemptions; he reviewed charts to determine the exempt status of employees and he reviewed various articles regarding wage and salary compliance. Id.

With regard to the Safety Specialist position, Mr. Nelson's analysis also included a review of the Safety Specialist job description and a discussion with Robert Cannon, who was employed at that time as APC's Senior Specialist, regarding the job duties performed by Safety Specialists. Id. at ¶ 6. Mr. Nelson specifically evaluated whether the Safety Specialist position met the "administrative" or "professional" employee test. Id., Attachment 7. Based on the duties performed by the Safety Specialist and the fact that Safety Specialists have specialized training and knowledge and work independently on a day-to-day basis without direct supervision, Mr. Nelson concluded that Safety Specialists are bona fide administrative or professional employees exempt from overtime.

Thus, the undisputed evidence demonstrates that APC Natchiq consulted with the Department of Labor, reviewed the wage and

DELISIO MORAN
GERAGHTY & ZOBEL, P.C.

3 WEST 5TH AVENUE
ANCHORAGE, ALASKA
99501-2033

(907) 279-9574

#72086 v1 - Defendant's Memo for PSJ re Statute of Limitations
Case No.: A03-0052 CV; Page 6 of 8