hour regulations and performed a comprehensive analysis to determine whether the Safety Specialist position is exempt from the overtime wage requirements in an effort to comply with wage and hour law. There is no evidence that APC Natchiq either knew or showed reckless disregard as to whether its conduct violated the AWHA or the FLSA. Accordingly, the two-year statute of limitation period applies in this case as a matter of law.

## IV. Conclusion

For the reasons discussed above, APC Natchiq respectfully requests this court to grant its motion for partial summary judgment. The two-year statute of limitations applies to plaintiff's claims for overtime compensation, if any, under the FLSA and therefore, plaintiff's claims under the FLSA which seek overtime compensation more than two years prior to the date of filing the Complaint (September 25, 2002) are time-barred and should be dismissed.

RESPECTFULLY SUBMITTED this 1st day of August, 2003, at Anchorage, Alaska.

DeLISIO MORAN GERAGHTY & ZOBEL, P.C.
Attorneys for Defendant

By: *[signature]*
Gregory L. Youngmun
Bar No. 8310160

By: *[signature]*
Sarah Diemer Moyer
Bar No. 9511070

DeLISIO MORAN GERAGHTY & ZOBEL, P.C.
WEST 6TH AVENUE
ANCHORAGE, ALASKA
99501-2033
(907) 279-9574

#72086 v1 - Defendant's Memo for PSJ re Statute of Limitations
Case No.: A03-0052 CV; Page 7 of 8

This is to certify that a true
copy of the foregoing was mailed
this /st day of August, 2003,
to the following:

Kenneth L. Covell
712 8th Avenue
Fairbanks, AK 99701

By _____
Gregory L. Youngmun

DELISIO MORAN
GAGHTY & ZOBEL, P.C.

WEST 8TH AVENUE
ANCHORAGE, ALASKA
99501-2033

(907) 279-9574

#72086 v1 - Defendant's Memo for PSJ re Statute of Limitations
Case No.: A03-0052 CV; Page 8 of 9

Gregory L. Youngmun, Esq.
DeLISIO MORAN GERAGHTY & ZOBEL, P.C.
943 West 6th Avenue
Anchorage, Alaska 99501
(907) 279-9574

Attorneys for APC Natchiq, Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| RONALD E. ZUBER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.: A03-0052 CV (RRB) |
| | ) |
| APC NATCHIQ, INC., | ) |
| | ) |
| Defendant. | ) |

### AFFIDAVIT OF MARK C. NELSON

STATE OF ALASKA        )
                       ) ss.
THIRD JUDICIAL DISTRICT )

Mark C. Nelson being first duly sworn upon oath, deposes and states as follows:

1. My name is Mark C. Nelson and I am employed with ASRC Energy Services, Operations and Maintenance Inc. as its President.

DeLISIO MORAN
GERAGHTY & ZOBEL, P.C.
943 WEST 6TH AVENUE
ANCHORAGE, ALASKA
99501-2033
(907) 279-9574

#72162 v2 - Affidavit of Mark Nelson re Statute of Limitations
Case No.: A03-0052 CV; Page 1 of 4

EXHIBIT A

2. I am the age of majority, competent to make this affidavit, and have personal knowledge of all facts set forth herein.

3. APC Natchiq, Inc. is the successor to Alaska Petroleum Contractors Inc. and is a subsidiary of ASRC Energy Services. In 1996 and 1997, I was employed with Alaska Petroleum Contractors Inc. ("APC") as Operations Manager.

4. In December 1996, after reading an article in Forbes Magazine regarding liability for unpaid overtime, I decided that certain APC positions should be re-evaluated to ensure that they were properly classified as exempt from overtime. I also questioned whether compensating employees on the basis of a day rate is appropriate. See Attachment 1. The day rate question was forwarded to Chris Boyle, Natchiq, Inc. Human Resource Director, who responded on April 4, 1997 that based on federal law and the opinion of the Alaska Department of Labor, exempt employees may be paid a day rate provided that certain conditions are satisfied. See Attachment 2.

5. In late 1996 and 1997 I performed an analysis of various positions, including the Safety Specialist position, to determine whether the position was correctly classified as exempt. My analysis included the following: telephone discussion with Randy Carr, Chief Labor Standards for the Alaska

DELISIO MORAN
TAGHTY & ZOBEL, P.C.

943 WEST 6TH AVENUE
ANCHORAGE, ALASKA
99501-2033

(907) 279-8574

#72162 v2 - Affidavit of Mark Nelson re Statute of Limitations
Case No.: A03-0052 CV; Page 2 of 4

Department of Labor, to obtain general assistance in making determinations as to overtime exemptions (Attachment 3); review of regulations defining administrative, executive, professional, supervisors, and outside salesman (Attachment 4); review of charts to determine exempt status of employees (Attachment 5); and review of various articles regarding wage and salary compliance (Attachment 6).

6. My analysis of the Safety Specialist position also included, in addition to the analysis discussed in paragraph 5, a review of the Safety Specialist job description (Attachment 7); a discussion with Robert Cannon, who was employed at that time as APC's Senior Specialist, regarding the job duties performed by Safety Specialists; and an evaluation of whether the Safety Specialist position met the "administrative" and "professional" employee test. See Attachment 8. Based on the duties performed by Safety Specialists, which include accident investigations and reports, job hazard analyses, leading safety meetings, providing safety training, and drafting procedures, the fact that Safety Specialists have specialized training and knowledge, work independently on a day-to-day basis without direct supervision, are the "eyes and ears" of the company with regard to safety, and indeed, workers' lives depend upon determinations made by Safety Specialists, I concluded that

DELISIO MORAN
VGHTY & ZOBEL, P.C.

943 WEST 6TH AVENUE
ANCHORAGE, ALASKA
99501-2033

(907) 279-9574

#72162 v2 - Affidavit of Mark Nelson re Statute of Limitations
Case No.: A03-0052 CV; Page 3 of 4

Safety Specialists are bona fide administrative or professional employees exempt from overtime.

7. In addition to the review of the information and documents discussed above regarding overtime compensation, at the time I made the determination that the Safety Specialist position is exempt from overtime in late 1996 and 1997, I had taken various in-house seminars which included wage and hour legal issues.

DATED this 1st day of August, 2003

_____
Mark C. Nelson

SUBSCRIBED AND SWORN to before me this 1st day of August, 2003.

_____
Notary Public in and for Alaska
My Commission Expires: 12/25/05

DELISIO MORAN
HAGHTY & ZOBEL, P.C.

943 WEST 6TH AVENUE
ANCHORAGE, ALASKA
99501-2033

(907) 279-9574

#72162 v2 - Affidavit of Mark Nelson re Statute of Limitations
Case No.: A03-0052 CV; Page 4 of 4