employee's weekly hours to activities which are not directly and closely related to administrative, executive or professional work.

8 AAC 15.910(a)(7).

A professional employee is defined as an employee

1) whose primary duty is

   a) to perform work requiring knowledge of or an advanced type in a field of science or learning customarily acquired by a prolonged course of specialized intellectual instruction and study, as distinguished from a general academic education or from an apprenticeship or from training in the performance of routine mental, manual, or physical processes, or

   b) to perform work that is original and creative in character in a recognized field of artistic endeavor (as opposed to work which can be produced by a person with general manual or intellectual ability and training), and the result of which depends primarily on the invention, imagination, or talent of the employee, or

   c) to teach, tutor, instruct or lecture in the activity of imparting knowledge and who is employed and engaged in this activity as a teacher certified or recognized as such in a school or other educational establishment or institution; and

2) whose work

10

    a) requires the consistent exercise of discretion and judgment in its performance,

    b) is predominantly intellectual and varied in character (as opposed to routine mental, manual, mechanical, or physical work) and is of such character that the output produced or the results accomplished cannot be standardized on a time basis, and

    c) is compensated on a salary or fee basis.

8 AAC 15.910(a)(11).

Persons employed in a supervisory capacity are defined as those whose:

> primary duties performed by an employee who is employed solely for the purpose of regularly assigning and directing the activities of other employees; and is responsible for results of the work performed; and who does not perform duties regularly performed by the employees supervised, except for brief periods of time not to exceed 20% of the hours worked in the work week; for the purpose of AS 23.10.060 "supervisory capacity" does not apply to an employee required by the employer to perform those activities on an intermittent or substitute basis during the course of employment.

8 AAC 15.910(a)(14).

A salesman employed on a straight commission basis is defined as a person:

    1) who is regularly employed on the business premises of the employer;

    2) who is compensated on a straight commission basis for the purpose of making sales, contracts for sales, consignments, or shipments for sale

11

er for obtaining orders for services or the use of facilities for which a consideration will be paid by the client or customer; and

3) whose hours of work of a nature other than that described in this paragraph or in the definition of outside salesman do not exceed 20% of the hours worked in the work week.

8 AAC 15.910(a)(12).

An outside salesman is defined as a person:

1) who is customarily and regularly away from the employer's place of business;

2) who is employed for the purpose of making sales, contracts for sales, consignments, or shipment for sale, or from obtaining orders for service or for use of facilities for which consideration will be paid by the client or customer; and

3) whose hours of work of a nature other than that described in this paragraph or as defined by straight commission salesperson do not exceed 20% of the hours worked in the work week.

8 AAC 15.910(a)(10).

Employers must take great pains to ensure that the employees they classified as administrative, executive, professional, supervisory, straight commission salespersons or outside salespersons meet the regulatory definitions. If they do not, the employer will be faced with significant liability for overtime for hours worked in excess of eight hours a day or forty hours per week.

## 10. THE COMPUTER PROFESSIONAL EXEMPTION

In November, 1990, Congress passed a provision requiring the Department of Labor to enact a regulation that would exempt certain computer professionals from the overtime

12

APC0188

provisions of the Fair Labor Standards Act. The final rule implementing this provision was enacted in October, 1992. It is aimed at certain highly skilled workers such as computer programmers, systems analysts, computer programmer analysts, application programmers, software engineers, software specialists, systems engineers and systems specialists.

The employee's primary duty must consist of one or more of the following duties:

1. The application of systems analysis techniques and procedures, including consulting with users, to determine hardware, software, or system functional specifications;

2. The design, development, documentation, analysis, creation, testing, or modification of computer systems or programs, including prototypes, based on [and] related to use or system design specifications;

3. The design, documentation, testing, creation or modification of computer programs related to machine operating systems; or

4. A combination of the aforementioned duties, the performance of which requires the same level of skills.

The exemption applies only to highly skilled employees who have achieved a level of proficiency in the theoretical and practical application of a body of highly specialized knowledge in computer systems analysis, programming, and software engineering. It does not include trainees or employees in entry level positions learning to become proficient in those areas or to employees in computer related occupations who have not attained a level of skill and expertise that allows them to work independently without close supervision. Although employees who would qualify for this exemption generally have a bachelors degree or higher, the regulations do not specify any particular academic degree and there is no requirement for any specific license or certification such as is required for learned professions such as accounting, law and medicine.

