Gregory L. Youngmun, Esq.
DeLISIO MORAN GERAGHTY & ZOBEL, P.C.
943 West 6th Avenue
Anchorage, Alaska 99501
(907) 279-9574

RECEIVED
JUL 21 2003
Ans'd............

Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| RONALD E. ZUBER, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Case No.: A03-0052 CV (RRB)<br>) |
| APC NATCHIQ, INC., | )<br>) |
| Defendant. | )<br>) |

## DEFENDANT'S FIRST SUPPLEMENTAL RESPONSES TO PLAINTIFF'S FIRST DISCOVERY REQUESTS

Defendant APC Natchiq, Inc. ("APC"), by and through counsel, hereby supplements its responses to Plaintiff Ronald Zuber's First Discovery Requests to APC Natchiq, Inc. as follows:

### INTERROGATORIES

**INTERROGATORY No. 4:** State whether a determination has been made that the Plaintiff (or the position occupied by him) is exempt from the overtime requirements of the FLSA and/or the

DELISIO MORAN
GHTY & ZOBEL, P.C.
943 WEST 6TH AVENUE
ANCHORAGE, ALASKA
99501-2093

(907) 279-9574

#72161 v1 - Defendant's First Supplemental Response to Discovery Requests
Case No.: A03-0052 CV; Page 1 of 5

Boyle
DEPOSITION
EXHIBIT

AWHA, and if so, state when such determination was made, explain in detail how such determination was made, identify all information considered in making that determination, identify the person who made the determination and the person most knowledgeable about the determination, and identify all meetings, communications and documents relating to such determination.

**ANSWER:** Defendant objects to Interrogatory No. 5 to the extent it calls for the disclosure of attorney-client communications and/or attorney-work product. Defendant further objects on the basis that it is vague and ambiguous and overbroad. Without waiving the aforementioned objections, Defendant answers as follows: A determination was made in approximately late 1996 and 1997 by Mark Nelson, APC Natchiq, Inc. President, that the Safety Specialist position qualifies as an administrative or professional position and thus, is exempt from overtime.

Beginning in late 1996 and continuing into 1997, Mr. Nelson evaluated the exempt/non-exempt classification of those positions which were being compensated on the basis of a day rate, including the Safety Specialist position. In making his determination that the Safety Specialist position is exempt from overtime, Mr. Nelson recalls that he reviewed the job

DELISIO MORAN
G------GHTY & ZOBEL, P.C.

WEST 6TH AVENUE
ANCHORAGE, ALASKA
99501-2033

(907) 279-9574

Case No.: A03-0052 CV; Page 2 of 5

description for the Safety Specialist position; discussed the job duties performed by Safety Specialists with Robert Cannon, who was then employed as Senior Specialist; had a telephone discussion with Randy Carr, Chief Labor Standards, to obtain general assistance in making determinations as to overtime exemptions for various positions, including Safety Specialist; reviewed regulations defining administrative, executive, professional, supervisors, and outside salesman; reviewed various articles regarding wage and salary compliance; discussed the payment of a day rate to exempt employees with Chris Boyle; and analyzed whether the Safety Specialist position met the professional and administrative tests and concluded that they did. Documents relating to Mr. Nelson's determination are attached. See APC0137-APC0212.

**INTERROGATORY NO. 6:** Identify any person from whom advice or guidance was sought in any such determination of exempt status.

**ANSWER:** Defendant objects to Interrogatory No. 6 to the extent it calls for the disclosure of attorney-client communications and/or attorney-work product. Without waiving the aforementioned objection, Defendants answers as follows: See Answer to Interrogatory No. 6. Mark Nelson sought advice and/or guidance from Randy Carr, Chief Labor Standards, Chris Boyle,

DELISIO MORAN
HTY & ZOBEL, P.C.

943 WEST 6TH AVENUE
ANCHORAGE, ALASKA
99501-2033

(907) 279-9574

#72161 v1 - Defendant's First Supplemental Response to Discovery Requests
Case No.: A03-0052 CV; Page 3 of 5

Robert Cannon, Nancy Williams ARCO Alaska, Inc. human resource department, and Louann (last name unknown) ARCO Alaska, Inc. payroll department.

Dated this 16th day of July, 2003, at Anchorage, Alaska.

DeLISIO MORAN GERAGHTY & ZOBEL, P.C.
Attorneys for APC Natchiq, Inc.

By: *[signature]*
Gregory L. Youngmun
Bar No. 8310160

This is to certify that a true copy of the foregoing was mailed this 16th day of July, 2003, to the following:

Kenneth L. Covell
712 8th Avenue
Fairbanks, AK 99701

By *[signature]*
Gregory L. Youngmun

DeLISIO MORAN
GHTY & ZOBEL, P.C.

943 WEST 6TH AVENUE
ANCHORAGE, ALASKA
99501-2033

(907) 279-9574

#72161 v1 - Defendant's First Supplemental Response to Discovery Requests
Case No.: A03-0052 CV; Page 4 of 5

## VERIFICATION

STATE OF ALASKA        )
                       ) ss.
THIRD JUDICIAL DISTRICT )

I, _____, _____ for ASCG Incorporated, being first duly sworn, under oath, and deposes and states as follows:

I am the person above named; I have read the foregoing Responses to Interrogatories and understand the contents thereof; I have executed it as the free and voluntary act and deed for the purpose set forth therein; and I verify that the same is true of my own knowledge and belief.

Dated this _____ day of _____, 2003.

_____

Its: _____

SUBSCRIBED AND SWORN to before me this _____ day of _____, 2003.

_____
Notary Public, State of AK
My Commission Expires: _____

DELISIO MORAN
HEIY & ZOBEL, P.C.
943 WEST 5TH AVENUE
ANCHORAGE, ALASKA
99501-2033
(907) 279-9574

#69725 v1 - Supplemental Response to Plaintiff's First Set of Discovery Requests
English v. ASCG; Case No.: 3AN-02-7953 CI; Page 4 of 4



Lawyers claiming to represent professional salaried workers are trying to gouge employers for huge amounts of back overtime pay.

# The $20 billion target

By Susan Adams

REGISTERED NURSE JANET KLEIN consulted a lawyer after she was fired by Chicago's Rush-Presbyterian-St. Luke's Medical Center in 1990. Attorney Richard Tupper couldn't get Klein her job back, but he was able to convince the influential U.S. Court of Appeals for the Seventh Circuit that the hospital owed his client $8,000 in back pay and fines.

Never mind that Klein was a salaried professional who never put in for overtime. Lawyer Tupper was able to show that Rush-Presbyterian gave nurses time off after they worked long hours. Moreover, the hospital had docked Klein's pay when she was late to work. These workplace practices were enough to convince the court that Klein was really more of an hourly worker than a salaried professional—and could thus collect back pay for any weeks she worked more than 40 hours.

Workplace law is becoming a very lucrative new area for plaintiff lawyers (see story, p. 150), and cases demanding back overtime pay could swell the lawyers' coffers even more. The Employment Policy Foundation, a Washington, D.C. research outfit funded by companies, thinks employer liability in back-overtime cases could run as high as $20 billion in the private sector alone.

"It's a target of opportunity," says Edward Still, an employment plaintiff lawyer in Birmingham, Ala. "We can rip some money out of the hide of the employer."

Picking up on the 1993 Klein precedent, lawyers last year filed a class action suit against ARCO Alaska, the Anchorage-based subsidiary of Atlantic Richfield Co. ARCO Alaska had suspended a supervisor for a few days and docked his pay for sexually harassing a colleague. The trial lawyers figured this meant there was a policy in place that could subject any ARCO professional to short-term