## Wage and Hour Division, Labor Pt. 541

than five employees (including such an establishment which sells products and services used in the operation of a farm) shall be regarded as employed within the "area of production," within the meaning of section 13(a)(17) of the Fair Labor Standards Act, if the establishment by which he is employed is located in the open country or in a rural community and 95 percent of the agricultural commodities received by the establishment for storage or for market come from normal rural sources of supply within the following air-line distances from the establishment:

(1) With respect to grain and soybeans—50 miles;

(2) With respect to any other agricultural commodities—20 miles.

(b) For the purpose of this section:

(1). "Open country or rural community" shall not include any city, town, or urban place of 2,500 or greater population or any area within:

(i) One air-line mile of the city, town, or urban place with a population of 2,500 up to by not including 50,000, or

(ii) Three air-line miles of any city, town, or urban place with a population of 50,000 up to but not including 500,000, or

(iii) Five air-line miles of any city with a population of 500,000 or greater, according to the latest available United States Census.

(2) The commodities shall be considered to come from "normal rural sources of supply" within the specified distances from the establishment if they are received: (i) From farms within such specified distances, or (ii) from farm assemblers or other establishments through which the commodity customarily moves, which are within such specified distances and located in the open country or in a rural community, or (iii) from farm assemblers or other establishments not located in the open country or in a rural community provided it can be demonstrated that the commodities were produced on farms within such specified distances.

(3) The period for determining whether 95 percent of the commodities are received from normal rural sources of supply shall be the last preceding calendar month in which operations were carried on for two workweeks or more, except that until such time as an establishment has operated for such a calendar month the period shall be the time during which it has been in operation.

(4) The percentage of commodities received from normal rural sources of supply within the specified distances shall be determined by weight, volume or other physical unit of measure, except that dollar value shall be used if different commodities received in the establishment are customarily measured in physical units that are not comparable.

(Sec. 13(a) (17), 52 Stat. 1067, as amended, sec. 9, 75 Stat. 71; 29 U.S.C. 213 (a) (17))

§ 536.4 Petition for amendment of regulations.

Any interested person or association wishing a revision of any section of this part may submit in writing to the Administrator a petition for amendment thereof, setting forth the changes desired and the reasons for proposing them. If upon inspection of the petition the Administrator believes that reasonable cause for amendment of the regulations is set forth, the Administrator will either schedule a hearing with notice to interested parties or will make other provisions for affording interested parties an opportunity to present their views in support of or opposition to the proposed change.

## PART 541—DEFINING AND DELIMITING THE TERMS "ANY EMPLOYEE EMPLOYED IN A BONA FIDE EXECUTIVE, ADMINISTRATIVE, OR PROFESSIONAL CAPACITY (INCLUDING ANY EMPLOYEE EMPLOYED IN THE CAPACITY OF ACADEMIC ADMINISTRATIVE PERSONNEL OR TEACHER IN ELEMENTARY OR SECONDARY SCHOOLS), OR IN THE CAPACITY OF OUTSIDE SALESMAN"

EFFECTIVE DATE NOTE: The President's Memorandum of January 29, 1981 (46 FR 11227, Feb. 5, 1981), directed Federal agencies to postpone for sixty days from January 29, 1981, the effective date of all regulations that they had promulgated in final form and had scheduled to become effective during such sixty day period.


DEPOSITION EXHIBIT

Several sections in part 541 were revised at 46 FR 3012, Jan. 13, 1981, and the effective date subsequently postponed. For further explanation, see the notes following the text of affected sections in this part.

## Subpart A—General Regulations

Sec.
541.0　Terms used in regulations.
541.1　Executive.
541.2　Administrative.
541.3　Professional.
541.5　Outside salesman.
541.5a　Special provision for motion picture producing industry.
541.5b　Equal pay provisions of section 6(d) of the Act apply to executive, administrative, and professional employees, and to outside salesmen.
541.5d　Special provisions applicable to employees of public agencies.
541.6　Petition for amendment of regulations.
541.22　Special provision for motion picture producing industry.

