exercise and does exercise discretion and independent judgment in the day-to-day performance of his duties. The requirement is not met by the occasional exercise of discretion and independent judgment.

### § 541.208 Directly and closely related.

(a) As indicated in § 541.202, work which is directly and closely related to the performance of the work described in § 541.2 is considered exempt work. Some illustrations may be helpful in clarifying the differences between such work and work which is unrelated or only remotely related to the work described in § 541.2.

(b)(1) For purposes of illustration, the case of a high-salaried management consultant about whose exempt status as an administrative employee there is no doubt will be assumed. The particular employee is employed by a firm of consultants and performs work in which he customarily and regularly exercises discretion and independent judgment. The work consists primarily of analyzing, and recommending changes in, the business operations of his employer's client. This work falls in the category of exempt work described in § 541.2.

(2) In the course of performing that work, the consultant makes extensive notes recording the flow of work and materials through the office and plant of the client. Standing alone or separated from the primary duty such notemaking would be routine in nature. However, this is work without which the more important work cannot be performed properly. It is "directly and closely related" to the administrative work and is therefore exempt work. Upon his return to the office of his employer the consultant personally types his report and draws, first in rough and then in final form, a proposed table of organization to be submitted with it. Although all this work may not be essential to the performance of his more important work, it is all directly and closely related to that work and should be considered exempt. While it is possible to assign the typing and final drafting to nonexempt employees and in fact it is frequently the practice to do so, it is not required as a condition of exemption that it be so delegated.

(3) Finally, if because this particular employee has a special skill in such work, he also drafts tables or organization proposed by other consultants, he would then be performing routine work wholly unrelated, or at best only remotely related, to his more important work. Under such conditions, the drafting is nonexempt.

(c) Another illustration is the credit manager who makes and administers the credit policy of his employer. Establishing credit limits for customers and authorizing the shipment of orders on credit, including the decisions to exceed or otherwise vary these limits in the case of particular customers, would be exempt work of the kind specifically described in § 541.2. Work which is directly and closely related to these exempt duties may include such activities as checking the status of accounts to determine whether the credit limit would be exceeded by the shipment of a new order, removing credit reports from the files for analysis and writing letters giving credit data and experience to other employers or credit agencies. On the other hand, any general office or bookkeeping work is nonexempt work. For instance, posting to the accounts receivable ledger would be only remotely related to his administrative work and must be considered nonexempt.

(d) One phase of the work of an administrative assistant to a bona fide executive or administrative employee provides another illustration. The work of determining whether to answer correspondence personally, call it to his superior's attention, or route it to someone else for reply requires the exercise of discretion and independent judgment and is exempt work of the kind described in § 541.2. Opening the mail for the purpose of reading it to make the decisions indicated will be directly and closely related to the administrative work described. However, merely opening mail and placing it unread before his superior or some other person would be related only remotely, if at all, to any work requiring the exercise of discretion and independent judgment.

(e) The following additional exa[mples] may also be of value in applying [the] principles. A traffic manager is [em]ployed to handle the company's t[rans]portation problems. The exempt [work] performed by such an employee w[ould] include planning the most econo[mical] and quickest routes for shipping [mer]chandise to and from the plant, [con]tracting for common-carrier and [other] transportation facilities, negoti[ating] with carriers for adjustments for [dam]ages to merchandise in transit [and] making the necessary rearrangem[ents] resulting from delays, damages [or] irregularities in transit. This emp[loyee] may also spend part of his time ta[king] city orders (for local deliveries) [over] the telephone. The order-taking [is a] routine function not directly and c[lose]ly related to the exempt work [and] must be considered nonexempt.

(f) An office manager who does [not] supervise two or more employees w[ould] not meet the requirements for ex[emp]tion as an executive employee but [may] possibly qualify for exemption a[s an] administrative employee. Such an [em]ployee may perform administrativ[e du]ties, such as the executive of the [em]ployer's credit policy, the manage[ment] of the company's traffic, purcha[sing] and other responsible office wor[k re]quiring the customary and regula[r ex]ercise of discretion and judgm[ent] which are clearly exempt. On the o[ther] hand, this office manager may per[form] all the bookkeeping, prepare the [con]fidential or regular payrolls, and [send] out monthly statements of acc[ounts]. These latter activities are not dir[ectly] and closely related to the exempt [func]tions and are not exempt.

