playing dramatic, comedy, or straight parts in a program; interviewing; conducting farm, fashion, and home economics programs; covering public events, such as sports programs, in which the announcer may be required to ad lib and describe current changing events; and acting as narrator and commentator. Such work is generally exempt. Work such as giving station identification and time signals, announcing the names of programs, and similar routine work is nonexempt work. In the field of radio entertainment as in other fields of artistic endeavor, the status of an employee as a bona fide professional under §541.3 is in large part dependent upon whether his duties are original and creative in character, and whether they require invention, imagination or talent. The determination of whether a particular announcer is exempt as a professional employee must be based upon his individual duties and the amount of exempt and nonexempt work performed, as well as his compensation.

(f) The field of journalism also employs many exempt as well as many nonexempt employees under the same or similar job titles. Newspaper writers and reporters are the principal categories of employment in which this is found.

(1) Newspaper writers, with possible rare exceptions in certain highly technical fields, do not meet the requirements of §541.3(a)(1) for exemption as professional employees of the "learned" type. Exemption for newspaper writers as professional employees is normally available only under the provisions for professional employees of the "artistic" type. Newspaper writing of the exempt type must, therefore, be "predominantly original and creative in character." Only writing which is analytical, interpretative or highly individualized is considered to be creative in nature. (The writing of fiction to the extent that it may be found on a newspaper would also be considered as exempt work.) Newspaper writers commonly performing work which is original and creative within the meaning of §541.3 are editorial writers, columnists, critics, and "top-flight" writers of analytical and interpretative articles.

(2) The reporting of news, the rewriting of stories received from various sources, or the routine editorial work of a newspaper is not predominantly original and creative in character within the meaning of §541.3 and must be considered as nonexempt work. Thus, a reporter or news writer ordinarily collects facts about news events by investigation, interview, or personal observation and writes stories reporting these events for publication, or submits the facts to a rewrite man or other editorial employees for story preparation. Such work is nonexempt work. The leg man, the reporter covering a police beat, the reporter sent out under specific instructions to cover a murder, fire, accident, ship arrival, convention, sport event, etc., are normally performing duties which are not professional in nature within the meaning of the act and §541.3.

(3) Incidental interviewing or investigation, when it is performed as an essential part of and is necessarily incident to an employee's professional work, however, need not be counted as nonexempt work. Thus, if a dramatic critic interviews an actor and writes a story around the interview, the work of interviewing him and writing the story would not be considered as nonexempt work. However, a dramatic critic who is assigned to cover a routine news event such as a fire or a convention would be doing nonexempt work since covering the fire or the convention would not be necessary and incident to his work as a dramatic critic.

[38 FR 11390, May 7, 1973. Redesignated at 57 FR 46744, Oct. 9, 1992]

## §541.303 Computer related occupations under Public Law 101–583.

(a) Pursuant to Public Law 101–583, enacted November 15, 1990, §541.3(a)(4) provides that computer systems analysts, computer programmers, software engineers, or other similarly skilled workers in the computer software field are eligible for exemption as professionals under section 13(a)(1) of the Act. Employees who qualify for this exemption are highly-skilled in computer systems analysis, programming, or related work in software functions. Employees who perform these types of work have varied job titles. Included

among the more common job titles are computer programmer, systems analyst, computer systems analyst, computer programmer analyst, applications programmer, applications systems analyst, applications systems analyst/programmer, software engineer, software specialist, systems engineer, and systems specialist. These job titles are illustrative only and the list is not intended to be all-inclusive. Further, because of the wide variety of job titles applied to computer systems analysis and programming work, job titles alone are not determinative of the applicability of this exemption.

(b) To be considered for exemption under §541.3(a)(4), an employee's primary duty must consist of one or more of the following:

(1) The application of systems analysis techniques and procedures, including consulting with users, to determine hardware, software, or system functional specifications;

(2) The design, development, documentation, analysis, creation, testing, or modification of computer systems or programs, including prototypes, based on and related to user or system design specifications;

(3) The design, documentation, testing, creation or modification of computer programs related to machine operating systems; or

(4) a combination of the aforementioned duties, the performance of which requires the same level of skills.

