§ 541.501    29 CFR Ch. V (7-1-02 Edition)    Wage and Hour Division, La:

which a consideration will be paid by the client or customer: and

(b) Whose hours of work of a nature other than that described in paragraph (a) (1) or (2) of this section do not exceed 20 percent of the hours worked in the workweek by nonexempt employees of the employers: *Provided,* That work performed incidental to and in conjunction with the employee's own outside sales or solicitations, including incidental deliveries and collections, shall not be regarded as nonexempt work.

§ 541.501   Making sales or obtaining orders.

(a) Section 541.5 requires that the employee be engaged in: (1) Making sales within the meaning of section 3(k) of the Act, or (2) obtaining orders or contracts for services or for the use of facilities.

(b) Generally speaking, the divisions have interpreted section 3(k) of the Act to include the transfer of title to tangible property, and in certain cases, of tangible and valuable evidences of intangible property. Thus sales of automobiles, coffee, shoes, cigars, stocks, bonds, and insurance are construed as sales within the meaning of section 3(k). (Section 3(k) of the Act states that "sale" or "sell" includes any sale, exchange, contract to sell, consignment for sale, shipment for sale, or other disposition.)

(c) It will be noted that the exempt work includes not only the sales of commodities, but also "obtaining orders or contracts for services or for the use of facilities for which a consideration will be paid by the client or customer." "Obtaining orders or * * * for the use of facilities" includes the selling of time on the radio, the solicitation of advertising for newspapers and other periodicals and the solicitation of freight for railroads and other transportation agencies.

(d) The word "services" extends the exemption as outside salesmen to employees who sell or take orders for a service, which is performed for the customer by someone other than the person taking the order. For example, it includes the salesman of a typewriter repair service who does not himself do the repairing. It also includes other-

wise exempt outside salesmen who obtain orders for the laundering of the customer's own linens as well as those who obtain orders for the rental of the laundry's linens.

(e) The inclusion of the word "services" is not intended to exempt persons who, in a very loose sense, are sometimes described as selling "services". For example, it does not include persons such as servicemen even though they may sell the service which they themselves perform. Selling the service in such cases would be incidental to the servicing rather than the reverse. Nor does it include outside buyers, who in a very loose sense are sometimes described as selling their employer's "service" to the person from whom they obtain their goods. It is obvious that the relationship here is the reverse of that of salesman-customer.

§ 541.502   Away from his employer's place of business.

(a) Section 541.5 requires that an outside salesman be customarily and regularly engaged "away from his employer's place or places of business". This requirement is based on the obvious connotation of the word "outside" in the term "outside salesman". It would obviously lie beyond the scope of the Administrator's authority that "outside salesman" should be construed to include inside salesmen. Inside sales and other inside work (except such as is directly in conjunction with and incidental to outside sales and solicitations, as explained in paragraph (b) of this section) is nonexempt.

(b) Characteristically the outside salesman is one who makes his sales at his customer's place of business. This is the reverse of sales made by mail or telephone (except where the telephone is used merely as an adjunct to personal calls). Thus any fixed site, whether home or office, used by a salesman as a headquarters or for telephonic solicitation of sales must be construed as one of his employer's places of business, even though the employer is not in any formal sense the owner or tenant of the property. It should not be inferred from the foregoing that an outside salesman loses

his exemption by displayin: ples in hotel sample rooms . als from city to city; the rooms should not be consid: employer's places of business

§ 541.503   Incidental to and : tion with sales work.

Work performed "incidenta conjunction with the empl: outside sales or solicitation not only incidental deliveri: lections which are specific: tioned in § 541.5(b), but also work performed by the er: furthering his own sales eff: performed incidental to ar junction with the employee: side sales or solicitations clude, among other things, : of his sales reports, the rev: own catalog, the plannir itinerary and attendance at ferences.

§ 541.504   Promotion work.

