IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

JOHN GILBERT,                    )
                                 )
                Plaintiff,       )
                                 )
v.                               )
                                 )
APC NATCHIQ, INC.,               )
                                 )
                Defendant.       ) Case No.: 3:03-cv-00174-RRB
_____  )

**OPPOSITION TO PLAINTIFF'S MEMORANDUM OF LAW
90-DAY PENALTY AT DOCKET NO. 44**

**I.   INTRODUCTION AND RELIEF REQUESTED**

Defendant, APC Natchiq, Inc. ("APC"), by and through its attorneys DeLisio Moran Geraghty & Zobel, P.C. opposes plaintiff, John Gilbert's ("Gilbert"), motion for a 90-day penalty.  A penalty is not proper because APC did not intentionally withhold or delay payment of overtime damages.  APC, therefore, requests that this court deny his claim for penalties under AS 23.05.140(b). This request is supported by the following points of authorities and the affidavit of Patricia L. Zobel, attached hereto.

Although it is undisputed that Gilbert was entitled to overtime during the approximate six month period that he worked as a Safety Specialist, the method of calculating overtime and the number of hours for which he was entitled to such overtime has been in dispute.  APC had to analyze Gilbert's position regarding the calculation and duration of time for which overtime should have been paid; analyze relevant state and federal wage

DeLisio Moran
Geraghty & Zobel, P.C.

943 West 6th Avenue
Anchorage, Alaska
99501-2033
____
(907) 279-9574

104993 – Opposition to Plaintiff's Memorandum of Law 90-Day Penalty
*Gilbert v. APC Natchiq*, Case No.: 3:03-cv-00174 RRB; Page 1 of 9

and hour authorities, and compute his overtime.  APC paid Gilbert overtime damages just three (3) months after receiving his demand notifying APC of his position regarding the amount owed. Gilbert's suggestion that paying overtime should have been as straight forward as cutting a check grossly understates the issues presented in his demand.  This is demonstrated by a comparison of the amount demanded for overtime by the plaintiff, $36,516.80 and the amount of compensation for overtime paid by the defendant, $5693.00.  See attachments to affidavit of Zobel.

APC did not intentionally withhold or delay payment of overtime damages, but rather immediately paid overtime once it was able to determine and calculate the proper amount.  This court should exercise its discretion and deny an award of a penalty.

## II.  FACTS

On or about May 4, 2006, APC received correspondence from Gilbert's attorney demanding overtime damages during the period that Gilbert worked as a Safety Specialist.  See Docket 44-2.; attachment 2 to the Affidavit of Patricia L. Zobel. APC acknowledges that, per the Ninth Circuit decision in Zuber v. APC Natchiq, Inc., 144 Fed. Appx. 657 (9th Cir. 2005), the Safety Specialist position was a non-exempt position entitled to overtime.  Exhibit A (Affidavit of Patricia L. Zobel)  Despite the Ninth Circuit decision, two legal issues presented that required analysis before overtime could be calculated and paid: (1) for what hours was Gilbert entitled to overtime; and (2) how was overtime calculated.  Id.

DeLisio Moran
Geraghty & Zobel, P.C.

943 West 6th Avenue
Anchorage, Alaska
99501-2033
——
(907) 279-9574

The first issue required a determination as to the length of time Gilbert was entitled to overtime.  Gilbert was employed as a Safety Specialist from January 30, 2001 to January 1, 2002.  He filed suit for overtime damages under the Alaska Wage and Hour Act ("AWHA") and Fair Labor Standards Act ("FLSA") on June 20, 2003.  See Plaintiff's Complaint.  Both statutes carried a two-year statute of limitations.  See Defendant's Motion for Summary Judgment re: Statute of Limitations, docket no. 30.  APC's position, therefore, was that all claims arising prior to June 21, 2001 were barred by the statute of limitations.  See id.; see also Exhibit A.  Gilbert, however, claimed that the three-year statute of limitations for willful violations of the FLSA applied.  See Docket No. 52 & Exhibit A.  He further claimed that the statute of limitations applicable to contract actions governed and added additional time periods for which he would be entitled to overtime wages.  See Docket No. 47. The depositions of APC representatives, Mark Nelson and Christopher Boyle, were taken on June 1, 2006.  Exhibit A.  One of the topics covered in these depositions was the alleged willful conduct of APC in classifying Gilbert's position.  Consequently, APC had to analyze and evaluate Gilbert's demand for overtime under the three-year statute of limitations in light of the legal authority and deposition testimony before it could determine the amount of overtime owed.  Exhibit A.

