IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| JOHN GILBERT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| APC NATCHIQ, INC., | ) |
| | ) |
| Defendant. | ) Case No.: 3:03-cv-00174-RRB |
| | ) |

**AFFIDAVIT OF PATRICIA L. ZOBEL**

STATE OF ALASKA         )
                        ) ss.
THIRD JUDICIAL DISTRICT )

Patricia L. Zobel, being first duly sworn upon oath, deposes and states:

1. I am the attorney of record for APC Natchiq, Inc. in the above-captioned case, am over the age of eighteen, competent to testify, and have personal knowledge of the matters stated in this affidavit.

2. On or about May 4, 2006, I received a letter from plaintiff, John Gilbert's attorney demanding overtime damages during the period that Gilbert worked as a Safety Specialist. See Attachment 2.

3. APC was aware that, per the Ninth Circuit decision in Zuber v. APC Natchiq, Inc., 144 Fed. Appx. 657 (9th Cir. 2005), the Safety Specialist position had been found to be a non-exempt position entitled to overtime. Thus, Mr. Gilbert is entitled to

DELISIO MORAN
GERAGHTY & ZOBEL, P.C.

943 WEST 6TH AVENUE
ANCHORAGE, ALASKA
99501-2033

(907) 279-9574

overtime during the period of time that he worked as a Safety Specialist, subject to the statute of limitations.

4.  Mr. Gilbert was employed as a Safety Specialist from January 30, 2001 to January 1, 2002. The AWHA and FLSA carry a two year statute of limitations. Mr. Gilbert filed suit under the AWHA and FLSA on June 20, 2003; thus, it was my position that all claims prior to June 20, 2001 were time barred. A motion on that issue filed by APC is at docket number 30.

5.  Mr. Gilbert contended that a three year statute of limitations applied, rather than the normal two-year limitations period. Docket number 52. His complaint alleged a breach of contract claim and claimed that APC willfully and intentionally failed to pay Mr. Gilbert overtime. See Docket number 47. Under either theory, a three year limitations period could apply. Thus, a question was raised as to what period of time Mr. Gilbert should be paid overtime. Before I could make this determination, I had to analyze the applicable authority and facts. Depositions were taken of APC representatives aimed at APC's willful and/or intentional conduct. The depositions of Mark Nelson and Christopher Boyle did not take place until June 1, 2006.

6.  The deposition of Mr. Gilbert was not taken until May 31, 2006. One of the subjects of the deposition was Mr. Gilbert's records that he was relying upon as to the number of hours worked each day.

DELISIO MORAN
GERAGHTY & ZOBEL, P.C.

943 WEST 6TH AVENUE
ANCHORAGE, ALASKA
99501-2033

(907) 279-9574

104994 – Affidavit of Patricia Zobel in Support of Opposition re: 90-Day Penalty
*Gilbert v. APC Natchiq*, Case No.: 3:03-cv-00174 RRB; Page 2 of 4

7. In addition to an analysis of the time period for which Mr. Gilbert should be paid overtime, the larger issue of how to calculate overtime remained. Mr. Gilbert was paid a day rate - that is, he was paid a set amount for all hours worked in a day. As is typical with such compensation, no straight time hourly rate was assigned to his position. Consequently, I could not easily determine an overtime hourly rate. To further complicate the issue, Mr. Gilbert worked a two week on/two week off rotation which did not correspond to the weeks of the calendar. He was not paid a salary, but was paid according to his two week rotations. Thus, as explained in Defendant's Motion for a Rule of Law Establishing the FLSA Calculation of Overtime at Docket No. 27, the AWHA did not directly address the computation of overtime in this case. Consequently, I had to look to the FLSA and accompanying regulations.

8. Once I was confident in the applicable legal authority, the determined calculation method had to be applied to Mr. Gilbert's employment and payroll records.

9. Once the calculation using the method supported by relevant legal authority was complete, APC issued a check in the amount of $5693.00 to Mr. Gilbert for overtime damages. <u>See</u> attachment 1. The check was issued approximately three (3) months after Mr. Gilbert's demand which was for the amount of $36,516.80. See attachment 2.

DELISIO MORAN
GERAGHTY & ZOBEL, P.C.

943 WEST 6TH AVENUE
ANCHORAGE, ALASKA
99501-2033

(907) 279-9574

104994 - Affidavit of Patricia Zobel in Support of Opposition re: 90-Day Penalty
*Gilbert v. APC Natchiq*, Case No.: 3:03-cv-00174 RRB; Page 3 of 4

10. The difference in the calculations by the two parties of the overtime owed, demonstrates the divergence of opinion as to the law to be applied, the method for calculation and the rate at which overtime should be paid.

11. The payment of the overtime to Mr. Gilbert was not delayed intentionally or for any improper purpose. There was no advantage to APC in withholding the payment.

FURTHER THE AFFIANT SAYETH NAUGHT.

DATED this 25th day of August, 2006, at Anchorage, Alaska.

_____
Patricia L. Zobel

SUBSCRIBED AND SWORN to before me this 25th day of August, 2006.

_____
Notary Public in and for Alaska
My Commission Expires: 1/24/09

DeLisio Moran Geraghty & Zobel, P.C.
943 West 6th Avenue
Anchorage, Alaska
99501-2033
(907) 279-9574

104994 – Affidavit of Patricia Zobel in Support of Opposition re: 90-Day Penalty
*Gilbert v. APC Natchiq*, Case No.: 3:03-cv-00174 RRB; Page 4 of 4