Kenneth L. Covell
LAW OFFICE OF KENNETH L. COVELL
712 Eighth Avenue
Fairbanks, Alaska  99701
(907) 452-4377 telephone
(907) 451-7802 fax

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| JOHN GILBERT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| APC NATCHIQ, INC. | ) |
| | ) |
| Defendant. | ) |
| | ) Case No. 3:03-CV-00174 RRB |

**PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO**

**PLAINTIFF'S MEMORANDUM OF LAW 90-DAY PENALTY, FILED AT**

**DOCKET NO. 44**

Five and a half years passed from the first day Gilbert earned overtime working for APC, until he was paid one cent of the money that was owed him.  Gilbert went to work for APC in January 2001, and he did not receive any overtime compensation until August 2006.

The employer had Gilbert's claimed hours worked, sent to it by Gilbert, in his 26(a) disclosures of November 3rd, 2003.  (A copy of the summary of hours worked from that

discovery is attached, as Exhibit A. In that discovery, also was Gilbert's daily log, each day, detailing the number of hours worked. The 80-pages of daily logs will not be reattached here, as they have been previously filed with the Court as: Exhibit B to <u>Gilbert's State Rate Calculation Motion</u>, filed at Docket No. 50; Exhibit E to <u>Gilbert's Hours Worked Motion</u>, filed at Docket No. 35; and Exhibit A to <u>Gilbert's Exemption Motion</u>, filed at Docket No. 42).

APC, remarkably says that they took the last three-months before payment (instead of the first three-years after the complaint) to analyze relevant State and Federal wage and hour authorities, and compute his overtime. That should have been done before Gilbert ever went to work for APC.

Defendant had all the information it needed to accurately calculate, and pay Gilbert overtime from the day Gilbert went to work for it. Defendant had a duty to keep an accurate record of Gilbert's hours worked, and failed to do so. AS 23.05.080. That is why, upon the closing event of termination or resignation, the employer is reasonably expected, and commanded by statute, to pay the employee within the either three-day or two-week period.

In any event, defendant had the statutory duty to pay the money within the required time; i.e. two weeks or be subject to the penalty.

Plaintiff is under no obligation to make a demand or do a calculation for the defendant. Besides the information discussed above concerning hours, Gilbert supplied the Monte Jordan report with calculations and hours worked to the defendant on March 6, 2006.

Defendant had the opportunity to accurately determine Gilbert's eligibility for overtime, rates, and calculate them long before Gilbert every went to work for defendant APC. Defendant APC had the opportunity to accurately record Gilbert's hours worked; as is required by statute, but did not do so. Defendant has the capability and duty of paying Gilbert his overtime due, as of the first day he earned it; over five and a half years, prior to him receiving any money towards his overtime due.

Gilbert filed his lawsuit in June of 2003. Defendant had the opportunity to analyze and calculate the overtime due at that point.

Defendant knew <u>and acknowledges they knew</u>, as of August 15, 2005 that they unquestionably owed Gilbert overtime for hours worked as a Safety Specialist from June 2001 through January 2002. They have statutory duties to pay that money; at the longest period of time, within two weeks of that date. Yet, they did not pay the money for nearly another year. If this case does not make out a case where the penalty ought to be applied and paid, then no case does.

Defendant spent some time figuring out the overtime to be paid, and calculation thereof, indicating that this was a complicated calculation.[1] Plaintiff clearly disagrees. Plaintiff explained in his motion for State Rate Calculation, filed at Docket No. 44, the application of AS 23.05.140(d). The claim for overtime for the amount unquestionably due

---

[1] Defendant says that they paid Mr. Gilbert $5,693 in overtime. In fact, they paid $8,988 in overtime, and after deductions, paid the $5693 amount. Interestingly, despite the defendant's claim to need: five and a half years; or three-years; or one-year; or three months to calculate the overtime due, the explanation of how these numbers were arrived at is either omitted or unclear. The pay stub, attachment 1 to affidavit of Penny Zobel, does not detail hours or dates, but only describes miscellaneous compensation. Zobel's letter of August 8th, states that the calculation is based on the Federal Act as outlined in her Motion for Summary Judgment (though she does not say which motion for summary judgment, one might assume it is the motion for Rule of Law Establishing the FLSA Day Rate Calculation of Overtime Damages and Memorandum in

is within the AWHA statute of limitations. Whether or not, Gilbert has a claim under the FLSA, is somewhat immaterial to this motion. This penalty applies to the State Act, and the State Rate Calculation is appropriate. However, even if defendants were correct in their calculation, there is no reason why these monies could not have been paid in August 2005 or September 2005; or even 90-days from August or September, 2005. There is absolutely no excuse for the failure of APC to meet it's statutory duty to pay the wages due.[2] (Even if they disagree as to the amount of money calculated).[3] Defendant suggests that plaintiff needs to suggest a method of calculation, while no doubt, defendant will disagree with plaintiff's method of calculation of 90 days times $475 per day ($42,750). This interestingly has some symmetry and parity to the liquidated damages penalty that is due, of approximately $36,000.

---

Support, filed at docket no. 27). At this date, it is unclear how the defendant arrived at their $8988 number.

[2]  In citing *Klondike v. Gibson* 741 P.2d 1161, 1171, APC turns the glove inside-out. In that matter, the court said: The award of a penalty under this section is within the sound discretion of the trial court. The court found no evidence that Beaux intentionally withheld wages due. Therefore, the court denied the penalty claim. We see no abuse of discretion here.
Klondike at 1171.
Klondike does not say there must be a finding of intentional withholding of wages for the penalty to apply.

[3] Again, the conduct of APC illustrates their continued willful violation of the Alaska Wage and Hour Act, and their failure to act in good faith.

Respectfully submitted this 8th day of September, 2006 at Fairbanks, Alaska.

LAW OFFICES OF KENNETH L. COVELL
Attorney for John Gilbert

s/Kenneth L. Covell
712 8th Ave.
Fairbanks, AK 99701
Phone:  907.452.4377
Fax:  907.451.7802
E-mail:  kcovell@gci.net
Attorney Bar #:  8611103

**CERTIFICATE OF SERVICE**
This is to certify that a copy of the foregoing has been
Electronically sent to the following attorney(s):

**Patricia Zobel
DeLisio Moran Geraghty & Zobel
943 W. 6th Ave.
Anchorage, AK 99501**

Dated: 9/8/06
By:  ___/s/ Emily S. Ervin_____
        Emily S. Ervin for Kenneth L. Covell