IN  THE  UNITED  STATES  DISTRICT  COURT

FOR  THE  DISTRICT  OF  ALASKA

```
JOHN GILBERT,                )
                             )
            Plaintiff,       )
v.                           )
                             )
APC NATCHIQ, INC.,           )
                             )
Defendant.                   )
                             )    Case No. 3:03-CV-00174-RRB
_____)
```

### DEFENDANT'S  OPPOSITION  TO  PLAINTIFF'S  MOTION  FOR PARTIAL  SUMMARY  JUDGMENT  ON  THE  ISSUES  OF  GOOD  FAITH AND  WILLFULNESS  (Docket 52)

Plaintiff  filed  a  motion  for  partial  summary  judgment  on the  issues  of  good  faith  and  willfulness  on  August  11,  2006. Defendant,  by  and  through  its  undersigned  counsel,  hereby submits  its  opposition  to  plaintiff's  motion  for  partial  summary judgment.

## I.  INTRODUCTION

Plaintiff  filed  his  motion  for  partial  summary  judgment  on the  issues  of  willfulness  and  good  faith  with  the  Court  on August  11,  2006.   Defendant  also  filed  separate  motions  for partial  summary  judgment  addressing  the  issues  of  willfulness, which  is  the  test  used  to  establish  the  proper  statute  of limitations  to  apply  under  the  Fair  Labor  Standards  Act  (FLSA);

DeLisio Moran
Geraghty & Zobel, P.C.

943 West 6th Avenue
Anchorage, Alaska
99501-2033
——
(907) 279-9574

and good faith, which determines whether liquidated damages are to be awarded under either the State wage and hour laws or the FLSA. Defendant's motions were filed with the Court on August 1, 2006, and August 3, 2006, at Dockets 30 and 34, respectively. Unfortunately, due to the timing of the motions, many arguments and issues are destined to repeat themselves throughout this opposition. Therefore, reference may be made to these previous motions to assist the Court in an expeditious review of the issues.

## II. FACTS

### A. Plaintiff's Employment with APC

Plaintiff, John Gilbert ("Gilbert") worked for defendant APC Natchiq, Inc. ("APC") from January 30, 2001 to April 22, 2003. He was hired as a Safety Specialist and worked in that capacity from January 30, 2001 to January 1, 2002. *See* Plaintiff's Complaint. As of January 3, 2002, he was promoted to the position of Safety Supervisor. *Id.* Throughout his employment with APC, Gilbert was paid a set rate for all hours worked in a day ("day rate") and was considered exempt from overtime. *See* Plaintiff's Complaint.

### B. Plaintiff's Claim for Overtime

On June 20, 2003, Gilbert filed this action claiming entitlement to overtime under Alaska's Wage and Hour Act ("AWHA")

DeLisio Moran
Geraghty & Zobel, P.C.

943 West 6th Avenue
Anchorage, Alaska
99501-2033

———

(907) 279-9574

105252 — Opposition to Motion for Partial Summary Judgment re: Good Faith and Willfulness
4  *Gilbert v. APC Natchiq*, Case No.: 3:03-cv-00174 RRB; Page 2 of 24

and the Fair Labor Standards Act ("FLSA"). *Id*. Gilbert's complaint alleges, *inter alia*, that APC "willfully and intentionally" failed to pay Gilbert overtime. *Id*. ¶ 9. The parties agreed to stay Gilbert's case while a companion case with similar issues, *Zuber v. APC Natchiq, Inc.,* A03-0052 CV (RRB) proceeded in litigation.

The issue before the U.S. District Court for the District of Alaska in *Zuber* was whether the safety specialist position was exempt from overtime. *See* Exhibit E at Docket 30. The Safety Specialist position at issue in *Zuber* was the same position held by Gilbert prior to his promotion to safety supervisor. On January 8, 2004, the U.S. District Court held that the safety specialist position was an exempt position and that Zuber was not entitled to overtime compensation. *See* Exhibit F at Docket 30. Zuber appealed that decision and the Ninth Circuit Court of Appeals, in a brief opinion, reversed the U.S. District Court. *Zuber v. APC Natchiq, Inc.,* 144 Fed. Appx. 657 (9th Cir. 2005). The Ninth Circuit held that the safety specialist position was non-exempt; thus, entitling Zuber to overtime damages during the period he worked in that capacity. *Id.*[1]

Because the Court has resolved the issue of Gilbert's classification as non-exempt while he was a safety specialist, the Court's focus in this case is on the classification of

---

[1] For recitation of remaining facts, *see* Defendant's motions for partial summary judgment at Dockets 30 and 34.

