IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

```
JOHN GILBERT,                  )
                               )
            Plaintiff,         )
                               )
v.                             )
                               )
APC NATCHIQ, INC.,             )
                               )
            Defendant.         ) Case No.: 3:03-cv-00174-RRB
_____)
```

**OPPOSITION TO GILBERT'S MOTION FOR SUMMARY JUDGMENT FOR STATE RATE CALCULATION ON AWHA AND CONTRACT CLAIMS AT (DOCKET NO. 50)**

### I.   INTRODUCTION

Gilbert's proposed method of calculating overtime is unsupported by the Alaska Wage and Hour Act (AWHA) or its accompanying regulations. Moreover, his focus on the term "salary" is misplaced. Although a day rate meets the definition of salary, this alone does not render 8 AAC 15.100 applicable. The FLSA's regulations include a specific method of calculating overtime for employees paid a day rate, *even though a day rate is considered a salary.* The absence of any analogous provision in the state regulations allows this Court to apply to this case the federal regulation, 29 C.F.R. § 778.112. Moreover, the complexities and difficulties presented in accurately applying the state regulation to day rate compensation support the conclusion that this Court must look to the FLSA's calculation for day rate compensation.

DELISIO MORAN
GERAGHTY & ZOBEL, P.C.

943 WEST 6TH AVENUE
ANCHORAGE, ALASKA
99501-2033
____
(907) 279-9574

105292 – Opposition to Gilbert's Motion for Summary Judgment for State Rate
        Calculation AWHA and Contract Claims at (Docket No. 50)
*Gilbert v. APC Natchiq*, Case No.: 3:03-cv-00174 RRB; Page 1 of 20

Assuming, for the sake of argument only, that this Court were to conclude that 8 AAC 15.100 applies, the method urged by Gilbert is much too simplistic and flawed. The proper calculation must be derived from <u>Piquniq Mgmt. Corp. v. Reeves</u>, 965 P.2d 732 (Alaska 1998) which addressed the proper calculation when the employee is an oil field worker with a schedule which includes weeks on during which he works extended hours, followed by weeks off, with no pay. This case instructs that Gilbert's compensation must be converted to an annual salary and divided by 52 weeks to determine his weekly salary. The regular rate of pay should then be calculated by dividing the weekly salary by 40 hours. Gilbert's proposed calculation does not take into consideration the fact that he worked a condensed two week on/two week off schedule. An inflated regular rate of pay results if only the weekly salary during the weeks that Gilbert was "on rotation" is considered. The <u>Piquniq Mgmt. Corp.</u> court rejected this unjust calculation on grounds that it resulted in the "enhanced rate of pay."

APC, therefore, requests that this Court find that the FLSA calculation for day rate employment applies. In the alternative, this Court should find that Gilbert's compensation must be converted to an annual salary as compensation over 52 weeks, and calculate the regular rate of pay on that basis.

## II.   POINTS AND AUTHORITIES

**A.   8 AAC 15.100 is Inapposite Because it is Silent on the Issue of How to Calculate Overtime for an Employee Paid a Day Rate, and Application of this Regulation to the Case at Hand Shows that it is an Inappropriate Calculation.**

DELISIO MORAN
GERAGHTY & ZOBEL, P.C.

943 WEST 6TH AVENUE
ANCHORAGE, ALASKA
99501-2033
_____
(907) 279-9574

105292 – Opposition to Gilbert's Motion for Summary Judgment for State Rate
Calculation AWHA and Contract Claims at (Docket No. 50)
*Gilbert v. APC Natchiq*, Case No.: 3:03-cv-00174 RRB; Page 2 of 20

1. <u>This Court may look to 29 C.F.R. § 778.112, which provides a specific method of calculating overtime for employees paid a day rate, even though a day rate is considered a salary</u>.

