Kenneth L. Covell
LAW OFFICE OF KENNETH L. COVELL
712 Eighth Avenue
Fairbanks, Alaska  99701
(907) 452-4377 telephone
(907) 451-7802 fax

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| JOHN GILBERT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| APC NATCHIQ, INC. | ) |
| | ) |
| Defendant. | ) Case No. 3:03-CV-00174 RRB |

**PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT FOR STATE RATE CALCULATION ON AWHA AND CONTRACT CLAIMS, FILED AT DOCKET NO. 50**

**PROCEDURAL NOTE**

This reply is the final pleading in establishing a "regular rate," for computation of overtime, and as such, plaintiff's Motion for State Rate Calculation and defendant's Motion

for Rule of Law Establishing FLSA Day Rate Calculation are ripe for decision. Defendant has asked for an oral argument on this matter. It appears to be a clear question of law, to plaintiff, and unless the court will find oral argument helpful; plaintiff believes it will help advance the litigation if the court decides this matter at it's earliest convenience.

## DISCUSSION

> "…[A]s a matter of law, plaintiff is entitled to the alternative calculation of regular rate of pay in order to correctly determine the overtime pay due him." *Brock v. Cominco*, Case No. F00-0025-CV (United States District Court, Alaska) (HRH) Exhibit B to Plaintiff's Motion to Establish State Rate Calculation, page 6.

The statutes and regulations of the AWHA plainly and clearly explain how to calculate a regular rate when overtime is due (See Gilbert's Motion for State Rate Calculation, filed at docket no. 50).

The Alaska Supreme Court, in *Piquniq Management v. Reeves*, 965 P.2d 732 (Alaska 1998), and The United States District Court, in *Brock v. Cominco, Id.*, use the Alaska Statutes and Regulations to calculate "regular rate." Both cases reject defendant's proposal that the Federal Regulations, in any way, play any part in calculating regular rate. What *Reeves* is all about is how to distinguish between "overtime compensation" and "overtime damages".

Defendant's argument to use a CFR to calculate either "regular rate" or "overtime damages" (as distinguished from "overtime wages") has been resoundingly rejected

**GILBERT VS. APC NATCHIQ, INC.,** Case No. 3:03-CV—00174 RRB
PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT FOR STATE RATE CALCULATION ON AWHA CLAIMS, FILED AT DOCKET NO. 50

Page 2 of 6

twice, once by the Alaska Supreme Court in *Reeves* and once by the United States District Court in *Brock v. Cominco*.

> 8 AAC 15.100
>
> (a) An employee's **regular rate** is the basis for computing overtime. The **regular rate** is an hourly rate figured on a weekly basis. An employee need not actually be hired at an hourly rate. The employee may be paid by piece-rate, salary, commission, or any other basis agreeable to the employer and employee. However, the applicable compensation basis must be converted to an hourly rate when determining the **regular rate** for computing overtime compensation. The following provisions apply for an employee paid on a salary basis: …(2) …if the actual hours of work deviate from the hours specified in the contract, **the salary will be considered to be compensation for an eight-hour work day and 40-hour workweek**, and overtime will be computed on that basis. (emphasis added**)**

Applying this law to Gilbert: Gilbert was paid $475 per day. That compensation will be considered compensation for an eight-hour work day. $475 divided by eight is $59.38.[1] On a weekly basis, five days times $475, divided by 40 equals $59.38.

The *Reeves* court rejected defendant's arguments in favor of using a Federal computation stating:

> …the federal formula and the cases PMC cites supporting it are inapposite in the context of the AWHA, since the FLSA contains no provision analogous to 8 AAC 15.100(a)(2). Thus we need not discuss the federal formula proposed by PMC or the federal case law it cites.

*Reeves* at 735.

---

[1] "The overtime rates calculated under the FLSA may result in a lower rate than the AWHA but, a plaintiff is entitled to use the higher of the two rates because the Federal Act does not pre-empt the State counterpart. *Grimes v. Kinney Shoe* 902 F Supp. 1070, 1073-74 (D. Alaska 1995)". Fn. 17 *Brock* page 8.

**GILBERT VS. APC NATCHIQ, INC.,** Case No. 3:03-CV – 00174 RRB
PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT FOR STATE RATE CALCULATION ON AWHA CLAIMS, FILED AT DOCKET NO. 50

Page 3 of 6

The defendants do not like the result of application of the law to the facts in this case. Again, this is similar to *Brock*,

> "Defendant argues that plaintiff consented to a salary based upon 70 hours per week, and that the regulatory calculation takes plaintiff's salary and divides it by 40 hours per week, thereby producing a regular hourly rate that neither of the parties considered. While the court recognizes the harsh result of the regulatory calculation method, the court also notes that defendant's argument has no basis in law."

*Brock* at page 10.

