IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| JOHN GILBERT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| APC NATCHIQ, INC., | ) |
| | ) |
| Defendant. | ) Case No.: 3:03-cv-00174-RRB |
| | ) |

**OPPOSITION TO PLAINTIFF'S MOTION FOR AN ORDER REGARDING THE LAW OF THE CASE ON BREACH OF CONTRACT ACTION AT DOCKET NO. 47**

I.  INTRODUCTION

Defendant, APC Natchiq, Inc., by and through its attorneys DeLisio, Moran, Geraghty & Zobel PC, hereby opposes Plaintiff's motion for an order regarding the law of the case on his breach of contract action. Plaintiff erroneously argues that AS 23.20.060(C) must be read to create a contract cause of action, and that the three year statute of limitations for contract claims applies. This argument should be rejected because such interpretation of the statute would transform all statutory claims under the AWHA to common law contract claims and render the AWHA's statute of limitations without effect.

The logical interpretation of AS 23.10.060(c) is that all employment agreements must include the terms provided in AS

DELISIO MORAN
GERAGHTY & ZOBEL, P.C.

943 WEST 6TH AVENUE
ANCHORAGE, ALASKA
99501-2033

(907) 279-9574

105394 – Opposition to Plaintiff's Motion for an Order Regarding the
        Law of the Case on Breach of Contract Action
        (Docket No. 47)
*Gilbert v. APC Natchiq*, Case No.: 3:03-cv-00174 RRB; Page 1 of 8

23.10.060(b) – that any non-exempt employee who works more than eight (8) hours in a day, or 40 hours in a week is entitled to overtime at one and one-half the regular rate of pay.  Section (C) merely prevents employment agreements that waive or alter this requirement.

Gilbert's claim is "for unpaid wages, unpaid overtime compensation [and] liquidated damages."  Thus, the AWHA's two-year limitations period applies.  APC has also filed a motion on the issue of Plaintiff's contract claim and the applicable statute of limitations.  See APC's Motion for Partial Summary Judgment Establishing the Statute of Limitations and Memorandum in Support Thereof at Docket 47.  APC incorporates herein the arguments and authorities provided in Section II B of its motion.

## II.  POINTS AND AUTHORITIES

**Section (C) of AS 23.10.060 Mandates that an Express or Implied Employment Agreement Cannot Abrogate the Requirement in the Preceding Section that an Employee Who Works More than 8 Hours in a Day or 40 Hours in a Week is Entitled to One and One-Half the Regular Rate of Pay; It Does Not Create a Common Law Contract Cause of Action.**

The Alaska Wage and Hour Act ("AWHA") explicitly provides:

> An action for unpaid minimum wages, *unpaid overtime compensation, or liquidated damages* under AS 23.10.050-23.10.150 is forever barred unless it is started within *two years* after the cause of action

DeLisio Moran Geraghty & Zobel, P.C.
943 West 6th Avenue
Anchorage, Alaska
99501-2033

(907) 279-9574

105394 – Opposition to Plaintiff's Motion for an Order Regarding the
   Law of the Case on Breach of Contract Action
   (Docket No. 47)
*Gilbert v. APC Natchiq*, Case No.: 3:03-cv-00174 RRB; Page 2 of 8

>   accrues.  For the purposes of this section, an action
>   is considered to be started on the date when the
>   complaint is filed.

AS 23.10.030 (emphasis added).  Gilbert would have the court ignore this section and instead find that the reference to "contract" in AS 23.10.060(c) creates a common law cause of action with a three (3) year statute of limitations under AS 09.10.053.  Gilbert's argument is flawed because neither the express language of the statute or the authority he relies upon supports it.

The mandate in AS 23.10.060(c) that "this section is considered included in all contracts of employment . . ." does not create a common law contract cause of action as Gilbert argues.  Rather, it makes clear that an employment agreement, express or implied, cannot alter the requirement that a non-exempt employee must be paid "time and a half" for hours exceeding eight (8) in a day or 40 in a workweek.

