# TESTS FOR EXEMPTION OF EMPLOYEE FROM PROVISIONS OF FAIR LABOR STANDARDS ACT

Name _____  Job Title **SAFETY SPECIALIST**

Department _____  Location **KUPARUK**  Date _____

Basis for exemption:
- [ ] Executive
- [X] Professional
- [X] Administrative
- [ ] Outside Salesperson

## EXECUTIVE TEST

LONG TEST (Must qualify in all seven categories listed below)

1. ___ Manages an enterprise or a customarily recognized department or subdivision; and

2. ___ Customarily and regularly directs work of two or more employees; and

3. ___ Hires or fires employees, or whose recommendations are given particular weight; and

4. ___ Customarily and regularly exercises discretionary powers; and

5. ___ Devotes no more than 20% of weekly hours to work not closely related to above; and

6. ___ Compensated at a rate of $155 or more per week; and

7. ___ Receives a salary which is not reduced for quality or quantity of work.

SHORT TEST

1. ___ Must qualify under the first two categories listed above; and

2. ___ Must be compensated at a rate of $250 or more per week.

## ADMINISTRATIVE TEST

LONG TEST (Must qualify in categories 1, 2, 4, 5, and 6 and one item in category 3)

1. _X_ Performs office or non-manual work directly related to management policies or general business operations; and

2. _X_ Customarily and regularly exercises discretion and independent judgment; and

3. _X_ Regularly and directly assists an employee in a bona fide executive or administrative capacity; or ?

   _X_ Performs specialized or technical work requiring special training experience or knowledge under only general supervision; or

   _X_ Exercises special assignments and tasks under only general supervision; and

4. ___ Devotes no more than 20% of weekly hours to work not directly or closely related to above; and

5. _X_ Compensated at a rate of $155 or more per week; and

6. _X_ Receives a salary which is not reduced for quality or quantity of work.

SHORT TEST

1. ___ Must qualify under categories 1 and 2 above; and

2. ___ Compensated at a rate of $250 or more per week.

D-9

EXHIBIT **16**
Page **1** of **2**

## PROFESSIONAL TEST

LONG TEST (Must qualify in categories 2, 3, 4, 5, and 6 and one item in category 1)

1. __X__ Primary duty requires knowledge of an advanced type in a field of science or learning customarily acquired by a prolonged course of specialized instruction and study; (or)

   __X__ Performs work which is original and creative in character, in a recognized field of artistic endeavor, requiring invention, imagination or talent of employee; (or) *[handwritten: ARTY MEDIA, SKITS, VISUAL EXP. Z, EMOTION]*

   __X__ Imparts knowledge through teaching, tutoring, instructing or lecturing as a recognized or certified teacher; and

2. __X__ Work requires consistent exercise of discretion and judgment in its performance; and

3. __X__ Performs work which is predominantly intellectual and varied and is of a character that the output or result cannot be standardized in terms of time; and  *[handwritten: CAMBEN]*

4. __X__ Devotes no more than 20% of weekly hours to work not closely related to the performance of work described in 1 through 3 above; and

5. __X__ Compensated at a rate of not less than $170 per week; and

6. __X__ Receives a salary which is not reduced for quality or quantity of work. *[handwritten: 2 FULL DAY HALF DAYS ?]*

*[handwritten right margin: TRAINING, TEACHING, MENTORING, BST CREATIVE 2]*

## SHORT TEST

1. ____ Must qualify under the second category and one of the three items in the first category shown above; and

2. ____ Compensated at a rate of $250 or more per week.

_____     _____     _____     _____
Supervisor              Date       Personnel                Date

## OUTSIDE SALESPERSON*

1. ____ Customarily and regularly engaged away from place of business and employed to:

   A. Sell, or
   B. Obtain orders or contracts for service or for use of facilities.

2. ____ Does not perform work other than that described above which exceeds 20% of the hours worked in the workweek by non-exempt employees who perform that kind of work.

   Note: Work performed incidental to and in conjunction with employee's own outside sales or solicitations will not be regarded as non-exempt work.

