Kenneth L. Covell
LAW OFFICE OF KENNETH L. COVELL
712 Eighth Avenue
Fairbanks, Alaska  99701
(907) 452-4377 telephone
(907) 451-7802 fax
e-mail:  kcovell@gci.net

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| JOHN GILBERT,               )<br>                                     )<br>        Plaintiff,                  )<br>                                     )<br>vs.                                )<br>                                     )<br>APC NATCHIQ, INC.          )<br>                                     )<br>        Defendant.             )<br>_____)  | Case No. 3:03-CV-00174 RRB |

**PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR AN ORDER REGARDING THE LAW OF THE CASE ON BREACH OF CONTRACT ACTION, filed at Docket No. 47**

### INTRODUCTION

Plaintiff replies to defendant's motion concerning the Statute of Limitation, as it pertains to a State Law contract claim for year three.  "Willfulness" is addressed in plaintiff's other pleadings concerning Willfulness and Good Faith.

This is the final pleading of the parties concerning a contract cause of action for year three.  It is purely a legal issue.  The court should decide it as soon as practical, as resolution of this matter will help advance the litigation.  Oral argument is not necessary; unless the court believes it would prove helpful.

## LEGAL INTRODUCTION

Defendant, APC's initial motion concerning the year three-contract limitation relied almost exclusively on out of state authority, see APC's Motion filed at Docket No. 30 pages 9-15.

In defendant's opposition (filed at docket no. 77), they abandoned reliance on the out of state authority.[1]

APC acknowledges that AS 23.10.060(c) does incorporate, into all contracts of employment, the right to payment of overtime. Docket No. 77, page 3. When analyzed closely, the crux of their argument appears to be that *Reed* and *Quinn* had collective bargaining agreements, and that Gilbert does not; therefore the right to overtime incorporated into all contracts; as is plain on its face, and as interpreted in *Reed* and *Quinn*, does not apply to Gilbert.

An at-will employment relationship is a contract, "the covenant of good faith and fair dealing is implied in all at-will employment contracts" *Charles v. Interior Regional Housing Authority* 55 P.3d 57, 62 (Alaska 2002). Not only does the court recognize at-will employment relationships as contracts (in approximately 25 cases); but further, the court recognizes implied terms in at-will contracts.

Indeed, this is stated in *Reed,* as to a duty of good faith and fair dealing:

> "we have previously recognized that, 'every contract imposes upon each party a duty of good faith and fair dealing in its performance or its enforcement.' *Mitford v. de Lasala* 666 P.2d 1000, 1006 (Alaska 1983), (quoting Restatement (Second) of Contracts § 205 (1981)). Further, we have recognized that this duty is implied in employment contracts and that the breach of this duty creates an enforceable cause of action. Id. at 1006.

---

[1] In their initial motion (filed at docket no. 30; page 9), they indicate that the Alaska Supreme Court has not addressed this specific issue. They then speak of the multiple pages of out of state authority; only then in a footnote addressing *Reed* and *Quinn* (*Reed v. Municipality of Anchorage* 741 P.2d 1181 (Alaska 1987) (*Reed I*), *Reed v. Municipality of Anchorage,* 782 P.2d 1155 (Alaska 1989) (*Reed II*), and *Quinn v. ASEA* 944 P.2d 468 (Alaska 1987)).

*Reed II,* at 1158.

Defendant APC's citation to *Brooklyn Savings Bank v. O'Neil* 324 U.S. 697, 707, 89 L. Ed. 1296 65 S.Ct. 895 (1945) is well taken.  The state statute shows that all contracts include a term of payment of overtime.[2]

Consideration of the court of APC's argument exposes its weakness:

> "Gilbert's focus on the word, 'contract' in AS 23.10.060(c) is misplaced and the argument that the use of this one word in this section creates a common law contract claim for overtime compensation is without support."

APC's opposition, filed at Docket no. 77, at page 6.

> In our decision in *Reed*, we construed Reed's cause of action to allege a breach of the collective bargaining agreement between the municipality and Reed's union, as well as a cause of action under AS 23.05.140(b).  We held that while the latter claim was governed by the limitation period contained in AS 09.10.070(3), the six year statute of limitation for contract actions contained in AS 09.10.050 apply to Reed's claim for breach of contract. *Reed I* at 1185.

What more support does APC want.  The statute says contract, it means what it says.  The case law from Alaska Supreme Court says its actionable under a contract.  For purposes of whether it was an action under a collective bargaining agreement, or an at-will contract, it is a distinction without a difference.

## CONCLUSION

Gilbert asks the court to grant his motion finding that he may maintain a contract action for overtime, on the term incorporated into his at-will contract by AS 23.10.060(c).

---

[2] Again, the limitation statute as to actions under the AWHA terminate actions for various rights under the act, such as liquidated damages.  However, the term pertaining to overtime is transferred to the contract, and action under the contract is allowable under the contract limitation.

Respectfully submitted this 25${}^{th}$ day of September 2006 at Fairbanks, Alaska.

LAW OFFICES OF KENNETH L. COVELL
Attorney for John Gilbert

s/Kenneth L. Covell

712 8${}^{th}$ Ave.
Fairbanks, AK 99701
Phone: 907.452.4377
Fax: 907.451.7802
E-mail:
kcovell@gci.net
Attorney Bar #:
8611103

**CERTIFICATE OF SERVICE**
This is to certify that a copy of the foregoing has been
Electronically sent to the following attorney(s):

**Patricia Zobel**
**DeLisio Moran Geraghty & Zobel**
**943 W. 6${}^{th}$ Ave.**
**Anchorage, AK 99501**

Dated: 9/25/06
By: ___/s/ Emily S. Ervin_____
       Emily S. Ervin for Kenneth L. Covell