Kenneth L. Covell
LAW OFFICE OF KENNETH L. COVELL
712 Eighth Avenue
Fairbanks, Alaska  99701
(907) 452-4377 telephone
(907) 451-7802 fax

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| JOHN GILBERT,                )<br>                                        )<br>            Plaintiff,             )<br>                                        )<br>vs.                                     )<br>                                        )<br>APC NATCHIQ, INC.        )<br>                                        )<br>            Defendant.         )<br>_____) | Case No. 3:03-CV-00174 RRB |

**RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION *IN LIMINE* TO PRECLUDE THE TESTIMONY OF PLAINTIFF'S EXERT, filed at Docket No. 36.**

**Introduction**

Defendant, APC Natchiq, Inc. (APC) wants to prevent Plaintiff John Gilbert's (Gilbert), expert's testimony.  Gilbert propounds the expert testimony of Ms. Monte Jordan who worked for the Alaska Department of Labor (DOL) for 26 years, and who was the Supervision Wage and Hour Investigator when she retired.  (Jordan CV, Exhibit 2)

APC claims that Gilbert's expert does not meet the requirements for expert testimony: reliability, relevance and helpfulness to the jury.  Although APC applies the wrong legal standard, Ms. Jordan's testimony could meet either of the two current tests for admitting expert testimony.

**Alaska Law Controls Admitting Experience Based Experts And Rejects *Daubert***

APC relies on *Daubert v. Merrill Dow Pharm.,* 509 U.S. 579 (1993), where the U.S. Supreme Court established a requirement that the federal courts make a preliminary finding that scientific evidence is reliable and relevant before allowing the testimony. The purpose was to avoid "junk science" supporting lawsuits. *Kumho Tire Co., Ltd. V. Carmichael,* 526 U.S. 137 (1999) extended this requirement to experienced based evidence. *Kumho* conflicts with Alaska law. Alaska law controls the question. The Alaska Supreme Court expressly refused to extend its adoption of the *Daubert* standard for scientific evidence to experience based evidence in *Marron v. Stromstad,* 123 P.3d 992 (Alaska 1999); *see also*, *Marsingill v. O'Malley*, 128 P.3d 151, 160, n. 43 (Alaska 2006).[1]

Section 137 of the Restatement (Second) of Conflict of Laws (Exhibit 1) says that, "The local law of the forum determines what witnesses are competent to testify and the considerations that may affect their credibility." *Cf., Equitable Life Assurance Soc. v. McKay*, 861 F.2d 221, 223 (9th Cir. 1988)[Diversity case]

**Applying the Admissibility Analysis to Ms. Jordan's Described Testimony Can Pass Either Test, but the Alaska Law Controls**

APC acknowledges that Ms. Jordan is applying applicable statutes and regulations to the facts in order to determine what money is due, and if an exemption is appropriate, in the same manner as the Alaska DOL would have applied these rules had APC but asked for its advice. (APC's opening brief at 5) APC's defense relies heavily on advice supposedly received by a Mr. Nelson from another Alaska DOL employee, Mr. Carr. If what Mr. Carr said is relevant and

---

[1] APC cites *Vent v. State*, 67 P. 3d 661, 667-8 (Alaska 2003). This was a scientific evidence case applying the *Daubert* standard adopted in Alaska by *State v. Coon*, 974 P.2d 386 (Alaska 1999). *Vent* is irrelevant to Ms. Jordan's experience based expertise.

reliable, then so is what Ms. Jordan says about DOL policy, procedures, interpretations and calculations. If Ms. Jordan is prohibited from testifying, then applying the same logic prohibits any testimony about what Mr. Carr said or did. APC either proceeds to trial without reference to Mr. Carr, or APC must accept Ms. Jordan's testimony.

### The Relevant Issues

This wage and hour case involves determinations of: willfulness, good faith, reasonableness, Alaska DOL interpretations and application of its regulations, Alaska DOL procedures, the assistance that Alaska DOL offers to employers, the manner Alaska DOL applies facts to a given exemption, and the state of mind of APC's witnesses when they determined Gilbert was exempt from overtime pay.

