IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| JOHN GILBERT, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | |
| APC NATCHIQ, INC., ) | |
| ) | |
| Defendant. ) | |
| ) | Case No. 3:03-CV-00174-RRB |
| ) | |

### **DEFENDANT'S OPPOSITION TO MOTION FOR PARTIAL SUMMARY JUDGMENT ON THE ISSUE OF EXEMPTION AT DOCKET 42**

### I. INTRODUCTION

The evidence submitted by Gilbert to support his motion for summary judgment consists of a self-serving, affidavit drafted after his sworn deposition testimony. The affidavit does not support Gilbert's motion for summary judgment and does not defeat APC's motion that the administrative exemption applies under both the state and federal analyses. See Docket 38 (APC's Motion for Summary Judgment to Dismiss Plaintiff's Overtime Claims Under the Administrative Exemption).[1]

---

[1] APC incorporates by reference in this motion, the arguments, authorities, and exhibits submitted in its Motion for Summary Judgment.

DELISIO MORAN
GERAGHTY & ZOBEL, P.C.

943 WEST 6TH AVENUE
ANCHORAGE, ALASKA
99501-2033
_____

(907) 279-9574

00105828.doc — Defendant's Opp. To Mtn. for Partial Summary Judgment on the Issue of Exemption at Docket 42

Page 1 of 13

The relevant inquiry under the administrative exemption is whether the employee's job duties satisfy the statutory test for an administrative employee. Gilbert's conclusory statements that he was a glorified Safety Specialist are contradicted by his deposition testimony and are not admissible evidence.

The admissible material facts are presented in the sworn deposition testimony of Gilbert himself and his supervisor describing his specific job duties while he was employed as a Safety Supervisor. This testimony is uncontroverted evidence supporting a finding that, as a matter of law, Gilbert was an administrative employee exempt from overtime. Gilbert's conclusory self-serving affidavit statements do not undermine this.

## II.   POINTS AND AUTHORITIES

### A. Gilbert's Conclusory Self-Serving Statements in his Affidavit Do Not Constitute Admissible Evidence.

A party's own subjective beliefs are not sufficient to grant or defeat summary judgment. French v. Jadon, 911 P.2d 20, 25 (Alaska 1996). Broad generalizations and unsupported conclusory allegations are not statements of fact sufficient to prevent a grant of summary judgment. Petranovich v. Matanuska Elec. Ass'n, 22 P.3d 451 (Alaska 2001). To warrant or deny summary judgment, allegations in an affidavit cannot be mere hearsay or conclusory declarations. Brock v. Weaver Bros., 640 P.2d 833, 835 (Alaska 1982). "Mere allegations" are insufficient to defeat summary

DELISIO MORAN
GERAGHTY & ZOBEL, P.C.

943 WEST 6TH AVENUE
ANCHORAGE, ALASKA
99501-2033
_____

(907) 279-9574

00105828.doc — Defendant's Opp. To Mtn. for Partial Summary Judgment on the Issue of Exemption at Docket 42

Page 2 of 13

judgment.  Gasaway v. Northwestern Mutual Life Ins. Co., 26 F.3d 957, 960 (9th Cir. 1994); Blue v. Widnall, 162 F.3d 541, 546 (9th Cir. 1998) (holding that plaintiff's mere assertions that his qualifications were superior to those of applicant ultimately selected for position are insufficient to raise issue of pretext sufficient to defeat summary judgment on his claim of discrimination); see also Seshadri v. Kasrian, 130 F.3d 798, 802 (7th Cir. 1997)("Testimony can and should be rejected without a trial if, in the circumstances, no reasonable person would believe it.").

Here, Gilbert and APC have moved for summary judgment on the issue of the administrative exemption.  See Docket 38.  To support its motion, APC offers the deposition testimony of Gilbert and his supervisor Doug Smith.  Gilbert, however, relies almost entirely on his brief seven (7) paragraph affidavit that contains broad generalizations, conclusory statements, and unsupported allegations.  To demonstrate that there are no triable issues of fact, APC will address Gilbert's statements in turn.

**B.   Gilbert's Own Deposition Testimony Shows his Job Duties as a Safety Supervisor Fit Squarely Within the Administrative Exemption.**

A summary of the administrative exemption under the AWHA and FLSA follows.  Under the AWHA, an "administrative employee" is a worker:

DELISIO MORAN
GERAGHTY & ZOBEL, P.C.

