IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| JOHN GILBERT,<br><br>      Plaintiff,<br><br>vs.<br><br>APC NATCHIQ, INC.,<br><br>      Defendant. | Case No. 3:03-cv-0174-RRB<br><br>**ORDER REGARDING MOTION FOR<br>PARTIAL SUMMARY JUDGMENT<br>AT DOCKET 30** |

I.   INTRODUCTION

Before the Court is Defendant APC Natchiq, Inc. (APC) with a Motion for Partial Summary Judgment Establishing the Statute of Limitations at Docket 30. The motion is opposed at Docket 79 and, for reasons more carefully articulated herein, is **DENIED IN PART** and **GRANTED IN PART**.[1]

---

[1] Inasmuch as the Court concludes the parties have submitted memoranda thoroughly discussing the law and evidence in support of their positions, it further concludes oral argument is neither necessary nor warranted with regard to the instant matter.
(continued...)

## II.  FACTS

Because the relevant facts are more than substantially briefed within the applicable pleadings, they are not repeated herein except as necessary.

## III. STANDARD OF REVIEW

Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment should be granted if there is no genuine dispute as to material facts and if the moving party is entitled to judgment as a matter of law.  The moving party has the burden of showing that there is no genuine dispute as to material fact.[2]  The moving party need not present evidence; it need only point out the lack of any genuine dispute as to material fact.[3]  Once the moving party has met this burden, the nonmoving party must set forth evidence of specific facts showing the existence of a genuine issue for trial.[4]  All evidence presented by the non-movant must be believed for purposes of summary judgment, and all justifiable

---

[1](...continued)
See Mahon v. Credit Bureau of Placer County, Inc., 171 F.3d 1197, 1200 (9th Cir. 1999)(explaining that if the parties provided the district court with complete memoranda of the law and evidence in support of their positions, ordinarily oral argument would not be required).  As a result APC's Motion for Oral Argument at **Docket 31** is hereby **DENIED**.

[2]     Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

[3]     Id. at 323-325.

[4]     Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-9 (1986).

inferences must be drawn in favor of the non-movant.[5] However, the nonmoving party may not rest upon mere allegations or denials, but must show that there is sufficient evidence supporting the claimed factual dispute to require a fact-finder to resolve the parties' differing versions of the truth at trial.[6]

**IV. DISCUSSION**

    **A.  Pursuant to the Alaska Wage and Hour Act's Two-year Statute of Limitations, All Claims Occurring Prior to June 19, 2001, Are Time-barred.**

On June 20, 2003, Plaintiff John Gilbert (Gilbert) filed the present action, wherein he claims entitlement to overtime under the Alaska Wage and Hour Act (the "AWHA").[7] The AWHA provides in relevant part:

> <u>An action for</u> unpaid wages, <u>unpaid overtime compensation</u>, or liquidated damages under AS 23.10.050-23.10.150 <u>is forever barred unless it is started within two years after the cause of action accrues</u>. For the purposes of this section, an action is considered to be started on the date when the complaint is filed.[8]

As a consequence, the Court concludes any claims brought under the AWHA more than two years prior to the date of filing the Complaint, i.e., June 20, 2001, are time-barred.[9]

---

    [5]    <u>Id.</u> at 255.

    [6]    <u>Id.</u> at 248-9.

    [7]    Docket 30 at 5 (citation omitted).

    [8]    Alaska Stat. § 23.10.130.

    [9]    "To avoid dismissal of these untimely claims, Gilbert [characterizes] his claim for overtime as one for breach of (continued...)

### B. Whether APC Acted Willfully, for the Purposes of the Fair Labor Standards Act, Is an Issue of Material Fact.

The Fair Labor Standards Act (the "FLSA") provides that "an action brought under its terms must be commenced within two years 'except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued.'"[10] In order "[t]o obtain the benefit of the 3-year exception, [Gilbert] must prove that the employer's conduct was willful . . . ,"[11] i.e., "that the employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the [FLSA] . . . ."[12]

APC alleges the undisputed facts in the instant case show that it conducted a thorough ongoing review of the Safety Specialist and Safety Supervisor positions and day rate

---

[9](...continued)
contract, wherein a three year statute of limitations would apply." Docket 30 at 8 (citing Alaska Stat. § 09.10.053). Notwithstanding, the Court concludes that the AWHA's unambiguous language "applies to [Plaintiff's] claim for overtime, regardless of how it is . . . characterized." Id. at 9. Indeed, the statute clearly provides: "[a]n action for unpaid overtime compensation . . . under AS 23.10.050-23.10.150 is forever barred unless it is started within two years after the cause of action accrues." Alaska Stat. § 23.10.130 (emphasis added).

[10]  Docket 30 at 15 (citing 29 U.S.C. § 255(a); McLaughlin v. Richland Shoe Co., 486 U.S. 128, 135 (1988)).

[11]  McLaughlin, 486 U.S. at 135 (1988).

[12]  The applicable standard of willfulness requires "that the employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the [FLSA] . . . ." Id. at 133 (citing Trans World Airlines, Inc. v. Thurston, 469 U.S. 111 (1985)).

compensation in general.[13]  As a result, it further contends that "[t]here is no evidence of knowing or reckless conduct."[14]  Gilbert disagrees.

Indeed, Gilbert argues: "[a]pplying the evidence of what APC did, and did not do, to determine if Gilbert's safety supervisor's position was exempt from overtime pay, the conclusion must be that [APC] was at least reckless."[15]  In support of this assertion, Gilbert alleges APC "did not seek objective or professional assistance, keeping the determination internal"[16]; and, when APC "did obtain a [Department of Labor] letter determination about a different position, it chose to implement only that part [of the letter] that supported its desired result, ignoring the part it didn't like."[17]

As a result, the Court concludes that the determination as to whether APC's conduct was willful, i.e., knowing or reckless, depends upon material issues of fact that remain in dispute.  Summary judgment, therefore, is precluded and the issue is preserved for the jury.[18]

---

[13]   Docket 30 at 17.

[14]   Id. (emphasis added).

[15]   Docket 79 at 23 (emphasis added).

[16]   Id.

[17]   Id.

[18]   Id.

## V. CONCLUSION

The statute of limitations in this matter is two years. If, however, Gilbert can prove that the conduct in question was "willful," then the statue of limitations shall be three years with respect to his FLSA claim(s). The two-year statute of limitations applies to his AWHA claim(s) regardless.

Based upon the aforesaid, and for additional reasons articulated within the applicable pleadings, APC's Motion at **Docket 30** is hereby **DENIED IN PART** and **GRANTED IN PART**.

ENTERED this 20th day of October, 2006.

                                      S/RALPH R. BEISTLINE
                                      UNITED STATES DISTRICT JUDGE