IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

```
JOHN GILBERT,              )
                           )
          Plaintiff,       )
v.                         )
                           )
APC NATCHIQ, INC.,         )
                           )
Defendant.                 )
                           )    Case No. 3:03-CV-00174-RRB
_____)
```

### DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT RE: LIQUIDATED DAMAGES, FILED AT DOCKET NO. 79

## I.   INTRODUCTION.

Defendant, APC Natchiq, Inc. ("APC"), by and through undersigned counsel, DeLisio, Moran, Geraghty & Zobel, P.C., submits its reply to plaintiff's opposition to APC's motion for summary judgment to dismiss the liquidated damages claim. APC filed its motion for partial summary judgment pertaining to the issue of liquidated damages on August 3, 2006. Plaintiff also filed a summary judgment motion addressing the issue of good faith, which is the test used to determine whether liquidated damages should be awarded. Plaintiff's motion was filed with the Court on August 11, 2006. Due to the timing of these

DeLisio Moran
Geraghty & Zobel, P.C.

943 West 6th Avenue
Anchorage, Alaska
99501-2033

(907) 279-9574

00106190.doc - Defendant's Reply to Plaintiff's Opposition to Defendant's
Motion For Partial Summary Judgment re: Liquidated Damages
*Gilbert v. APC Natchiq*, Case No.: 3:03-cv-00174 RRB; Page 1 of 25

motions, many arguments and issues are destined to repeat themselves. Therefore, reference may be made to these previous motions to assist the Court in an expeditious review of the issue.

## II.  ANALYSIS.[1]

A.  <u>Standard of Review and Burden of Proof</u>.

Plaintiff contends that APC can only prevail on summary judgment by meeting an "elevated burden of proof" applicable to cases addressing liquidated damages claims under the Federal Labor Standards Act ("FLSA") and the Alaska Wage and Hour Act ("AWHA"). The Ninth Circuit and other district courts have ruled that it is proper to decide on summary judgment the issue of liquidated damages. *See Dillon v. Maryland-National Capital Park and Planning Commission,* 382 F.Supp. 2d 777 (D.Md. 2005); *Chao v. A-One Medical Services, Inc.,* 346 F.3d 908, 911 (9th Cir. 2003). The AWHA provides that if an employer shows that it operated in good faith and had reasonable grounds for classifying an employee as exempt, the employee may not recover liquidated damages. AS 23.10.110(d). The FLSA contains similar

---

[1]  For a complete recitation of the pertinent facts relating to this issue, APC directs the Court's attention to APC's motion for summary judgment re: liquidated damages; and APC's opposition to Plaintiff's motion for summary judgment re: good faith and willfulness at Dockets 34 and 74.

DeLisio Moran
Geraghty & Zobel, P.C.

943 West 6th Avenue
Anchorage, Alaska
99501-2033

(907) 279-9574

00106190.doc - Defendant's Reply to Plaintiff's Opposition to Defendant's Motion For Partial Summary Judgment re: Liquidated Damages
*Gilbert v. APC Natchiq*, Case No.: 3:03-cv-00174 RRB; Page 2 of 25

language and states that, "if the employer shows to the satisfaction of the court that the act or omission giving rise to such action was in good faith and he had reasonable grounds for believing that his act or omission was not a violation of the FLSA, the court may, in its sound discretion, award no liquidated damages or award any amount thereof . . .." 29 U.S.C. § 260; *see, also, Bratt v. Cty. of Los Angeles,* 912 F.2d 1066, 1072 (9th Cir. 1990).

In the case at hand, the deposition testimony of Mr. Nelson, Mr. Boyle and Mr. Smith outline the actions taken by APC in classifying the positions. The uncontested facts support the conclusion that APC acted in good faith and reasonably concluded that Gilbert was exempt from overtime. As such, summary judgment is appropriate.

B.    The award of liquidated damages is discretionary, and this Court should decline such award because APC acted in good faith when classifying Gilbert's employment position.

Plaintiff contends that an award of liquidated damages is mandatory under the FLSA and AWHA. However, the Ninth Circuit has ruled otherwise. "[L]iquidated damages are no longer automatic. Under 29 U.S.C. § 260, the employer has the burden of establishing subjective and objective good faith in its

DeLisio Moran
Geraghty & Zobel, P.C.

