IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

FOURTH JUDICIAL DISTRICT

DAVID THROOP, individually and on )
behalf of all similarly situated persons, )
                                          )
                    Plaintiff,            )
                                          )
      v.                                  )
                                          )
AIR LOGISTICS OF ALASKA, INC.,            )
                                          )
                    Defendant.            )
_____)
Case No. 4FA-03-0835 Civil

## MEMORANDUM DECISION

Introduction

    Before the Court are (1) AirLog's Motion for Partial Summary Judgment, (2) Throop's Cross-Motion for Partial Summary Judgment, and (3) AirLog's Motion to Strike. Oral argument on all three motions was held on October 6, 2004, and at the conclusion of the argument, the Court ordered supplemental briefing. The supplemental briefing is now complete, and the motion is ripe for decision. Although the case was stayed pending the outcome of AirLog's petitions for review, those petitions have both been denied and the stay is lifted with the issuance of this decision.

    This is a class action overtime compensation case brought under the Alaska Wage and Hour Act ("AWHA"). AS 23.10.050-.150. Plaintiff Class Representative David Throop ("Throop"), in this portion of his claim, seeks recovery of unpaid overtime wages against defen-

549

Exhibit A page 1 of 16

dant Air Logistics of Alaska, Inc. ("AirLog"), based on contract principles, thereby invoking the longer statute of limitations applicable to contract actions and the remedies available under contract law as distinct from those available under the AWHA.

### Factual History and Arguments Presented by the Parties

Throop and other members of the class were and are aircraft mechanics employed by AirLog pursuant to a contract with Alyeska to provide air and ground support to Alyeska personnel at remote stations along the Trans-Alaska Pipeline. Throop, in other motions decided by this Court, has established (1) that all paid hours are "hours worked" for AWHA purposes, and (2) that Remote Operations Pay ("ROP"), an add-on paid to AirLog field employees, is part of the employees' regular rate for all paid hours rather than a reimbursement for expenses, and therefore that additional overtime is due on the ROP under the AWHA.

In his complaint, Throop also pled a contract cause of action supported by essentially the same facts as his AWHA claim. He contends that, in addition to the AWHA claim, he may also bring a contract action against AirLog for failure to pay overtime wages pursuant to the terms of the employment contract. AirLog has moved for partial summary judgment as to the contract count of the complaint; Throop has filed a cross-motion to the same effect.

Throop, by bringing a contract claim in addition to his AWHA claim, seeks to extend the period of recovery from the two-year statute of limitations period imposed by the AWHA to the three-year period for contract claims; he does not, however, seek double recovery. Instead, he seeks AWHA damages for the two most recent years, and contract damages for the previous one year. He also seeks an order allowing him to make appropriate 401(k) plan contri-

Throop v. Air Logistics
4FA-03-0835 Civil
Page 2

butions for all three years, and to require AirLog to make the appropriate matching contributions.

AirLog, in its memorandum, contends that Throop's contract claim is an attempt to "bootstrap" an otherwise time-barred cause of action (i.e., a claim for AWHA violations outside the limitations period) into an unbarred action. AirLog claims that the AWHA provides the exclusive remedy for violations of overtime and wage law. It also argues that the contract claim is identical to the AWHA claim, and, as such, is precluded by the AWHA's exclusive mechanism of enforcement.

Throop, in his opposition and cross-motion, counters that the contract claim is distinct from the AWHA claim, and hence is not precluded by it. He further contends that the AWHA does not preclude contract claims based on the same factual events. He argues that, under Alaska contract principles, overtime compensation rights are incorporated into all contracts. Since the Court has found that AirLog violated the AWHA by failing to allocate add-ons to all work hours and to pay overtime on those add-ons, he argues, it follows that it also violated its contractual obligation to pay overtime.

