IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| JOHN GILBERT,<br><br>   Plaintiff,<br>v.<br><br>APC NATCHIQ, INC.,<br><br>Defendant.<br>_____ | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Case No. 3:03-CV-00174-RRB<br>) |

**DEFENDANT'S REPLY TO PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT FOR STATE RATE CALCULATION ON AWHA AND CONTRACT CLAIMS AND OPPOSITION TO DEFENDANT'S FEDERAL RATE MOTION FILED AT DOCKET NO. 32**

COMES NOW Defendant, APC Natchiq, Inc. ("APC"), by and through its undersigned counsel, Delisio, Moran, Geraghty & Zobel, PC, and replies to Plaintiff's notice of supplemental authority in support of its motion for partial summary judgment for State rate calculation on AWHA and contract claims and its opposition to defendant's federal rate motion filed at Docket No. 32, as follows.

This Court is being requested to reconsider its decision on the statute of limitations. The Court specifically found that the three-year statute of limitations for contract claims did not apply, but rather the statute of limitations contained within the Alaska wage and hour statute applied. In support of

DELISIO MORAN
GERAGHTY & ZOBEL, P.C.

943 WEST 6TH AVENUE
ANCHORAGE, ALASKA
99501-2033
─────
(907) 279-9574

00107080.doc - Defendant's Reply to Plaintiff's Notice of Supplemental Authority in Support of Plaintiff's Motion For Partial Summary Judgment for State Rate Calculation on AWHA and Contract Claims and Opposition to Defendant's Federal Rate Motion Filed at Docket No. 32
*Gilbert v. APC Natchiq*, Case No: 3:03-cv-00174 RRB; Page 1 of 4

the request for reconsideration, a decision of an Alaska Superior Court judge has been submitted. It is the position of APC that this Court has made the correct decision, and no reconsideration should be granted.

Both the federal and state legislatures have adopted regulations and penalties which apply in the context of overtime payments due to employees. To the extent that there may have been common law rights in this area prior to such legislation, such rights are now codified and specifically spelled out in the legislative schemes. There was clearly no intent to leave common law contract remedies available to be awarded to employees who were underpaid overtime. All rights and remedies are directly conferred by the statutory schemes.

This is especially true when one is looking at the statute of limitations. In providing for remedies for under payment of overtime, the legislature clearly did a balancing of competing interests. While seeking to be sure that employees are compensated, and that employers who do not pay adequate compensation face stringent penalties, the legislature determined that there was a limitation to such penalties and, therefore, set a statute of limitations. To allow an employee to side step this statutory scheme by pleading a contract claim in addition to a wage and hour violation undermines the

DELISIO MORAN
GERAGHTY & ZOBEL, P.C.

943 WEST 6TH AVENUE
ANCHORAGE, ALASKA
99501-2033
——
(907) 279-9574

00107080.doc - Defendant's Reply to Plaintiff's Notice of Supplemental Authority in Support of Plaintiff's Motion For Partial Summary Judgment for State Rate Calculation on AWHA and Contract Claims and Opposition to Defendant's Federal Rate Motion Filed at Docket No. 32
4 *Gilbert v. APC Natchiq*, Case No: 3:03-cv-00174 RRB; Page 2 of 4

statutory goals and expands the remedies beyond those contemplated by the statute.

In this case, by pleading a contract claim, it is not being argued that for the third year Mr. Gilbert would be entitled to an alternative remedy under common law contract. Rather, it is argued that he is entitled to the remedies of the statute for a retroactive third year. If the legislature had intended that there be a three-year statute of limitations, it would have said so. In fact, it set a two-year statute of limitations, and such limitation should be given deference. Therefore, the request for reconsideration should be denied.

DATED this 29th day of November, 2006, at Anchorage, Alaska.

          DeLISIO MORAN GERAGHTY & ZOBEL
          Attorneys for Defendant,
          APC Natchiq, Inc.

          /s/ Patricia L. Zobel
By: _____
    Patricia L. Zobel
    Bar No. 7906067
    E-Mail: pzobel@dmgz.com
    943 W. Sixth Avenue
    Anchorage, AK 99501
    Telephone: 907-279-9574
    Facsimile: 907-276-4231

DeLisio Moran Geraghty & Zobel, P.C.
943 West 6th Avenue
Anchorage, Alaska 99501-2033
(907) 279-9574

00107080.doc - Defendant's Reply to Plaintiff's Notice of Supplemental Authority in Support of Plaintiff's Motion For Partial Summary Judgment for State Rate Calculation on AWHA and Contract Claims and Opposition to Defendant's Federal Rate Motion Filed at Docket No. 32
4 *Gilbert v. APC Natchiq*, Case No: 3:03-cv-00174 RRB; Page 3 of 4

```
This is to certify that a true
copy of the foregoing was served
via electronic service or U.S.
mail this 29ᵗʰ  day of November, 2006,
to the following:

Kenneth L. Covell, Esq.
712 Eighth Avenue
Fairbanks, AK  99701

   /s/ Jean K. Adams
By:_____
     Jean K. Adams
```

DELISIO MORAN
GERAGHTY & ZOBEL, P.C.

943 WEST 6TH AVENUE
ANCHORAGE, ALASKA
99501-2033

(907) 279-9574

00107080.doc - Defendant's Reply to Plaintiff's Notice of Supplemental Authority
in Support of Plaintiff's Motion For Partial Summary Judgment for State Rate
Calculation on AWHA and Contract Claims and Opposition to Defendant's Federal
Rate Motion Filed at Docket No. 32
4 *Gilbert v. APC Natchiq*, Case No: 3:03-cv-00174 RRB; Page 4 of 4