KENNETH L. COVELL
Alaska Bar No. 8611103
LAW OFFICE OF KENNETH L. COVELL
712 Eighth Avenue
Fairbanks, Alaska  99701
(907)452-4377 tel.
(907)451-7802 fax
kcovell@gci.net


IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA


| | |
|---|---|
| JOHN GILBERT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| APC NATCHIQ, INC. | ) |
| | ) |
| Defendants. | ) |
| | ) Case No. A03-0174CV (RRB) |


**REPLY TO RESPONSE (Doc 98) TO PLAINTIFF'S RENEWED DEMAND FOR PAYMENT, PURSUANT TO AS 23.10.060 and 8 AAC 15.100; SUBSEQUENT TO COURT ORDER FILED AT DOCKET NO. 90**

Plaintiff filed a renewed demand for payment (Doc 98) subsequent to the court's order (Doc 90) that 8 AAC 15.100 would be used to calculate the regular rate in this case.  That order relied upon the briefing of both parties in this regard.  In its opposition to the State Rate Calculation (Doc 75), APC argued, assuming that 8 AAC 15.100 applied, that a method of calculation annualizing the daily salary should be used.  Such calculation waters down plaintiff's pay significantly, and is not complaint with the order.

Plaintiff responded to these arguments in his Reply to Defendant's Opposition (Doc 76), explaining that nowhere, in the regulation, is there any instruction to annualize the salary. Gilbert was paid a day salary, and regulation requires calculation of a regular rate based upon an eight-hour workday, and a 40-hour workweek. The regular rate is an hourly rate figured on a weekly basis.

The court denied the defendant's motion (Doc 90), and in doing so considered both defendant's argument and plaintiff's argument concerning 8 AAC 15.100. The court has ordered calculation pursuant to 8 AAC 15.100. 8 AAC 15.100 makes no mention of annualizing daily salaries. The court granted plaintiff's Motion for Summary Judgment on State Rate Calculation. Plaintiff's regular rate, when calculated pursuant to the regulation is $59.38, see plaintiff's Reply (Doc 76) p3. This is the order of the court, and plaintiff asks the court to reconfirm its order. If the court is not reconfirming its previous order, and is perhaps, granting reconsideration thereon, the court should order, and allow for, the proper supplemental briefings and/or oral argument.

Again, the regulation concerns no mention of annualizing salaries. It merely says the regular rate is an hourly rate figured on a weekly basis, and in this instance, salary will be considered compensation for an eight-hour workday, and a 40-hour workweek, and overtime will be computed on that basis, plaintiff's opposition (Doc 76) p3.

8 AAC 15.100(a)(2) provides, in regard to the calculation at hand, "…the salary will be considered compensation for an eight-hour workday…and overtime will be computed on that basis." The salaries at issue were day salaries, at a rate of $475 per day. $475 divided by 8 equals $59.38. There is simply no need or direction to manipulate the numbers any other way.

RESPECTFULLY SUBMITTED this 21st day of December, 2006.

LAW OFFICES OF KENNETH L. COVELL
Attorney for John Gilbert

/s/Kenneth L. Covell
712 8th Ave.
Fairbanks, AK 99701
Phone:  907.452.4377
Fax:  907.451.7802
E-mail:  kcovell@gci.net
Attorney Bar #:  8611103

**CERTIFICATE OF SERVICE**
This is to certify that a copy of the foregoing has been
Electronically sent to the following attorney(s):

**Patricia Zobel**
**DeLisio Moran Geraghty & Zobel**
**943 W. 6th Ave.**
**Anchorage, AK 99501**

Dated: 12/21/06
By:      /s/ Emily S. Ervin
          Emily S. Ervin for Kenneth L. Covell

*Gilbert v. APC,* Case No. A03-0174CV (RRB)
Reply to Response to Renewed Demand for Payment, Pursuant to AS 23.10.060 & 8 AAC 15.100