Significantly, the exemption does not include employees who simply operate computers or those engaged in the manufacture, repair or maintenance of computer hardware and related equipment. Further, the regulation also excludes highly skilled employees such as engineers, drafters and

13

others whose work is greatly facilitated by or depends upon sophisticated computer programs such as CAD/CAM, but who are not in computer systems analysis and programming occupations.

Employers should note that computer professionals may be paid on a salary or on an hourly basis. If the employees are paid on an hourly basis, hourly pay must be at least 6 1/2 times the minimum wage.

## 11. ILLEGAL DEDUCTIONS II

Both federal and state laws require that exempt salaried employees be paid on a bona fide salary basis in order to maintain exempt status. Under federal law, a salaried employee must receive "a predetermined amount constituting all or part of his [or her] compensation, which amount is not subject to reduction because of variations in the quality or quantity of the work performed." 29 CFR § 541.118(a).

### A. Compensatory Time

#### 1. Private Employers.

Overtime pay earned should be actually paid. Allowing "comp time" (paid time off work) in lieu of overtime pay (money) is illegal in Alaska. Employers who have a "comp time" policy which defers payment for overtime and allows it to accumulate to a future unspecified date, to be taken as paid time off, are risking overtime pay liability. "Comp time" is not a legal substitute for overtime pay (money).

The FLSA has no provision for "comp time." An employer **must** pay for overtime compensation as it is earned. Employers **may not** credit an employee with compensatory time, even at time and one-half overtime rates for overtime earned but allowed to be taken at some later date after the end of the pay period in which the overtime was earned.

#### 2. Public Employers.

The Ninth Circuit recently ruled that the "salary basis" test is invalid as it applied to the public sector. <u>Service Employ. Union Local 102 v. San Diego</u>, 35 F.3d 483 (9th Cir. 1994). The rationale being that public employers are constrained by pay systems based on public accountability, "governmental employees should not be paid for time not worked due to the need to be accountable to the taxpayers for expenditures of public funds." Accordingly, public employees,

14

others whose work is greatly facilitated by or depends upon sophisticated computer programs such as CAD/CAM, but who are not in computer systems analysis and programming occupations.

Employers should note that computer professionals may be paid on a salary or on an hourly basis. If the employees are paid on an hourly basis, hourly pay must be at least 6 1/2 times the minimum wage.

## 11. ILLEGAL DEDUCTIONS II

Both federal and state laws require that exempt salaried employees be paid on a bona fide salary basis in order to maintain exempt status. Under federal law, a salaried employee must receive "a predetermined amount constituting all or part of his [or her] compensation, which amount is not subject to reduction because of variations in the quality or quantity of the work performed." 29 CFR § 541.118(a).

### A. Compensatory Time

#### 1. Private Employers.

Overtime pay earned should be actually paid. Allowing "comp time" (paid time off work) in lieu of overtime pay (money) is illegal in Alaska. Employers who have a "comp time" policy which defers payment for overtime and allows it to accumulate to a future unspecified date, to be taken as paid time off, are risking overtime pay liability. "Comp time" is not a legal substitute for overtime pay (money).

The FLSA has no provision for "comp time." An employer must pay for overtime compensation as it is earned. Employers may not credit an employee with compensatory time, even at time and one-half overtime rates for overtime earned but allowed to be taken at some later date after the end of the pay period in which the overtime was earned.

#### 2. Public Employers.

The Ninth Circuit recently ruled that the "salary basis" test is invalid as it applied to the public sector. Service Employ. Union Local 102 v. San Diego, 35 F.3d 483 (9th Cir. 1994). The rationale being that public employers are constrained by pay systems based on public accountability, "governmental employees should not be paid for time not worked due to the need to be accountable to the taxpayers for expenditures of public funds." Accordingly, public employees,

14