## Subpart B—Interpretations

541.99　Introductory statement.

EMPLOYEE EMPLOYED IN A BONA FIDE EXECUTIVE CAPACITY

541.101　General.
541.102　Management.
541.103　Primary duty.
541.104　Department or subdivision.
541.105　Two or more other employees.
541.106　Authority to hire or fire.
541.107　Discretionary powers.
541.108　Work directly and closely related.
541.109　Emergencies.
541.110　Occasional basis.
541.111　Nonexempt work generally.
541.112　Percentage limitations on nonexempt work.
541.113　Sole-charge exception.
541.114　Exception for owners of 20-percent interest.
541.115　Working foremen.
541.116　Trainees, executive.
541.117　Amount of salary required.
541.118　Salary basis.
541.119　Special proviso for high salaried executives.

EMPLOYEE EMPLOYED IN A BONA FIDE ADMINISTRATIVE CAPACITY

541.201　Types of administrative employees.
541.202　Categories of work.
541.203　Nonmanual work.
541.204　Directly related to management policies or general business operations.
541.205　Primary duty.
541.207　Discretion and independent judgment.
541.208　Directly and closely related.
541.209　Percentage limitations on nonexempt work.
541.210　Trainees, administrative.
541.211　Amount of salary or fees required.
541.212　Salary basis.
541.213　Fee basis.
541.214　Special proviso for high salaried administrative employees.
541.215　Elementary or secondary schools and other educational establishments and institutions.

EMPLOYEE EMPLOYED IN A BONA FIDE PROFESSIONAL CAPACITY

541.300　General.
541.301　Learned professions.
541.302　Artistic professions.
541.303　Computer related occupations under Public Law 101-583.
541.304　Primary duty.
541.305　Discretion and judgment.
541.306　Predominantly intellectual and varied.
541.307　Essential part of and necessarily incident to.
541.308　Nonexempt work generally.
541.309　20-percent nonexempt work limitation.
541.310　Trainees, professional.
541.311　Amount of salary or fees required.
541.312　Salary basis.
541.313　Fee basis.
541.314　Exception for physicians, lawyers, and teachers.
541.315　Special proviso for high salaried professional employees.

EMPLOYEE EMPLOYED IN THE CAPACITY OF OUTSIDE SALESMAN

541.500　Definition of "outside salesman."
541.501　Making sales or obtaining orders.
541.502　Away from his employer's place of business.
541.503　Incidental to and in conjunction with sales work.
541.504　Promotion work.
541.505　Driver salesmen.
541.506　Nonexempt work generally.
541.507　20-percent limitation on nonexempt work.
541.508　Trainees, outside salesmen.

SPECIAL PROBLEMS

541.600　Combination exemptions.
541.601　Special provision for motion picture producing industry.
541.602　Special proviso concerning executive and administrative employees in multi-store retailing operations.

APPENDIX TO PART 541—OCCUPATIONAL INDEX

AUTHORITY: 29 U.S.C. 213; Pub. L. 101-583, 104 Stat. 2871; Reorganization Plan No. 6 of 1950 (3 CFR, 1949-53 Comp., p. 1004); Secretary's Order No. 13-71 (36 FR 8755).

be deemed to meet all the requirements
this section.

541.3 Professional.

The term *employee employed in a bona
fide* * * * *professional capacity* in section
13(a)(1) of the Act shall mean any employee:

(a) Whose primary duty consists of the performance of:

(1) Work requiring knowledge of an advance type in a field of science or learning customarily acquired by a prolonged course of specialized intellectual instruction and study, as distinguished from a general academic education and from an apprenticeship, and from training in the performance of routine mental, manual, or physical processes, or

(2) Work that is original and creative in character in a recognized field of artistic endeavor (as opposed to work which can be produced by a person endowed with general manual or intellectual ability and training), and the result of which depends primarily on the invention, imagination, or talent of the employee, or

(3) Teaching, tutoring, instructing, or lecturing in the activity of imparting knowledge and who is employed and engaged in this activity as a teacher in the school system or educational establishment or institution by which he is employed, or

(4) Work that requires theoretical and practical application of highly-specialized knowledge in computer systems analysis, programming, and software engineering, and who is employed and engaged in these activities as a computer systems analyst, computer programmer, software engineer, or other similarly skilled worker in the computer software field, as provided in § 541.303; and

(b) Whose work requires the consistent exercise of discretion and judgment in its performance; and