### § 541.209 Percentage limitations [on] nonexempt work.

(a) Under § 541.2(d), an employee [will] not qualify for exemption as an ad[min]istrative employee if he devotes [more] than 20 percent, or, in the case o[f an] employee of a retail or service es[tab]lishment if he devotes as much a[s 40] percent, of his hours worked in [the] workweek to nonexempt work; th[at is,] to activities which are not directly [and] closely related to the performanc[e of] the work described in § 541.2 (a) thr[ough] (c).

(e) The following additional examples may also be of value in applying these principles. A traffic manager is employed to handle the company's transportation problems. The exempt work performed by such an employee would include planning the most economical and quickest routes for shipping merchandise to and from the plant, contracting for common-carrier and other transportation facilities, negotiating with carriers for adjustments for damages to merchandise in transit and making the necessary rearrangements resulting from delays, damages, or irregularities in transit. This employee may also spend part of his time taking city orders (for local deliveries) over the telephone. The order-taking is a routine function not directly and closely related to the exempt work and must be considered nonexempt.

(f) An office manager who does not supervise two or more employees would not meet the requirements for exemption as an executive employee but may possibly qualify for exemption as an administrative employee. Such an employee may perform administrative duties, such as the executive of the employer's credit policy, the management of the company's traffic, purchasing, and other responsible office work requiring the customary and regular exercise of discretion and judgment, which are clearly exempt. On the other hand, this office manager may perform all the bookkeeping, prepare the confidential or regular payrolls, and send out monthly statements of account. These latter activities are not directly and closely related to the exempt functions and are not exempt.

### §541.209 Percentage limitations on nonexempt work.

(a) Under §541.2(d), an employee will not qualify for exemption as an administrative employee if he devotes more than 20 percent, or, in the case of an employee of a retail or service establishment if he devotes as much as 40 percent, of his hours worked in the workweek to nonexempt work; that is, to activities which are not directly and closely related to the performance of the work described in §541.2 (a) through (c).

(b) This test is applied on a workweek basis and the percentage of time spent on nonexempt work is computed on the time worked by the employee.

(c) The tolerance for nonexempt work allows the performance of nonexempt manual or nonmanual work within the percentages allowed for all types of nonexempt work.

(d) Refer to §541.112(b) for the definition of a retail or service establishment as this term is used in paragraph (a) of this section.

### §541.210 Trainees, administrative.

The exemption is applicable to an employee employed in a bona fide administrative capacity and does not include emloyees training for employment in an administrative capacity who are not actually performing the duties of an administrative employee.

### §541.211 Amount of salary or fees required.

(a) Except as otherwise noted in paragraphs (b) and (c) of this section, compensation on a salary or fee basis at a rate of not less than $155 a week, exclusive of board, lodging or other facilities, is required for exemption as an administrative employee. The requirement will be met if the employee is compensated biweekly on a salary basis of $310, semimonthly on a salary basis of $335.84, or monthly on a salary basis of $671.67.

(b) In Puerto Rico, the Virgin Islands, and American Samoa, the salary test for exemption as an administrative employee is $125 per week for other than an employee of the Federal Government.

(c) In the case of academic administrative personnel, the compensation requirement for exemption as an administrative employee may be met either by the payment described in paragraph (a) or (b) of this section, whichever is applicable, or alternatively by compensation on a salary basis in an amount which is at least equal to the entrance salary for teachers in the school system, or educational establishment or institution by which the employee is employed.

(d) The payment of the required salary must be exclusive of board, lodging, or other facilities; that is, free and

clear. On the other hand, the regulations in subpart A of this part do not prohibit the sale of such facilities to administrative employees on a cash basis if they are negotiated in the same manner as similar transactions with other persons.

[38 FR 11390, May 7, 1973, as amended at 40 FR 7093, Feb. 19, 1975]

EFFECTIVE DATE NOTE: Paragraphs (a) and (b) in § 541.211 were revised at 46 FR 3014, Jan. 13, 1981. In accordance with the President's Memorandum of January 29, 1981 (46 FR 11227, Feb. 6, 1981), the effective date was postponed indefinitely at 46 FR 11972, Feb. 12, 1981.

The text of paragraphs (a) and (b) set forth above remains in effect pending further action by the issuing agency. The text of the postponed regulation appears below.

**§ 541.211 Amount of salary or fees required.**

(a) Except as otherwise noted in paragraphs (b) and (c) of this section, compensation on a salary or fee basis at a rate of not less than $225 per week beginning February 13, 1981 and $250 per week beginning February 13, 1983, exclusive of board, lodging or other facilities, is required for exemption as an administrative employee. For example, based on $250 a week, the requirement will be met if the employee is compensated biweekly on a salary basis of $500, semimonthly on a salary basis of $541.67 or monthly on a salary basis of $1,083.33.