(c) The exemption provided by §541.3(a)(4) applies only to highly-skilled employees who have achieved a level of proficiency in the theoretical and practical application of a body of highly-specialized knowledge in computer systems analysis, programming, and software engineering, and does not include trainees or employees in entry level positions learning to become proficient in such areas or to employees in these computer-related occupations who have not attained a level of skill and expertise which allows them to work independently and generally without close supervision. The level of expertise and skill required to qualify for this exemption is generally attained through combinations of education and experience in the field. While such employees commonly have a bachelor's or higher degree, no particular academic degree is required for this exemption, nor are there any requirements for licensure or certification, as is required for the exemption for the learned professions.

(d) The exemption does not include employees engaged in the operation of computers or in the manufacture, repair, or maintenance of computer hardware and related equipment. Employees whose work is highly dependent upon, or facilitated by, the use of computers and computer software programs, e.g., engineers, drafters, and others skilled in computer-aided design software like CAD/CAM, but who are not in computer systems analysis and programming occupations, are also excluded from this exemption.

(e) Employees in computer software occupations within the scope of this exemption, as well as those employees not within its scope, may also have managerial and administrative duties which may qualify the employees for exemption under §541.1 or §541.2 (see §§541.205(c)(7) and 541.207(c)(7) of this subpart).

[57 FR 46744, Oct. 9, 1992; 57 FR 47163, Oct. 14, 1992]

### § 541.304 Primary duty.

(a) For a general explanation of the term "primary duty" see the discussion of this term under "executive" in §541.103. See also the discussion under "administrative" in §541.206.

(b) The "primary duty" of an employee as a teacher must be that of activity in the field of teaching. Mere certification by the State, or employment in a school will not suffice to qualify an individual for exemption within the scope of §541.3(a)(3) if the individual is not in fact both employed and engaged as a teacher (see §541.302(g)(2)). The words "primary duty" have the effect of placing major emphasis on the character of the employee's job as a whole. Therefore, employment and engagement in the activity of imparting knowledge as a primary duty shall be determinative with respect to employment within the meaning of the exemption as "teacher" in conjunction with the other requirements of §541.3.

### §541.305 Discretion and judgm

(a) Under §541.3 a professi ployee must perform work w quires the consistent exercise tion and judgment in its perfor

(b) A prime characteristic c sional work is the fact that ployee does apply his specia edge or talents with discre judgment. Purely mechanical tine work is not professional.

### §541.306 Predominantly int and varied.

(a) Section 541.3 requires employee be engaged in work nantly intellectual and varied acter as opposed to routine manual, mechanical, or physic This test applies to the type ing which must be performed employee in question. While may make 20 physical examin the morning and perform in th of his examinations essentially tests. It requires not only and discretion on his part bu tinual variety of interpretatio tests to perform satisfactor Likewise, although a pro chemist may make a series o tests, the problems presented as will the deductions to thereirom. The work of the tru sional is inherently varied ever similar outward actions may formed.

(b) Another example of thi professional medical technolog performs complicated chemical scopic, and bacteriological te procedures. In a large medical tory or clinic, the technologist specializes in making several related tests in areas such as ology, parasitology, biochemis matology, histology, cytology, clear medical technology. Th nologist also does the blood He will also conduct tests re the examination and treatmen tients, or do research on new on the improvement of la techniques, or teach and perf ministrative duties. The simp tine, and preliminary tests a erally performed by laborator ants or technicians. However nologists who work in small

**§ 541.305 Discretion and judgment.**

(a) Under § 541.3 a professional employee must perform work which requires the consistent exercise of discretion and judgment in its performance.

(b) A prime characteristic of professional work is the fact that the employee does apply his special knowledge or talents with discretion and judgment. Purely mechanical or routine work is not professional.

**§ 541.306 Predominantly intellectual and varied.**

(a) Section 541.3 requires that the employee be engaged in work predominantly intellectual and varied in character as opposed to routine mental, manual, mechanical, or physical work. This test applies to the type of thinking which must be performed by the employee in question. While a doctor may make 20 physical examinations in the morning and perform in the course of his examinations essentially similar tests, it requires not only judgment and discretion on his part but a continual variety of interpretation of the tests to perform satisfactory work. Likewise, although a professional chemist may make a series of similar tests, the problems presented will vary as will the deductions to be made therefrom. The work of the true professional is inherently varied even though similar outward actions may be performed.