(a) Promotion work is one tivity often performed by p: make sales, which may or r: exempt work, depending upc cumstances under which : formed. Promotion men are r: as "outside salesmen." (This relates solely to the exemp: § 541.5, dealing with outside Promotion men who receiv quired salary and otherwi: may be exempt as administ: ployees.) However, any pr work which is actually perfo: dental to and in conjunctio: employee's own outside sales tations is clearly exempt wo: other hand, promotional wor: incidental to sales made, made, by someone else cann: sidered as exempt work. Mar are engaged in certain combi: sales and promotional work tain types of promotional wc some of the characteristics work while lacking others. of work involved include ac: borderline areas in which it : to determine whether the wo: or promotional. Where the wc motional in nature it is some: ficult to determine whether

Wage and Hour Division, Labor

**[left column — partially cut off]**

alesmen who ob-
...undering of the
...is well as those
...the rental of the

...the word "serv-
...exempt persons
...sense, are some-
...lling "services",
...not include per-
...men even though
...vice which they
...elling the service
...be incidental to
...han the reverse.
...side buyers, who
...re sometimes de-
...heir employer's
...son from whom
...ds. It is obvious
...here is the re-
...n-customer.

**his employer's**

...an out-
...lling and regu-
...rom his employ-
...business". This
...on the obvious
...ri "outside" in
...sman". It would
...he scope of the
...rity that "out-
...be construed to
...n. Inside sales
...except such as
...on with and in-
...es and solicita-
...paragraph (b) of
...pc.

...y the outside
...akes his sales at
...f business. This
...nade by mail or
...e the telephone
...adjunct to per-
...ny fixed site,
...ce, used by a
...ters or for sale-
...sales must be
...his employer's
...though the em-
...ormal sense the
...ne property. It
...from the fore-
...sale an loses

---

his exemption by displaying his samples in hotel sample rooms as he travels from city to city: these sample rooms should not be considered as his employer's places of business.

### § 541.303 Incidental to and in conjunction with sales work.

Work performed "incidental to and in conjunction with the employee's own outside sales or solicitation" includes not only incidental deliveries and collections which are specifically mentioned in § 541.5(b), but also any other work performed by the employee in furthering his own sales efforts. Work performed incidental to and in conjunction with the employee's own outside sales or solicitations would include, among other things, the writing of his sales reports, the revision of his own catalog, the planning of his itinerary and attendance at sales conferences.

### § 541.504 Promotion work.

(a) Promotion work is one type of activity often performed by persons who make sales, which may or may not be exempt work, depending upon the circumstances under which it is performed. Promotion men are not exempt as "outside salesmen." (This discussion relates solely to the exemption under § 541.5, dealing with outside salesmen. Promotion men who receive the required salary and otherwise qualify may be exempt as administrative employees.) However, any promotional work which is actually performed incidental to and in conjunction with an employee's own outside sales or solicitations is clearly exempt work. On the other hand, promotional work which is incidental to sales made, or to be made, by someone else cannot be considered as exempt work. Many persons are engaged in certain combinations of sales and promotional work or in certain types of promotional work having some of the characteristics of sales work while lacking others. The types of work involved include activities in borderline areas in which it is difficult to determine whether the work is sales or promotional. Where the work is promotional in nature it is sometimes difficult to determine whether it is inci-

---

dental to the employee's own sales work.

(b)(1) Typically, the problems presented involve distribution through jobbers (who employ their own salesmen) or through central warehouses of chainstore organizations or cooperative retail buying associations. A manufacturer's representative in such cases visits the retailer, either alone or accompanied by the jobber's salesman. In some instances the manufacturer's representative may sell directly to the retailer; in others, he may urge the retailer to buy from the jobber.

(2) This manufacturer's representative may perform various types of promotional activities such as putting up displays and posters, removing damaged or spoiled stock from the merchant's shelves or rearranging the merchandise. Such persons can be considered salesmen only if they are actually employed for the purpose of and are engaged in making sales or contracts. To the extent that they are engaged in promotional activities designed to stimulate sales which will be made by someone else the work must be considered nonexempt. With such variations in the methods of selling and promoting sales each case must be decided upon its facts. In borderline cases the test is whether the person is actually engaged in activities directed toward the consummation of his own sales, at least to the extent of obtaining a commitment to buy from the person to whom he is selling. If his efforts are directed toward stimulating the sales of his company generally rather than the consummation of his own specific sales his activities are not exempt. Incidental promotional activities may be tested by whether they are "performed incidental to and in conjunction with the employee's own outside sales or solicitations" or whether they are incidental to sales which will be made by someone else.