Another issue pertaining to the amount of benefits owed was that of the number of hours being claimed for overtime pay.  Mr. Gilbert was deposed on May 31st, 2006 at which time he testified

DeLisio Moran
Geraghty & Zobel, P.C.

943 West 6th Avenue
Anchorage, Alaska
99501-2033
____
(907) 279-9574

regarding the number of hours he worked each day with APC and the rotations he worked.

The second issue that required analysis was the proper method of calculating overtime.  <u>Id.</u>  Gilbert was paid a set rate per day for all hours worked in the day; no straight time rate was associated with the Safety Specialist position.  <u>See</u> APC's Motion for Rule of Law Establishing the FLSA Calculation of Overtime at Docket No. 27.  In addition to determining the length of time for which overtime was owed, APC also had to evaluate and analyze how to calculate overtime for an employee paid a day rate.  <u>Exhibit A</u>.

Significant analysis and evaluation was required of the two legal issues presented in Gilbert's demand for overtime while employed as a Safety Specialist.  <u>Id.</u> The fact that these are not easy issues is demonstrated by the divergence of opinion between the parties as to the amount which was owed in overtime. See APC's Motion for Rule of Law Establishing the FLSA Calculation of Overtime at Docket No. 27. and Gilbert's Motion for Summary Judgment for State Rate Calculation at Docket 50. APC immediately issued a check to Gilbert for overtime damages once this analysis and evaluation was completed.  <u>Id.</u>, attachment 1. A check was issued on August 8, 2006, only three months after Gilbert notified APC of his position regarding the calculation of overtime.  <u>Id.</u>

DeLisio Moran
Geraghty & Zobel, P.C.

943 West 6th Avenue
Anchorage, Alaska
99501-2033
____
(907) 279-9574

### III.  <u>POINTS AND AUTHORITIES</u>

AS 23.30.140(b) provides in pertinent part:

(b) If the employment is terminated, all wages, salaries, or other compensation for labor or services become due immediately and shall be paid within the time required by this subsection at the place where the employee is usually paid or at a location agreed upon by the employer and employee. If the employment is terminated by the employer, regardless of the cause for the termination, payment is due within three working days after the termination. If the employment is terminated by the employee, payment is due at the next regular pay day that is at least three days after the employer received notice of the employee's termination of services . . .

(d) If an employer violates (b) of this section by failing to pay within the time required by that subsection, the employer may be required to pay the employee a penalty in the amount of the employee's regular wage, salary, or other compensation from the time of demand to the time of payment, or for 90 working days, whichever is the lesser amount. (Emphasis added)

The award of a penalty under section (d) is not mandatory, and is within the sound discretion of the trial court. <u>Klondike Indus. Corp. v. Gibson</u>, 741 P.2d 1161, 1171 (Alaska 1987). Where there is no evidence that wages were "intentionally withheld" denial of a penalty claim is proper. <u>See</u> id. In the instant case there is no evidence that APC intentionally withheld or even delayed payment of Gilbert's overtime wages. Rather, the facts show that APC promptly paid overtime damages once it was able to determine the amount of overtime wages due.

In <u>Klondike Indus. Corp. v. Gibson</u>, <u>supra</u>, the employees of an Inn filed suit against their employer for breach of contract

DeLisio Moran
Geraghty & Zobel, P.C.

943 West 6th Avenue
Anchorage, Alaska
99501-2033

(907) 279-9574

in failing to pay a bonus, unpaid wages, and penalties pursuant to AS 23.05.140(d). The trial court found that the employees were owed approximately $20,000 in unpaid wages, but denied an award of penalties since there was "no evidence that [the employer] intentionally withheld wages due." Id. at 1171. On appeal, the Alaska Supreme Court affirmed, finding that there was no abuse of discretion by the trial court. Id. The Klondike case, thus, instructs that penalties are not proper where, as here, there is no evidence that the employer intentionally withheld wages due.

Neither APC nor Gilbert knew that he was entitled to overtime for the period he worked as a Safety Specialist until the Ninth Circuit issued its opinion in Zuber v. APC Natchiq, Inc. APC received Gilbert's demand for payment with a sum certain on May 4, 2006.