DELISIO MORAN
GERAGHTY & ZOBEL, P.C.

943 WEST 6TH AVENUE
ANCHORAGE, ALASKA
99501-2033

———

(907) 279-9574

safety supervisor, a position that Gilbert held for a little over a year.

In determining the issues in this motion and the cross motions filed on the same issues by defendant, the focus is on the actions of APC in determining how to classify the positions of safety specialist and supervisor.[2]  Among the people looking at the classification of positions was Mark Nelson, APC President and Chris Boyle, a human resources expert.  Gilbert spends a great deal of his time discussing the actions of these individuals, but gives little space to the actions of Doug Smith.  Doug Smith was Mr. Gilbert's immediate supervisor and the one who promoted him into the position of safety supervisor.  One of Mr. Smith's first acts when he started with the company in December of 2001 was to review the position of safety supervisor to determine if it was an exempt position.  *Exhibit E, Docket 30* (Deposition of Douglas L. Smith, pp. 6, 12.) The timing of this action was contemporaneous with Mr. Gilbert being promoted to the supervisor position. He concluded,

> In my opinion and in my observation, an expectation of the job was that they were the coordinator of the specialist, and in that role provided, you know a degree of oversight and direction to these embedded employees. And in my absence—I

---

[2] In support of his motion for summary judgment on the issues of good faith and willfulness, a copy of a motion filed in the Zuber case on the same issues is attached.  This motion is irrelevant.  Zuber only worked as a safety specialist. We are here focusing on the steps taken to classify the position of safety supervisor.

DeLisio Moran
Geraghty & Zobel, P.C.

943 West 6th Avenue
Anchorage, Alaska
99501-2033
_____
(907) 279-9574

worked a four day on, three-day off schedule, and in
my absence from the Slope, they were the step-up for
the department and fill the roll of HSE manager in my
absence.

*Id.* at 14-15. The safety supervisor did not do safety specialist

work routinely. *Id.* The supervisor was the line of

communication up and down the line with both the client and the

chain of command with APC Natchiq. *Id.* at 16-17. The

supervisors had more technical knowledge and acted as a resource

for the people in the field. *Id.* The safety specialist would

act to redirect resources and manpower and make decisions as the

sole manager of safety on the slope in Mr. Smith's absence. *Id.*

Based on this analysis Mr. Smith concluded that the safety

supervisor position was an exempt position.


## III. <u>ANALYSIS</u>

One of major flaws in the Plaintiff's brief is that while

he gives a brief recitation of the law that applies to a

determination of good faith for liquidated damages and for a

determination of willfulness for extension of the statute of

limitations, his arguments blur the distinctions. The burden of

proof to show that the employer acted in good faith is on the

employer but the test for determining whether the classification

of the employee was in good faith is a two part test: the first

being a determination of whether the employer acted in good

DeLisio Moran
Geraghty & Zobel, P.C.

943 West 6th Avenue
Anchorage, Alaska
99501-2033
———
(907) 279-9574

faith in the classification determination and the second being an objective test as to whether a reasonable person would find that the employer had a reasonable basis for its decision. *Bratt v. County of Los Angeles,* 912 F.2d 1066, 1072 (9th Cir. 1990). In contrast, in a determination of willfulness on the part of the employer, the plaintiff has the burden of proof. *Bankston v. Illinois,* 60 F.3d 1249, 1253 (7th Cir. 1995). The plaintiff must prove that "the employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute." *McLaughlin v. Richland Shoe Co,* 486 U.S. 128, 133, 100 L.Ed. 2d 115 (1988).

The employee has failed to keep the two standards distinct, and he also switches back and forth in his arguments which at times make it difficult to respond to this brief. APC will attempt to outline the evidence contained in the record which shows that it acted in good faith. It will then apply the law to that issue. Next it will address the willfulness evidence and then apply the law. It should also be kept in mind by the Court that this motion of plaintiff's is a cross motion for summary judgment to the defendant's motions filed at Dockets 30 and 34. Thus, the arguments and law cited in those briefs should be considered in making any ruling on this motion.