The fact that day rate compensation may fall within the definition of "salary" does not render 8 AAC 15.100 applicable to such compensation for purposes of calculating the regular rate of pay and overtime. The AWHA, AS 23.10.050 -- 23.10.150, enacted in 1959, has similar purposes to the federal Fair Labor Standards Act, 29 U.S.C. §§ 201-219, and is based upon it. <u>Webster v. Bechtel, Inc.</u>, 621 P.2d 890, 895 (Alaska 1980); <u>Nolan v. Sea Airmotive, Inc.</u>, 627 P.2d 1035, 1039 (Alaska 1981). The FLSA and AWHA were both enacted for the same purposes: to establish minimum wage, maximum workweek, and overtime compensation standards which are adequate to maintain the health, efficiency and general well-being of workers. <u>Webster</u> at 895. The AWHA adopts the federal regulations and interpretations under the FLSA which are not inconsistent with the AWHA:

> Adoption of federal regulations
> The commissioner may adopt regulations and interpretations that are made by the administrator of the Wage and Hour Division of the federal Department of Labor and that are not inconsistent with AS 23.10.050 -- 23.10.150.

AS 23.10.095. The AWHA also provides:

DELISIO MORAN
GERAGHTY & ZOBEL, P.C.

943 WEST 6TH AVENUE
ANCHORAGE, ALASKA
99501-2033
____
(907) 279-9574

105292 – Opposition to Gilbert's Motion for Summary Judgment for State Rate
    Calculation AWHA and Contract Claims at (Docket No. 50)
*Gilbert v. APC Natchiq*, Case No.: 3:03-cv-00174 RRB; Page 3 of 20

> If not defined in this title or in regulations adopted under this title, terms used in AS 23.10.050 -- 23.10.150 shall be defined as they are defined in 29 U.S.C. 201 -- 219 (Fair Labor Standards Act of 1938), as amended, or the regulations adopted under those sections.

The Alaska Supreme Court has held that this section directs courts to apply federal regulations where the state director of the Wage and Hour Division and Commissioner of Labor has refrained from defining terms in the state regulations. <u>Dresser Indus. Inc. v. Alaska Dept. of Labor</u>, 633 P.2d 998, 1003 (Alaska 1981). Here, the Alaska State Commissioner of Labor and Workforce Development has not adopted regulations or defined the method of calculating overtime for employees paid a day rate. Because the AWHA and its regulations are silent on this issue, this Court should apply 29 C.F.R. § 778.112, the federal regulation that provides the method of calculating overtime for day rate compensation.

 Gilbert's argument that a day rate constitutes a salary and, thus, 8 AAC 15.100 applies is off point. Day rate compensation may qualify as payment on a "salary basis," but this does not render 8 AAC 15.100(a) or (b) applicable for purposes of calculating the regular rate of pay or overtime in the case of a day-rate compensated employee. A look at the

DELISIO MORAN
GERAGHTY & ZOBEL, P.C.

943 WEST 6TH AVENUE
ANCHORAGE, ALASKA
99501-2033
____
(907) 279-9574

105292 – Opposition to Gilbert's Motion for Summary Judgment for State Rate Calculation AWHA and Contract Claims at (Docket No. 50)
*Gilbert v. APC Natchiq*, Case No.: 3:03-cv-00174 RRB; Page 4 of 20

FLSA, which the AWHA is based upon and should be read in concert with, demonstrates this point.

The FLSA, like the AWHA, specifies the method of calculating overtime based on the regular rate of pay for employees paid a salary.  See 29 C.F.R. §778.113; 8 AAC 15.100. The FLSA's definition of "salary basis" is substantially similar to the AWHA's definition of "salary."  See 29 C.F.R. § 541.602 and 8 AAC 15.910(a)(22)  The federal regulation defines an employee paid on a "salary basis" as one who:

> regularly receives each pay period on a weekly, or less frequent basis, a predetermined amount constituting all or part of the employee's compensation, which amount is not subject to reduction because of variations in the quality or quantity of the work performed.  29 C.F.R. § 541.602.

The state regulation defines salary as:

> . . . a fixed and recurring amount of money constituting all or part of an exempt employee's compensation, which amount is not subject to reduction because of variations in the quality or quantity of the work performed. 8 AAC 15.910(a)(22).

APC concedes that day rate compensation would qualify as a salary under either the federal or state regulations.  The FLSA, however, treats day rate compensation differently than garden-variety salaried compensation (e.g. weekly or annual salary) when it comes to calculating the regular rate of pay and overtime.  See 29 C.F.R. § 778.112.  This distinct treatment of day rate compensation is omitted in the state regulations.  APC

DELISIO MORAN
GERAGHTY & ZOBEL, P.C.