Immediately above that, the court said:

> As a matter of law, plaintiff is entitled to the alternative calculation [pursuant to 8 AAC 15.100 (a)(2)] of regular rate of pay in order to correctly determine the overtime pay due him.

## THE ANOMALY

In *Reeves*, the court recognized an anomaly in calculating "overtime damages" versus "overtime wages". There, the methodology used led to overtime compensation being calculated at twice Reeves' regular rate, *Reeves* at 738. No such anomaly exists in this case. Gilbert's overtime compensation, calculated at his regular rate, arrived at, pursuant to regulations and case law, leads to no such anomaly. His overtime is calculated at his "regular rate," not twice his "regular rate."

The court noted, in *Reeves*, that there were, "peculiar circumstances," *Reeves* at 738. In *Reeves*, the court notes that often times, overtime wages and overtime compensation could end up being the same result, *Reeves* at 737. The court goes on to say:

> When read in light of paragraph (a), sub paragraph (a)(2), it does not support the proposition that Reeves' entire annual

**GILBERT VS. APC NATCHIQ, INC.,** Case No. 3:03-CV—00174 RRB
PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT FOR STATE RATE CALCULATION ON AWHA CLAIMS, FILED AT DOCKET NO. 50

Page 4 of 6

>salary should automatically be treated as compensation for whatever straight time hours he actually worked. Rather, it stands for the narrower and more sensible proposition that each week of Reeve's salary should be treated as compensation for a corresponding week of actual straight time work at his regular rate of pay. In effect then, sub paragraph (a)(2) strives to ensure that salaried workers, like hourly workers, are compensated on the basis of their regular rate of pay for all the hours they actually work.

*Reeves* at 737.

Gilbert's calculation follows the mandate of 8 AAC 15.100. He will be compensated on the basis of his regular rate of pay for all hours worked. However, APC will be given credit for all monies paid. In other words, if Gilbert worked a seven-day week and received his salary for day six and seven, APC will receive credit for these monies paid for eight hours of straight time. This calculation comports with *Reeves*.[2]

## CONCLUSION

The statutes and regulations are clear. The court is referred to plaintiff's motion for state rate calculation, filed at docket no. 50; the regulation 8 AAC 15.100 (a) and (2); the opinion of Judge Holland in *Brock v. Cominco*, especially pages 8-13; and *Piquniq v. Reeves* pages 735-738. None of these opinions use a federal rate calculation. All the law indicates that state rate calculation is the appropriate calculation and it is clearly explained how to perform such calculations. The court should enter an order granting "regular rate" is

---

[2] There is no anomaly in Gilbert's calculation. If any anomaly were to arise in this matter, it would be following the defendant's suggestion that Gilbert's salary be converted to an annual salary. There is no direction in any of the case law or regulations to do so. It was necessary to discuss annual salary in *Reeves*, as that was the basis Reeves was paid on. Whatever benefits may inure to either the employer or employee vis a vis an annual salary versus a daily salary, existed in each instance. In any event, there is no annual salary in Gilbert's case, and absolutely no need or reason to discuss such a subject; more or less, launder the regular rate calculation through an annual salary. If anything creates an anomaly in this case, it would be running regular rate through an annual salary calculation. Such an exercise would lead to the anomaly of Gilbert

**GILBERT VS. APC NATCHIQ, INC.,** Case No. 3:03-CV – 00174 RRB
PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT FOR STATE RATE CALCULATION ON AWHA CLAIMS, FILED AT DOCKET NO. 50

Page 5 of 6

established pursuant to 8 AAC 15.100(a)(2) at $59.38 per hour, and that this rate applies to all State Rate Calculations, including Gilbert's contract claim.

Respectfully submitted this 13th day of September, 2006 at Fairbanks, Alaska.

LAW OFFICES OF KENNETH L. COVELL
Attorney for John Gilbert

s/Kenneth L. Covell
712 8th Ave.
Fairbanks, AK 99701
Phone: 907.452.4377
Fax: 907.451.7802
E-mail: kcovell@gci.net
Attorney Bar #: 8611103

**CERTIFICATE OF SERVICE**
This is to certify that a copy of the foregoing has been
Electronically sent to the following attorney(s):

**Patricia Zobel**
**DeLisio Moran Geraghty & Zobel**
**943 W. 6th Ave.**
**Anchorage, AK 99501**

Dated: 9/13/06
By:   /s/ Emily S. Ervin
        Emily S. Ervin for Kenneth L. Covell

---

being compensated for his overtime at something in the range of ½ of his regular rate computed per 8 AAC 15.100 (a)(2).  A result that is proscribed by *Reeves*.

**GILBERT VS. APC NATCHIQ, INC.,** Case No. 3:03-CV – 00174 RRB
PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT FOR STATE RATE CALCULATION ON AWHA CLAIMS, FILED AT DOCKET NO. 50