The AWHA provides that "[i]f an employer finds it necessary to employ an employee for hours in excess of [eight (8) in a day or 40 in a week], overtime compensation for the overtime at the rate of one and one-half times the regular rate of pay shall be paid . . ."  AS 23.10.060(b).  The statute then provides that "[t]his section is considered included in all contracts of

DELISIO MORAN
GERAGHTY & ZOBEL, P.C.

943 WEST 6TH AVENUE
ANCHORAGE, ALASKA
99501-2033
———
(907) 279-9574

105394 – Opposition to Plaintiff's Motion for an Order Regarding the
   Law of the Case on Breach of Contract Action
   (Docket No. 47)
*Gilbert v. APC Natchiq*, Case No.: 3:03-cv-00174 RRB; Page 3 of 8

employment." AS 23.10.060(c). Gilbert erroneously argues without citation to authority to support his position, that this sentence, section (c), creates a common law contract cause of action. <u>See</u> Plaintiff's memorandum, p.6. Gilbert then argues that because he has a contract claim, the three (3) year limitations period provided for in AS 09.10.053 applies. Gilbert's argument fails for the following reason. If AS 23.10.060(c) is misread to create a common law contract claim, such that the contract statute of limitations applies, then the limitations period provided in the AWHA, AS 23.10.130, is null and has no effect.

Gilbert seizes upon the word "contract" in AS 23.10.060 in attempt to bypass the applicable two year statute of limitations expressly provided under the AWHA. However, he offers no case law or other authority to support the contention that use of the word "contract" in this section creates a common law cause of action separate from the statutory right provided under the AWHA.

Rather, Gilbert maintains that <u>Reed v. Muni. Of Anchorage</u>, 741 P.2d 118 (Alaska 1987)(Reed I), <u>Reed v. Muni. Of Anchorage</u>, 782 P.2d 1155 (Alaska 1989)(Reed II), and <u>Quinn v. ASEA</u>, 944 P.2d 469 (Alaska 1987) support his position. These cases, however, are inapposite because they involved interpretation and

DELISIO MORAN
GERAGHTY & ZOBEL, P.C.

943 WEST 6TH AVENUE
ANCHORAGE, ALASKA
99501-2033

(907) 279-9574

105394 – Opposition to Plaintiff's Motion for an Order Regarding the
          Law of the Case on Breach of Contract Action
          (Docket No. 47)
*Gilbert v. APC Natchiq*, Case No.: 3:03-cv-00174 RRB; Page 4 of 8

application of a collective bargaining agreement ("CBA"). In Reed I & II the plaintiff's overtime entailed application of wage rates set by the CBA. The court held that the employee's action was not strictly an action for liability upon a statute because the CBA contained "specified wage rates" by which the parties agreed they were bound. See Reed II at 1185.

Likewise, in Quin v. ASEA, supra, the employee's overtime claim arose under a CBA. There, the court applied the six year statute of limitations because both parties agreed that they were bound by a collective bargaining agreement. See Quinn at 472.

This case does not involve a collective bargaining agreement or even a written employment contract requiring interpretation or application of terms. Rather, it is a claim for unpaid overtime compensation and liquidated damages. See Plaintiff's Complaint. AS 23.10.130 expressly provides that "*[a]n action for unpaid minimum wages, unpaid overtime compensation, or liquidated damages* under [under the AWHA] is forever barred unless it is started within two years after the cause of action accrues." (emphasis added) Thus, the AWHA's proscribed two year limitations period applies.

Gilbert poses the question "why would the legislature include subsection (c) in AS 23.10.060" if not to create a

DELISIO MORAN
GERAGHTY & ZOBEL, P.C.