No salary test is applied to outside salesperson.

*Referred to as "outside salesman" in the law.

> NOTE: The distinction between exempt and non-exempt can be very difficult to discern in certain cases. If you have any doubt consult the U.S. Department of Labor and your attorney.

Kenneth L. Covell
LAW OFFICE OF KENNETH L. COVELL
712 Eighth Avenue
Fairbanks, Alaska 99701
(907) 452-4377 telephone
(907) 451-7802 fax

IN THE U.S. DISTRICT COURT OF ALASKA

AT ANCHORAGE

RONALD E. ZUBER, )
)
    Plaintiff, )
)
vs. )
)
APC NATCHIQ, INC. )
)
    Defendants. )
_____) Case No. A03-0052CV (RRB)

### PLAINTIFF RONALD E. ZUBER'S AFFIDAVIT IN SUPPORT OF CROSS MOTION FOR SUMMARY JUDGMENT ON THE ISSUES OF WILLFULNESS AND GOOD FAITH

Plaintiff Ronald E. Zuber, being first duly sworn, deposes and states as follows:

1. I am the Plaintiff in the above-captioned matter and make this affidavit in support of Plaintiff's Motion for Summary Judgment on Good Faith and Opposition to Motion for Tolling of Statute of Limitations.

2. Calculations in this matter arguably show damages in excess of $100,000 for a period of one and one half years.

EXHIBIT 17
Page 2 of 2

1

3. To the best of my knowledge Defendant APC often times employed in the range of 10 safety specialist at any one point, and if all of them were to file claims it could have a value in excess of one million dollars.

FURTHER YOUR AFFIANT SAYETH NAUGHT.

Dated: 9-18-03

Ronald E. Zuber

SUBSCRIBED AND SWORN to before me this 18 day of September, 2003.

NOTARY PUBLIC IN AND FOR THE
STATE OF WASHINGTON
MY COMMISSION EXPIRES: 7-12-05

by certify that copies hereof
Mailed – Delivered – Faxed
greg youngmun
9-26-03
ken lovell's office

EXHIBIT 17
Page 2 of 2

```
                IN THE UNITED STATES DISTRICT COURT
                     FOR THE DISTRICT OF ALASKA

RONALD B. ZUBER,              )
                              )
     Plaintiff,               )
                              )
vs.                           )
                              )
APC NATCHIQ, INC.,            )
                              )
     Defendant.               )
_____)

Case No. A03-0052 CV (RRB)
```

### DEPOSITION OF JAMES RAND CARR

APPEARANCES:

For the Plaintiff:        Kenneth L. Covell, Esq.
                          712 Eighth Avenue
                          Fairbanks, Alaska   99701

For the Defendant:        Gregory L. Youngmun, Esq.
                          DeLisio, Moran, Geraghty & Zobel
                          943 West Sixth Avenue, Suite 110
                          Anchorage, Alaska   99501

Also Present:             Mark Nelson

* * * * *

Pursuant to Notice, the Deposition of JAMES RAND CARR was taken on behalf of the Plaintiff before Teresa E. Mielke, Notary Public in and for the State of Alaska and Reporter for Gemini Reporting Services, at the Offices of Gemini Reporting Services, 943 West Sixth Avenue, Suite 110, Anchorage, Alaska, on the 8th day of September, 2003, commencing at the hour of 11:00 a.m.

* * * * *

Page 55

1  answered.
2  Q  Okay, you can answer the question.
3  A  Yes, I do. I think an employer is at risk if they act upon
4     the verbal advice without — without giving the Department
5     an opportunity to see all the facts and to provide
6     something in writing that they can later on produce as
7     their guidance from the official source, i.e. the
8     Department.
9  Q  All right, so just to be clear, not to be redundant, the
10    answer to the question is yes, that would be imprudent for
11    an employer not to get a formal DOL opinion?
12 A  I think it would be risky behavior.
13 Q  Okay. In response to some questions about oral opinions
14    you indicated that you used and I believe you said your
15    specialists use the phrase — if somebody gave you an
16    opinion, you said, well, it sounds like it might be, and
17    then exempt or nonexempt. Is my understanding of your
18    testimony correct that you use that as a matter of routine
19    in your conversations when you make an oral opinion?
20 A  That and other statements to — to clarify that my oral
21    opinion is only good as the facts I'm given, and I don't
22    know what the facts are because you've — they're being
23    represented, and they might — I might be misinterpreting
24    them, I don't have something on black and white that we
25    can nail down and examine at a future date.