Some of these issues are before the Court by motion. APC thinks they are questions of law. (Docket 36-1 at 5) Gilbert disagrees. Summary Judgment is appropriate for Gilbert because of the enhanced burden of proof on the employer. The best APC can hope for is to establish that a reasonable jury could, applying the elevated burden of proof, find an issue of fact, thus avoiding summary judgment against APC.[2] Where there are disputes of fact, then the

---

[2] In *Anderson v. Liberty Lobby*, 477 U.S. 242, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986) the U.S. Supreme Court considered the summary judgment issues of materiality and genuineness and concluded that the substantive law determines which facts are material. Once it is determined that a material fact is present, this Court must decide whether that material fact is "genuine." The "genuine issue" summary judgment standard is very close to the "reasonable jury" directed verdict standard. Summary Judgment is inappropriate if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. "Just as the convincing clarity requirement is relevant in ruling on a motion for directed verdict, it is relevant in ruling on a motion for summary judgment" *Id.* "Thus, in ruling on a motion for summary judgment, the judge must view the evidence presented through the prism of the substantive evidentiary burden" *Id.*

issue must be tried and this expert witness' testimony will be relevant and reliable.[3]

APC proposes three witnesses who will testify about how they interpreted and applied the federal and Alaska wage and hour laws. Gilbert wants to present a former employee of Alaska DOL to testify about how the Alaska DOL interpreted and applied the federal and Alaska wage and hour laws. If APC's witnesses can testify, then Ms. Jordan should be permitted to explain to the jury how the Alaska DOL does things and how the calculations should be made.

### Applying Either Standard -- Ms. Jordan's Testimony Is Admissible

The *Daubert* test, adopted by Alaska for scientific evidence in *Coon*, requires the Court to make a threshold determination that the offered expert testimony is both reliable and relevant. *Coon,* 974 P.2d at 390; *quoting, Daubert,* 509 U.S. at 592-93, 113 S. Ct. 2786, 2796, 125 L. Ed. 2d 469, 482 (1993). Alaska's more general test employs the same standard without applying the scientific evidence factors. Once the evidence is determined to be reliable and relevant, it is admitted if it can assist the jury.

### Reliability

Alaska Rule of Evidence (ARE) 702 requires that the trial court determine the reliability of expert testimony: the witness must be "qualified as an expert by knowledge, skill, experience, training, or education." Federal Rule of Evidence (FRE) 702 requires that, "if . . . specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts

---

[3] Ms. Jordan is also a fact witness when called to testify about matters within her personal knowledge but that do not require her special expertise.

or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case".

Examining Ms. Jordan's resume establishes that her testimony is reliable.  (Exhibit &&) Ms. Jordan started with the Alaska DOL as a Clerk IV in 1978 (Conducted claimant intake and evaluation) and proceeded up the ladder to "Wage & Hour Technician" from 1982 until 1985, "Wage & Hour Investigator I" from 1985 to 1990, and finally "Wage & Hour Supervising Investigator" from 1990 to 2004 when she retired.  In her final position as "Wage & Hour Supervising Investigator," Ms. Jordan investigated alleged violations and taught on the subject in presentations and college seminars.  Ms. Jordan's expertise in the subject area, and the reliability of her testimony, is unquestionable

**Relevance**

To be admissible, evidence need not be "directly relevant" to the fact that it seeks to establish.  Both ARE 401 and FRE 401 define relevant evidence as evidence having the "tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." The Commentaries to both Rules of Evidence stress that, "the standard of probability under the [r]ule is 'more . . . probable than it would be without the evidence.' "  The test in Alaska, "whether a person qualifies as an expert is whether the jury can receive appreciable help from this particular person on this particular subject." *Barios v. Brooks Range Supply, Inc.,* 26 P.3d 1082, 1088 (Alaska 2001)

Contrary to APC's suggestion, at Docket 36-1 at 6, that an expert is prohibited from giving an opinion about the ultimate issue in the case, such opinions are expressly permitted both in the commentary to Rule 401 (The fact to be proved may be ultimate, intermediate or

evidentiary; it matters not, so long as it is of consequence in the determination of the action), and expressly by Rule 704, ". . . testimony . . . otherwise admissible is not objectionable because it embraces an ultimate issue to be decided by the trier of fact."[4]

Use of the words "any tendency" in Rule 401 suggests that the Court should err, in doubtful cases, on the side of admissibility. To be relevant under either Rule, evidence need not be direct or conclusive; it need only have some tendency to advance the proposition for which it is offered.