943 WEST 6TH AVENUE
ANCHORAGE, ALASKA
99501-2033
_____

(907) 279-9574

00105828.doc — Defendant's Opp. To Mtn. for Partial Summary Judgment on the Issue of Exemption at Docket 42

Page 3 of 13

> A) whose primary duty consists of work directly related to management policies or supervising the general business operations of the employer;
>
> (B) who customarily and regularly exercises discretion and independent judgment;
>
> (C) who performs work only under general supervision;
>
> (D) who is paid on a salary or fee basis;
>
> (E) who regularly and directly assists a proprietor or an exempt executive employee of the employer; and
>
> (F) who performs work along specialized or technical lines requiring special training, experience or knowledge and does not devote more than 20 percent, or in the case of an employee of a retail or service establishment who earns at least two and one half times the state minimum wage per hour for the first 40 hours of employment each week and who does not devote more than 40 percent of the employee's weekly hours to activities that are not described in this paragraph [.]

8 AAC 15.910(a)(1). The FLSA similarly defines an administrative worker under the "short test" as one:

> (e) Who is compensated for his services on a salary or fee basis at a rate of not less that $155 per week. . . .
>
> (2) Provided, That an employee who is compensated on a salary or fee basis at a rate of not less than $250 per week. . . and whose primary duty consists of the performance of work described in paragraph (a) of this section, which includes work requiring the exercise of discretion and independent judgment, shall be deemed to meet all the requirements of this section.

DELISIO MORAN
GERAGHTY & ZOBEL, P.C.

943 WEST 6TH AVENUE
ANCHORAGE, ALASKA
99501-2033
____
(907) 279-9574

00105828.doc — Defendant's Opp. To Mtn. for Partial Summary Judgment on the Issue of Exemption at Docket 42

Page 4 of 13

29 CFR § 541.2. Gilbert's motion takes issue with only two prongs of the test. The prong requiring that the employee's "primary duty consist of work directly related to management policies of supervising the general operation of the employer," and the prong requiring that the employee "customarily and regularly exercises discretion and independent judgment." See Docket 42, p. 5-14. The undisputed admissible evidence shows that Gilbert's job duties satisfy both of these prongs.

    1.   <u>The deposition testimony of Gilbert and Doug Smith show that Gilbert's duties as a Safety Supervisor were different than those of a Safety Specialist</u>.

Gilbert contends that his position as a Safety Supervisor was "no different" than a Safety Specialist. See Docket 43 (Exhibit A ¶ 3, Affidavit of John Gilbert). A review of Gilbert's job duties in both positions, however, shows that this self-serving contention is not credible.

Gilbert testified that a significant responsibility while he was employed as a Safety Supervisor was the coordination of rewriting of all of the safety policies for the company. See Docket 38 (Exhibit A, p. 85, 101-105, deposition of John Gilbert). Gilbert also testified that he analyzed, drafted and implemented Health Safety and Environment policies and procedures (Id. at 34-35, 85, 101-105, 107-18); he supervised six (6) Safety

DELISIO MORAN
GERAGHTY & ZOBEL, P.C.

943 WEST 6TH AVENUE
ANCHORAGE, ALASKA
99501-2033
_____

(907) 279-9574

00105828.doc — Defendant's Opp. To Mtn. for Partial Summary Judgment on the Issue of Exemption at Docket 42

Page 5 of 13

Specialists and directed their work (Id. at 17, 33-34); he managed their schedules, approved timecards and dealt with assignments; (Id. at 61-62; see also Exhibit B at 19, Deposition of Doug Smith); provided input on hiring decisions (Exhibit A at 81-82); (Exhibit B at 17-19); fielded employee complaints (Exhibit A at 83 & 158); interfaced frequently with clients, even acting as a spokesperson for the company (Id. at 63-64, 96-97); facilitated staff meetings and attended meetings reserved for management only (Id. at 115-116, 134-135); and analyzed purchasing of equipment and from vendors (Id. at 89-93). All of these duties are distinct from those of a Safety Specialist.

The only evidence that Gilbert offers that his work as a Safety Supervisor and Safety Specialist were the same is his self-serving statement that he did "Safety Specialist work in the office." See Docket 43 (Exhibit A ¶ 3, Affidavit of John Gilbert). However, he offers no evidence that as a Safety Specialist he facilitated meetings, served as the HSE Manager in Doug Smith's absence, approved timecards, analyzed field data, drafted safety policies, was responsible for Specialist schedules and personnel issues, or interfaced with the client to the degree that he was the spokesperson for the company. Without such evidence, this court has before it the facts and examples describing Gilbert's work as a Safety Supervisor.

DELISIO MORAN
GERAGHTY & ZOBEL, P.C.

943 WEST 6TH AVENUE
ANCHORAGE, ALASKA
99501-2033
_____
(907) 279-9574

00105828.doc — Defendant's Opp. To Mtn. for Partial Summary Judgment on the Issue of Exemption at Docket 42

Page 6 of 13

There is no evidence that this work was the same as a Safety Specialist.