943 West 6th Avenue
Anchorage, Alaska
99501-2033

(907) 279-9574

00106190.doc - Defendant's Reply to Plaintiff's Opposition to Defendant's Motion For Partial Summary Judgment re: Liquidated Damages
*Gilbert v. APC Natchiq,* Case No.: 3:03-cv-00174 RRB; Page 3 of 25

violation of the FLSA." *Local 246 Util. Workers Union v. Southern Cal. Edison Co.,* 83 F.3d 292, 297 (9th Cir. 1996). "If the employer carries the burden of establishing subjective and objective good faith . . . the court may, in its sound discretion, award no liquidated damages or award any amount thereof not to exceed the amount specified in section 216." *Id.* at 298 (quoting 29 U.S.C. § 260).

The AWHA also dictates that the award of liquidated damages is left to the discretionary judgment of the court, and is no longer mandatory. AS 23.10.110(d). Prior to 1995, the award of liquidated damages was mandatory under the statute. In 1995, the Alaska Legislature amended the language making it discretionary and providing an employer with the opportunity to establish its violation of the Act was made in good faith.

The main question is whether the employer attempted to comply with the law and took steps to be sure that it was in compliance to the best of its ability. This does not require a finding that the employer was ultimately correct; rather, it requires that the employer tried to ascertain the standards for the classifications, using reasonable efforts. *See Bratt v. Cty. of Los Angeles,* 912 F.2d 1066 (9th Cir. 1990). Therefore, even if the Court concludes that APC improperly classified

DeLisio Moran
Geraghty & Zobel, P.C.

943 West 6th Avenue
Anchorage, Alaska
99501-2033

(907) 279-9574

00106190.doc - Defendant's Reply to Plaintiff's Opposition to Defendant's
Motion For Partial Summary Judgment re: Liquidated Damages
*Gilbert v. APC Natchiq*, Case No.: 3:03-cv-00174 RRB; Page 4 of 25

Gilbert's positions as exempt, but finds APC's interpretation was made in good faith and with a reasonable basis, the Court may, in its discretion, deny an award of liquidated damages.

Because APC acted in good faith when classifying Mr. Gilbert's positions as exempt, liquidated damages are inappropriate in this case. The FLSA and AWHA both provide the opportunity for the employer to establish it acted in good faith before a court can automatically award liquidated damages, therefore making the award of liquidated damages a discretionary task.

C.    <u>APC acted with subjective good faith and had objective reasonable grounds when classifying the Safety Specialist and Safety Supervisor positions.</u>

APC performed many steps and went through the proper channels when undertaking the task of properly classifying the Safety Specialist and Safety Supervisor positions. Accordingly, APC acted in good faith and had reasonable grounds for believing it was complying with applicable labor laws.

"An employer has the burden of showing that the violation of the [FLSA] was in good faith and that the employer had reasonable grounds for believing that no violation took place." *Bratt* at 1071. The statutory requirement of good faith and reasonable grounds establishes a test with both subjective and

DeLisio Moran
Geraghty & Zobel, P.C.

943 West 6th Avenue
Anchorage, Alaska
99501-2033

(907) 279-9574

objective components.  *Id.* (citing *Brock v. Shirk,* 833 F.2d 1326, 1330 (9th Cir. 1987)(per curiam), vacated on other grounds 488 U.S. 806 (1988)).  The court in *Bratt* held that, "to satisfy the subjective 'good faith' component, the [County was] obligated to prove that [it] had an honest intention to ascertain what [the FLSA] requires and to act in accordance with it."  *Id.* at 1071-72. "The additional requirement that the employer have reasonable grounds for believing that his conduct complies with the Act imposes an objective standard by which to judge the employer's behavior."  *Id.* (quoting *Marshall v. Brunner,* 668 F.2d 748, 753 (3d Cir. 1982)).

Although Gilbert argues that APC did not act in good faith nor had reasonable grounds for believing that its acts did not violate the law, Gilbert offers no evidence whatsoever that APC attempted to evade its responsibilities under the FLSA or the AWHA. *See Bratt v. Cty. of Los Angeles,* 912 F.2d 1066, 1072 (9th Cir. 1990).  Nor does Gilbert provide any evidence that APC did not have an honest intention to ascertain what the law required and to act in accordance with it.  *Id.*  Gilbert simply tries to discredit the sworn testimony of the individuals involved in the classification process.

DeLisio Moran
Geraghty & Zobel, P.C.

943 West 6th Avenue
Anchorage, Alaska
99501-2033

(907) 279-9574

i.    The actions taken by APC were conducted in good faith when classifying the Safety Specialist and Safety Supervisor positions.