AirLog, in its reply, opposition, and memorandum, reiterates its preclusion argument, and adds that if contract claims were permitted in concert with AWHA claims, then it would mean that every successful AWHA plaintiff would also *ipso facto* have a successful contract claim. This would lead to an effective extension of the limitations period from the two years permitted by AS 23.10.130 for AWHA claims to the three year period permitted by AS 09.10.053 for contracts, contrary to the legislature's intent in enacting a separate statute of

limitations.[1]

Throop, in his reply and opposition to the motion to strike, argues that AirLog overstates the impact of his position. First, an employment contract may not make affirmative statements about overtime, and so may not be breached by an AWHA violation. Second, some plaintiffs would choose not to pursue a contract claim in order to avoid the application of Rule 82. Finally, he says, some employees might be contractually required to exhaust company grievance procedures.

In his cross-motion, Throop also argues that, as a result of the failure of AirLog to consider the add-ons in calculating overtime pay, Throop was denied the opportunity to make contributions to his 401(k) plan, and to benefit from AirLog's matching contributions. On this basis, he claims that he should be permitted to make up those contributions now, and AirLog should be required to contribute the matching funds.

At oral argument, the Court invited supplemental briefing on the distinction between AWHA and contract claims. In his supplemental brief, Throop points to several distinctions between a contract cause of action and the AWHA claim. He notes particularly that the remedies for the two actions differ, and notes also the differences in the plaintiff's potential li-

---

[1] AirLog has also filed a motion to strike Throop's cross-motion as untimely. AirLog's objection is that Throop's filing of the motion violates the pretrial order. The pretrial order was vacated at the June 21, 2004, status hearing. This moots AirLog's objection.

AirLog's reply suggests that the Court is playing favorites with the parties here: "This Court has made it clear, by ruling against Air Logistics on all other substantive motions filed in this case, that if Air Logistics had filed a cross-motion 17 days late, Air Logistics' motion would be stricken. That same standard should now be applied to Throop." The motions were decided on *law*, not on timeliness or any other technicality. Under the circumstances of this case and considering the Supreme Court's stay and loss of the trial date, it would be an abuse of discretion to refuse to consider the cross-motion.

Throop v. Air Logistics
4FA-03-0835 Civil
Page 4

552

ability. For example, he notes that while liquidated damages are available for AWHA actions, they are not available under pure contract claims. Similarly, while under the contract Throop's claim would be fully subject to Rule 82's partial fee-shifting provisions, under the AWHA he stands to be awarded full attorney's fees if he prevails, but is subject to liability for AirLog's fees only if it can show that his claim was not brought in good faith with a reasonable basis in fact. These, he argues, are significant differences which could have motivated the legislature to set a shorter limitations period for AWHA claims while still permitting the employee lesser remedies under contract theory for the longer period.

Although the statute of limitations is implicated in this group of motions, AirLog does not raise it as a direct defense; it concedes that if a contract cause of action does exist, then it is not time-barred. Instead, it exclusively challenges the viability of a contract claim in conjunction with an AWHA claim as impermissibly extending the AWHA's statute of limitations.

Discussion

<u>Alaska Law Incorporates The Terms Of The AWHA Into All Employment Contracts.</u>

The AWHA is incorporated into Alaska employment contracts, whether under the terms of the AWHA itself, or by general contract principles. While Throop relies exclusively on general contract principles, the Court raises incorporation under the terms of the AWHA itself *sua sponte* as a court may do where "the application of [a] rule of law to the facts . . . [is] obvious . . . ." <u>Fyffe v. Wright</u>, 93 P.3d 444, 451 (Alaska 2004) (<u>quoting</u> <u>Carman v. State</u>, 658 P.2d 131, 137 (Alaska App. 1983)).

### The AWHA Itself Mandates Its Incorporation Into All Employment Contracts.

There is no question that the AWHA mandates its incorporation into all contracts of employment. The relevant AWHA section unequivocally states, "This section is included in all contracts of employment." AS 23.10.060(c).

Moreover, Alaska law is also clear that all employment is contractual, whether express or implied. Cuffe v. Sanders Const. Co., Inc., 748 P.2d 328, 330 (Alaska 1988) (citing Selid Const. Co. v. Guarantee Ins. Co., 355 P.2d 389, 393 (Alaska 1960)). Thus, no matter which documents and statements, if any, comprise the contract between AirLog and Throop (or any other class member), the employment contract at a minimum includes the terms of AS 23.10.060 (i.e., the overtime wage provisions).