(c) Whose work is predominantly intellectual and varied in character (as opposed to routine mental, manual, mechanical, or physical work) and is of such character that the output produced or the result accomplished cannot be standardized in relation to a given period of time; and

(d) Who does not devote more than 20 percent of his hours worked in the workweek to activities which are not an essential part of and necessarily incident to the work described in paragraphs (a) through (c) of this section; and

(e) Who is compensated for services on a salary or fee basis at a rate of not less than $170 per week ($150 per week, if employed by other than the Federal Government in Puerto Rico, the Virgin Islands, or American Samoa), exclusive of board, lodging, or other facilities: *Provided*, That this paragraph shall not apply in the case of an employee who is the holder of a valid license or certificate permitting the practice of law or medicine or any of their branches and who is actually engaged in the practice thereof, nor in the case of an employee who is the holder of the requisite academic degree for the general practice of medicine and is engaged in an internship or resident program pursuant to the practice of medicine or any of its branches, nor in the case of an employee employed and engaged as a teacher as provided in paragraph (a)(3) of this section: *Provided further*, That an employee who is compensated on a salary or fee basis at a rate of not less than $250 per week (or $200 per week, if employed by other than the Federal Government in Puerto Rico, the Virgin Islands, or American Samoa), exclusive of board, lodging, or other facilities, and whose primary duty consists of the performance either of work described in paragraph (a)(1), (2), or (4) of this section, which includes work requiring the consistent exercise of discretion and judgment, or of work requiring invention, imagination, or talent in a recognized field of artistic endeavor, shall be deemed to meet all of the requirements of this section: *Provided further*, That the salary or fee requirements of this paragraph shall not apply to an employee engaged in computer-related work within the scope of paragraph (a)(4) of this section, and who is compensated on an hourly basis at a rate in excess of 6½ times the minimum wage provided by section 6 of the Act.

[38 FR 11390, May 7, 1973, as amended at 40 FR 7092, Feb. 19, 1975; 57 FR 46744, Oct. 9, 1992]

See Next

[left column partially cut off]

by which employed: Pro-
an employee who is com-
a salary or fee basis at a
ess than $250 per week ($200
employed by other than the
vernment in Puerto Rico,
n Islands, or American
lusive of board, lodging, or
ities, and whose primary
ts of the performance of
bed in paragraph (a) of this
ch includes work requiring
e of discretion and inde-
gment, shall be deemed to
e requirements of this sec-

May 7, 1973, as amended at 40
29, 1975]

DATE NOTE: Paragraph (e) in
ised at 46 FR 3013, Jan. 13, 1981.
e with the President's Memo-
nuary 29, 1981 (46 FR 11227, Feb.
ffec'    'ate was postponed in-
6 F     1, Feb. 12, 1981.
pa.   .ph (e) set forth above
ect pending further action by
gency. The text of the post-
ion appears below.

istrative.

*   *   *   *

s compensated for his services
r fee basis at a rate of not less
week beginning February 13,
er week beginning February 13,
week beginning February 13,
er week beginning February 13,
yed by other than the Federal
n Puerto Rico, the Virgin Is-
nerican Samoa), exclusive of
, or other facilities, or
the case of academic adminis-
nnel, is compensated for serv-
ed by paragraph (e)(1) of this
a salary basis which is at least
entrance salary for teachers in
ystem, educational establish-
tution by which employed: Pro-
a employee who is compensated
r fee basis at a rate of not less
week beginning February 13,
er week beginning February 13,
week beginning February 13,
er week beginning February 13,
yed by other than the Federal
n Puerto Rico, the Virgin Is-
nerican Samoa), exclusive of
, or other facilities, and whose
    con       of the performance of
         graph (a) of this sec-
clu      ork requiring the exer-
       and independent judgment.

## Wage and Hour Division, Labor

shall be deemed to meet all the requirements of this section.