(b) In Puerto Rico, the Virgin Islands, and American Samoa, the salary test for exemption as an administrative employee is $180 per week beginning February 13, 1981 and $200 per week beginning February 13, 1983 for other than an employee of the Federal Government.

* * * * *

**§ 541.212 Salary basis.**

The explanation of the salary basis of payment made in § 541.118 in connection with the definition of "executive" is also applicable in the definition of "administrative."

**§ 541.213 Fee basis.**

The requirements for exemption as an administrative employee may be met by an employee who is compensated on a fee basis as well as by one who is paid on a salary basis. For a discussion of payment of a fee basis, see § 541.313.

**§ 541.214 Special proviso for high salaried administrative employees.**

(a) Except as otherwise noted in paragraph (b) of this section, § 541.2 contains a special proviso including within the definition of "administrative" an employee who is compensated on a salary or fee basis at a rate of not less than $250 per week exclusive of board, lodging, or other facilities, and whose primary duty consists of either the performance of office or nonmanual work directly related to management policies or general business operations of the employer or the employer's customers, or the performance of functions in the administration of a school system, or educational establishment or institution, or of a department or subdivision thereof, in work directly related to the academic instruction or training carried on therein, where the performance of such primary duty includes work requiring the exercise of discretion and independent judgment. Such a highly paid employee having such work as his or her primary duty is deemed to meet all the requirements in § 541.2 (a) through (e). If an employee qualifies for exemption under this proviso, it is not necessary to test the employee's qualifications in detail under § 541.2 (a) through (e).

(b) In Puerto Rico, the Virgin Islands, and American Samoa, the proviso of § 541.2(e) applies to those administrative employees other than an employee of the Federal Government who are compensated on a salary or fee basis of not less than $200 per week.

[40 FR 7093, Feb. 19, 1975]

EFFECTIVE DATE NOTE: Section 541.214 was revised at 46 FR 3015, Jan. 13, 1981. In accordance with the President's Memorandum of January 29, 1981 (46 FR 11227, Feb. 6, 1981), the effective date was postponed indefinitely at 46 FR 11972, Feb. 12, 1981.

The text of § 541.214 set forth above remains in effect pending further action by the issuing agency. The text of the postponed regulation appears below.

**§ 541.214 Special proviso for high salaried administrative employees.**

(a) Except as otherwise noted in paragraph (b) of this section, § 541.2 contains a special proviso including within the definition of "administrative" an employee who is compensated on a salary or fee basis at a rate of

not less than $320 per week beginning February 13, 1981 and $345 per week beginning February 13, 1983, exclusive of board, lodging, or other facilities, and whose primary duty consists of either the performance of office or nonmanual work directly related to management policies or general business operations of the employer or the employer's customers, or the performance of functions in the administration of a school system, or educational establishment or institution, or of a department or subdivision thereof, in work directly related to the academic instruction or training carried on therein, where the performance of such primary duty includes work requiring the exercise of discretion and independent judgment. Such a highly paid employee having such work as his or her primary duty is deemed to meet all the requirements in §541.2 (a) through (e). If an employee qualifies for exemption under this provisio, it is not necessary to test the employee's qualifications in detail under §541.2 (a) through (e).

(b) In Puerto Rico, the Virgin Islands, and American Samoa, the proviso of §541.2(e) applies to those administrative employees other than an employee of the Federal Government who are compensated on a salary or fee basis of not less than $260 per week beginning February 13, 1981 and $285 per week beginning February 13, 1983.

### §541.215 Elementary or secondary schools and other educational establishments and institutions.

To be considered for exemption as employed in the capacity of academic administrative personnel, the employment must be in connection with the operation of an elementary or secondary school system, an institution of higher education, or other educational establishment or institution. Sections 3(v) and 3(w) of the Act define elementary and secondary schools as those day or residential schools which provide elementary or secondary education, as determined under State law. Under the laws of most States, such education includes the curriculums in grades 1 through 12; under many it includes also the introductory programs in kindergarten. Such education in some States may include also nursery school programs in elementary education and junior college curriculums in secondary education. Education above the secondary school level is in any event included in the programs of institutions of higher education. Special schools for mentally or physically handicapped or gifted children are included among the educational establishments in which teachers and academic administrative personnel may qualify for the administrative exemption, regardless of any classification of such schools as elementary, secondary, or higher. Also, for purposes of the exemption, no distinction is drawn between public or private schools. Accordingly, the classification for other purposes of the school system, or educational establishment or institution, is ordinarily not a matter requiring consideration in a determination of whether the exemption applies. If the work is that of a teacher or academic personnel as defined in the regulations, in such an educational system, establishment, or institution, and if the other requirement of the regulations, are met, the level of instruction involved and the status of the school as public or private or operated for profit or not for profit will not alter the availability of the exemption.