(b) Another example of this is the professional medical technologist who performs complicated chemical, microscopic, and bacteriological tests and procedures. In a large medical laboratory or clinic, the technologist usually specializes in making several kinds of related tests in areas such as microbiology, parasitology, biochemistry, hematology, histology, cytology, and nuclear medical technology. The technologist also does the blood banking. He will also conduct tests related to the examination and treatment of patients, or do research on new drugs, or on the improvement of laboratory techniques, or teach and perform administrative duties. The simple, routine, and preliminary tests are generally performed by laboratory assistants or technicians. However, technologists who work in small laboratories may perform tasks that are performed by nonexempt employees in larger establishments. This type of activity will not necessarily be considered nonexempt (see § 541.307).

(c) On the other hand, X-ray technicians have only limited opportunity for the exercise of independent discretion and judgment, usually performing their duties under the supervision of a more highly qualified employee. The more complex duties of interpretation and judgment in this field are performed by obviously exempt professional employees.

**§ 541.307 Essential part of and necessarily incident to.**

(a) Section 541.3(d), it will be noted, has the effect of including within the exempt work activities which are an essential part of and necessarily incident to the professional work described in § 541.3 (a) through (c). This provision recognizes the fact that there are professional employees whose work necessarily involves some of the actual routine physical tasks also performed by obviously nonexempt employees. For example, a chemist performing important and original experiments frequently finds it necessary to perform himself some of the most menial tasks in connection with the operation of his experiments, even though at times these menial tasks can be conveniently or properly assigned to laboratory assistants. See also the example of incidental interviewing or investigation in § 541.203(a)(3).

(b) It should be noted that the test of whether routine work is exempt work is different in the definition of "professional" from that in the definition of "executive" and "administrative." Thus, while routine work will be exempt if it is "directly and closely related" to the performance of executive or administrative duties, work which is directly and closely related to the performance of the professional duties will not be exempt unless it is also "an essential part of and necessarily incident to" the professional work.

(c) Section 541.3(d) takes into consideration the fact that there are teaching employees whose work necessarily involves some of the actual routine duties and physical tasks also performed

197-105 D-8

FAIRBANKS LAW LIBRARY

by nonexempt employees. For example, a teacher may conduct his pupils on a field trip related to the classroom work of his pupils and in connection with the field trip engage in activities such as driving a school bus and monitoring the behavior of his pupils in public restraurants. These duties are an essential part of and necessarily incident to his job as teacher. However, driving a school bus each day at the beginning and end of the schools day to pick up and deliver pupils would not be exempt type work.

## § 541.308 Nonexempt work generally.

(a) It has been the Divisions' experience that some employers erroneously believe that anyone employed in the field of accountancy, engineering, or other professional fields, will qualify for exemption as a professional employee by virtue of such employment. While there are many exempt employees in these fields, the exemption of individual depends upon his duties and other qualifications.

(b) It is necessary to emphasize the fact that section 13(a)(1) exempts "any employee employed in a bona fide * * * professional capacity." It does not exempt all employees of professional employers, or all employees in industries having large numbers of professional members, or all employees in any particular occupation. Nor does it exempt, as such those learning a profession. Moreover, it does not exempt persons with professional training, who are working in professional fields, but performing subprofessional or routine work. For example, in the field of library science there are large numbers of employees who are trained librarians but who, nevertheless, do not perform professional work or receive salaries commensurate with recognized professional status. The field of "engineering" has many persons with "engineer" titles, who are not professional engineers, as well as many who are trained in the engineering profession, but are actually working as trainees, junior engineers, or draftsmen.

## § 541.309 20-percent nonexempt work limitation.

Time spent in nonexempt work, that is, work which is not an essential part of and necessarily incident to the exempt work, is limited to 20 percent of the time worked by the employee in the workweek.

## § 541.310 Trainees, professional.

The exemption applies to an employee employed in a bona fide professional capacity and does not include trainees who are not actually performing the duties of a professional employee.

## § 541.311 Amount of salary or fees required.

(a) Except as otherwise noted in paragraphs (b) and (c) of this section, compensation on a salary or fee basis at a rate of not less than $170 per week, exclusive of board, lodging or other facilities, is required for exemption as a "professional employee." An employee will meet this requirement if paid a biweekly salary of $340, a semi monthly salary of $368.33 or a monthly salary of $736.67.

(b) In Puerto Rico, the Virgin Islands, and American Samoa the salary test for exemption as a "professional" for other than employees of the Federal Government is $150 per week.