(c)(1) A few illustrations of typical situations will be of assistance in determining whether a particular type of work is exempt or nonexempt under § 541.5. One situation involves a manufacturer's representative who visits the retailer for the purpose of obtaining orders for his employer's product, but transmits any orders he obtains to the

local jobber to be filled. In such a case the employee is performing sales work regardless of the fact that the order is filled by the jobber rather than directly by his own employer. The sale in this instance has been "consummated" in the sense that the salesman has obtained a commitment from the customer.

(2) Another typical situation involves facts similar to those described in the preceding illustration with the difference that the jobber's salesman accompanies the representative of the company whose product is being sold. The order in this instance is taken by the jobber's salesman after the manufacturer's representative has done the preliminary work which may include arranging the stock, putting up a display or poster, and talking to the retailer for the purpose of getting him to place the order for the product with the jobber's salesman. In this instance the sale is consummated by the jobber's salesman. The work performed by the manufacturer's representative is not incidental to sales made by himself and is not exempt work. Moreover, even if in a particular instance the sale is consummated by the manufacturer's representative it is necessary to examine the nature of the work performed by the representative to determine whether his promotional activities are directed toward paving the way for his own present and future sales, or whether they are intended to stimulate the present and future sales of the jobber's salesman. If his work is related to his own sales it would be considered exempt work, while if it is directed toward stimulating sales by the jobber's representative it must be considered nonexempt work.

(3) Another type of situation involves representatives employed by utility companies engaged in furnishing gas or electricity to consumers. In a sense these representatives are employed for the purpose of "selling" the consumer an increased volume of the product of the utility. This "selling" is accomplished indirectly by persuading the consumer to purchase appliances which will result in a greater use of gas or electricity. Different methods are used by various companies. In some in-

stances the utility representative after persuading the consumer to install a particular appliance may actually take the order for the appliance which is delivered from stock by his employer, or he may forward the order to an appliance dealer who then delivers it. In such cases the sales activity would be exempt, since it is directed at the consummation of a specific sale by the utility representative, the employer actually making the delivery in the one case, while in the other the sale is consummated in the sense that the representative obtains an order or commitment from the customer. In another type of situation the utility representative persuades the consumer to buy the appliance and he may even accompany the consumer to an appliance store where the retailer shows the appliance and takes the order. In such instances the utility representative is not an outside salesman since he does not consummate the sale or direct his efforts toward making the sale himself. Similarly, the utility representative is not exempt as an outside salesman if he merely persuades the consumer to purchase an appliance and the consumer then goes to an appliance dealer and places his order.

(4) Still another type of situation involves the company representative who visits chainstores, arranges the merchandise on shelves, replenishes stock by replacing old with new merchandise, consults with the manager as to the requirements of the store, fills out a requisition for the quantity wanted and leaves it with the store manager to be transmitted to the central warehouse of the chainstore company which later ships the quantity requested. The arrangement of merchandise on the shelves or the replenishing of stock is not exempt work unless it is incidental to and in conjunction with the employee's own outside sales. Since the manufacturer's representative in this instance does not consummate the sale nor direct his efforts toward the consummation of a sale (the store manager often has no authority to buy) this work must be counted as nonexempt.

§ 541.505  Driver salesmen.

(a) Where drivers who deliver employer's customers the prod[...] tributed by the employer also functions concerned with the s[...] such products, and questions to whether such an employee [...] ployed in the capacity of outsi[...] man, all the facts bearing on tent of the job as a whole must tinized to determine whether employee is really employed purpose of making sales rather the service and delivery duti[...] he performs and, if so, wheth customarily and regularly en making sales and his perform nonexempt work is sufficient[...] to come within the tolerance p by § 541.5. The employee may an employee employed in the of outside salesman if, and on facts clearly indicate that h ployed for the purpose of mak and that he is customarily larly engaged in such activit the meaning of the act and As in the case of outside whose jobs do not involve de products to customers, the e[...] chief duty or primary functio[...] the making of sales or the tak ders if he is to qualify under tion in § 541.5. He must be a by occupation. If he is, all wor performs which is actually to and in conjunction with sales effort is exempt work. work of such an employee exempt work. A determinat employee's chief duty or prin tion must be made in ter[...] basic character of the job a All of the duties performed ployee must be considered. devoted to the various duties portant, but not necessaril[...] ling, element.