Once APC received Gilbert's demand for overtime, it had to analyze and evaluate the proper method of calculating overtime damages and determine the period of time he was entitled to such wages. Exhibit A. This required an extensive review of Gilbert's employment records, analysis of the applicable federal and state legal authorities regarding the applicable statute of limitations and proper method of calculating overtime for a day rate employee. Id. As demonstrated in the briefing on both

DeLisio Moran
Geraghty & Zobel, P.C.

943 West 6th Avenue
Anchorage, Alaska
99501-2033
____
(907) 279-9574

issues, this was not a simple analysis.  While APC is confident in their position on these issues, it took some time to analyze the legal authorities and arrive at its position.  Once APC concluded its analysis, it promptly paid Gilbert overtime damages based upon its determination as to the proper calculation and period of entitlement.  <u>Exhibit A</u>, attachment 1.

It is important to note that in Gilbert's motion, he does not offer an amount of penalties APC should be required to pay. AS 23.05.140(d) clearly defines the amount of any penalty as the employee's "regular wage, salary, or other compensation from the time of demand to the time of payment, or for 90 working days, whichever is the lesser amount."  That Gilbert does not offer a proposed penalty demonstrates that the calculation of overtime is not straightforward.  Gilbert suggests that paying overtime once he made a demand should have been as easy as cutting a check. To the contrary, the parties' briefing on the calculation of overtime and the applicable statute of limitations, as well as Gilbert's own failure to calculate overtime, demonstrate that getting to the final dollar amount owed required significant analysis and, as a consequence, time.  Even today, there is not an agreement of the amount that was paid was a proper resolution of the issue.

DeLisio Moran
Geraghty & Zobel, P.C.

943 West 6th Avenue
Anchorage, Alaska
99501-2033
____
(907) 279-9574

104993 – Opposition to Plaintiff's Memorandum of Law 90-Day Penalty
*Gilbert v. APC Natchiq*, Case No.: 3:03-cv-00174 RRB; Page 7 of 9

The requirement that an employer act intentionally before penalties may be awarded suggests that the employer must have an improper motive or act for an improper purpose. The facts and circumstances here do not support such a finding. APC had to conduct a legal analysis in order to determine the correct amount of overtime owed and this took time. APC paid the wages it believes are properly owed and did not delay in paying those wages to benefit the company in some way. It was reasonable for APC to engage in the analysis that it did where the determination of overtime wages is not as straight forward as computing time and half for hours worked in excess of eight per day or forty per week. Given these considerations, the three month period of time between Gilbert's demand and payment of overtime was reasonable and certainly did not constitute intentional withholding or delay of payment for a bad faith motive.

## IV.  CONCLUSION

Gilbert offers no evidence that APC intentionally withheld or delayed payment of overtime damages. Instead the evidence establishes that APC paid overtime wages as soon as it was able to determine the amount owed. This court may in its discretion deny penalties and the facts support such denial. APC,

DeLisio Moran
Geraghty & Zobel, P.C.

943 West 6th Avenue
Anchorage, Alaska
99501-2033
____
(907) 279-9574

therefore, requests that the court decline to impose penalties since they are not justified in this case.

DATED this 25th day of August, 2006, at Anchorage, Alaska.

DeLISIO MORAN GERAGHTY & ZOBEL, P.C.
Attorneys for APC Natchiq, Inc.

/s/ Patricia L. Zobel
By:_____
Patricia L. Zobel
Bar No. 7906067
E-Mail: pzobel@dmgz.com
Danielle M. Ryman
Bar No. 9911071
E-Mail: dryman@dmgz.com
943 West 6th Avenue
Anchorage, Alaska 99501
Telephone: (907) 279-9574
Facsimile: (907) 276-4231

This is to certify that a true copy of the foregoing was served via electronic service or U.S. Mail this 25th day of August, 2006, to the following:

Kenneth L. Covell
712 8th Avenue
Fairbanks, AK 99701

/s/ Juliana Wood
By:_____
Juliana Wood

DeLISIO MORAN
GERAGHTY & ZOBEL, P.C.

943 WEST 6TH AVENUE
ANCHORAGE, ALASKA
99501-2033
_____
(907) 279-9574

104993 – Opposition to Plaintiff's Memorandum of Law 90-Day Penalty
*Gilbert v. APC Natchiq*, Case No.: 3:03-cv-00174 RRB; Page 9 of 9