DeLisio Moran
Geraghty & Zobel, P.C.

943 West 6th Avenue
Anchorage, Alaska
99501-2033

———

(907) 279-9574

105252 — Opposition to Motion for Partial Summary Judgment re: Good Faith and Willfulness
4 *Gilbert v. APC Natchiq*, Case No.: 3:03-cv-00174 RRB; Page 6 of 24

A.    **APC's Actions were Taken in Good Faith.**

The first part of the test for avoiding liquidated damages looks at the employer's actions to determine whether there was a good faith effort on the part of the employer in analyzing the classifications of certain jobs as exempt versus non-exempt. *Bratt,* 912 F.2d at 1072. This prong of the test is to be judged on a subjective standard. The main question is whether the employer attempted to comply with the law and took the necessary steps to ensure it was in compliance to the best of its ability. This does not require a finding that the employer was ultimately correct; rather, it requires that the employer tried to ascertain the standards for the classifications, using reasonable efforts. The courts have found that in reviewing the actions for good faith, one looks to the question of the qualifications of the ones doing the analysis;[3] whether they talked to the employees whose jobs were being analyzed and researched the positions;[4] whether they consulted with the Department of Labor or other experts in reaching their

---

[3] *See Bratt v. County of Los Angeles,* 912 F.2d 1066 (9th Cir. 1990).
[4] *Id.*

DELISIO MORAN
GERAGHTY & ZOBEL, P.C.

943 WEST 6TH AVENUE
ANCHORAGE, ALASKA
99501-2033

(907) 279-9574

conclusions;[5] and whether they looked at industry standards in reaching the conclusions.[6]

In this case, the individuals who did the analysis were well qualified. Chris Boyle is a professional human resources expert. Mr. Nelson was president of APC and Doug Smith was the Health Safety and Environment Manager for Kuparak for APC Natchiq and had had substantial experience with classifications. They consulted with other experts or the Department of Labor; they talked to the individuals in the positions to be sure that they thoroughly understood the positions and the work actually performed. *See* Exhibits A & B, Docket 30. In fact, Doug Smith, who performed an analysis of Mr. Gilbert's safety supervisor position and found it exempt, worked side by side with Mr. Gilbert and was his direct supervisor while he was a safety supervisor. *See* Exhibit E, Docket 30. These individuals made decisions consistent with the industry standard and the checklists provided by the US Department of Labor. In other words, they did everything they were supposed to do to make a good faith effort to properly analyze the positions.[7]

---

[5] *See Samson v. Appollo Res., Inc.,* 242 F.3d 629, 641 (5th Cir. 2001); *SEIU Local 102 v. County of San Diego,* 60 F.3d 1346, 1355-56 (9th Cir. 1994); *Cross v. Arkansas Forestry Comm'n,* 938 F.2d 912, 918 (8th Cir. 1991).
[6] *See Bennet v. SLT/TAG Inc.,* 2003 U.S. Dist. 25438 (D. Or. 2003).

DeLisio Moran
Geraghty & Zobel, P.C.

943 West 6th Avenue
Anchorage, Alaska
99501-2033

———

(907) 279-9574

**B.   APC had Reasonable Grounds for Believing
      Its Conduct Complied with the AWHA and FLSA.**

The second part of the test for avoiding liquidated damages is that the Court must find that the employer had reasonable grounds for the classification ultimately applied to the positions in question. *Bratt,* 912 F.2d at 1072.

Plaintiff makes the sweeping statement that, "an objectively reasonable person simply would not believe that a personnel department that has no job descriptions in it's files; and no records whatsoever of the written records of the eligibility of it's employees right to overtime is acting in good faith…"[8]  However, it was already shown that a "reasonable person" would believe APC acted in good faith.

The most compelling evidence that APC had objective, reasonable grounds when classifying the safety specialist position as exempt is the U.S. District Court's decision in *Zuber v. APC Natchiq, Inc.*  There, the court held that, in fact, the safety specialist position was properly classified as exempt from overtime under the administrative exception.  *See* Exhibit E at Docket 34.  Although that decision was eventually reversed by the Ninth Circuit, it shows that APC had a reasonable and sound

---

[7] *See* Defendant's motion for partial summary judgment at Docket 34 for additional legal references to the good faith analysis.