943 WEST 6TH AVENUE
ANCHORAGE, ALASKA
99501-2033
____

(907) 279-9574

was unable to locate any legislative history or case law suggesting that the Alaska Legislature omitted the federal day rate calculation with the intent to exclude the calculation entirely.

To the contrary, 8 AAC 15.100(d) specifically lists the federal methods of calculating overtime which are "not acceptable methods of complying with the payment of overtime . . . ." The federal day rate method is not listed. Thus, the absence of an analogous provision to 29 C.F.R. § 778.112 in the state regulations is not intentional. The AWHA instructs that terms not defined "shall be defined as they are in the FLSA . . . .." The day rate calculation is undefined in the state regulations, and this Court should, therefore, look to the FLSA for the method of calculating overtime in this case.

  2. <u>The difficulty in applying 8 AAC 15.100 to day rate compensation further supports the conclusion that it does not apply to such forms of compensation.</u>

8 AAC 15.100(a), in its opening sentences, defines regular rate of pay as "an hourly rate figured on a weekly basis" and provides that salary "must be converted to an hourly rate when determining the regular rate[.]" <u>Piquniq Mgmt. Corp. v. Reeves</u>, 965 P.2d 732, 736 (Alaska 1998). The Alaska Supreme Court, in interpreting 8 AAC 15.100(a)(2), held that it is not a "freestanding provision" and "must be read in context of 8 AAC

DELISIO MORAN
GERAGHTY & ZOBEL, P.C.

943 WEST 6TH AVENUE
ANCHORAGE, ALASKA
99501-2033
____
(907) 279-9574

105292 – Opposition to Gilbert's Motion for Summary Judgment for State Rate Calculation AWHA and Contract Claims at (Docket No. 50)
*Gilbert v. APC Natchiq*, Case No.: 3:03-cv-00174 RRB; Page 6 of 20

15.100(a) as a whole." Piquniq at 736.  Applying 8 AAC 15.100 to the unique circumstances surrounding day rate compensation illustrates that the state regulation cannot and should not apply here.  The complexities specifically presented in this case, and generally where an employee is paid a set day rate no matter how many hours worked, support the conclusion that 8 AAC 15.100 does not contemplate application to day rate compensation.

To demonstrate the complexities and difficulty in applying 8 AAC 15.100 to day rate compensation, this Court must consider the dictates and reasoning of Piquniq Mgmt. Corp v. Reeves, supra.  First, Piquniq instructs that rigid application of 8 AAC 15.100 is misplaced.  There, the court interpreted the state regulation to require that an employee's annual salary be converted to a weekly salary, and arrive at the regular rate by dividing the weekly salary by 52 weeks.  In interpreting the regulation the court reached this conclusion even though the employee worked a two week on/two week off schedule, as Gilbert did here.  The court did not rigidly apply the state regulation and look only to the weeks the employee worked because doing so would "yield an anomalous result." Piquniq at 738.  That is, the employee would receive a windfall of "twice the regular hourly rate contemplated under 8 AAC 15.100(a)(2)." Id.  This

DELISIO MORAN
GERAGHTY & ZOBEL, P.C.

943 WEST 6TH AVENUE
ANCHORAGE, ALASKA
99501-2033
____

(907) 279-9574

105292 – Opposition to Gilbert's Motion for Summary Judgment for State Rate
Calculation AWHA and Contract Claims at (Docket No. 50)
*Gilbert v. APC Natchiq*, Case No.: 3:03-cv-00174 RRB; Page 7 of 20

is precisely the end result Gilbert seeks in the calculation he proposes. Gilbert suggests that the Court do one of two things: it take the daily rate and divide it by 8 hours or take the daily rate, multiply it by 5 days and divide it by 40 hours. The results are the same. However, this rigid application is exactly what the court in <u>Piquniq</u> rejected. It is also argued that an even higher daily rate would be achieved by taking his day rate and multiplying it by 7 days and then dividing it by 40 hours. But the plaintiff notes that this calculation would not be allowed by <u>Piquniq</u>. However, for the same reason that this calculation would be rejected the court would also reject the use of the full day rate divided by 8 hours.