943 WEST 6TH AVENUE
ANCHORAGE, ALASKA
99501-2033

(907) 279-9574

105394 – Opposition to Plaintiff's Motion for an Order Regarding the
         Law of the Case on Breach of Contract Action
         (Docket No. 47)
*Gilbert v. APC Natchiq*, Case No.: 3:03-cv-00174 RRB; Page 5 of 8

contractual cause of action. <u>See</u> Plaintiff's memorandum at 6. APC was unable to locate any legislative history to answer this question directly. However, reading AS 23.10.060(c) in context with the preceding section indicates that the logical reason was to make clear that the overtime provisions of the AWHA are guarantees to individual workers that may not be waived or altered by express or implied terms of the employment relationship. <u>See</u> <u>e.g.</u> <u>Brooklyn Sav. Bank v. O'Neil</u>, 324 U.S. 697, 707, 89 L. Ed. 1296, 65 S. Ct. 895 (1945)(finding that minimum wage and overtime provisions are guarantees to individual workers that may not be waived by the collective bargaining agreement). That is, section c makes clear that an employer and employee cannot expressly or impliedly waive the requirement that a non-exempt employee who works more than eight (8) hours in a day, or 40 hours in a week, must be paid overtime at the rate of one and on-half times the regular rate of pay. <u>See</u> AS 23.10.060(b).

The limitations period in the AWHA applies to this case because Gilbert's claims involve unpaid overtime and liquidated damages. Gilbert's focus on the word "contract" in AS 23.10.060(c) is misplaced and the argument that use of this one word in the section creates a common law contract claim for overtime compensation is without support. APC, therefore,

DELISIO MORAN
GERAGHTY & ZOBEL, P.C.

943 WEST 6TH AVENUE
ANCHORAGE, ALASKA
99501-2033

(907) 279-9574

105394 – Opposition to Plaintiff's Motion for an Order Regarding the
    Law of the Case on Breach of Contract Action
    (Docket No. 47)
<i>Gilbert v. APC Natchiq</i>, Case No.: 3:03-cv-00174 RRB; Page 6 of 8

requests that the court find that the AWHA's two year statute of limitations applies.

### III. CONCLUSION

The interpretation of AS 23.10.060(c) argued by Gilbert should be rejected by this court. The reference to "employment contract" cannot create a common law contract cause of action. To do so, would transform all statutory AWHA claims to common law contract claims and render the AWHA's limitations period null.

The logical interpretation of this section is that it mandates that an employer and employee cannot undermine section (b) by express or implied agreement. That is, in all cases, anytime a non-exempt employee works more than eight (8) hours in a day or 40 hours in a week, the employee is entitled to

DELISIO MORAN
GERAGHTY & ZOBEL, P.C.

943 WEST 6TH AVENUE
ANCHORAGE, ALASKA
99501-2033

(907) 279-9574

105394 – Opposition to Plaintiff's Motion for an Order Regarding the
Law of the Case on Breach of Contract Action
(Docket No. 47)
*Gilbert v. APC Natchiq*, Case No.: 3:03-cv-00174 RRB; Page 7 of 8

overtime at one and one-half the regular rate of pay.

DATED this 15th day of September, 2006, at Anchorage, Alaska.

```
                              DeLISIO MORAN GERAGHTY & ZOBEL, P.C.
                              Attorneys for APC Natchiq, Inc.

                                   /s/ Patricia L. Zobel
                              By:_____
                                   Patricia L. Zobel
                                   Bar No. 7906067
                                   E-Mail: pzobel@dmgz.com
                                   Danielle M. Ryman
                                   Bar No. 9911071
                                   E-Mail: dryman@dmgz.com
                                   943 West 6th Avenue
                                   Anchorage, Alaska 99501
                                   Telephone: (907) 279-9574
                                   Facsimile: (907) 276-4231
```

Certificate of Service

This is to certify that a true copy of the
foregoing was served via electronic service
or U.S. Mail this 15th day of September, 2006,
to the following:

Kenneth L. Covell
712 8th Avenue
Fairbanks, AK 99701

```
        /s/ Jean K. Adams
By:_____
        Jean K. Adams
```

DeLisio Moran Geraghty & Zobel, P.C.
943 West 6th Avenue
Anchorage, Alaska
99501-2033
(907) 279-9574

105394 - Opposition to Plaintiff's Motion for an Order Regarding the
        Law of the Case on Breach of Contract Action
        (Docket No. 47)
Gilbert v. APC Natchiq, Case No.: 3:03-cv-00174 RRB; Page 8 of 8