Page 56

1  Q  Assuming Mr. Nelson asked you a question about the
2     exemption of a safety specialist back in 1997 or so, based
3     on your practice would you say that you made that
4     statement or a statement of that nature to him at the
5     time?
6  A  I would certainly hope so, it is my practice.
7  Q  When you're talking about oral opinions versus written
8     opinions I believe you gave testimony to the effect that
9     if you gave an oral opinion and then a case came down, was
10    the phrase you used, we would pursue it. I take that —
11    well, let me — was that your prior testimony?
12 A  I think effectively, yes.
13 Q  Okay, so — and was that in reference, then, to an oral
14    opinion versus a written one?
    A  Yes.
    Q  Okay. If you pursued that case would you also pursue that
       case for liquidated damages?
    A  Possibly.
    Q  Okay. And what might cause you to either pursue it or not
       pursue it?
    A  Well, liquidated damages are a matter of a court judgment
       and the vast majority of our cases are resolved
       administratively short of court. So in most cases we're
       able to reach a resolution without seeking damages, but
       that's — that's always there. And in fact when the law

Page 57

1     was amended it made it very clear that if the State
2     Department of Labor has to pursue a matter those damages
3     are mandatory, there is no good faith.
4  Q  Okay, so in the instance we previously discussed, if it
5     went to court then the Department would pursue liquidated
6     damages?
7  A  If it went to court then we would, yes.
8  Q  And conversely, say in the instance of this materials
9     supervisor's position we talked about that's detailed in
10    our Exhibit 6, if you had that WHOL 122 there and if six
11    months after you issued this letter in June of '97 and
12    there hadn't been a contrary court opinion, say, in the
13    interim, if a materials supervisor came to you and said, I
14    worked for APC, I'm being worked overtime and not paid, I
15    want to pursue it, would it be the Department's position,
16    no, we won't do that, here's the opinion letter, we've
17    decided you're exempt?
18    MR. YOUNGMUN: Object, leading.
19 A  Based on the facts presented in the letter, you're exempt.
20    If the facts you have are something different than that,
21    then you need to prove it to us.
22 Q  When you do these wage and hour seminars, I take it, for a
23    private provider do you do that as a DOL employee going
24    down and providing a service to the public or is that
25    something you do like as a side job?

Page 58

1  A  Both.
2     MR. COVELL: Okay, that's all I have.
3  BY MR. YOUNGMUN:
4  Q  Just a few questions. You've probably heard that before.
5     Mr. Carr, I think you indicated that if an employer
6     received an oral opinion from you or somebody in your
7     office, they would be at risk, or that — or, you would
8     consider that to be risky behavior, is that your.....
9  A  If they acted upon an oral opinion.
10 Q  Now, isn't it also true that an employer that received a
11    formal written opinion may also be at risk if a court
12    deter — if a court ultimately determined that the
13    employer was wrong?
14 A  Yes.
15 Q  And in fact when you render either oral opinions or
16    written opinions you're basing on those opinions on the
17    facts that are given to you by the employer, true?
18 A  Correct.
19    MR. YOUNGMUN: No further questions.
20 BY MR. COVELL:
21 Q  Is it correct, Mr. Carr, that when an employer relies on
22    opinion written from you there's a risk that the court
23    might disagree with you and therefore they may be subject
24    to paying money for overtime, right?
25 A  Correct.

EXHIBIT 18
Page 2 of 2

DEPOSITION OF JAMES RAND CARR    Page 55 - Page 58