Ms. Jordan's testimony is relevant. APC identifies many of the relevant issues when it discusses the assumptions necessary to determine if an exemption apples; when the employer makes a mistake, if the mistake is willful; that record keeping requirements were not met; and that liquidated damages are appropriate because APC did not act in good faith or was not reasonable. APC further complains that Ms. Jordan will apply her knowledge and expertise to "running the numbers" to show what the damages award should be. (Motion at Docket 36-1 at 7 – 8.)

APC's witnesses will testify about how they, with less training and experience, determined the identical issues. APC could provide contrary expert testimony if it could find a qualified expert willing to so opine. Apparently, APC cannot.

---

[4] APC cited *McHugh v. United Serv. Auto. Ass'n*, 164 F.3d 451 (9th Cir. 1999) as meaning that Ms. Jordan cannot discuss the law. The regulations at issue were promulgated by both the Alaska DOL and the federal DOL interpreting the statutes. Legislative, or substantive, regulations are "issued by an agency pursuant to statutory authority and which implement the statute, as, for example, the proxy rules issued by the Securities and Exchange Commission... Such rules have the force and effect of law." *Batterton v. Francis*, 432 U.S. 416, 425 (U.S. 1977) *See also*, *Zuber v. APC Natchiq, Inc.,* 144 Fed. Appx. 657, 658 (9th Cir. 2005)(unpublished opinion in companion case)[We must defer to Department of Labor regulations interpreting the FLSA.] Ms. Jordan is applying the facts to the regulations she enforced for many years. Her view of how the complex regulatory system applies is both highly relevant and helpful.

### Ms. Jordan's Testimony Will Be Helpful

APC identifies some of the relevant issues. Ms. Jordan's testimony should be permitted if it can help the jury to understand the evidence or to determine a fact in issue. ARE 702. Even applying APC's *Daubert/Kuhmo* argument, rejection of the expert is the exception.

> **A review of the caselaw after Daubert shows that the rejection of expert testimony is the exception rather than the rule.** Daubert did not work a "seachange over federal evidence law," and "the trial court's role as gatekeeper is not intended to serve as a replacement for the adversary system." . . .
>
> Likewise, this amendment is not intended to provide an excuse for an automatic challenge to the testimony of every expert. *See, Kumho Tire Co. v. Carmichael,* 119 S.Ct. 1167, 1176 (1999) (noting that the trial judge has the discretion "both to avoid unnecessary 'reliability' proceedings in ordinary cases where the reliability of an expert's methods is properly taken for granted, and to require appropriate proceedings in the less usual or more complex cases where cause for questioning the expert's reliability arises.").

Commentary to FRE 702, 2000 Amendments (emphasis added).

The Ninth Circuit has said, "in considering the admissibility of testimony based on some 'other specialized knowledge,' Rule 702 generally is construed liberally." *United States v. Abonce-Barrera*, 257 F.3d 959, 964 (9th Cir. 2001), *citing*, *United States v. Hankey,* 203 F.3d 1160, 1168 (9th Cir. 2000).

As the *Daubert* court said, "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *Daubert,* 509 U.S. at 596, 113 S. Ct. at 2798; 125 L. Ed. 2d 485.

### Application of Law to Fact

Expert testimony is admissible whenever it will assist the trier of fact. This case will go to the jury for factual determinations to which the Court will apply the law or the jury will follow an

instruction about how to apply the law. Where an issue is decided following motion practice, it will not be tried. Moreover, APC's witnesses will be testifying about what APC did and why. As a former Alaska DOL employee, Ms. Jordan will be able to enlighten the jury about the practices of that agency, the agency's interpretations of the complex rules, and what resources the agency offers to employers facing the difficult issue of overtime exemptions.