Gilbert argues that his logs daily logs "best describe[]" his job duties. Docket 42 (Exhibit A). The logs submitted covering his time as a Safety Specialist (January 30, 2001 to January 1, 2002) are very different from the logs covering his time as a Safety Supervisor (January 3, 2002 to April 22, 2003). Although Gilbert's log notes are rather cryptic, they show that he went from performing work in the Kaparuk field to work in an office. Put another way, the Safety Supervisor was a "white collar" job. As Gilbert points out in his motion, the federal regulations defining an administrative employee provide that the "administrative operations of the business include the work performed by so-called <u>white-collar employees</u> engaged in 'servicing' a business . . ." 29 CFR § 541.205(b)(emphasis added). Thus, Gilbert's emphasis that he performed office work only reinforces APC's argument that he was a white-collar administrative employee.

Gilbert's blanket statement, without specific reference to any example, that his work as a Safety Supervisor was merely the work of a Safety Specialist, only in an office, is incredulous

DELISIO MORAN
GERAGHTY & ZOBEL, P.C.

943 WEST 6TH AVENUE
ANCHORAGE, ALASKA
99501-2033
‾‾‾‾
(907) 279-9574

00105828.doc — Defendant's Opp. To Mtn. for Partial Summary Judgment on the Issue of Exemption at Docket 42

Page 7 of 13

and undermined by the testimony of Doug Smith, the HSE Manager. Smith offered an example of how the Specialist and Supervisor's work differed. <u>See</u> Docket 38 (Exhibit B p. 63)  Smith explained that on a work site requiring removal of paint, a Specialist would obtain samples to determine if it contained lead or otherwise posed a health risk.  <u>Id.</u>   Gilbert was then charged with coordination of the samples, analysis of the data and implementation of any necessary safety measures (e.g. respirators).  <u>Id.</u>   Smith also testified that "it was within [Gilbert's] scope of authority to redirect resources. . . . If we had a job that needed extra assistance from one of the specialists, [he] would have the authority to redirect people . . . "  <u>Id.</u> at 18.  The supervision and direction of Specialists couldn't have been a task he was charged with while a Safety Specialist.  These facts show that Gilbert's job duties were much different than when he was employed as a Specialist.

    2.  <u>Gilbert testified that, as a Safety Supervisor, he made recommendations to the HSE Department and advocated for change of safety procedures</u>.

In regard to the prong of the administrative exemption test requiring that the employee "customarily and regularly exercise[] discretion and independent judgment," Gilbert states

DELISIO MORAN
GERAGHTY & ZOBEL, P.C.

943 WEST 6TH AVENUE
ANCHORAGE, ALASKA
99501-2033
_____

(907) 279-9574

00105828.doc — Defendant's Opp. To Mtn. for Partial Summary Judgment on the Issue of Exemption at Docket 42

Page 8 of 13

in his affidavit that he "did not advise APC on how to run their business." See Docket 43 (Exhibit A ¶ 6, Affidavit of John Gilbert). The regulations defining this prong, however, provide that:

> [t]he decisions made as a result of the exercise of discretion and independent judgment may consist of <u>recommendations for action rather than the actual taking of action</u>. The fact that an employee's decision may be subject to review and that upon occasion the decisions are revised or reversed after review does not mean that the employee is not exercising discretion and independent judgment within the meaning of the regulations in Subpart A of this part. . . .

29 CFR 541.207(e) (emphasis added). Despite Gilbert's affidavit statement that he did not advise APC on business issues, he testified under oath that he investigated accidents and created <u>recommendations</u> for accident prevention in the future. See Docket 38 (Exhibit A at 68-81)(emphasis added). Gilbert also testified that he <u>advocated</u> for an improvement in the "rescue response available to personnel working at the wash bay" where he felt there was not adequate safety measures in place. Id. at 110 (emphasis added). These actions demonstrate that Gilbert did, in fact, advise and offer recommendations concerning the HSE Department, which satisfies the requirement that the employee exercise discretion and independent judgment.

DELISIO MORAN
GERAGHTY & ZOBEL, P.C.

943 WEST 6TH AVENUE
ANCHORAGE, ALASKA
99501-2033
_____

(907) 279-9574

00105828.doc – Defendant's Opp. To Mtn. for Partial Summary Judgment on the Issue of Exemption at Docket 42

Page 9 of 13

Gilbert further argues that the prong requiring that the employee's primary duty consist of work "directly related to management policies or supervising the general business operations of the employer," is not satisfied because he did not "write the safety rules." His argument, however, is contradicted by his own testimony. Gilbert stated, under oath at his deposition, that one of the assignments he worked on while a Safety Supervisor was as the coordinator of the rewriting of all of the safety policies for the company. See Docket 38 (Exhibit A at 101-104). Not only was he coordinating the writing of the policies, but it was also his responsibility to carry out APC's safety policies. See id. (Exhibit B at 23-25). Specifically, Gilbert drafted the Naturally Occurring Radioactive Material ("NORM") reporting policy. See id. (Exhibit A at 101 -104; exhibits G-12 & G-13 to Gilbert deposition). This required Gilbert to interpret the Ludlum meter instructions, establish the procedures for testing, and implement the policy in the field. See id. at 104-105. Gilbert also updated and finalized the "man basket lifting" procedures, which required him to analyze newly enacted OSHA regulations and draft an updated policy. See id. at 108-109.