Deposition testimony taken in the *Zuber* case and in the present action demonstrates that in late 1996 and early 1997, APC undertook a comprehensive evaluation and analysis of the exempt classification of a number of company positions, including the Safety Specialist position and Safety Supervisor positions.    Exhibit A (Deposition of Mark Nelson, p. 13) at Docket 34; *see, also,* Exhibit C (Deposition of Mark Nelson, June 15, 2006, pp. 12-13) at Docket 34.    Mark Nelson, who was then employed with APC as Operations Manager, testified that he read a *Forbes Magazine* article that caused him to evaluate some of the exempt/non-exempt classifications within APC.    *Id.* (Deposition of Mark Nelson, p. 16) at Docket 34.

Mr. Nelson also attempted to ascertain how employees were being classified by other companies performing the same or similar work as APC's business.    Mr. Nelson contacted Nancy Williams, who at the time was ARCO's compensation specialist. Ms. Williams faxed Mr. Nelson tables summarizing criteria for overtime exemptions under the FLSA.    *See* Exhibit A at 22-23 at Docket 34.    *See, also, Bennet v. SLT/TAG Inc.,* 2003 U.S. Dist.

DeLisio Moran
Geraghty & Zobel, P.C.

943 West 6th Avenue
Anchorage, Alaska
99501-2033

(907) 279-9574

00106190.doc - Defendant's Reply to Plaintiff's Opposition to Defendant's
Motion For Partial Summary Judgment re: Liquidated Damages
*Gilbert v. APC Natchiq*, Case No.: 3:03-cv-00174 RRB; Page 7 of 25

25438 (D. Or. 2003)(finding employer's reliance on industry standard when classifying employees was in good faith).

Mr. Nelson further testified that he applied a Department of Labor checklist when classifying the Safety Specialist position as exempt and reviewed regulations defining the administrative, executive, professional, supervisor and outside salesman exemptions. *Id.* (Deposition of Mark Nelson, pp. 39-40) at Docket 34; *see, also,* Exhibit B at Docket 34. Based on the duties performed by the Safety Specialist and the fact that Safety Specialists have specialized training and knowledge and work independently on a day-to-day basis without direct supervision, Mr. Nelson concluded that Safety Specialists are bona fide administrative or professional employees exempt from overtime. *Id.*

Mr. Nelson also had multiple conversations with Mr. Carr of the Department of Labor regarding the proper classification of the Safety Specialists and various supervisor positions. *See* Exhibit A at Docket 34; *see, also,* Exhibit C at Docket 34. After numerous conversations with the Department of Labor, Mr. Nelson requested a written opinion letter from the Department pertaining to the exemption status of their "materials supervisors." *See* Exhibit A (Exhibit N-2 to Nelson

DeLisio Moran
Geraghty & Zobel, P.C.

943 West 6th Avenue
Anchorage, Alaska
99501-2033

(907) 279-9574

00106190.doc - Defendant's Reply to Plaintiff's Opposition to Defendant's
Motion For Partial Summary Judgment re: Liquidated Damages
*Gilbert v. APC Natchiq*, Case No.: 3:03-cv-00174 RRB; Page 8 of 25

deposition, Bates number APC0202 – Letter from Mark Nelson to Randy Carr dated June 25, 1997) at Docket 34. The Department of Labor sent an opinion letter to APC on June 26, 1997. Based on a review of the supervisor job description, the Department of Labor opined that, "they are exempt from overtime under AS 23.10.060 . . .." Exhibit A (Exhibit N-2 to Nelson deposition, Bates number APC0203-204 - Letter from Randy Carr to Mark Nelson dated June 26, 1997) at Docket 34. However, plaintiff contends that these actions were insufficient because Mr. Nelson did not obtain an exact DOL opinion relating to the Safety Supervisor position, but rather concluded, after extensive research and collaboration with other qualified individuals, that Mr. Gilbert's position was exempt. Mr. Gilbert argues that APC should have taken additional steps; however, the law does not require an employer to take every conceivable route when classifying employees. Rather, the employer must act in good faith with an honest intention to follow the law. *See Bratt* at 1071-72. *See, also, Samson v. Appollo Res., Inc.,* 242 F.3d 629, 641 (5th Cir. 2001)(approving a finding of good faith where the employer consulted with the Department of Labor); *SEIU Local 102 v. County of San Diego,* 60 F.3d 1346, 1355-56 (9th Cir. 1994)(employer's conduct deemed to

DELISIO MORAN
GERAGHTY & ZOBEL, P.C.