### The Terms Of The AWHA Are Incorporated Into Employment Contracts Via Rules Of Contract Interpretation.

Alaska contracts incorporate "applicable laws in existence at the time of a contract's formation about which the parties are presumed to know . . . as though they had been expressly set forth in the contract." Ellingstad v. State, 979 P.2d 1000, 1008 (Alaska 1999). Likewise, contracts should be interpreted so as to give "a reasonable, lawful, and effective meaning to all the terms." Rest. 2d Contracts § 203(a) (cited with approval by Rockstad v. Global Fin. & Inv. Co., Inc., 41 P.3d 583, 590 (Alaska 2002) (dissent on other grounds)).

Here, the employment contracts between AirLog and its employees should be interpreted as incorporating the AWHA, since it is a law about which the parties should in this situation be presumed to have been aware (that is, the employer was no doubt aware of the AWHA, and employees were presumably aware that wage and hour law exists and governs overtime).

Throop v. Air Logistics
4FA-03-0835 Civil
Page 6

Thus, AirLog's employment contracts incorporate the AWHA under this theory as well.

### The AWHA Does Not Preclude Contract Claims Based On The Same Factual Events.

AirLog argues that the AWHA precludes contract claims which are based upon the same underlying events and evidence. This must be the case, it argues, since otherwise the statute of limitations provided in AS 23.10.130 would be meaningless – any evidence supporting successful AWHA claim would equally support a contract claim, and so would effectively impose the three-year contract statute of limitations, AS 09.10.053, on AWHA claims, contrary to the explicit provision in AS 23.10.130 of a two-year period.

Throop says that this exaggerates the effect of the holding he seeks. While some AWHA claims would also support a contract cause of action, others would not be affected, for instance if the employer had made no promises regarding overtime pay. Moreover, he contends that while the claims may concern the same events, because the AWHA provides greater remedies and affords greater protections to an employee, the legislature could have chosen the shorter AWHA period to limit employers' liability for AWHA purposes while leaving open the lesser remedies and protections under contract law for a third year.

"One of the prime directives of statutory construction is to avoid interpretations that render parts of a statute 'inoperative or superfluous, void or insignificant.'" Champion v. State, 908 P.2d 454, 464 (Alaska App. 1995) (quoting 22,757 Square Feet, more or less v. State, 799 P.2d 777, 779 (Alaska 1990)). Instead, each statute section should be construed "with every other section, to produce a harmonious whole . . . assum[ing] that every word and phrase in the statute has meaning and must be given effect." Romann v. State, 991 P.2d 186, 190 (Alaska

Throop v. Air Logistics
4FA-03-0835 Civil
Page 7

1999).

The Court has examined the AWHA and its purposes. The legislature, in enacting the AWHA, sought to provide employees with remedies and protections sufficient to encourage them to pursue meritorious wage and hour claims. Bliss v. Bobich, 971 P.2d 141, 148 (Alaska 1998) (citing Bobich v. Stewart, 843 P.2d 1232, 1238 n. 9 (Alaska 1992)). It does not, however, follow that the legislature meant simultaneously to preempt contract actions based upon events that could support an AWHA claim. See Kelly v. Miller, 575 P.2d 1221, 1224 (Alaska 1978) (holding that the UCC does not preempt common law actions and remedies unless they are in conflict with it, and that courts may thus employ common law and equitable remedies in concert with UCC remedies).

The Court acknowledges AirLog's argument that any AWHA claim would similarly support a contract claim, and agrees that Throop's reasoning is circular: since the AWHA is incorporated into every employment contract in the state, what the employer says or does not say about overtime compensation is immaterial to the employee's ability to bring a contract claim. Nevertheless, the Court does not find that allowing a contract claim to proceed alongside an AWHA claim does violence to the legislature's intent in setting a two-year statute of limitation for AWHA claims.

The AWHA and contract law do offer employees distinctly different remedies and protections. While contract law offers employees a three year look back period for their claims, under it they are entitled only to actual damages and interest. They are not awarded liquidated damages and may be awarded only partial attorney's fees as provided by Civil Rule 82. Likewise, under contract law, an employee who does not prevail may be held partially liable for

Throop v. Air Logistics
4FA-03-0835 Civil
Page 8