### § 541.3 Professional.

The term *employee employed in a bona fide * * * professional capacity* in section 13(a)(1) of the Act shall mean any employee:

(a) Whose primary duty consists of the performance of:

(1) Work requiring knowledge of an advance type in a field of science or learning customarily acquired by a prolonged course of specialized intellectual instruction and study, as distinguished from a general academic education and from an apprenticeship, and from training in the performance of routine mental, manual, or physical processes, or

(2) Work that is original and creative in character in a recognized field of artistic endeavor (as opposed to work which can be produced by a person endowed with general manual or intellectual ability and training), and the result of which depends primarily on the invention, imagination, or talent of the employee, or

(3) Teaching, tutoring, instructing, or lecturing in the activity of imparting knowledge and who is employed and engaged in this activity as a teacher in the school system or educational establishment or institution by which he is employed, or

(4) Work that requires theoretical and practical application of highly-specialized knowledge in computer systems analysis, programming, and software engineering, and who is employed and engaged in these activities as a computer systems analyst, computer programmer, software engineer, or other similarly skilled worker in the computer software field, as provided in § 541.303; and

(b) Whose work requires the consistent exercise of discretion and judgment in its performance; and

(c) Whose work is predominantly intellectual and varied in character (as opposed to routine mental, manual, mechanical, or physical work) and is of such character that the output produced or the result accomplished cannot be standardized in relation to a given period of time; and

## § 541.3

(d) Who does not devote more than 20 percent of his hours worked in the workweek to activities which are not an essential part of and necessarily incident to the work described in paragraphs (a) through (c) of this section; and

(e) Who is compensated for services on a salary or fee basis at a rate of not less than $170 per week ($150 per week, if employed by other than the Federal Government in Puerto Rico, the Virgin Islands, or American Samoa), exclusive of board, lodging, or other facilities: *Provided,* That this paragraph shall not apply in the case of an employee who is the holder of a valid license or certificate permitting the practice of law or medicine or any of their branches and who is actually engaged in the practice thereof, nor in the case of an employee who is the holder of the requisite academic degree for the general practice of medicine and is engaged in an internship or resident program pursuant to the practice of medicine or any of its branches, nor in the case of an employee employed and engaged as a teacher as provided in paragraph (a)(3) of this section: *Provided further,* That an employee who is compensated on a salary or fee basis at a rate of not less than $250 per week (or $200 per week, if employed by other than the Federal Government in Puerto Rico, the Virgin Islands, or American Samoa), exclusive of board, lodging, or other facilities, and whose primary duty consists of the performance either of work described in paragraph (a) (1), (3), or (4) of this section, which includes work requiring the consistent exercise of discretion and judgment, or of work requiring invention, imagination, or talent in a recognized field of artistic endeavor, shall be deemed to meet all of the requirements of this section: *Provided further,* That the salary or fee requirements of this paragraph shall not apply to an employee engaged in computer-related work within the scope of paragraph (a)(4) of this section and who is compensated on an hourly basis at a rate in excess of 6½ times the minimum wage provided by section 6 of the Act.

[38 FR 11390, May 7, 1973, as amended at 40 FR 7092, Feb. 19, 1975; 57 FR 46744, Oct. 9, 1992]

EFFECTIVE DATE NOTE: Paragraph (e) in § 541.3 was revised at 46 FR 3014, Jan. 13, 1981. In accordance with the President's Memorandum of January 29, 1981 (46 FR 11227, Feb. 6, 1981), the effective date was postponed indefinitely at 46 FR 11972, Feb. 12, 1981.

The text of paragraph (e) set forth above remains in effect pending further action by the issuing agency. The text of the postponed regulation appears below.

§ 541.3 Professional.

\* \* \* \* \*

(e) Who is compensated for services on a salary or fee basis at a rate of not less than $250 per week beginning February 13, 1981 and $290 per week beginning February 13, 1983 ($225 per week beginning February 13, 1981 and $250 per week beginning February 13, 1983 if employed by other than the Federal Government in Puerto Rico, the Virgin Islands, or American Samoa), exclusive of board, lodging, or other facilities: Provided, That this paragraph shall not apply in the case of an employee who is the holder of a valid license or certificate permitting the practice of law or medicine or any of their branches and who is actually engaged in the practice thereof, nor in the case of an employee who is the holder of the requisite academic degree for the general practice of medicine and is engaged in an internship or resident program pursuant to the practice of medicine or any of its branches, nor in the case of an employee employed and engaged as a teacher as provided in paragraph (a)(3) of this section: Provided further, That an employee who is compensated on a salary or fee basis at a rate of not less than $320 per week beginning February 13, 1981 and $345 per week beginning February 13, 1983 (or $260 per week beginning February 13, 1981 and $285 per week beginning February 13, 1983 if employed by other than the Federal Government in Puerto Rico, the Virgin Islands, or American Samoa), exclusive of board, lodging, or other facilities, and whose primary duty consists of the performance either of work described in paragraph (a) (1) or (3) of this section, which includes work requiring the consistent exercise of discretion and judgment, or of work requiring invention, imagination, or talent in a recognized field of artistic endeavor, shall be deemed to meet all of the requirements of this section.