## Employee Employed in a Bona Fide Professional Capacity

### §541.300 General.

The term "professional" is not restricted to the traditional professions of law, medicine, and theology. It includes those professions which have a recognized status and which are based on the acquirement of professional knowledge through prolonged study. It also includes the artistic professions, such as acting or music. Since the test of the bona fide professional capacity of such employment is different in character from the test for persons in the learned professions, an alternative test for such employees is contained in the regulations, in addition to the requirements common to both groups.

[38 FR 11390, May 7, 1973. Redesignated at 57 FR 46744, Oct. 9, 1992.]

### §541.301 Learned professions.

(a) The "learned" professions are described in §541.3(a)(1) as those requiring knowledge of an advanced type in a field of science or learning customarily acquired by a prolonged course of specialized intellectual instruction and study as distinguished from a general academic education and from an apprenticeship and from training in the

performance of routine mental, manual, or physical processes.

(b) The first element in the requirement is that the knowledge be of an advanced type. Thus, generally speaking, it must be knowledge which cannot be attained at the high school level.

(c) Second, it must be knowledge in a field of science or learning. This serves to distinguish the professions from the mechanical arts where in some instances the knowledge is of a fairly advanced type, but not in a field of science or learning.

(d) The requisite knowledge, in the third place, must be customarily acquired by a prolonged course of specialized intellectual instruction and study. Here it should be noted that the word "customarily" has been used to meet a specific problem occurring in many industries. As is well known, even in the classical profession of law, there are still a few practitioners who have gained their knowledge by home study and experience. Characteristically, the members of the profession are graduates of law schools, but some few of their fellow professionals whose status is equal to theirs, whose attainments are the same, and whose word is the same did not enjoy that opportunity. Such persons are not barred from the exemption. The word "customarily" implies that in the vast majority of cases the specific academic training is a prerequisite for entrance into the profession. It makes the exemption available to the occasional lawyer who has not gone to law school, or the occasional chemist who is not the possessor of a degree in chemistry, etc., but it does not include the members of such quasi-professions as journalism in which the bulk of the employees have acquired their skill by experience rather than by any formal specialized training. It should be noted also that many employees in these quasi-professions may qualify for exemption under other sections of the regulations in subpart A of this part or under the alternative paragraph of the "professional" definition applicable to the artistic fields.

(e)(1) Generally speaking the professions which meet the requirement for a prolonged course of specialized intellectual instruction and study include law, medicine, nursing, accounting, actuarial computation, engineering, architecture, teaching, various types of physical, chemical, and biological sciences, including pharmacy and registered or certified medical technology and so forth. The typical symbol of the professional training and the best prima facie evidence of its possession is, of course, the appropriate academic degree, and in these professions an advanced academic degree is a standard (if not universal) prerequisite. In the case of registered (or certified) medical technologists, successful completion of 3 academic years of preprofessional study in an accredited college or university plus a fourth year of professional course work in a school of medical technology approved by the Council of Medical Education of the American Medical Association will be recognized as a prolonged course of specialized intellectual instruction and study. Registered nurses have traditionally been recognized as professional employees by the Division in its enforcement of the act. Although, in some cases, the course of study has become shortened (but more concentrated), nurses who are registered by the appropriate State examining board will continue to be recognized as having met the requirement of §541.3(a)(1) of the regulations.

(2) The areas in which professional exemptions may be available are expanding. As knowledge is developed, academic training is broadened, degrees are offered in new and diverse fields, specialties are created and the true specialist, so trained, who is given new and greater responsibilities, comes closer to meeting the tests. However, just as an excellent legal stenographer is not a lawyer, these technical specialists must be more than highly skilled technicians. Many employees in industry rise to executive or administrative positions by their natural ability and good commonsense, combined with long experience with a company, without the aid of a college education or degree in any area. A college education would perhaps give an executive or administrator a more cultured and polished approach but the necessary know-how for doing the executive job

would depend upon the per
herent talent. The professi
on the other hand, attair
after a prolonged course c
intellectual instruction an