(c) The payment of the compensation specified in paragraph (a) or (b) of this section is not a requisite for exemption in the case of employees exempted from this requirement by the proviso to §541.3(e), as explained in §541.314.

(d) The payment of the required salary must be exclusive of board, lodging, or other facilities; that is, free and clear. On the other hand, the regulations in subpart A of this part do not prohibit the sale of such facilities to professional employees on a cash basis if they are negotiated in the same manner as similar transactions with other persons.

[38 FR 11390, May 7, 1973, as amended at 40 FR 7093, Feb. 19, 1975]

EFFECTIVE DATE NOTE: Paragraphs (a) and (b) in §541.311 were revised at 46 FR 3015, Jan. 13, 1981. In accordance with the President's Memorandum of January 29, 1981 (46 FR 11227, Feb. 5, 1981), the effective date was postponed indefinitely at 46 FR 11972, Feb. 12, 1981.

The text of paragraphs (a) and (b) set forth above remains in effect pending further action by the issuing agency. The text of the postponed regulation appears below.

§ 541.311 Amount of salary

(a) Except as otherwise graphs (b) and (c) of this se tion on a salary or fee basis less than $250 per week beg 13, 1981 and $280 per week beg 13, 1983, exclusive of board, facilities, is required for "professional employee." Fo on $280 a week, an employe requirement if paid a biweek a semi-monthly salary of $6 ly salary of $1,213.33.

(b) In Puerto Rico, the Vi American Samoa the salary tion as a "professional" for ployees of the Federal Go per week beginning February per week beginning February

* * *

§ 541.312 Salary basis.

The salary basis of p plained in §541.118 in co the definition of "executi to Public Law 101–583, en ber 15, 1990, payment basis" is not a requireme tion in the case of those computer-related occupa fined in §541.3(a)(4) and otherwise meet the req §541.3 and who are paid basis if their hourly rate 6½ times the minimum by section 6 of the Act.

[57 FR 46745, Oct. 9, 1992]

§ 541.313 Fee basis.

(a) The requirements as a professional (or ad employee may be met by who is compensated on well as by one who is pai basis.

(b) Little or no difficult termining whether a pa ployment arrangement ment on a fee basis. S ments are characterized ment of an agreed sum fo regardless of the time re completion. These payme resemble piecework paym important distinction th speaking a fee payment is kind of job which is uniqu for a series of jobs which an indefinite number of

-ly incident to the ex-
imited to 20 percent of
ed by the employee in

ees, professional.

on applies to an em-
d in a bona fide profes-
and does not include
are not actually per-
ties of a professional

nt of salary or fees re-

s otherwise noted in
and (c) of this section.
n a salary or fee basis
less than $170 per week.
rd, lodging or other fa-
red for exemption as a
nployee." An employee
equirement if paid a bi-
f $340, a semi monthly
or a monthly salary of

R the Virgin Is-
a moa the salary
on as a "professional"
employees of the Fed-
is $150 per week.
nt of the compensation
graph (a) or (b) of this
equisite for exemption
employees exempted
ement by the proviso
plained in §541.314.
nt of the required sal-
lusive of board, lodg-
ities; that is, free and
her hand, the regula-
A of this part do not
of such facilities to
oyees on a cash basis
ated in the same man-
nsactions with other

. 1973, as amended at 40
]

OTE: Paragraphs (a) and
vised at 46 FR 3015, Jan.
ce with the President's
nuary 29, 1981 (46 FR
the effective date was
y at 46 FR 11972, Feb. 12,

phs (a) and (b) set forth
fect pending further ac-
agency. The text of the
appe elow.

**§ 541.311 Amount of salary or fees required.**

(a) Except as otherwise noted in paragraphs (b) and (c) of this section, compensation on a salary or fee basis at a rate of not less than $250 per week beginning February 13, 1981 and $280 per week beginning February 13, 1983, exclusive of board, lodging or other facilities, is required for exemption as a "professional employee." For example, based on $280 a week, an employee will meet this requirement if paid a biweekly salary of $560, a semi-monthly salary of $606.67 or a monthly salary of $1,213.33.

(b) In Puerto Rico, the Virgin Islands, and American Samoa the salary test for exemption as a "professional" for other than employees of the Federal Government is $225 per week beginning February 13, 1981 and $250 per week beginning February 13, 1983.