(b) Employees who may combination of selling or motion activities with prod eries are employed in a nu[...] dustries. Distributors of beverages, beer, bottled wate dairy products of various ki[...] and other nonfood products utilize such employees, known as routemen, rou[...] route salesmen, dealer sale

Wage and Hour Division, Labor

§ 541.505  Driver salesmen.

(a) Where drivers who deliver to an employer's customers the products distributed by the employer also perform functions concerned with the selling of such products, and questions arise as to whether such an employee is employed in the capacity of outside salesman, all the facts bearing on the content of the job as a whole must be scrutinized to determine whether such an employee is really employed for the purpose of making sales rather than for the service and delivery duties which he performs and, if so, whether he is customarily and regularly engaged in making sales and his performance of nonexempt work is sufficiently limited to come within the tolerance permitted by § 541.5. The employee may qualify as an employee employed in the capacity of outside salesman if, and only if, the facts clearly indicate that he is employed for the purpose of making sales and that he is customarily and regularly engaged in such activity within the meaning of the act and this part. As in the case of outside salesmen whose jobs do not involve delivery of products to customers, the employee's chief duty or primary function must be the making of sales or the taking of orders if he is to qualify under the definition in § 541.5. He must be a salesman by occupation. If he is, all work that he performs which is actually incidental to and in conjunction with his own sales effort is exempt work. All other work of such an employee is nonexempt work. A determination of an employee's chief duty or primary function must be made in terms of the basic character of the job as a whole. All of the duties performed by an employee must be considered. The time devoted to the various duties is an important, but not necessarily controlling, element.

(b) Employees who may perform a combination of selling or sales promotion activities with product deliveries are employed in a number of industries. Distributors of carbonated beverages, beer, bottled water, food and dairy products of various kinds, cigars and other nonfood products commonly utilize such employees, variously known as routemen, route drivers, route salesmen, dealer salesmen, distributor salesmen, or driver salesmen. Some such employees deliver at retail to customers' homes; others deliver on wholesale routes to such customers as retail stores, restaurants, hospitals, hotels, taverns, and other business establishments. Whether such an employee qualifies as an outside salesman under the regulations depends, as stated in paragraph (a) of this section, on the contents of the job as a whole and not on its title or designation or the kind of business in which the employer is engaged. Hearings in 1964 concerning the application of § 541.5 to such employees demonstrated that there is great variation in the nature and extent of sales activity and its significance as an element of the job, as among drivers whose duties are performed with respect to different products or different industries and also among drivers engaged in the same industry in delivering products to different types of customers. In some cases the facts may make it plain that such an employee is employed for the purpose of making sales; in other cases the facts are equally clear that he is employed for another purpose. Thus, there is little question that a routeman who provides the only sales contact between the employer and the customers, who calls on customers and takes orders for products which he delivers from stock in his vehicle or procures and delivers to the customer on a later trip, and who receives compensation commensurate with the volume of products sold, is employed for the purpose of making sales. It is equally clear, on the other hand, that a routeman whose chief duty is to transport products sold by the employer through vending machines and to keep such machines stocked, in good operating condition, and in good locations, is not selling his employer's product or employed for the purpose of making sales but is employed for purposes which, although important to the promotion of sales to customers using the machines, plainly cannot characterize the employee as a salesman by occupation. In other cases there may be more difficulty in determining whether the employee is employed for the purpose of making sales within the meaning of this part. The facts in such cases must

223

be weighed in the light of the principles stated in paragraph (a) of this section, giving due consideration to the factors discussed in subsequent paragraphs of this section.