DeLisio Moran
Geraghty & Zobel, P.C.

943 West 6th Avenue
Anchorage, Alaska
99501-2033

———

(907) 279-9574

basis to believe that the job duties of a Safety Specialist rendered the position exempt from overtime compensation. Indeed, the U.S. District Court believed the position to have been properly classified; thus, APC's classification was obviously based upon substantial evidence. In judging whether APC acted in good faith with a reasonable basis for the classifications, it is not necessary that its decision ultimately be found correct. It is only important that within this murky world of classifications, that the employer put forth its best effort to try to comply with the law and that its conclusions were reasonable.[9] The multitude of actions taken by APC clearly demonstrates that APC acted in a reasonable manner when classifying the safety specialist position as exempt.

With regard to the safety supervisor position, the evidence is equally compelling that the classification was reasonable. First if the safety specialist was correctly or reasonably classified as exempt, then a supervisor over that position would also be exempt. Again, the district court's decision in Zuber leads to that conclusion. Further, Mark Nelson obtained a written opinion from the State Department of Labor on his warehouse or materials supervisors. *See* Exhibit A, Docket 34.

---

[8]  Quotation taken directly from plaintiff's brief without grammatical correction.

DELISIO MORAN
GERAGHTY & ZOBEL, P.C.

943 WEST 6TH AVENUE
ANCHORAGE, ALASKA
99501-2033

⎯⎯⎯

(907) 279-9574

He then used this to extrapolate that since the job duties were similar, then the exemption would also apply to the safety supervisor position. The industry standard was that this type of position was exempt according to Doug Smith. *See* Exhibit E, Docket 30. Mr. Smith, in his analysis of the supervisor position's classification met all of the steps required to make a reasonable judgment as to the exempt nature of the position. This position was determined to have met the criteria for an administrative position and he in good faith believed that this was the correct classification. A reasonable person would similarly agree that his conclusion, whether ultimately correct or not, was based on substantial evidence.

C.    **Plaintiff's Analysis of Good Faith Is Not Well Taken.**

Plaintiff begins his analysis with a recitation of the deposition testimony given by Randy Carr, the Chief of the Alaska Labor Department. The roughly five and a half pages under this section discuss some of the Labor Department's practices and procedures when dispelling advice, and also discuss Mr. Carr's opinion as to why Labor Department opinions should be in writing. Plaintiff also includes a synopsis of ways an employer might demonstrate good faith when classifying

---

[9] *See Bratt v. County of Los Angeles,* 912 F.2d at 1072.

DeLisio Moran
Geraghty & Zobel, P.C.

943 West 6th Avenue
Anchorage, Alaska
99501-2033

(907) 279-9574

employees.    However,  this  analysis  of  good  faith  steps  by  an
employer  is  not  supported  by  case  law  or  other  legal  analysis;
rather,  it  simply  restates  Mr.  Carr's  opinion  on  good  faith
steps.    While  Mr.  Carr's  testimony  is  insightful,  it  does  not
provide  the  Court  with  the  proper  legal  guidance  to  determine
whether  APC  acted  in  good  faith  when  classifying  Mr.  Gilbert's
positions.

Plaintiff  next  contends  that,  APC's  Operations  Manager,
Mark  Nelson,  did  not  take  the  advice  of  the  Alaska  Labor
Department  by  failing  to  obtain  a  specific  written  opinion.    On
the  contrary,  Mr.  Nelson  did  have  multiple  conversations  with
Mr.  Carr  regarding  the  proper  classification  of  the  safety
specialists  and  various  supervisor  positions.    *See* Exhibit  A  at
Docket  34  *see  also*  Exhibit  C  at  Docket  34.    After  numerous
conversations  with  the  Department  of  Labor,  Mr.  Nelson  requested
a  written  opinion  letter  from  the  Department  pertaining  to  the
exemption  status  of  their  "materials  supervisors."    *See* Exhibit
A  at  Docket  34  (Exhibit  N-2  to  Nelson  deposition,  Bates  number
APC0202 – Letter  from  Mark  Nelson  to  Randy  Carr  dated  June  25,
1997).    The  Department  of  Labor  sent  an  opinion  letter  to  APC  on
June  26,  1997.    Based  on  a  review  of  the  supervisor  job
description,  the  Department  of  Labor  opined  that,  "they  are
exempt  from  overtime  under  AS  23.10.060  .  .  .  ."    Exhibit  A  at

DeLisio Moran
Geraghty & Zobel, P.C.