If this Court were to determine Gilbert's regular rate by dividing his day rate by 8 hours, it would require a finding that his day rate was intended to compensate him for 8 hours a day only. Gilbert testified, however, that it was his understanding and expectation that his $475 per day rate was compensation for at least 12 hours of work. <u>Exhibit A</u> (Deposition of John Gilbert, pp. 51-52) attached hereto. The <u>Piquniq</u> court expressly rejected this notion when it stated:

> . . . because no evidence in the record suggests that Reeves's sixty weeks of salary were actually intended to pay only forty hours per week of straight-time wages for thirty workweeks, this rate of pay has no basis in reality . . .

DELISIO MORAN
GERAGHTY & ZOBEL, P.C.

943 WEST 6TH AVENUE
ANCHORAGE, ALASKA
99501-2033
____
(907) 279-9574

105292 – Opposition to Gilbert's Motion for Summary Judgment for State Rate
    Calculation AWHA and Contract Claims at (Docket No. 50)
 *Gilbert v. APC Natchiq*, Case No.: 3:03-cv-00174 RRB; Page 8 of 20

Id.  Thus, the intent of the parties regarding their expectations as to the hours the compensation covered is relevant.

Another example of the inapplicability of 8 AAC 15.100 to day rate compensation, is the difficulty in applying a set regular rate to a schedule that varied from week to week. The federal regulations require a court to look at each week and adjust the regular rate according to all hours worked. The state regulation, however, provides that the regular rate has little relevance to the work week. A snapshot view of Gilbert's employment illustrates why this is not workable.

From January 3, 2002 to January 3, 2003, Gilbert earned $78,375. The state regulation and Piquniq instruct that this Court must take the annual salary and divide it by 52 weeks, which results in a weekly salary of $1,507. This Court must then divide this amount by 40 to arrive at a regular rate of pay of $37 an hour and an overtime rate of $55 per hour. Next, the straight time hours for a week are multiplied by the straight time rate, and the overtime hours are multiplied by the overtime rate. These amounts are added together. However, the overtime hours are not just paid. Rather, Piquniq makes the point that the salary paid contemplated that he was being compensated for more than a 40 hour week, so compensation actually paid must be

DELISIO MORAN
GERAGHTY & ZOBEL, P.C.

943 WEST 6TH AVENUE
ANCHORAGE, ALASKA
99501-2033
____
(907) 279-9574

105292 – Opposition to Gilbert's Motion for Summary Judgment for State Rate
Calculation AWHA and Contract Claims at (Docket No. 50)
Gilbert v. APC Natchiq, Case No.: 3:03-cv-00174 RRB; Page 9 of 20

taken into account. Therefore you subtract the actual payment of the salary from the total amount of both overtime and straight time that would otherwise be owed.

For example, in one week Gilbert might have worked 7 days of 12 hours each day. He would have been paid $475 per day for 7 days or a total of $3325.00. During this week he would have worked 40 regular hours and 40 overtime hours. His regular hourly rate as computed under <u>Piquniq</u> is 40 hours X $37.00 per hour or $1480. If he is entitled to overtime, then his rate for overtime would be $55.00 and this would be multiplied times 40 hours of overtime. This would equal $2200 in overtime. The two total $3,680 owed for both overtime and regular pay. Comparing this amount to the day rate actually paid in our example, he would be entitled to $355.00 in overtime pay.

But let's assume that in one week Gilbert might have worked 7 days of 10 hours each day. He would have been paid $475 per day for 7 days or a total of $3325.00 (the same as above). During this week he would have worked 40 regular hours and 30 overtime hours. His regular hourly rate as computed under <u>Piquniq</u> is 40 hours X $37.00 per hour or $1480. If he is entitled to overtime, then his rate for overtime would be $55.00 and this would be multiplied times 30 hours of overtime. This would equal $1650 in overtime. The two total $3,130 owed for

DELISIO MORAN
GERAGHTY & ZOBEL, P.C.