Ms. Jordan is also familiar with, and experienced in, the process of calculating the amounts due when applying the AWHA and FLSA. Contrary to APC's claim that this is a simple task, the application of the regulations to the numbers is only simple once done repeatedly. This Court need only think of filling out tax forms, or applying Alaska's Civil Rule 90.3 calculations concerning child support, to see where an expert with experience in "running the numbers" can assist the jury.

## An Analogy

APC's argument is analogous to the argument that an expert cannot testify in a lawyer misconduct case. Like APC, it could be argued that the judge is as competent to instruct the jury about what lawyer conduct is ethical. The lawyer would argue, like Gilbert, that expert testimony about how the facts apply to the rules is critical to developing the case. The Ninth Circuit agrees:

> It is well settled that in the prosecution of a lawyer for conduct stemming from his or her representation of a client, expert testimony on the lawyer's ethical obligations is relevant to establish the lawyer's intent and state of mind. *See, e.g., United States v. Cavin,* 39 F.3d 1299, 1309 (5th Cir. 1994) (reversing conviction of attorney for fraud where district court excluded testimony of expert on professional responsibility; . . . "[A] lawyer accused of participating in his client's fraud is entitled to present evidence of his professional, including ethical, responsibilities, and the manner in which they influenced him. Exclusion of such evidence prevents the lawyer from effectively presenting his defense.") (citation omitted) . . . "[O]ther circuits have also upheld the relevance of professional standards for attorneys where offered by the Government to help prove criminal

intent on the part of lawyer-defendants. It would be incongruous to admit such evidence when tendered in support of guilt, but not when offered for exculpatory purposes."

*United States v. Kellington*, 217 F.3d 1084, 1098-1099 (9th Cir. 2000)

The "state of mind" of APC's representatives is at issue, as is its reasonableness. APC's good faith and reasonableness defense, and its claim to have been counseled by a representative of the Alaska DOL, are directly at issue. Gilbert's claim of willful acts and that Alaska DOL could have, and willingly would have, assisted APC in complying with the law, are all issues in which Ms. Jordan's knowledge and expertise will assist the jury. APC proposes smilar testimony by its employees to support its case. Excluding Ms. Jordan's testimony will prejudice Gilbert's ability to present his case, unless APC is willing to omit such evidence from its defense?

## CONCLUSION

APC's desire to exclude this expert runs foul of the function of the trial, to test each side's contentions with cross-examination, opposing testimony and evidence. If the expert makes a mistake, or if this Court finds that one of the assumptions leading to the present calculations is wrong, then APC can challenge the calculation and use the change in position to what advantage it can during cross.

Granting APC's motion will unfairly benefit APC because its proposed witnesses will testify about what APC did, or did not do, to comply with the law. Gilbert's ability to test these assertions, and offer contrary evidence, will be greatly diminished, and the truth seeking function of the trial thwarted, unless Gilbert can show the jury his side of the story.

Applying the liberal philosophy of the F.R.E.'s, permitting evidence absent persuasive reasons for exclusion, this expert meets both tests. Decisions about the scope of the witnesses'

testimony must await trial. It is premature to attempt to limit or shape that testimony until a real trial with defined issues is imminent. APC has conceded the number of hours worked. When this Court rules on the issues before it, there may be no need for Ms. Jordan to testify at all. Until then, this motion to preclude Ms. Jordan's testimony must be DENIED.

Respectfully submitted this 28th day of September 2006 at Fairbanks, Alaska.

LAW OFFICES OF KENNETH L. COVELL
Attorney for John Gilbert


s/Kenneth L. Covell

712 8th Ave.
Fairbanks, AK 99701
Phone: 907.452.4377
Fax: 907.451.7802
E-mail:
kcovell@gci.net
Attorney Bar #:
8611103


**CERTIFICATE OF SERVICE**
This is to certify that a copy of the foregoing has been
Electronically sent to the following attorney(s):

**Patricia Zobel**
**DeLisio Moran Geraghty & Zobel**
**943 W. 6**[th] **Ave.**
**Anchorage, AK 99501**

Dated: 9/28/06
By:     /s/ Emily S. Ervin
        Emily S. Ervin for Kenneth L. Covell