DELISIO MORAN
GERAGHTY & ZOBEL, P.C.

943 WEST 6TH AVENUE
ANCHORAGE, ALASKA
99501-2033
─────
(907) 279-9574

00105828.doc — Defendant's Opp. To Mtn. for Partial Summary Judgment on the Issue of Exemption at Docket 42

Page 10 of 13

The above examples of Gilbert's specific job duties show that he performed work directly related to the management policies; namely, safety policies.

3. <u>The undisputed evidence is that Gilbert acted as HSE Manager in Doug Smith's absence.</u>

In regard to the administrative exemption prong requiring that the employee perform work only under general supervision, Gilbert states that he "did not fill in for Doug Smith as HSC [sic] Manager." <u>See</u> Docket 43 ¶ 2. This conclusory statement is directly contrary to Doug Smith and not credible. Smith testified that when he was off rotation or not on the North Slope, Gilbert filled the role of HSE manager and had authority to make decisions that affected the HSE Department. <u>See</u> Docket 38 (Exhibit B at 14-15; 27-28). While serious incidents or accidents may have required that Gilbert notify Smith, he had the autonomy to make recommendations and proceed accordingly. <u>Id.</u>

Gilbert independently investigated accidents and made recommendations to prevent them from occurring in the future. <u>See</u> id.(Exhibit A at 68-81). Because Smith was only on the slope four days at a time, Gilbert could potentially be the acting HSE almost half of the time he was on the slope. <u>See</u> id. (Exhibit A

DELISIO MORAN
GERAGHTY & ZOBEL, P.C.

943 WEST 6TH AVENUE
ANCHORAGE, ALASKA
99501-2033

(907) 279-9574

00105828.doc — Defendant's Opp. To Mtn. for Partial Summary Judgment on the Issue of Exemption at Docket 42

Page 11 of 13

at 43-44; Exhibit G-3 to Deposition). It simply is not credible that when Smith was absent, no one stepped up and took over his responsibilities. Gilbert "worked under" Smith and in his absence would have to be called upon to serve as the HSE Manager.

### III.  CONCLUSION

Gilbert takes issue with only two prongs of the test for determining an administrative employee. He argues that Gilbert's work was not directly related to management policies of supervising the general operation of the employer, and that he did not customarily and regularly exercise discretion and independent judgment. The testimony of Doug Smith and Gilbert himself show that these prongs are satisfied. The conclusory self-serving statements in Gilbert's motion and affidavit are not admissible evidence that controvert the deposition testimony. As such, the undisputed facts show that, as a matter of law, Gilbert was an administrative employee exempt from overtime.

DATED this 6th day of October, 2006, at Anchorage, Alaska.

DeLISIO MORAN GERAGHTY & ZOBEL, P.C.
Attorneys for APC Natchiq, Inc.

/s/ Patricia L. Zobel

DELISIO MORAN
GERAGHTY & ZOBEL, P.C.

943 WEST 6TH AVENUE
ANCHORAGE, ALASKA
99501-2033
_____
(907) 279-9574

00105828.doc — Defendant's Opp. To Mtn. for Partial Summary Judgment on the Issue of Exemption at Docket 42

Page 12 of 13

```
                              By: _____
                                  Patricia L. Zobel
                                  Bar No. 7906067
                                  E-Mail: pzobel@dmgz.com
                                  Danielle M. Ryman
                                  Bar No. 9911071
                                  E-Mail: dryman@dmgz.com
                                  943 West 6th Avenue
                                  Anchorage, Alaska 99501
                                  Telephone: (907) 279-9574
                                  Facsimile: (907) 276-4231
```

This is to certify that a true copy of the
foregoing was served via electronic service
or U.S. Mail this 6th day of October, 2006,
to the following:

Kenneth L. Covell
712 8th Avenue
Fairbanks, AK 99701

```
        /s/ Jean K. Adams
By: _____
        Jean K. Adams
```

DELISIO MORAN
GERAGHTY & ZOBEL, P.C.

943 WEST 6TH AVENUE
ANCHORAGE, ALASKA
99501-2033
____

(907) 279-9574

00105828.doc — Defendant's Opp. To Mtn. for Partial Summary Judgment
 on the Issue of Exemption at Docket 42