943 WEST 6TH AVENUE
ANCHORAGE, ALASKA
99501-2033

(907) 279-9574

be taken in good faith when employer consulted with Department of Labor in an attempt to comply with the law); *Cross v. Arkansas Forestry Comm'n,* 938 F.2d 912, 918 (8th Cir. 1991)(reliance on experts is a badge of good faith). Mr. Nelson testified that he believed that if the materials or warehouse supervisors were exempt, so were the Safety Supervisors. This conclusion was reasonable based upon Mr. Nelson's education, experience and knowledge of the positions. *See Bratt v. Cty. of Los Angeles,* 912 F.2d 1066 (9th Cir. 1990).

Plaintiff contends that no one ever discussed the duties of his position before making the final determination as to the exempt status. Although this is not a requirement, Mr. Nelson did speak with Robert Cannon, who was then employed as APC's Senior Safety Supervisor. Mr. Nelson consulted with Mr. Cannon to determine whether Gilbert's positions merited exemption status. Exhibit C at 9-12 at Docket 34. Plaintiff also urges the Court to ignore Doug Smith's opinions about the classification because Mr. Smith's conclusion was "based upon his opinions, observations and the expectations of the job." It is unclear why plaintiff urges the Court to ignore Mr. Smith's analysis, nor does he provide the Court with valid reasoning to ignore the testimony.

DELISIO MORAN
GERAGHTY & ZOBEL, P.C.

943 WEST 6TH AVENUE
ANCHORAGE, ALASKA
99501-2033

(907) 279-9574

00106190.doc - Defendant's Reply to Plaintiff's Opposition to Defendant's Motion For Partial Summary Judgment re: Liquidated Damages
*Gilbert v. APC Natchiq,* Case No.: 3:03-cv-00174 RRB; Page 10 of 25

Doug Smith came to work for APC Natchiq as the Health Safety and Environment Manager at Kuparak in December of 2001. Exhibit E (Deposition of Douglas L. Smith, pp. 6, 12) at Docket 34. In this position, he was Mr. Gilbert's direct supervisor. One of his first activities was to do a review of the job positions of Safety Specialist and Safety Supervisor to determine if they were properly classified. *Id*. When Mr. Smith was hired, there was a Safety Supervisor position which was held by another individual named Ron Kirk. Mr. Gilbert was hired into that same position in January of 2002 and became Mr. Kirk's alternate, working when Mr. Kirk was on R&R and vice versa. *Id*. at 14. When Mr. Gilbert was given the job, it was classified as exempt and he was paid a day rate of $475 per day. As part of Mr. Smith's review of the positions in the safety department for exempt versus non-exempt status, Mr. Smith personally evaluated the position of Safety Supervisor. *Id*. at 9. Mr. Smith determined that the position was exempt, and stated in his deposition that:

> In my opinion and in my observation, an expectation of the job was that they were the coordinator of the specialist, and in that role provided, you know a degree of oversight and direction to these embedded employees. And in my absence—I worked a four day on, three-day off schedule, and in my absence from the Slope, they were the step-up for the department and

DeLisio Moran
Geraghty & Zobel, P.C.

943 West 6th Avenue
Anchorage, Alaska
99501-2033

———

(907) 279-9574

fill the roll of HSE manager in my absence.

*Id.* at 14-15.

The Safety Supervisor did not do Safety Specialist work routinely. *Id.* The supervisor was the line of communication up and down the line with both the client and the chain of command within APC Natchiq. *Id.* at 16-17. The supervisors had more technical knowledge and acted as a resource for the people in the field. *Id.* The Safety Supervisor would act to redirect resources and manpower and make decisions as the sole manager of safety on the Slope in Mr. Smith's absence. *Id.* at 18.

Mr. Smith was properly qualified to determine the duties and exemption status of Mr. Gilbert's position because he was his direct supervisor. It is irrelevant whether Mr. Smith actually spoke to Mr. Gilbert or not concerning his job.

      ii. **APC had reasonable grounds for believing its conduct complied with the AWHA and FLSA.**

The second part of the test for avoiding liquidated damages is that the Court must find that the employer had reasonable grounds for the classification ultimately applied to the positions in question. *Bratt,* 912 F.2d at 1072.

The most compelling evidence that APC had objective, reasonable grounds when classifying the Safety Specialist position as exempt is the U.S. District Court's decision in

DELISIO MORAN
GERAGHTY & ZOBEL, P.C.