§ 541.5 Outside salesman.

The term employee employed \* \* \* in the capacity of outside salesman in section 13(a)(1) of the Act shall mean any employee:

(a) Who is employed for the purpose of and who is customarily and regularly engaged away from his employer's place or places of business in:

(1) Making sales within the meaning of section 3(k) of the Act, or

(2) Obtaining orders or contracts for services or for the use of facilities for which a consideration will be paid by the client or customer; and

(b) Whose hours of work of a nature other than that described in paragraph (a)(1) or (2) of this section do not exceed 20 percent of the hours worked in the workweek by nonexempt employees of the employer: Provided, That work performed incidental to and in conjunction with the employee's own outside sales or solicitations, including incidental deliveries and collections, shall not be regarded as nonexempt work.

§ 541.5a Special provision for motion picture producing industry.

The requirement of §§ 541.1, 541.2, and 541.3 that the employee be paid "on a salary basis" shall not apply to an employee in the motion picture producing industry who is compensated at a base rate of at least $200 a week (exclusive of board, lodging, or other facilities).

EFFECTIVE DATE NOTE: Section 541.5a was revised at 46 FR 3014, Jan. 13, 1981. In accordance with the President's Memorandum of January 29, 1981 (46 FR 11227, Feb. 6, 1981), the effective date was postponed indefinitely at 46 FR 11972, Feb. 12, 1981.

The text of § 541.5a set forth above remains in effect pending further action by the issuing agency. The text of the postponed regulation appears below.

§ 541.5a Special provision for motion picture producing industry.

The requirement of §§ 541.1, 541.2, and 541.3 that the employee be paid "on a salary basis" shall not apply to an employee in the motion picture producing industry who is compensated at a base rate of at least $320 per week beginning February 13, 1981 and $345 per week beginning February 13, 1983 (exclusive of board, lodging, or other facilities).

§ 541.5b Equal pay provisions of section 6(d) of the act apply to executive, administrative, and professional employees, and to outside salesmen.

Effective July 1, 1972, the Fair Labor Standards Act was amended to include within the protection of the equal pay provisions those employees exempt from the minimum wage and pay provisions as bona fide e[xecutive,] administrative, and professio[nal em]ployees (including any emplo[yee em]ployed in the capacity of acad[emic ad]ministrative personnel or teach[ing in] elementary or secondary school[s). In] the capacity of outside salesm[an under] section 13(a)(1) of the act. Thu[s, for ex]ample, where an exempt adm[inistra]tive employee and another em[ployee in] the establishment are perform[ing sub]stantially "equal work," the [dis]crimination prohibitions of sect[ion 6(d)] are applicable with respect to [any wage] differential between those two [employ]ees.

§ 541.5d Special provisions ap[plicable] to employees of public agen[cies.]

(a) An employee of a public [agency] who otherwise meets the requ[irements] of § 541.118 shall not be dis[qualified] from exemption under §§ 541.1, [541.2, or] 541.3 on the basis that such emp[loyee is] paid according to a pay syste[m estab]lished by statute, ordinance, or [regula]tion, or by a policy or practic[e estab]lished pursuant to principles [of public] accountability, under which [the em]ployee accrues personal leave [and sick] leave and which requires th[e public] agency employee's pay to be re[duced or] such employee to be placed [on leave] without pay for absences for [personal] reasons or because of illness o[r injury] of less than one work-day w[hen ac]crued leave is not used by an e[mployee] because—

(1) permission for its use has [not been] sought or has been sought and [denied;]

(2) accrued leave has been ex[hausted;] or

(3) the employee chooses to u[se leave] without pay.

(b) Deductions from the pa[y of an] employee of a public agency [for ab]sences due to a budget-requi[red fur]lough shall not disqualify the e[mployee] from being paid "on a salary b[asis" ex]cept in the workweek in which [the fur]lough occurs and for which the [employ]ee's pay is accordingly reduced.