(f) Many accountants ar
professional employees ir
whether they are employ
accounting firms or by ot
enterprises). (Some accou
qualify for exemption as b
ministrative employees.) E
emption of accountants, as
of other occupational
§541.308), must be determ
basis of the individual em
ties and the other criteria
lations. It has been the Div
rience that certified publ
ants who meet the salary
of the regulations will, ex
usual cases, meet the requ
the professional exemption
meet the tests containe
Similarly, accountants w
certified public accountar
be exempt as professional
they actually perform wor
quires the consistent exerci
tion and judgment and oth
the tests prescribed in the
"professional" employee.
clerks, junior accountants
accountants, on the other
mally perform a great dea
work which is not an essen
and necessarily incident to
sional work which they ma
these facts are found such
are not exempt. The title
countant," however, is not
tive of failure to qualify fo
any more than the title
countant" would necessa
that the employee is exemp

(g)(1) A requisite for exer
teacher is the condition th
ployee is "employed and e
this activity as a teacher in
system, or educational es
or institution by which he i

(2) "Employed and eng
teacher" denotes employm
gagement in the named sp
pational category as a requi
emption. Teaching consists
tivities of teaching, tutori
ing, lecturing, and the like
tivity of imparting knowle

would depend upon the person's own inherent talent. The professional person, on the other hand, attains his status after a prolonged course of specialized intellectual instruction and study.

(f) Many accountants are exempt as professional employees (regardless of whether they are employed by public accounting firms or by other types of enterprises). (Some accountants may qualify for exemption as bona fide administrative employees.) However, exemption of accountants, as in the case of other occupational groups (see §541.308), must be determined on the basis of the individual employee's duties and the other criteria in the regulations. It has been the Divisions' experience that certified public accountants who meet the salary requirement of the regulations will, except in unusual cases, meet the requirements of the professional exemption since they meet the tests contained in §541.3. Similarly, accountants who are not certified public accountants may also be exempt as professional employees if they actually perform work which requires the consistent exercise of discretion and judgment and otherwise meet the tests prescribed in the definition of "professional" employee. Accounting clerks, junior accountants, and other accountants, on the other hand, normally perform a great deal of routine work which is not an essential part of and necessarily incident to any professional work which they may do. Where these facts are found such accountants are not exempt. The title "Junior Accountant," however, is not determinative of failure to qualify for exemption any more than the title "Senior Accountant" would necessarily imply that the employee is exempt.

(g)(1) A requisite for exemption as a teacher is the condition that the employee is "employed and engaged" in this activity as a teacher in the school system, or educational establishment or institution by which he is employed.

(2) "Employed and engaged as a teacher" denotes employment and engagement in the named specific occupational category as a requisite for exemption. Teaching consists of the activities of teaching, tutoring, instructing, lecturing, and the like in the activity of imparting knowledge. Teaching personnel may include the following (although not necessarily limited to): Regular academic teachers; teachers of kindergarten or nursery school pupils or of gifted or handicapped children; teachers of skilled and semiskilled trades and occupations; teachers engaged in automobile driving instruction; aircraft flight instructors; home economics teachers; and vocal or instrumental music instructors. Those faculty members who are engaged as teachers but also spend a considerable amount of their time in extracurricular activities such as coaching athletic teams or acting as moderators or advisers in such areas as drama, forensics, or journalism are engaged in teaching. Such activities are a recognized part of the school's responsibility in contributing to the educational development of the student.

(3) Within the public schools of all the States, certificates, whether conditional or unconditional, have become a uniform requirement for employment as a teacher at the elementary and secondary levels. The possession of an elementary or secondary teacher's certificate provide a uniform means of identifying the individuals contemplated as being within the scope of the exemption provided by the statutory language and defined in §541.3(a)(3) with respect to all teachers employed in public schools and those private schools who possess State certificates. However, the private schools of all the States are not uniform in requiring a certificate for employment as an elementary or secondary school teacher and teacher's certificates are not generally necessary for employment as a teacher in institutions of higher education or other educational establishments which rely on other qualification standards. Therefore, a teacher who is not certified but is engaged in teaching in such a school may be considered for exemption provided that such teacher is employed as a teacher by the employing school or school system and satisfies the other requirements of §541.3.

(4) Whether certification is conditional or unconditional will not affect the determination as to employment within the scope of the exemption contemplated by this section. There is no

standard terminology within the States referring to the different kinds of certificates. The meanings of such labels as permanent, standard, provisional, temporary, emergency, professional, highest standard, limited, and unlimited vary widely. For the purpose of this section, the terminology affixed by the particular State in designating the certificates does not affect the determination of the exempt status of the individual.