* * * * *

**§ 541.312 Salary basis.**

The salary basis of payment is explained in §541.118 in connection with the definition of "executive." Pursuant to Public Law 101-583, enacted November 15, 1990, payment "on a salary basis" is not a requirement for exemption in the case of those employees in computer-related occupations, as defined in §541.3(a)(4) and §541.303, who otherwise meet the requirements of §541.3 and who are paid on an hourly basis if their hourly rate of pay exceeds 6½ times the minimum wage provided by section 6 of the Act.

[57 FR 46745, Oct. 9, 1992]

**§ 541.313 Fee basis.**

(a) The requirements for exemption as a professional (or administrative) employee may be met by an employee who is compensated on a fee basis as well as by one who is paid on a salary basis.

(b) Little or no difficulty arises in determining whether a particular employment arrangement involves payment on a fee basis. Such arrangements are characterized by the payment of an agreed sum for a single job regardless of the time required for its completion. These payments in a sense resemble piecework payments with the important distinction that generally speaking a fee payment is made for the kind of job which is unique rather than for a series of jobs which are repeated an indefinite number of times and for which payment on an identical basis is made over and over again. Payments based on the number of hours or days worked and not on the accomplishment of a given single task are not considered payments on a fee basis. The type of payment contemplated in the regulations in subpart A of this part is thus readily recognized.

(c) The adequacy of a fee payment. Whether it amounts of payment at a rate of not less than $170 per week to a professional employee or at a rate of not less than $155 per week to an administrative employee can ordinarily be determined only after the time worked on the job has been determined. In determining whether payment is at the rate specified in the regulations in subpart A of this part the amount paid to the employee will be tested by reference to a standard workweek of 40 hours. Thus compliance will be tested in each case of a fee payment by determining whether the payment is at a rate which would amount to at least $170 per week to a professional employee or at a rate of not less than $155 per week to an administrative employee if 40 hours were worked.

(d) The following examples will illustrate the principle stated above:

(1) A singer receives $50 for a song on a 15-minute program (no rehearsal time is involved). Obviously the requirement will be met since the employee would earn $170 at this rate of pay in far less than 40 hours.

(2) An artist is paid $100 for a picture. Upon completion of the assignment, it is determined that the artist worked 20 hours. Since earnings at this rate would yield the artist $200 if 40 hours were worked, the requirement is met.

(3) An illustrator is assigned the illustration of a pamphlet at a fee of $150. When the job is completed, it is determined that the employee worked 60 hours. If the employee worked 40 hours at this rate, the employee would have earned only $100. The fee payment of $150 for work which required 60 hours to complete therefore does not meet the requirement of payment at a rate of $170 per week and the employee must be considered nonexempt. It follows that if in the performance of this assignment the illustrator worked in excess of 40 hours in any week, overtime

FAIRBANKS LAW LIBRARY

rates must be paid. Whether or not the employee worked in excess of 40 hours in any week, records for such an employee would have to be kept in accordance with the regulations covering records for nonexempt employees (part 516 of this chapter).

[38 FR 11390, May 7, 1973, as amended at 40 FR 7093, Feb. 19, 1975]

EFFECTIVE DATE NOTE: Paragraphs (c) and (d) in § 541.313 were revised at 46 FR 3015, Jan. 13, 1981. In accordance with the President's Memorandum of January 29, 1981 (46 FR 11227, Feb. 6, 1981), the effective date was postponed indefinitely at 46 FR 11972, Feb. 12, 1981.

The text of paragraphs (c) and (d) set forth above remains in effect pending further action by the issuing agency. The text of the postponed regulation appears below.

**§ 541.313 Fee basis.**

* * * * *

(c) Examples of the adequacy of certain fee payments follow. For example, whether a fee payment amounts to payment at a rate of not less than $280 per week to a professional employee or at a rate of not less than $250 per week to an administrative employee can ordinarily be determined only after the time worked on the job has been determined. In determining whether payment is at the rate specified in the regulations in subpart A of this part the amount paid to the employee will be tested by reference to a standard workweek of 40 hours. Thus compliance will be tested in each case of a fee payment by determining whether the payment is at a rate which would amount to at least $280 per week to a professional employee or at a rate of not less then $250 per week to an administrative employee if 40 hours were worked.

(d) The following examples will illustrate the principle stated above:

(1) A singer receives $50 for a song on a 15-minute program (no rehearsal time is involved). Obviously the requirement will be met since the employee would earn $280 at this rate of pay in far less than 40 hours.