(c) One source of difficulty in determining the extent to which a route driver may actually be engaged in making sales arises from the fact that such a driver often calls on established customers day after day or week after week, delivering a quantity of his employer's products at each call. Plainly, such a driver is not making sales when he delivers orders to customers to whom he did not make the initial sale in amounts which are exactly or approximately prearranged by customer or contractual arrangement or in amounts specified by the customer and not significantly affected by solicitations of the customer by the delivering driver. Making such deliveries, as well as recurring deliveries the amounts of which are determined by the volume of sales by the customer since the previous delivery rather than by any sales effort of the driver, do not qualify the driver as an outside salesman nor are such deliveries and the work incident thereto directly to the making or soliciting of sales by the driver so as to be considered exempt work. On the other hand, route drivers are making sales when they actually obtain or solicit, at the stops on their routes, orders for their employer's products from persons who have authority to commit the customer for purchases. A driver who calls on new prospects for customers along his route and attempts to convince them of the desirability of accepting regular delivery of goods is likewise engaged in sales activity and is making sales to those from whom he obtains a commitment. Also, a driver salesman calling on established customers on his route, carrying an assortment of the articles which his employer sells, may be making sales by persuading regular customers to accept delivery of increased amounts of goods or of new products, even though the initial sale or agreement for delivery of the employer's products may have been made by someone else. Work which is performed incidental to and in conjunction with such sales activities will also be considered exempt work, provided

such solicitation of the customer is frequent and regular. Incidental activities include loading the truck with the goods to be sold by the driver salesman, driving the truck, delivering the products sold, removing empty containers for return to the employer, and collecting payment for the goods delivered.

(d) Neither delivery of goods sold by others nor sales promotion work as such constitutes making sales within the meaning of § 541.5: delivery men and promotion men are not employed in the capacity of outside salesmen for purposes of section 13(a)(1) of the act although both delivery work and promotion work are exempt salesman as an incident to his own sales or efforts to sell. The distinction between the making of sales and the promotion of sales is explained in more detail in the discussion and illustrations contained in § 541.504. Under the principles there stated a route driver, just as any other employee, must have as his chief duty and primary function the making of sales in the sense of obtaining and soliciting commitments to buy from the persons upon whom he calls if he is to qualify under the regulations as an employee employed in the capacity of outside salesman. For this reason, a route driver primarily engaged in making deliveries to his employer's customers and performing activities intended to promote sales by customers, including placing point-of-sale and other advertising materials, price stamping commodities, arranging merchandise on shelves or in coolers or cabinets, rotating stock according to date, and cleaning and otherwise servicing display cases, is not employed in the capacity of an outside salesman by reason of such work. Such work is nonexempt work for purposes of this part unless it is performed as an incident to or in conjunction with sales actually made by the driver to such customers. If the driver who performs such functions actually takes orders or obtains commitments from such customers for the products which he delivers, and the performance of the promotion work is in furtherance of his own sales efforts, his activities for that purpose in the customer's establishment would be exempt work.

(e) As indicated in parag this section, whether a rout qualify as an outside salesm on the facts which establis tent of his job as a whole. A in borderline cases a deterr whether the driver is ac ployed for the purpose of arily and regularly engaged as his chief duty and prima the making of sales, may i sideration of such factors as son of his duties with the employees engaged as (1) and (2) salesmen; possession man's or solicitor's license license is required by la nances; presence or absen tomary or contractual ments concerning amounts to be delivered; description ployee's occupation in union the employer's specificat: qualifications for hiring; sal attendance at sales confere: od of payment; proportion directly attributable to s: and other factors that m bearing on the relationship the employee's work. Howe it is clear that an employe nonexempt work in exce amount permitted by § 54: be nonexempt in any event eration of such factors as th would not be pertinent.

(f) The following example ther illustrate the factual s: which, under the principle: previously in this section engaged in recurrent de goods may qualify or may i ify for exemption as outsid

(1) A retail routeman wh calls on established retail cu deliver goods of generally amounts and kinds may also siderable effort not only to customers satisfied to con orders for such goods but al such customers aware of c ucts which he would like them and to offer to take such products or for increase of the products which he is livering to the customer. I he may call as prospective tomers' homes for the purp suading such persons to