943 West 6th Avenue
Anchorage, Alaska
99501-2033
——
(907) 279-9574

Docket 34 (Exhibit N-2 to Nelson deposition, Bates number APC0203-204 - Letter from Randy Carr to Mark Nelson dated June 26, 1997). *See Samson v. Appollo Res., Inc.,* 242 F.3d 629, 641 (5th Cir. 2001)(approving a finding of good faith where the employer consulted with the Department of Labor); *SEIU Local 102 v. County of San Diego,* 60 F.3d 1346, 1355-56 (9th Cir. 1994)(employer's conduct deemed to be taken in good faith when employer consulted with Department of Labor in an attempt to comply with the law); *Cross v. Arkansas Forestry Comm'n,* 938 F.2d 912, 918 (8th Cir. 1991)(reliance on experts is a badge of good faith). Mr. Nelson testified that he believed that if the materials or warehouse supervisors were exempt, so were the safety supervisors.

These actions taken by Mr. Nelson show that after numerous consultations with the Department of Labor, he processed the information received and then requested a written opinion on one position. Rather than request a written opinion on every position within APC, which is what plaintiff apparently believes should have been done in order to demonstrate good faith, Mr. Nelson took the information for one similar position and used it to make an educated decision on exemptions for other positions with similar responsibilities, including Mr. Gilbert's safety supervisor position. The crux of plaintiff's argument appears

DELISIO MORAN
GERAGHTY & ZOBEL, P.C.

943 WEST 6TH AVENUE
ANCHORAGE, ALASKA
99501-2033

———

(907) 279-9574

to be that because APC did not obtain a written Labor opinion on Mr. Gilbert's specific positions, this constitutes bad faith. However, obtaining a written opinion is only one of many ways to demonstrate good faith on the part of the employer in reaching its decisions.   Plaintiff fails to mention the multitude of steps taken by APC to ensure proper classification of the positions.

Mr. Nelson not only spoke with Mr. Carr, but also attempted to ascertain how employees were being classified by other companies performing the same or similar work as APC's business. *See* Exhibit A at Docket 34.   Mr. Nelson contacted Nancy Williams, who at the time was ARCO's compensation specialist. Ms. Williams faxed Mr. Nelson tables summarizing criteria for overtime exemptions under the FLSA.  *See* Exhibit A at Docket 34 (Deposition of Mark Nelson, pp. 22-23).  *See also Bennet v. SLT/TAG Inc.,* 2003 U.S. Dist. 25438 (D. Or. 2003)(finding employer's reliance on industry standard when classifying employees was in good faith).

Mr. Nelson further testified that he applied a Department of Labor checklist in classifying the safety specialist position as exempt and reviewed regulations defining the administrative, executive, professional, supervisor and outside salesman exemptions.  *Id.* (Deposition of Mark Nelson, pp. 39-40); *see*

DELISIO MORAN
GERAGHTY & ZOBEL, P.C.

943 WEST 6TH AVENUE
ANCHORAGE, ALASKA
99501-2033

(907) 279-9574

*also* Exhibit B at Docket 34.  Based on the duties performed by the safety specialist and the fact that safety specialists have specialized training and knowledge and work independently on a day-to-day basis without direct supervision, Mr. Nelson concluded that safety specialists were bona fide administrative or professional employees exempt from overtime.  *Id.*

At pages 13-14 of the plaintiff's amended motion at Docket 52, it is argued that Mr. Nelson's memory is faulty in his deposition and he should not be relied upon because he refers to getting an opinion from the Department of Labor as to whether warehouse supervisors were exempt when the letter from the Department of Labor refers to materials supervisors.  According to Mr. Nelson, the material supervisors were supervisors in the warehouse and are one and the same.  *See* Exhibit D, Docket 30. Based on this misunderstanding on the part of plaintiff as to the actual job being discussed, plaintiff contends that APC did not act in good faith.  However, it is plaintiff that is mistaken.  A material supervisor is in fact a supervisor in the warehouse.  *See* Exhibit A.  This argument has no merit.[10]

Plaintiff next argues that because there is no "paper trail" outlining the exact steps taken by APC when classifying

---

[10] *See* Defendant's motions for partial summary judgment at Docket 34 for additional steps taken by APC.