943 WEST 6TH AVENUE
ANCHORAGE, ALASKA
99501-2033
____
(907) 279-9574

105292 – Opposition to Gilbert's Motion for Summary Judgment for State Rate
Calculation AWHA and Contract Claims at (Docket No. 50)
*Gilbert v. APC Natchiq*, Case No.: 3:03-cv-00174 RRB; Page 10 of 20

both overtime and regular pay. Comparing this amount to the day rate actually paid in this example, he would not be entitled to any overtime pay and actually would have been overpaid. He was actually overpaid almost $200.

Applying these steps, as outlined above to one of Gilbert's actual employment weeks we see that this analysis is not fictitious but that this result actually occurs. For example, the pay he received for work from December 31, 2001 – January 6, 2002 results in overpayment.

Per Gilbert's own employment records, he worked as follows during this week:

```
1/3/02     8.5
1/4/02     12
1/5/02     12.5
1/6/02     13
```

This results in a total of 46 hours actually worked and means he had 40 hours of straight time and 6 overtime hours. As illustrated above, 8 AAC 15.100 and Piquniq instruct that we compare his actual compensation actually earned with the computation of overtime and straight time to which he otherwise would have been entitled. During this week, Gilbert was actually paid $1,900 ($475 x 4). He would be entitled to 40 hours of straight time at the computed rate of $37.00 per hour or $1,480 ($37x40) plus 6 hours of overtime at $55.00 per hour or $330 ($55 x 6). This would mean that he would have been entitled to

DELISIO MORAN
GERAGHTY & ZOBEL, P.C.

943 WEST 6TH AVENUE
ANCHORAGE, ALASKA
99501-2033
____
(907) 279-9574

105292 – Opposition to Gilbert's Motion for Summary Judgment for State Rate Calculation AWHA and Contract Claims at (Docket No. 50)
*Gilbert v. APC Natchiq*, Case No.: 3:03-cv-00174 RRB; Page 11 of 20

$1810.00 if he were an hourly employee. In reality he was paid $1900 or $90.00 more than he otherwise would be entitled to receive in that week. What happens to that overpayment? Does the employer get a credit toward another week in which he would qualify for additional pay? Or does he get the benefit of this overpayment and the employer is made to pay again? Thus, applying the state regulation simply because a day rate qualifies as a salary leads to an absurd result.

The federal calculation, the one urged by APC, is not prohibited by the AWHA and is the appropriate and logical calculation in this case. It contemplates a regular rate of pay that correlates to the hours worked during <u>each</u> week and compensates the employee for hours worked in excess of 40 in a week or 8 in a day. Conversely, Gilbert's calculation was expressly prohibited by the Alaska Supreme Court because it results in an "enhanced rate of pay" and simply does not apply to the specific circumstances of Gilbert's employment. APC, therefore, requests that the Court apply the federal regulation for day rate compensation.

**B.   Should this Court Find that the AWHA Applies, Gilbert's Calculation is Contrary to Alaska Case Law; Whereas, the Alternative Calculation Proposed by APC is Consistent with Relevant Authority.**

DELISIO MORAN
GERAGHTY & ZOBEL, P.C.

943 WEST 6TH AVENUE
ANCHORAGE, ALASKA
99501-2033
____
(907) 279-9574

105292 – Opposition to Gilbert's Motion for Summary Judgment for State Rate Calculation AWHA and Contract Claims at (Docket No. 50)
*Gilbert v. APC Natchiq*, Case No.: 3:03-cv-00174 RRB; Page 12 of 20

It is APC's position that this Court need not look to the Alaska case law discussed in this section to define the proper method of calculating overtime for employees paid a day rate, because the FLSA best addresses the issue. However, if this Court were to conclude that the state regulation applicable to salaried employees, 8 AAC 15.100(a), rather than the federal regulation for day rate employees, 29 C.F.R. § 778.112, is the proper method of calculating overtime in this case, the Alaska Supreme Court case Piquniq Mgmt. Corp. v. Reeves, 965 P.2d 732, 734 (Alaska 1998) is controlling and must be followed. Although Gilbert concedes that Piquniq is controlling, he misapplies it.