943 WEST 6TH AVENUE
ANCHORAGE, ALASKA
99501-2033

(907) 279-9574

00106190.doc - Defendant's Reply to Plaintiff's Opposition to Defendant's
Motion For Partial Summary Judgment re: Liquidated Damages
*Gilbert v. APC Natchiq*, Case No.: 3:03-cv-00174 RRB; Page 12 of 25

*Zuber v. APC Natchiq, Inc.* There, the court held that, in fact, the Safety Specialist position was properly classified as exempt from overtime under the administrative exception. *See* Exhibit E at Docket 34. Although that decision was eventually reversed by the Ninth Circuit, it shows that APC had a reasonable and sound basis to believe that the job duties of a Safety Specialist rendered the position exempt from overtime compensation. Indeed, the U.S. District Court believed the position to have been properly classified; thus, APC's classification was obviously based upon substantial evidence. In judging whether APC acted in good faith with a reasonable basis for the classifications, it is not necessary that its decision ultimately be found correct. It is only important, within this murky world of classifications, that the employer put forth its best effort to try to comply with the law and that its conclusions were reasonable. *See Bratt* at 1072. The multitude of actions taken by APC clearly demonstrates that APC acted in a reasonable manner when classifying the Safety Specialist position as exempt.

With regard to the Safety Supervisor position, the evidence is equally compelling that the classification was reasonable. First, if the Safety Specialist was correctly or reasonably

DeLisio Moran
Geraghty & Zobel, P.C.

943 West 6th Avenue
Anchorage, Alaska
99501-2033

(907) 279-9574

00106190.doc - Defendant's Reply to Plaintiff's Opposition to Defendant's
Motion For Partial Summary Judgment re: Liquidated Damages
*Gilbert v. APC Natchiq*, Case No.: 3:03-cv-00174 RRB; Page 13 of 25

classified as exempt, then a supervisor over that position would also be exempt. Again, the District Court's decision in Zuber leads to that conclusion. Further, Mark Nelson obtained a written opinion from the State Department of Labor on his warehouse or materials supervisors. *See* Exhibit A at Docket 34. He then used this to extrapolate that since the job duties were similar, then the exemption would also apply to the Safety Supervisor position. The industry standard was that this type of position was exempt according to Doug Smith. Exhibit E at Docket 30. Mr. Smith, in his analysis of the supervisor position's classification went through all of the logical steps required to make a reasonable judgment as to the exempt nature of the position. This position was determined to have met the criteria for an administrative position and he, in good faith, believed that this was the correct classification. A reasonable person would similarly agree that his conclusion, whether ultimately correct or not, was based on substantial evidence.[2]

---

[2]    *See* APC's Motion for Summary Judgment Re: Liquidated Damages; and APC's Opposition to Plaintiff's Motion for Summary Judgment re: good faith and willfulness for additional reasonable actions taken by APC in this matter – particularly Chris Boyles' analysis on this matter at Dockets 34 and 74.

DELISIO MORAN
GERAGHTY & ZOBEL, P.C.

943 WEST 6TH AVENUE
ANCHORAGE, ALASKA
99501-2033

(907) 279-9574

00106190.doc - Defendant's Reply to Plaintiff's Opposition to Defendant's Motion For Partial Summary Judgment re: Liquidated Damages
*Gilbert v. APC Natchiq*, Case No.: 3:03-cv-00174 RRB; Page 14 of 25

D.   Plaintiff contends that APC has not produced
sufficient documentation to support its claim
that it acted in good faith.

Plaintiff states that "APC propounds surprisingly few documents to support its claimed immunity from liquidated damages." Simply referring to plaintiff's opposition shows the opposite is true. After plaintiff makes the above statement, he then proceeds to cite thirteen (13) separate documents produced by APC to substantiate its claim of good faith classification. The case law does not define what or how much documentation an employer must rely upon when making employment decisions. The employer in *Bratt* apparently relied "solely on written job specifications as opposed to individual job descriptions" when making its decision. *Bratt* at 1072.

It appears that plaintiff is trying to draw a connection between APC's failure to obtain a specific DOL opinion letter or other expert opinion and, because of that failure, APC somehow acted in bad faith. However, this argument must fail.

Gilbert's argument that APC was required to obtain either a specific written DOL opinion or legal advice is unsupported by case law. *See e.g. Roy v. County of Lexington, South Carolina,* 141 F.3d 533, 549 (4th Cir. 1999)(although an employer may not simply remain blissfully ignorant of FLSA requirements, it need

DeLisio Moran
Geraghty & Zobel, P.C.