[57 FR 37677, Aug. 19, 1992]

§ 541.6 Petition for amendmen[t of reg]ulations.

Any person wishing a revisio[n in any] of the terms of the foregoing [regula]

182

Wage and Hour Division, Labor

from the minimum wage and overtime pay provisions as bona fide executive, administrative, and professional employees (including any employee employed in the capacity of academic administrative personnel or teacher in elementary or secondary schools), or in the capacity of outside salesmen under section 13(a)(1) of the act. Thus, for example, where an exempt administrative employee and another employee of the establishment are performing substantially "equal work," the sex discrimination prohibitions of section 6(d) are applicable with respect to any wage differential between those two employees.

### § 541.5d Special provisions applicable to employees of public agencies.

(a) An employee of a public agency who otherwise meets the requirements of § 541.118 shall not be disqualified from exemption under §§ 541.1, 541.2, or 541.3 on the basis that such employee is paid according to a pay system established by statute, ordinance, or regulation, or by a policy or practice established pursuant to principles of public accountability, under which the employee accrues personal leave and sick leave and which requires the public agency employee's pay to be reduced or such employee to be placed on leave without pay for absences for personal reasons or because of illness or injury of less than one work-day when accrued leave is not used by an employee because—

(1) permission for its use has not been sought or has been sought and denied;
(2) accrued leave has been exhausted; or
(3) the employee chooses to use leave without pay.

(b) Deductions from the pay of an employee of a public agency for absences due to a budget-required furlough shall not disqualify the employee from being paid "on a salary basis" except in the workweek in which the furlough occurs and for which the employee's pay is accordingly reduced.

[57 FR 37677, Aug. 19, 1992]

### § 541.6 Petition for amendment of regulations.

Any person wishing a revision of any of the terms of the foregoing regulations may submit in writing to the Administrator a petition setting forth the changes desired and the reasons for proposing them. If, upon inspection of the petition, the administrator believes that reasonable cause for amendment of the regulations is set forth, the Administrator will either schedule a hearing with due notice to interested parties, or will make other provision for affording interested parties an opportunity to present their views, either in support of or in opposition to the proposed changes. In determining such future regulations, separate treatment for different industries and for different classes of employees may be given consideration.

### § 541.52 Special provision for motion picture producing industry.

The requirements of §§ 541.1, 541.2, and 541.3 that the employee be paid "on a salary basis" shall not apply to an employee in the motion picture producing industry who is compensated at a base rate of at least $250 a week (exclusive of board, lodging, or other facilities).

[40 FR 1392, Feb. 19, 1975]

EFFECTIVE DATE NOTE: Section 541.52 was removed at 46 FR 3013, Jan. 13, 1981. In accordance with the President's Memorandum of January 29, 1981 (46 FR 11227, Feb. 6, 1981), the effective date of the removal was postponed indefinitely at 46 FR 11972, Feb. 12, 1981.

The text of § 541.52 set forth above remains in effect pending further action by the issuing agency.

## Subpart B—Interpretations

### § 541.99 Introductory statement.

(a) Section 13(a)(1) of the Fair Labor Standards Act, as amended, exempts from the wage and hour provisions of the act "any employee employed in a bona fide executive, administrative, or professional capacity (including any employee employed in the capacity of academic administrative personnel or teacher in elementary or secondary schools), or in the capacity of outside salesman (as such terms are defined and delimited from time to time by regulations of the Secretary, subject to the provisions of the Administrative

§ 541.101                                                                                    29 CFR Ch. V (7-1-02 Edition)

Procedure Act, except that an employee of a retail or service establishment shall not be excluded from the definition of employee employed in a bona fide executive or administrative capacity because of the number of hours in his workweek which he devotes to activities not directly or closely related to the performance of executive or administrative activities, if less than 40 percent of his hours worked in the workweek are devoted to such activities)." The requirements of the exemption under this section of the act are contained in subpart A of this part.

EMPLOYEE EMPLOYED IN A BONA FIDE EXECUTIVE CAPACITY

§ 541.101  General.