[38 FR 11390, May 7, 1973. Redesignated and amended at 57 FR 46744, Oct. 9, 1992.]

### § 541.302 Artistic professions.

(a) The requirements concerning the character of the artistic type of professional work are contained in §541.3(a)(2). Work of this type is original and creative in character in a recognized field of artistic endeavor (as opposed to work which can be produced by a person endowed with general manual or intellectual ability and training), and the result of which depends primarily on the invention, imagination, or talent of the employee.

(b) The work must be "in a recognized field of artistic endeavor." This includes such fields as music, writing, the theater, and the plastic and graphic arts.

(c)(1) The work must be original and creative in character, as opposed to work which can be produced by a person endowed with general manual or intellectual ability and training. In the field of music there should be little difficulty in ascertaining the application of the requirement. Musicians, composers, conductors, soloists, all are engaged in original and creative work within the sense of this definition. In the plastic and graphic arts the requirement is, generally speaking, met by painters who at most are given the subject matter of their painting. It is similarly met by cartoonists who are merely told the title or underlying concept of a cartoon and then must rely on their own creative powers to express the concept. It would not normally be met by a peron who is employed as a copyist, or as an "animator" of motion-picture cartoons, or as a retoucher of photographs since it is not believed that such work is properly described as creative in character.

(2) In the field of writing the distinction is perhaps more difficult to draw. Obviously the requirement is met by essayists or novelists or scenario writers who choose their own subjects and hand in a finished piece of work to their employers (the majority of such persons are, of course, not employees but self-employed). The requirement would also be met, generally speaking, by persons holding the more responsible writing positions in advertising agencies.

(d) Another requirement is that the employee be engaged in work "the result of which depends primarily on the invention, imagination, or talent of the employee." This requirement is easily met by a person employed as an actor, or a singer, or a violinist, or a short-story writer. In the case of newspaper employees the distinction here is similar to the distinction observed above in connection with the requirement that the work be "original and creative in character." Obviously the majority of reporters do work which depends primarily on intelligence, diligence, and accuracy. It is the minority whose work depends primarily on "invention, imaging, or talent." On the other hand, this requirement will normally be met by actors, musicians, painters, and other artists.

(e)(1) The determination of the exempt or nonexempt status of radio and television announcers as professional employees has been relatively difficult because of the merging of the artistic aspects of the job with the commercial. There is considerable variation in the type of work performed by various announcers, ranging from predominantly routine to predominantly exempt work. The wide variation in earnings as between individual announcers, from the highly paid "name" announcer on a national network who is greatly in demand by sponsors to the staff announcer paid a comparatively small salary in a small station, indicates not only great differences in personality, voice and manner, but also in some inherent special ability or talent which, while extremely difficult to define, is nevertheless real.

(2) The duties which many announcers are called upon to perform include: Functioning as a master of ceremonies:

playing dramatic, comed[...] parts in a program; inte[...] ducting farm, fashion, [...] nomics programs; co[...] events, such as sports [...] which the announcer m[...] to ad lib and describe cu[...] events; and acting as [...] commentator. Such wor[...] exempt. Work such as [...] identification and tim[...] nouncing the names of [...] similar routine work [...] work. In the field of m[...] ment as in other fields [...] deavor, the status of an [...] bona fide professional u[...] large part dependent up[...] duties are original an[...] character, and whether [...] vention, imagination or [...] termination of whether [...] announcer is exempt as [...] employee must be based [...] vidual duties and the [...] empt and nonexempt w[...] as well as his compensat[...]

(f) The field of journ[...] ploys many exempt as [...] nonexempt employees [...] or similiar job titles. N[...] ers and reporters are the [...] egories of employment [...] found.

(1) Newspaper writers, [...] rare exceptions in certa[...] nical fields, do not me[...] ments of §541.3(a)(1) for [...] professional employee[...] "learned" type. Exempt [...] paper writers as professi[...] is normally available [...] provisions for professi[...] of the "artistic" type. N[...] ing of the exempt type m[...] be "predominantly orig[...] ative in character." [...] which is analytical, int[...] highly individualized is [...] be creative in nature. [...] fiction to the extent th[...] found on a newspaper [...] considered as exempt wo[...] writers commonly per[...] which is original and c[...] the meaning of §541.3[...] writers, columnists, cri[...] flight" writers of analyt[...] pretative articles.