(2) An artist is paid $150 for a picture. Upon completion of the assignment, it is determined that the artist worked 20 hours. Since earnings at this rate would yield the artist $300 if 40 hours were worked, the requirement is met.

(3) An isslustrator is assigned the illustration of a pamphlet at a fee of $180. When the job is completed, it is determined that the employee worked 60 hours. If the employee worked 40 hours at this rate, the employee would have earned only $120. The fee payment of $180 for work which required 60 hours to complete therefore does not meet the requirement of payment at a rate of $280 per week and the employee must be considered nonexempt. It follows that if in the performance of this assignment the illustrator worked in excess of 40 hours in any week, overtime rates must be paid. Whether or not the employee worked in excess of 40 hours in any week, records for such an employee would have to be kept in accordance with the regulations covering records for nonexempt employees (part 516 of this chapter).

**§ 541.314 Exception for physicians, lawyers, and teachers.**

(a) A holder of a valid license or certificate permitting the practice of law or medicine or any of their branches, who is actually engaged in practicing the profession, or a holder of the requisite academic degree for the general practice of medicine who is engaged in an internship or resident program pursuant to the practice of his profession, or an employee employed and engaged as a teacher in the activity of imparting knowledge, is excepted from the salary or fee requirement. This exception applies only to the traditional professions of law, medicine, and teaching and not to employees in related professions which merely serve these professions.

(b) In the case of medicine:

(1) The exception applies to physicians and other practitioners licensed and practicing in the field of medical science and healing or any of the medical specialities practiced by physicians or practitioners. The term *physicians* means medical doctors including general practitioners and specialists, and osteopathic physicians (doctors of osteopathy). Other practitioners in the field of medical science and healing may include podiatrists (sometimes called chiropodists), dentists (doctors of dental medicine), optometrists (doctors of optometry or bachelors of science in optometry).

(2) Physicians and other practitioners included in paragraph (b)(1) of this section, whether or not licensed to practice prior to commencement of an internship or resident program, are excepted from the salary or fee requirement during their internship or resident program, where such a training program is entered upon after the earning of the appropriate degree required

for the general practice of th
sion.

(c) In the case of medic
tions, the exception from th
fee requirement does not app
macists, nurses, therapis
nologists, sanitarians, dietic
workers, psy
psychometrists, or other
which service the medical pro

**§ 541.315 Special proviso for**
**ried professional employe**

(a) Except as otherwise
paragraph (b) of this section
nition of "professional" cont
cial proviso for employees
compensated on a salary or f
a rate of at least $250 per w
sive of board, lodging, or ot
ties. Under this proviso, th
ments for exemption in
through (e) will be deemed to
an employee who receives t
salary or fees and whose pri
consists of the performance c
quiring knowledge of an adva
in a field of science or lea
work as a teacher in the acti
parting knowledge, which
work requiring the consisten
of discretion and judgment, c
of the performance of work
invention, imagination, or t
recognized field of artistic
Thus, the exemption will appl
ly paid employees employed
one of the "learned" profess
an "artistic" profession and
marily professional work. I
ployee qualifies for exempti
this proviso, it is not necessa
the employee's qualifications
under § 541.3 (a) through (e).

(b) In Puerto Rico, the V
lands, and American Samoa t
proviso of § 541.3(e) applies
"professional" employees (ot
employees of the Federal gov
who are compensated on a sal
basis of not less than $200 per

[40 FR 7093, Feb. 19, 1975]

EFFECTIVE DATE NOTE: Section
revised at 46 FR 3015, Jan. 13, 198
ance with the President's Memo
January 29, 1981 (46 FR 11227, Fe
the effective date was postponed i
at 46 FR 11972, Feb. 12, 1981.

ment at a rate of $200 ...oyee must be consid... ...ows that if in the per... ...nment the illustrator ...0 hours in any week. ...paid. Whether or not ...n excess of 40 hours in ...r such an employee ...n accordance with the ...ecords for nonexempt ...this chapter).

...for physicians, ...hers.

...alid license or cer... the practice of law ...of their branches. ...aged in practicing ...holder of the req... ...ree for the general ...who is engaged in ...ident program pur... ...e of his profession. ...ployed and engaged ...activity of impart... exc... from the ... This excep... ...dditional pro... ...icine, and teaching ...s in related profes... ...serve these profes...