... of the customer is fre-
r. Incidental activities
the truck with the
by the driver sales-
truck, delivering the
removing empty con-
to the employer, and
ent for the goods deliv-

ivery of goods sold by
promotion work as
making sales within
541.5; delivery men and
are not employed in
outside salesmen for
ion 13(a)(1) of the act
elivery work and pro-
exempt salesman as
is own sales or efforts
stinction between the
and the promotion of
in more detail in the
llustrations contained
r the principles there
ver, just as any other
have    his chief duty
making of
uiring and so-
ents to buy from the
om he calls if he is to
regulations as an em-
in the capacity of out-
or this reason, a route
engaged in making de-
employer's customers
activities intended to
customers, including
sale and other adver-
price stamping com-
ying merchandise on
lers or cabinets, rotat-
ing to date, and clean-
se servicing display
ployed in the capacity
lesman by reason of
work is nonexempt
of this part unless it
an incident to or in
sales actually made
such customers. If the
rms such functions ac-
ers or obtains commit-
customers for the
he delivers, and the
he promotion work is
his own sales efforts,
that purpose in the
lishment would be ex-

## Wage and Hour Division, Labor

(e) As indicated in paragraph (a) of this section, whether a route driver can qualify as an outside salesman depends on the facts which establish the content of his job as a whole. Accordingly, in borderline cases a determination of whether the driver is actually employed for the purpose of, is customarily and regularly engaged in, and has as his chief duty and primary function the making of sales, may involve consideration of such factors as a comparison of his duties with those of other employees engaged as (1) truckdrivers and (2) salesmen: possession of a salesman's or solicitor's license when such license is required by law or ordinances: presence or absence of customary or contractual prearrangements concerning amounts of products to be delivered: description of the employee's occupation in union contracts; the employer's specifications as to qualifications for hiring: sales training: attendance at sales conferences; method of payment; proportion of earnings directly attributable to sales effort; and other factors that may have a bearing on the relationship to sales of the employee's work. However, where it is clear that an employee performs nonexempt work in excess of the amount permitted by §541.5, he would be nonexempt in any event and consideration of such factors as the foregoing would not be pertinent.

(f) The following examples will further illustrate the factual situations in which, under the principles discussed previously in this section, routemen engaged in recurrent deliveries of goods may qualify or may fail to qualify for exemption as outside salesmen.

(1) A retail routeman who regularly calls on established retail customers to deliver goods of generally prearranged amounts and kinds may also exert considerable effort not only to keep such customers satisfied to continue their orders for such goods but also to make such customers aware of other products which he would like to sell to them and to offer to take orders for such products or for increased amounts of the products which he is already delivering to the customer. In addition, he may call at prospective retail customers' homes for the purpose of persuading such persons to order the

§541.505

goods which he sells. A routeman who customarily and regularly calls on customers for these purposes and takes orders from them for products which he delivers to them, in addition to those products for which delivery has been prearranged, who is in practical effect his employer's exclusive sales contact with such customers, and whose earnings are in large part directly attributable to sales made to such customers, will be considered to be employed in the capacity of outside salesman and within the exemption provided by section 13(a)(1) of the Act if he does not perform nonexempt work in excess of the tolerance permitted by §541.5.

(2) A routeman who calls on retail stores which are among his employer's established customers may also qualify for exemption as an outside salesman notwithstanding the goods he delivers to them are of kinds and in amounts which are generally prearranged. Other facts may show that making sales is his chief duty and primary function and that he is customarily and regularly engaged in performing this function. Thus, such a routeman whose regular calls on established customers involve not only delivery of prearranged items but also active efforts to persuade such customers to continue or increase their orders for such goods and to solicit their orders for other kinds of products which he offers for sale, who also calls on retail stores which are prospective customers, talks to persons who are authorized to order goods for such stores, and solicits orders from them for the goods which he sells, and whose compensation is based primarily on the volume of sales attributable to his efforts, will be considered exempt as an outside salesman if he does not perform nonexempt work in excess of the tolerance permitted by §541.5.

(3) If a routeman delivers goods to branch business establishments whose personnel have no authority to place orders or make commitments with respect to the kinds and amounts of such goods, and if the kinds and amounts of goods delivered are not determined pursuant to orders placed by the authorized personnel of the customer's

§ 541.506

29 CFR Ch. V (7-1-02 Edition)

Wage and Hour Division

enterprise as a result of sales solicitation by the routeman. It is clear that the routeman's calls on such branch establishments are not a part of the making of sales by him or incidental to sales made by him. If such work is his chief duty or primary function or if he spends a greater proportion of the workweek in such work than is allowed for nonexempt work under § 541.5, such a routeman cannot qualify for exemption as an "outside salesman".