DELISIO MORAN
GERAGHTY & ZOBEL, P.C.

943 WEST 6TH AVENUE
ANCHORAGE, ALASKA
99501-2033

———

(907) 279-9574

the position as exempt it proves that APC acted in bad faith.

However, as APC has shown with the number of exhibits filed,

there is a "paper trail" outlining the steps taken in analyzing

the proper classifications of positions.  The exhibits entered

into evidence include internal memos, letters to the Department

of Labor, an article from *Forbes* magazine, Federal Department of

Labor checklists, *Quinlan Bulletin on Wage and Salary

Compliance,* and letters from the Alaska Department of Labor, to

name a few.[11]  Plaintiff's statements that no documentation

exists are easily disproved by simply looking at the record thus

far in this litigation.

Plaintiff cites two cases in an attempt to show that APC

did not act in good faith with a reasonable basis for the

classifications.  However, the two cases cited by plaintiff are

distinguishable from the case at hand.

The first case cited by plaintiff is *In re Farmers Ins.

Exch. Claims Representatives' Overtime Pat Litig.,* 300 F. Supp.

2d 1020, 1054 (D. Or. 2003).  Plaintiff pulled one excerpt from

a fifty page case in an attempt to show that APC did not act in

good faith when classifying its employees.  However, the *Farmers

Insurance* case is not at all on point with the case at hand.

---

[11] *See* Attachments 1-8 to Exhibit B at Docket 34.

DELISIO MORAN
GERAGHTY & ZOBEL, P.C.

943 WEST 6TH AVENUE
ANCHORAGE, ALASKA
99501-2033

———

(907) 279-9574

In *Farmers,* the court was dealing with the classification of insurance claims representatives, which were historically considered to be exempt employees by the Department of Labor. *In re Farmers Ins. Exch. Claims Representatives' Overtime Pat Litig.,* 300 F. Supp. 2d 1020, 1050 (D. Or. 2003). Furthermore, the employer in that case was aware of case law that required them to conduct further investigation into the proper classification of its claims representatives. *Id.* The court stated that because the employer "knowingly or recklessly disregarded" the key issue of whether its continuing classification of many claims representatives as "exempt" violated the FLSA then they could not take advantage of the good faith defense. *Id.* at 1052-54.

In the case at hand, we are dealing with positions that have not been evaluated by the Department of Labor, and have no specific exemptions written into the FLSA or AWHA. Whereas in *Farmers,* those positions had specific exemptions written into the regulations. However, the more important point of differentiation is the fact that *Farmers* had actual knowledge about case law that indicated they had a potential conflict in their classification of their claims representatives. The court found them liable because they had the knowledge of the law and knowingly or recklessly disregarded the law. The facts in the

DeLisio Moran
Geraghty & Zobel, P.C.

943 West 6th Avenue
Anchorage, Alaska
99501-2033

———

(907) 279-9574

case at hand show that APC acted reasonably and did not knowingly or recklessly attempt to avoid their obligations under the FLSA or AWHA.

The second case cited by plaintiff is *Tumulty v. FedEx Ground Package System, Inc.,* 2005 U.S. Dist. LEXIS 26217.[12] Plaintiff pieces together a quote from the language used in that case in an attempt to equate APC's behavior to that of FedEx's behavior. However, this case is also distinguishable from the case at hand. In *FedEx*, the court decided that FedEx failed to meet the second prong of the good faith test because FedEx specifically stated it was relying on certain authority. When it failed to provide specific evidence to the court, the court ruled that FedEx failed to support its contention that it had objectively reasonable grounds for believing its conduct did not violate the FLSA. *Id.* at 5. In the case at hand, APC has provided specific evidence and testimony that it had objectively reasonable grounds for believing its conduct was proper. Furthermore, the Alaska District Court agreed with APC when it issued its decision in the *Zuber* case.