In Piquniq Mgmt. Corp v. Reeves, supra, a waste disposal employee challenged the trial court's award of overtime damages under the AWHA and its regulation 8 AAC 15.100. The precise issue before the Court was whether the calculations under 8 AAC 15.100 provided for overtime damages or overtime earnings. While that precise issue is not before this Court, the Piquniq court discussed how to apply 8 AAC 15.100 to calculate the regular rate of pay and overtime for salaried employees, particularly where they work on a compressed weekly basis. That is exactly the calculation the Court in this case must make.

The Piquniq court laid out the following steps to determine the regular rate of pay for an employee paid a salary.

DELISIO MORAN
GERAGHTY & ZOBEL, P.C.

943 WEST 6TH AVENUE
ANCHORAGE, ALASKA
99501-2033
____
(907) 279-9574

105292 – Opposition to Gilbert's Motion for Summary Judgment for State Rate
Calculation AWHA and Contract Claims at (Docket No. 50)
*Gilbert v. APC Natchiq*, Case No.: 3:03-cv-00174 RRB; Page 13 of 20

> PMC paid Reeves an annual salary of $ 57,876. To convert this annual salary to a regular rate of pay, the court was first required to "figure[]" this annual salary "on a weekly basis." Reeves's annual salary translated to a weekly salary of $ 1113. Next, since Reeves's regular rate of pay was not set by an employment contract, the court converted his salary to a regular hourly rate by the method specified in 8 AAC 15.100(a)(2); treating Reeves's $ 1113 weekly salary as straight-time compensation for eight-hour workdays totaling forty hours of work per week, the court determined his regular hourly wage to be $ 27.83, and his overtime rate to be $ 41.74.

Piquniq Mgmt. Corp. at 735-36. Several aspects of the above calculation are instructive in this case and show that Gilbert's calculation is improper.

Gilbert urges this Court to calculate the regular rate of pay simply by dividing his day rate by 8 hours. This calculation would result in the exact type of calculation that was described in Piquniq as an inflated regular rate of pay, and conflicts with the instruction that "all salary must be converted to an hourly rate figured on a weekly basis." Piquniq at 734 (citing 8 AAC 15.100(a))(emphasis added). Looking only at Gilbert's day rate fails to consider all salary. Furthermore, it calculates salary on a daily, rather than weekly basis. This method was also expressly rejected in Piquniq.

In Piquniq, the court arrived at the weekly salary by dividing the annual salary by fifty-two weeks, rather than by the employee's actual twenty-six workweeks per year. See id. at

DeLisio Moran
Geraghty & Zobel, P.C.

943 West 6th Avenue
Anchorage, Alaska
99501-2033
____
(907) 279-9574

105292 – Opposition to Gilbert's Motion for Summary Judgment for State Rate
Calculation AWHA and Contract Claims at (Docket No. 50)
*Gilbert v. APC Natchiq*, Case No.: 3:03-cv-00174 RRB; Page 14 of 20

736 n.11. As is the case here, the employee in Piquniq worked a two week on/two week off schedule. The employee conceded, and the court agreed, that fifty-two, rather than twenty-six workweeks, was the proper divisor. The converse calculation using twenty-six weeks would have resulted in an unfairly inflated regular rate. Therefore to calculate the weekly salary, this Court should divide Gilbert's annual salary by fifty-two weeks.

The explicit understanding in Piquniq was that the employee's compensation was essentially condensed into two weeks. The employee in Piquniq argued that all previously paid salary should be treated as straight time pay. The court rejected this argument stating:

> . . . the trial court determined Reeves's regular rate of pay on the premise that each week of his annual salary would pay for a week of actual straight-time work. Yet because of his alternating work schedule, Reeves actually worked only half of the weeks for which he received annual salary. In sixty weeks of salaried employment, he earned only thirty weeks of straight-time pay.
>
> Under these peculiar circumstances, treating all of Reeves's salary as straight-time pay and all of his earned overtime as damages would yield an anomalous result: the salary PMC paid Reeves would amount to straight-time pay of $ 55.65 per hour, or twice the regular hourly rate of pay contemplated under 8 AAC 15.100(a)(2).
>
> Because this hourly rate doubles the regular rate imputed to Reeves under the regulation, it has no basis in law. And because no evidence in the record

DeLisio Moran
Geraghty & Zobel, P.C.