943 West 6th Avenue
Anchorage, Alaska
99501-2033

⸺

(907) 279-9574

00106190.doc - Defendant's Reply to Plaintiff's Opposition to Defendant's
Motion For Partial Summary Judgment re: Liquidated Damages
*Gilbert v. APC Natchiq,* Case No.: 3:03-cv-00174 RRB; Page 15 of 25

not seek an opinion letter to avoid paying liquidated damages later); *Hawks v. City of Newport,* 707 F.Supp 212, (E.D. Va. 1988)(denying liquidated damages claim, the court found that the defendant made a conscientious effort to comply with the FLSA by conducting two internal studies of the executive status of fire captains and lieutenants; as a result of these two studies, the defendant had reasonable grounds for believing that the denial of overtime compensation was not a violation of the FLSA); *Miller v. AT&T,* 83 F.Supp. 2d 700, 709 (S.D. W. Va. 2000)(holding employer acted in good faith and had reasonable grounds even though employer did not obtain expert opinion to interpret C.F.R., but relied on internal analysis by division manager)).

Gilbert's view that APC was required to seek outside professional advice or rely on more documentation than those produced is not supported by the case law. The undisputed evidence demonstrates that APC had an honest intention to determine what the law required and to act in accordance with

DeLisio Moran
Geraghty & Zobel, P.C.

943 West 6th Avenue
Anchorage, Alaska
99501-2033

(907) 279-9574

it.[3]

    E.    <u>APC properly classified Gilbert's position because less than 20% of Mr. Gilbert's work was non-exempt work</u>.

Plaintiff contends that APC acted in bad faith because it did not conduct a "20% analysis." However, as noted above, APC classified Mr. Gilbert's positions after conducting extensive research on the positions and relying upon the skilled individuals responsible for APC's personnel. Doug Smith testified that he specifically analyzed the Supervisor position in relation to the 20% rule. Exhibit B at 50-51 at Docket 38. Mr. Smith stated that the fact that the Supervisor spent less that 20% of his daily activities doing non-exempt work was the largest component in classifying the Supervisor position as exempt. *Id.* Mr. Smith also felt that this position was more supervisory in nature because of the department configuration of the organization. *Id.* at 51. The claim made by plaintiff that APC did not take the 20% rule into consideration is erroneous as shown by the testimony provided. *See* Exhibit B at 50-51 at

---

[3] Gilbert mentions a recent report indicating that APC/ASRC is the number one revenue producing Alaskan company. APC can only surmise that Gilbert mentions this to illicit some type of emotional response. However, the award of liquidated damages under the FLSA is compensatory in nature, not punitive. *See Hutka v. Sisters of Providence in Washington,* 102 P.3d 947, 960 (Alaska 2004)(citing *EEOC v. First Citizens Bank of Billings,* 758 F.2d 397, 403 (9th Cir. 1985)).

DeLisio Moran
Geraghty & Zobel, P.C.

943 West 6th Avenue
Anchorage, Alaska
99501-2033

(907) 279-9574

00106190.doc - Defendant's Reply to Plaintiff's Opposition to Defendant's Motion For Partial Summary Judgment re: Liquidated Damages
*Gilbert v. APC Natchiq*, Case No.: 3:03-cv-00174 RRB; Page 17 of 25

Docket 38.

The Alaska Administrative Code defines the administrative employment exemption to require proof of six factors, specifying that an "administrative employee" is a worker:

(A) whose primary duty consists of work directly related to management policies or supervising the general business operations of the employer;

(B) who customarily and regularly exercises discretion and independent judgment;

(C) who performs work only under general supervision;

(D) who is paid on a salary or fee basis;

(E) who regularly and directly assists a proprietor or an exempt executive employee of the employer; and

(F) who performs work along specialized or technical lines requiring special training, experience or knowledge and does not devote more than 20 percent, or in the case of an employee of a retail or service establishment who earns at least two and one half times the state minimum wage per hour for the first 40 hours of employment each week and who does not devote more than 40 percent of the employee's weekly hours to activities that are not described in this paragraph.

8 AAC 15.910(a)(1).

Plaintiff focuses his argument on the last section of the administrative code; however, APC properly classified Mr. Gilbert's position after Mr. Smith determined the position satisfied the above requirements.

Doug Smith was Mr. Gilbert's immediate supervisor and was

DeLisio Moran
Geraghty & Zobel, P.C.

943 West 6th Avenue
Anchorage, Alaska
99501-2033

(907) 279-9574

the one who promoted Mr. Gilbert into the position of Safety Supervisor.  When Mr. Gilbert was promoted, Mr. Smith concluded that his position was indeed exempt based upon his knowledge and interaction with the position.  He concluded,

> In my opinion and in my observation, an expectation of the job was that they were the coordinator of the specialist, and in that role provided, you know a degree of oversight and direction to these embedded employees. And in my absence—I worked a four day on, three-day off schedule, and in my absence from the Slope, they were the step-up for the department and fill the roll of HSE manager in my absence.