The duties and responsibilities of an exempt executive employee are described in paragraphs (a) through (d) of § 541.1. Paragraph (e) of § 541.1 contains among other things, percentage limitations on the amount of time which an employee may devote to activities "which are not directly and closely related to the performance of the work described in paragraphs (a) through (d)" of that section. For convenience in discussion, the work described in paragraphs (a) through (d) of § 541.1 and the activities directly and closely related to such work will be referred to as "exempt" work, while other activities will be referred to as "nonexempt" work.

§ 541.102  Management.

(a) In the usual situation the determination of whether a particular kind of work is exempt or nonexempt in nature is not difficult. In the vast majority of cases the bona fide executive employee performs managerial and supervisory functions which are easily recognized as within the scope of the exemption.

(b) For example, it is generally clear that work such as the following is exempt work when it is performed by an employee in the management of his department or the supervision of the employees under him: Interviewing, selecting, and training of employees; setting and adjusting their rates of pay and hours of work; directing their work; maintaining their production or sales records for use in supervision or control; appraising their productivity and efficiency for the purpose of recommending promotions or other changes in their status; handling their complaints and grievances and disciplining them when necessary; planning the work; determining the techniques to be used; apportioning the work among the workers; determining the type of materials, supplies, machinery or tools to be used or merchandise to be bought, stocked and sold; controlling the flow and distribution of materials or merchandise and supplies; providing for the safety of the men and the property.

§ 541.103  Primary duty.

A determination of whether an employee has management as his primary duty must be based on all the facts in a particular case. The amount of time spent in the performance of the managerial duties is a useful guide in determining whether management is the primary duty of an employee. In the ordinary case it may be taken as a good rule of thumb that primary duty means the major part, or over 50 percent, of the employee's time. Thus, an employee who spends over 50 percent of his time in management would have management as his primary duty. Time alone, however, is not the sole test, and in situations where the employee does not spend over 50 percent of his time in managerial duties, he might nevertheless have management as his primary duty if the other pertinent factors support such a conclusion. Some of these pertinent factors are the relative importance of the managerial duties as compared with other types of duties, the frequency with which the employee exercises discretionary powers, his relative freedom from supervision, and the relationship between his salary and the wages paid other employees for the kind of nonexempt work performed by the supervisor. For example, in some departments, or subdivisions of an establishment, an employee has broad responsibilities similar to those of the owner or manager of the establishment, but generally spends more than 50 percent of his time in production or sales work. While engaged in such work

Wage and Hour Division, L[abor]

he supervises other employ[ees] the work of warehouse a[nd] men, approves advertising, [mer]chandise, handles custo[mer com]plaints, authorizes payment [of ...] performs other managemen[t ...] the day-to-day operations [...] will be considered to have m[anagement] as his primary duty. In the [proc]essing field an employee w[ho ...] the day-to-day activities [of a] group of programers and wh[o ...] the more complex or respo[nsible ...] in programing will be con[sidered to] have management as his pr[imary duty.]

§ 541.104  Department or sub[division]

(a) In order to qualify u[nder ...] the employee's managerial [duties must] be performed with respect to [an enter]prise in which he is employe[d or a] customarily recognized depa[rtment or] subdivision thereof. The phr[ase "cus]tomarily recognized depa[rtment or] subdivision" is intended to [distinguish] between a mere collection [of ... as]signed from time to time to [perform a] job or series of jobs and a [unit with] permanent status and fu[nction. In] order properly to classify an [employee] as an executive he must be [more than] merely a supervisor of two o[r more em]ployees; nor is it sufficien[t that he] merely participates in th[e manage]ment of the unit. He must b[e in charge] of and have as his primar[y duty the] management of a recogn[ized unit] which has a continuing funct[ion.]

(b) In the vast majority [of cases] there is no difficulty in d[etermining] whether an individual is in [charge of a] customarily recognized depa[rtment or] subdivision of a department. [For exam]ple, it is clear that where an [enterprise] comprises more than one [establish]ment, the employee in cha[rge of each] establishment may be con[sidered in] charge of a subdivision of [the enter]prise. Questions arise prin[cipally in] cases involving supervisors [who work] outside the employer's esta[blishment,] move from place to place, o[r have dif]ferent subordinates at differe[nt times.]

(c) In such instances, in d[etermining] whether the employee is in [charge of a] recognized unit with a conti[nuing func]tion, it is the division's po[sition that] the unit supervised need no[t be phys]ically within the employer's [establishment]

184