...nedicine: ...applies to physi... ...ctitioners licensed ...he field of medical ...or any of the med... ...racticed by physi... ...rs. The term *physi*... ...l doctors including ...rs and specialists, ...sicians (doctors of ...practitioners in the ...ience and healing ...trists (sometimes ..., dentists (doctors ...optometrists (doc... ...or bachelors of ...7). ...and other practi... paragraph 5(1) of ...r or not licensed to ...mmencement of an ...nt program, are ex... ...ary or fee require... internship or resi... ...re such a training ...upon after the earn... ...te ...e required

for the general practice of their profession.

(c) In the case of medical occupations, the exception from the salary or fee requirement does not apply to pharmacists, nurses, therapists, technologists, sanitarians, dietitians, social workers, psychologists, psychometrists, or other professions which service the medical profession.

**§541.315 Special proviso for high salaried professional employees.**

(a) Except as otherwise noted in paragraph (b) of this section, the definition of "professional" contains a special proviso for employees who are compensated on a salary or fee basis at a rate of at least $250 per week exclusive of board, lodging, or other facilities. Under this proviso, the requirements for exemption in §541.3 (a) through (e) will be deemed to be met by an employee who receives the higher salary or fees and whose primary duty consists of the performance of work requiring knowledge of an advanced type in a field of science or learning, or work as a teacher in the activity of imparting knowledge, which includes work requiring the consistent exercise of discretion and judgment, or consists of the performance of work requiring invention, imagination, or talent in a recognized field of artistic endeavor. Thus, the exemption will apply to highly paid employees employed either in one of the "learned" professions or in an "artistic" profession and doing primarily professional work. If an employee qualifies for exemption under this proviso, it is not necessary to test the employee's qualifications in detail under §541.3 (a) through (e).

(b) In Puerto Rico, the Virgin Islands, and American Samoa the second proviso of §541.3(e) applies to those "professional" employees (other than employees of the Federal government) who are compensated on a salary or fee basis of not less than $200 per week.

[40 FR 7093, Feb. 19, 1975]

EFFECTIVE DATE NOTE: Section 541.315 was revised at 46 FR 3015, Jan. 13, 1981. In accordance with the President's Memorandum of January 29, 1981 (46 FR 11227, Feb. 6, 1981), the effective date was postponed indefinitely at 46 FR 11972, Feb. 12, 1981. The text of §541.315 set forth above remains in effect pending further action by the issuing agency. The text of the postponed regulation appears below.

**§541.315 Special proviso for high salaried professional employees.**

(a) Except as otherwise noted in paragraph (b) of this section, the definition of "professional" contains a special proviso for employees who are compensated on a salary or fee basis at a rate of at least $320 per week beginning February 13, 1981 and $345 per week beginning February 13, 1983, exclusive of board, lodging, or other facilities. Under this proviso, the requirements for exemption in §541.3 (a) through (e) will be deemed to be met by an employee who receives the higher salary or fees and whose primary duty consists of the performance of work requiring knowledge of an advanced type in a field of science or learning, or work as a teacher in the activity of imparting knowledge, which includes work requiring the consistent exercise of discretion and judgment, or consists of the performance of work requiring invention, imagination, or talent in a recognized field of artistic endeavor. Thus, the exemption will apply to highly paid employees employed either in one of the "learned" professions or in an "artistic" profession and doing primarily professional work. If an employee qualifies for exemption under this proviso, it is not necessary to test the employee's qualifications in detail under §541.3 (a) through (e).

(b) In Puerto Rico, the Virgin Islands, and American Samoa the second proviso of §541.3(e) applies to those "professional" employees (other than employees of the Federal Government) who are compensated on a salary or fee basis of not less than $260 per week beginning February 13, 1981 and $285 per week beginning February 13, 1983.

EMPLOYEE EMPLOYED IN THE CAPACITY OF OUTSIDE SALESMAN

**§541.500 Definition of "outside salesman."**

Section 541.5 defines the term "outside salesman" as follows: The term "employee employed * * * in the capacity of outside salesman" in section 13(a)(1) of the Act shall mean any employee:

(a) Who is employed for the purpose of and who is customarily and regularly engaged away from his employer's place or places of business in:

(1) Making sales within the meaning of section 3(k) of the Act, or

(2) Obtaining orders or contracts for services or for the use of facilities for

FAIRBANKS LAW LIBRARY