(4) A routeman who delivers to supermarkets after the enterprise has been persuaded, by a salesman of the routeman's employer, to accept delivery of goods, and whose functions other than such deliveries are primarily to arrange merchandise, rotate stocks, place point-of-sale and other advertising materials, and engage in other activities which are intended to promote sales by the supermarkets of the goods he has delivered, is not employed primarily for the purpose of selling and is not customarily and regularly engaged in making sales. Rather, he is employed primarily to deliver goods and to perform activities in the supermarkets of a nature usually performed by store employees not employed as salesmen. Such a routeman is not employed in the capacity of outside salesman within the exemption provided by section 13(a)(1).

(5) Some employees are engaged in a combination of activities involving delivery, the selling of services, and the performance of the services. For example, some drivers call on customers for the purpose of selling pesticides and, if a sale is consummated, applying the pesticides on the customer's property. Such employees, like those referred to in § 541.501(e), are not exempt as outside salesmen. They are primarily engaged in delivery or service functions, not in outside selling.

§ 541.506  Nonexempt work generally.

Nonexempt work is that work which is not sales work and is not performed incidental to and in conjunction with the outside sales activities of the employee. It includes outside activities like meter-reading, which are not part of the sales process. Inside sales and all work incidental thereto are also nonexempt work. So is clerical warehouse

work which is not related to the employee's own sales. Similarly, the training of other salesmen is not exempt as outside sales work, with one exception. In some concerns it is the custom for the salesman to be accompanied by the trainee while actually making sales. Under such circumstances it appears that normally the trainer-salesman and the trainee make the various sales jointly, and both normally receive a commission thereon. In such instances, since both are engaged in making sales, the work of both is considered exempt work. However, the work of a helper who merely assists the salesman in transporting goods or samples and who is not directly concerned with effectuating the sale is nonexempt work.

§ 541.507  20-percent limitation on nonexempt work.

Nonexempt work in the definition of "outside salesman" is limited to "20 percent of the hours worked in the workweek by nonexempt employees of the employer." The 20 percent is computed on the basis of the hours worked by nonexempt employees of the employer who perform the kind of nonexempt work performed by the outside salesman. If there are no employees of the employer performing such nonexempt work, the base to be taken is 40 hours a week, and the amount of nonexempt work allowed will be 8 hours a week.

§ 541.508  Trainees, outside salesmen.

The exemption is applicable to an employee employed in the capacity of outside salesman and does not include employees training to become outside salesmen who are not actually performing the duties of an outside salesman (see also § 541.506).

SPECIAL PROBLEMS

§ 541.600  Combination exemptions.

(a) The divisions' position under the regulations in subpart A of this part permits the "tacking" of exempt work under one section of the regulations in subpart A to exempt work under another section of those regulations, so that a person who, for example, performs a combination of executive and

professional work may emption. In combination however, the employee stricter of the requirem and nonexempt work. F the employee performs of an executive's and a man's function (regardle cupies most of his time the salary requirement Also, the total hours work under the definit tive" together with the which would not be exe clearly an outside sales: exceed either 20 percen time or 20 percent of th in the workweek by the ployees of the employe the smaller amount.

(b) Under the principle (a) of this section comb emptions under the oth the regulations in subp part are also permiss: under the regulations work which is "exempt" tion of the regulations will not defeat the ex any other section.

§ 541.601  Special provis picture producing inc

Under § 541.5a, the req: the employee be paid basis" does not apply to in the motion picture pr: try who is compensated of at least $250 a week board, lodging, or oth Thus, an employee in this is otherwise exempt under or § 541.3 and who is emp: rate of at least $250 a wee he is paid at least prorat week of not more than 6 week when he does not workweek for any reason. otherwise exempt emplo; dustry qualifies for exem employed at a daily rate lowing circumstances: ployee is in a job categor weekly base rate is not his daily base rate would $250 if 6 days were work employee is in a job cate: weekly base rate of at l his daily base rate is at l.

226