The undisputed evidence demonstrates that APC acted in good faith to ascertain what the law requires and to act in accordance with it. Based upon a comprehensive review of the

DeLisio Moran
Geraghty & Zobel, P.C.

943 West 6th Avenue
Anchorage, Alaska
99501-2033
——
(907) 279-9574

supervisor position, which included interviews with supervisors, conversations with the Department of Labor, an opinion letter from the Department of Labor confirming exempt status, and Mr. Nelson's and Mr. Smith's own education and familiarity with the positions, a good faith effort was made by APC to ensure they were properly classifying the positions as exempt. *See* Exhibit C at Docket 34; *see also* Exhibit E at Docket 34; *Bratt* at 1072 (rejecting employee's argument that employer acted in bad faith by assigning employment decisions to someone with insufficient experience).

## D.  <u>Willfulness Analysis</u>.

The FLSA provides that an action brought under it terms must be commenced within two years "except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued." 29 U.S.C. § 255(a); *McLaughlin v. Richland Shoe Company,* 489 U.S. 128, 135 (1988).  The employee bears the burden of proving the willfulness of the employer's FLSA violations.  *Bankston v. Illinois,* 60 F.3d 1249, 1252 (7th Cir. 1995)("The plaintiffs bore the burden of showing that the defendants' conduct was willful for the purposes of the statute of limitation.").

---

[12] In plaintiff's brief the case was improperly cited as "Tumlty".

DeLisio Moran
Geraghty & Zobel, P.C.

943 West 6th Avenue
Anchorage, Alaska
99501-2033

(907) 279-9574

105252 — Opposition to Motion for Partial Summary Judgment re: Good Faith and Willfulness
4 *Gilbert v. APC Natchiq,* Case No.: 3:03-cv-00174 RRB; Page 19 of 24

In plaintiff's twenty-three page brief, he only devotes one paragraph to the issue of willfulness, which essentially lays out the above information pertaining to willfulness and the expansion of the statute of limitations. Plaintiff also states in his conclusion that "the evidence bearing on good faith is the same evidence that bears on willfulness."

APC is uncertain whether plaintiff is grouping his entire "analysis" of good faith into the claim of willfulness for purposes of extending the statute of limitations. If that is the case, APC opposes the expansion of the statute of limitations based upon its analysis above. Further, the concept that a failure to meet good faith automatically results in a finding of willfulness is incorrect. A finding of willfulness requires a finding that the defendant acted intentionally or recklessly in its classifications. This is not the same test as is applied in analyzing good faith.

The U.S. Supreme Court has held that to obtain the benefit of the three-year limitations exception, the plaintiff must prove that the employer's conduct was "willful." *McLaughlin v. Richland Shoe Company*, 486 U.S. 128, 135 (1988). The standard for willfulness requires that the employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the FLSA. *Id*. at 133 (citing *Trans World*

DELISIO MORAN
GERAGHTY & ZOBEL, P.C.

943 WEST 6TH AVENUE
ANCHORAGE, ALASKA
99501-2033

———

(907) 279-9574

*Airlines, Inc. v. Thurston*, 469 U.S. 111 (1985)).  In defining the FLSA's term "willful," the U.S. Supreme Court noted as follows:

> [i]n common usage the word "willful" is considered synonymous with such words as "voluntary," "deliberate," and "intentional."  The word "willful" is widely used in the law, and, although it has not by any means been given a perfectly consistent interpretation, it is generally understood to refer to conduct *that is not merely negligent.*

*McLaughlin* at 133 (citations omitted)(emphasis added).  The Supreme Court, thus, found that the plain meaning of the FLSA supported the standard that the "employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the [FLSA]."  *Id.* (relying upon *Thurston*, *supra.*)

Applying the *McLaughlin* definition of "willful," the Ninth Circuit reversed a decision imposing a three-year statute of limitations in *Services Employees International Union v. County of San Diego*, 60 F.3d 1346, 1355-1356 (9th Cir. 1994).  There, the Court held that the willful standard was not satisfied because there was no knowing or reckless conduct on behalf of the employer.  *Id.*  The Court concluded that the employer relied on substantial legal authority, as well as consulted experts and the Department of Labor in an attempt to comply with the law.  *Id.;*  Summary judgment is appropriate on this issue if the defendant can show that it made reasonable attempts to comply

DELISIO MORAN
GERAGHTY & ZOBEL, P.C.