943 West 6th Avenue
Anchorage, Alaska
99501-2033
____
(907) 279-9574

105292 – Opposition to Gilbert's Motion for Summary Judgment for State Rate Calculation AWHA and Contract Claims at (Docket No. 50)
*Gilbert v. APC Natchiq*, Case No.: 3:03-cv-00174 RRB; Page 15 of 20

> suggests that Reeves's sixty weeks of salary were actually intended to pay only forty hours per week of straight-time wages for thirty workweeks, this rate of pay has no basis in reality, either.

Id. at 737-38 (internal citations omitted). The above rationale applies equally here.

Gilbert himself understood his day rate to cover 10-14 hours of work per day. Exhibit A. To treat Gilbert's day rate as compensation for eight hours yields an anomalous result. Gilbert advocates that the Court divide Gilbert's $475 day rate by eight hours resulting in a regular rate of $59.38. This calculation is an inflated hourly rate and does not reflect the understanding of the parties. It also is a misapplication of 8 AAC 15.100(a)(2). Thus, for purposes of calculating overtime, the day rate compensation must be converted to an annual salary and then broken down to a weekly salary. To find otherwise, would have a chilling effect. Employers would be forced to abandon the two week on/two week off rotation, a schedule more favorable to employees, and require employees to work full time on the slope. This would certainly conflict with the express goal of the AWHA to "maintain the health, efficiency and general well-being of workers." Webster v. Bechtel, Inc., 621 P.2d 890, 895 (Alaska 1980).

The next step in calculating overtime, once the regular rate of pay is determined, is to determine overtime hours. In

DELISIO MORAN
GERAGHTY & ZOBEL, P.C.

943 WEST 6TH AVENUE
ANCHORAGE, ALASKA
99501-2033
____
(907) 279-9574

105292 – Opposition to Gilbert's Motion for Summary Judgment for State Rate Calculation AWHA and Contract Claims at (Docket No. 50)
*Gilbert v. APC Natchiq*, Case No.: 3:03-cv-00174 RRB; Page 16 of 20

Piquniq, the court approved of the trial court's averaging of workday hours. Id. at 733 ("Reeves had worked thirty weeks, with each workweek consisting of seven work days, each workday averaging fourteen hours.") This assumption, however, does not work in this case, because, at times, Gilbert worked less than eight hours in a day. Exhibit C at Docket 27 (see 7/18/01; 8/29/01; 10/10/01; 10/31/01; 11/21/01) His records show that his daily hours fluctuated greatly. The inapplicability of Piquniq further supports application of the federal calculation for a day rate, as discussed in Section A above. Nevertheless, should this Court apply the Piquniq calculation it may look to actual or even averaged hours.

The final step is to calculate overtime damages. The Piquniq court provided further instruction on this step:

> Accordingly, 8 AAC 15.100(a) and (a)(2) require a salaried worker's award for unpaid overtime compensation to be computed by: (1) "figuring" the worker's salary on a weekly basis; (2) assuming that the week of salary represents pay for a week of straight-time work; (3) using the "regular rate" of hourly pay derived from this assumption as the basis for determining the worker's total compensation for all hours actually worked; and (4) deducting from this amount all amounts of salary actually paid.

This final calculation is the crux of the Piquniq decision. The court stated

> [w]e thus conclude that the trial court erred in treating Reeve's entire salary as straight-time pay. We hold that a court converting annual salary to a regular rate of hourly pay under 8 AAC 15.100(a)(2) must use the regular rate as a

DELISIO MORAN
GERAGHTY & ZOBEL, P.C.

943 WEST 6TH AVENUE
ANCHORAGE, ALASKA
99501-2033
____
(907) 279-9574

105292 – Opposition to Gilbert's Motion for Summary Judgment for State Rate Calculation AWHA and Contract Claims at (Docket No. 50)
*Gilbert v. APC Natchiq*, Case No.: 3:03-cv-00174 RRB; Page 17 of 20

>basis for computing total earnings for all hours actually worked. All salary actually paid must be deducted from these total earnings. The difference will reflect the award necessary to ensure that straight-time, overtime and total compensation are all based on the applicable rate of pay. This is the proper measure of Reeves' overtime damages.