Exhibit E at 14-15 at Docket 34.

The job description for the Safety Supervisor provided as follows:

> . . . The position is responsible for the coordination and oversight of Health, Safety, Environmental and Training functions. . . .
>
> The Safety Supervisor provides consultation to both construction and maintenance operations regarding compliance, company policies, and safe work practices. Responsibilities include supervision of six Safety Specialists, development of site specific policies and procedures, risk assessments, incident investigations, audits and monitoring of ongoing activities, and coordination of health surveys.
>
> Qualified candidates must have professional safety experience with process operations . . . Excellent organizational, communication, and leadership skills are required. The successful candidate must be capable of working in a team environment, be a self-starter, and be goal and task oriented . . .

DeLisio Moran
Geraghty & Zobel, P.C.

943 West 6th Avenue
Anchorage, Alaska
99501-2033

(907) 279-9574

Exhibit B (Deposition of Douglas Smith, pp. 75-76, Exhibit S-2 to deposition) at docket 38. Gilbert testified at his deposition that the description accurately described his job. *Exhibit A* at 32 at docket 38. He provided consultation to both construction and maintenance operations. *Id.* at 33. He supervised six Safety Specialists. *Id.* at 33-34. He developed site specific policies and procedures, as well as risk assessments, incident investigations, audits and monitoring of safety protocols, and coordinated health surveys. *Id.* at 34-35. Gilbert stated that he had the requisite background and education to carry out the responsibilities of the Safety Supervisor. *Id.* at 19.

The Safety Supervisor did not do Safety Specialist work routinely. Exhibit E at 14-15 at Docket 34. The supervisor was the line of communication up and down the line with both the client and the chain of command within APC Natchiq. *Id.* at 16-17. The supervisors had more technical knowledge and acted as a resource for the people in the field. *Id.* The Safety Specialist would act to redirect resources and manpower and make decisions as the sole manager of safety on the Slope in Mr. Smith's absence. *Id.* at 18. Mr. Smith was properly qualified

DELISIO MORAN
GERAGHTY & ZOBEL, P.C.

943 WEST 6TH AVENUE
ANCHORAGE, ALASKA
99501-2033

(907) 279-9574

00106190.doc - Defendant's Reply to Plaintiff's Opposition to Defendant's Motion For Partial Summary Judgment re: Liquidated Damages
*Gilbert v. APC Natchiq*, Case No.: 3:03-cv-00174 RRB; Page 20 of 25

to determine the duties and exemption status of Mr. Gilbert's position because he was his direct supervisor.

Going through the above testimony in relation to the requirements of an administrative employee. It is clear that Mr. Smith went through the steps and concluded that as a Safety Supervisor: 1) Gilbert's primary duties consisted of work directly related to management policies or supervising the general business operations of the employer; 2) Gilbert customarily and regularly exercised discretion and independent judgment; 3) Gilbert performed work only under general supervision; 4) Gilbert was paid on a salary basis, which was common knowledge to Smith as Gilbert's immediate supervisor; 5) Gilbert regularly and directly assisted an exempt executive employee of APC, i.e., Smith; 6) Gilbert performed work along specialized or technical lines requiring special training, experience and knowledge; and 7) Gilbert did not devote more than 20 percent of his weekly activities to non-exempt work.

Furthermore, the fact that Gilbert occasionally performed the work of a Safety Specialist does not defeat his exempt status. While occasionally called upon to perform job duties of a Safety Specialist, Gilbert did not perform manual work. This work occurred only when they were short staffed or the nature of

DELISIO MORAN
GERAGHTY & ZOBEL, P.C.

943 WEST 6TH AVENUE
ANCHORAGE, ALASKA
99501-2033

(907) 279-9574

the job required his expertise or additional hands to complete the activity.

Gilbert testified that he undertook the task of modifying the department's policy, procedure and guidelines manual, which was a significant project requiring a lot of his time.  Exhibit A at 85, 107-118 at Docket 38.  When asked about his specific job duties, he talked about formulating policy, creating spreadsheets, purchasing equipment, monitoring incidents and accidents, analyzing and implementing regulations, interpreting data, and directing and supervising six specialists.  Exhibit A at 68-81, 85, 88-89, 107-118; Exhibit B at 15-16 at Docket 38.