943 WEST 6TH AVENUE
ANCHORAGE, ALASKA
99501-2033

(907) 279-9574

105252 — Opposition to Motion for Partial Summary Judgment re: Good Faith and Willfulness
4 *Gilbert v. APC Natchiq*, Case No.: 3:03-cv-00174 RRB; Page 21 of 24

with the law. See e.g. *Pautlitz v. City of Naperville*, 127 Lab. Cas. P 33,075, 1994 WL 22963 (N.D.Ill.1994)(unreported in F.Supp.)

The deposition testimony and documentary evidence offered by APC shows that it took measurable and reasonable steps to determine whether day rate compensation and classification of the Safety Specialist and Safety Supervisor positions was proper. APC consulted with the Department of Labor, reviewed the wage and hour regulations, and performed a comprehensive analysis to determine whether the Safety Specialist and Safety Supervisor positions were exempt from the overtime wage and whether day rate compensation was proper. This was not just a one time analysis, but rather was revisited on several occasions to be sure that the company was in compliance with the law. There is no evidence that APC either knew that it was violating the FLSA or showed reckless disregard as to whether its conduct violated the FLSA. In making the classifications there was no contrary evidence leading to an alternative conclusion which was either ignored or flaunted. The only intent on the part of the employer was to try to comply with the law, not usurp it. Accordingly, the two-year statute of limitation period applies in this case.

DELISIO MORAN
GERAGHTY & ZOBEL, P.C.

943 WEST 6TH AVENUE
ANCHORAGE, ALASKA
99501-2033

———

(907) 279-9574

However, APC would like to direct the court's attention to its motion for summary judgment filed at Docket 30. This motion provides APC's in depth analysis and argument pertaining to the willful standard and reasons as to why the statute of limitation should not be expanded from two years to three years.

## IV.  __CONCLUSION__.

Mr. Gilbert seeks liquidated damages under the AWHA and the FLSA for the alleged failure of APC to pay him overtime during his employment as a Safety Specialist and Safety Supervisor.

The facts demonstrate that APC acted in good faith and had reasonable grounds for believing that its classification of Mr. Gilbert's positions as exempt was proper and did not violate the AWHA or the FLSA.

To the extent that Mr. Gilbert is arguing that the statute of limitations should be expanded from two years to three years, the facts demonstrate that APC did not act willfully in failing to pay Mr. Gilbert overtimes.[13]  Accordingly, the three-year statute of limitations under the FLSA does not apply.

Therefore, Mr. Gilbert's motion for partial summary judgment on the issues of good faith and willfulness should be denied.

---

[13] *See* Defendant's motion for summary judgment at Docket 30.

DELISIO MORAN
GERAGHTY & ZOBEL, P.C.

943 WEST 6TH AVENUE
ANCHORAGE, ALASKA
99501-2033

——

(907) 279-9574

DATED this 8th day of September, 2006, at Anchorage, Alaska.

DeLISIO MORAN GERAGHTY & ZOBEL
Attorneys for Defendant,
APC Natchiq, Inc.

/s/ Patricia L. Zobel

By: _____
Patricia L. Zobel
Bar No. 7906067
E-Mail:  pzobel@dmgz.com
943 W. Sixth Avenue
Anchorage, AK 99501
Telephone:  907-279-9574
Facsimile:  907-276-4231

This is to certify that a true
copy of the foregoing was mailed
this 8th day of September, 2006,
to the following:

Kenneth L. Covell, Esq.
712 Eighth Avenue
Fairbanks, AK  99701

    /s/ Jean K. Adams
By:_____
    Jean K. Adams

DeLISIO MORAN
GERAGHTY & ZOBEL, P.C.

943 WEST 6TH AVENUE
ANCHORAGE, ALASKA
99501-2033
_____
(907) 279-9574

105252 — Opposition to Motion for Partial Summary Judgment re: Good Faith and Willfulness
4 *Gilbert v. APC Natchiq*, Case No.: 3:03-cv-00174 RRB; Page 24 of 24