Id. at 738.

In short, the Piquniq instructions outlined above can be summarized by the following steps:

>Step #1:   Determine the employee's annual salary
>
>Step #2:   Annual salary ÷ 52 weeks = weekly salary
>
>Step #3:   Weekly salary ÷ 40 = regular rate of pay
>
>Step #4:   Regular rate of pay x 1.5 = overtime rate
>
>Step #5:   Determine straight time and overtime hours
>
>Step #6:   Overtime rate x overtime hours = overtime pay
>
>Step #7:   Regular rate of pay x straight time hours = straight time pay
>
>Step #8:   Overtime pay + straight time pay = compensation actually earned
>
>Step #9:   Compensation actually earned – compensation employer paid = overtime damages

This calculation and the Piquniq court's reasoning supports the conclusion that the application of 8 AAC 15.100(a) urged by Gilbert is improper. Thus, should this Court find that 8 AAC

DELISIO MORAN
GERAGHTY & ZOBEL, P.C.

943 WEST 6TH AVENUE
ANCHORAGE, ALASKA
99501-2033
____
(907) 279-9574

105292 – Opposition to Gilbert's Motion for Summary Judgment for State Rate
Calculation AWHA and Contract Claims at (Docket No. 50)
*Gilbert v. APC Natchiq*, Case No.: 3:03-cv-00174 RRB; Page 18 of 20

15.100 controls as opposed to the federal statute for day rates, it must look to Piquniq to interpret and apply this section.

**C.  Plaintiff Has Been Paid for His Overtime for His Employment Period as a Safety Specialist.**

It is stated by Gilbert that he has not received a check for his overtime for the period that he was a safety specialist. This check in the amount of $8988.85 less withholding was tendered to Gilbert on August 8, 2006. Attachment 1 to affidavit of counsel at Docket 67.

### III.  CONCLUSION

The federal regulation, 29 C.F.R. § 778.112, provides the proper and applicable method of calculating overtime for employees paid a day rate. Should this Court find otherwise, Piquniq Mgmt. Corp. v. Reeves, supra, is the relevant authority interpreting state regulations and would control. Gilbert's proposed calculation was rejected by the Alaska Supreme Court and should be rejected by this Court as well.

DATED this 8th day of September, 2006, at Anchorage, Alaska.

DeLISIO MORAN GERAGHTY & ZOBEL, P.C.

DELISIO MORAN
GERAGHTY & ZOBEL, P.C.

943 WEST 6TH AVENUE
ANCHORAGE, ALASKA
99501-2033
____
(907) 279-9574

105292 – Opposition to Gilbert's Motion for Summary Judgment for State Rate Calculation AWHA and Contract Claims at (Docket No. 50)
*Gilbert v. APC Natchiq*, Case No.: 3:03-cv-00174 RRB; Page 19 of 20

```
                              Attorneys for APC Natchiq, Inc.

                                      /s/ Patricia L. Zobel
                              By:_____
                                  Patricia L. Zobel
                                  Bar No. 7906067
                                  E-Mail: pzobel@dmgz.com
                                  Danielle M. Ryman
                                  Bar No. 9911071
                                  E-Mail: dryman@dmgz.com
                                  943 West 6th Avenue
                                  Anchorage, Alaska 99501
                                  Telephone: (907) 279-9574
                                  Facsimile: (907) 276-4231
```

Certificate of Service

This is to certify that a true copy of the foregoing was served via electronic service or U.S. Mail this 8th day of September, 2006, to the following:

Kenneth L. Covell
712 8th Avenue
Fairbanks, AK 99701

```
        /s/ Jean K. Adams
By:_____
       Jean K. Adams
```

DELISIO MORAN
GERAGHTY & ZOBEL, P.C.

943 WEST 6TH AVENUE
ANCHORAGE, ALASKA
99501-2033
____
(907) 279-9574

105292 – Opposition to Gilbert's Motion for Summary Judgment for State Rate
       Calculation AWHA and Contract Claims at (Docket No. 50)
  *Gilbert v. APC Natchiq*, Case No.: 3:03-cv-00174 RRB; Page 20 of 20