Gilbert further testified that the Safety Supervisor position was separate and apart from the Specialist position that needed to be filled.  Exhibit A at 41 at Docket 38.  He testified that it required him "to be in the office to respond to the Kuparak project."  *Id.* at 40.  As a supervisor, he attended meetings that Specialists did not routinely attend and facilitated meetings.  *Id.* at 115-116, 135.

Based upon Mr. Smith's familiarity with the Safety Supervisor position and his in-depth knowledge of the job requirements, he correctly analyzed the tasks and determined it was an exempt position.  While APC may not have a written "checklist" used by Mr. Smith to reach this conclusion, there is no requirement in the rules that a qualified manager must

DeLisio Moran
Geraghty & Zobel, P.C.

943 West 6th Avenue
Anchorage, Alaska
99501-2033

(907) 279-9574

00106190.doc - Defendant's Reply to Plaintiff's Opposition to Defendant's
Motion For Partial Summary Judgment re: Liquidated Damages
*Gilbert v. APC Natchiq*, Case No.: 3:03-cv-00174 RRB; Page 22 of 25

complete one.    It is apparent that Mr. Smith knew what the job entailed and in good faith assisted in classifying it as exempt. Mr. Smith stated that the most important factor he considered when classifying the position as exempt was the fact that the Supervisor spent less than 20% of his time performing non-exempt work.    *See* Exhibit B at Docket 38.    Furthermore, Mr. Gilbert testified that his job required technical knowledge, control over subordinate employees, and administrative requirements such as attending meetings.

The testimony given by Doug Smith and Mr. Gilbert shows that Gilbert was properly classified as exempt from overtime and the proper steps were taken to ensure the proper classification.[4]

## III. CONCLUSION.

Mr. Gilbert seeks liquidated damages under the AWHA and the FLSA for the alleged failure of APC to pay him overtime during his employment as a Safety Specialist and Safety Supervisor.

The facts demonstrate that APC acted in good faith and had reasonable grounds for believing that its classification of Mr. Gilbert's positions as exempt was proper and did not violate the

---

[4] For additional support that Gilbert was properly classified under the Administrative Exemption *see* defendant's Motion for Summary Judgment to Dismiss Plaintiff's Overtime Claims Under the Administrative Exemption at Docket 38.

DELISIO MORAN
GERAGHTY & ZOBEL, P.C.

943 WEST 6TH AVENUE
ANCHORAGE, ALASKA
99501-2033

(907) 279-9574

AWHA or the FLSA.

Therefore, summary judgment is appropriate because the facts of this case, the pleadings, depositions, and documentary evidence show there is no genuine issue as to any material fact. Accordingly, Mr. Gilbert's claim for liquidated damages should be dismissed as a matter of law.

APC respectfully requests this Court to enter an order dismissing Mr. Gilbert's claim for liquidated damages.

DATED this 23rd day of October, 2006, at Anchorage, Alaska.

                    DeLISIO MORAN GERAGHTY & ZOBEL, P.C.
                    Attorneys for APC Natchiq, Inc.

                         /s/ Patricia L. Zobel
              By:_____
                    Patricia L. Zobel
                    Bar No. 7906067
                    E-Mail: pzobel@dmgz.com
                    Danielle M. Ryman
                    Bar No. 9911071
                    E-Mail: dryman@dmgz.com
                    943 West Sixth Avenue
                    Anchorage, Alaska 99501
                    Telephone: (907) 279-9574
                    Facsimile: (907) 276-4231

This is to certify that a true
copy of the foregoing was served
via electronic service or U.S.
mail this 23rd day of October, 2006,

DeLISIO MORAN
GERAGHTY & ZOBEL, P.C.

943 WEST 6TH AVENUE
ANCHORAGE, ALASKA
99501-2033

(907) 279-9574

00106190.doc - Defendant's Reply to Plaintiff's Opposition to Defendant's
Motion For Partial Summary Judgment re: Liquidated Damages
*Gilbert v. APC Natchiq*, Case No.: 3:03-cv-00174 RRB; Page 24 of 25

to the following:

Kenneth L. Covell, Esq.
712 Eighth Avenue
Fairbanks, AK  99701


     /s/ Jean K. Adams
By:_____
     Jean K. Adams

DELISIO MORAN
GERAGHTY & ZOBEL, P.C.

943 WEST 6TH AVENUE
ANCHORAGE, ALASKA
99501-2033
_____

(907) 279-9574

00106190.doc - Defendant's Reply to Plaintiff's Opposition to Defendant's
Motion For Partial Summary Judgment re: Liquidated Damages
*Gilbert v. APC Natchiq*, Case No.: 3:03-cv-00174 RRB; Page 25 of 25