IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

JOHN GILBERT,

      Plaintiff,

vs.

APC NATCHIQ, INC.,

      Defendant.

Case No. 3:03-cv-0174-RRB

**ORDER GRANTING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON THE ISSUE OF EXEMPTION (Docket 42)**

## I.    INTRODUCTION

Before the Court is Plaintiff John Gilbert ("Gilbert") with a Motion for Partial Summary Judgment on the Issue of Exemption at Docket 42.  Gilbert argues that the Court should enter an order finding that, as a matter of law, Gilbert, while working as a Safety _Supervisor_ was a nonexempt employee and therefore entitled to overtime pay.[1]  Defendant APC Natchiq, Inc. ("APC") opposes at Docket 87 and argues that, as a matter of law, Gilbert was an administrative employee and therefore exempt from overtime.[2]

---

[1]    Docket 42 at 3 (emphasis added).

[2]    Docket 87 at 2.

## II.  FACTS

Inasmuch as the facts are more than substantially briefed within the applicable and relevant pleadings, they are not repeated herein except as necessary.

## III. STANDARD OF REVIEW

Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment should be granted if there is no genuine dispute as to material facts and if the moving party is entitled to judgment as a matter of law.  The moving party has the burden of showing that there is no genuine dispute as to material fact.[3]  The moving party need not present evidence; it need only point out the lack of any genuine dispute as to material fact.[4]  Once the moving party has met this burden, the nonmoving party must set forth evidence of specific facts showing the existence of a genuine issue for trial.[5]  All evidence presented by the non-movant must be believed for purposes of summary judgment, and all justifiable inferences must be drawn in favor of the non-movant.[6]  However, the nonmoving party may not rest upon mere allegations or denials, but must show that there is sufficient evidence supporting the claimed

---

[3]  <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986).

[4]  <u>Id.</u> at 323-325.

[5]  <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248-9 (1986).

[6]  <u>Id.</u> at 255.

factual dispute to require a fact-finder to resolve the parties'
differing versions of the truth at trial.[7]

**IV.  DISCUSSION**

On or about January 2, 2002, Gilbert was promoted to the
position of Safety Supervisor.[8]  Despite the promotion, Gilbert
argues that he remained a nonexempt employee because his job as
Safety <u>Supervisor</u> was essentially the same as a Safety <u>Specialist</u>,[9]
i.e., his previous position.  Moreover, Gilbert argues that the
Court should enter an order finding that, as a matter of law,
Gilbert, while working as a Safety <u>Supervisor</u> was nonexempt,[10]
because "there is no demonstration in the evidence developed in
discovery to shown even by a preponderance of the evidence (much
less clear and convincing evidence, much less proof beyond a

---

[7]     <u>Id.</u> at 248-9.

[8]     Docket 42 at 1.

[9]     <u>Id.</u> at 6 (citations omitted).  As a matter of law,
Gilbert was not an exempt employee while he was employed as a
Safety Specialist, i.e., from January 30, 2001, to January 1, 2002.
<u>Zuber v. APC Natchiq, Inc.</u>, 144 Fed. Appx. 657, 657-58 (9th Cir.
2005).  The applicable regulations are silent, however, as to
whether "Safety Supervisors" are exempt.  "Safety Directors" are
exempt.  Docket 42 at 11 (<u>citing</u> 29 C.F.R. § 541.205(c)(5)).  And
relevant case law further instructs that public sector "inspectors
or investigators" do not fall under the administrative employee
exemption.  <u>Zuber</u>, 144 Fed. Appx. at 658 (<u>citing</u> 29 C.F.R.
§ 541.203(j)).  In conjunction with the same, Gilbert argues his
duties as a "Safety Supervisor" were more akin to those of an
"inspector" rather than a "director."

[10]     Docket 42 at 3 (emphasis added).

reasonable doubt) that Gilbert, while working as a Safety Supervisor was exempt from the overtime requirements.[11]

APC opposes and argues that the undisputed facts show that, as a matter of law, Gilbert was an administrative employee exempt from overtime.[12]

Under both Federal and State Wage and Hour law, an employee is presumed to be nonexempt (i.e., entitled to overtime).[13] Moreover, "[t]he burden is on the <u>employer</u> to prove <u>beyond a reasonable doubt</u> that the employer is exempt."[14] APC has failed to meet that high burden. Indeed, although the duties and/or responsibilities with which Gilbert was tasked as a Safety <u>Supervisor</u> are disputed, the Court concludes the evidence thus proffered falls well short of establishing, <u>beyond a reasonable doubt</u>, that Gilbert was exempt. As a result, Gilbert's Motion for Partial Summary Judgment on the Issue of Exemption at **Docket 42** must, as a matter of law, be **GRANTED**.

V.   **CONCLUSION**

Because APC has not established, <u>beyond a reasonable doubt</u>, that Gilbert was exempt, i.e., not entitled to overtime, and because "[e]xemptions are to be narrowly construed against the

---

[11]   <u>Id.</u>

[12]   Docket 87 at 12.

[13]   Docket 42 at 2.

[14]   <u>Fred Meyer of Alaska, Inc. v. Bailey</u>, 100 P.3d 881, 884 (Alaska 2004)(footnote omitted)(emphasis added).

employer,"[15] and because the evidence thus proffered suggests that Gilbert <u>may</u> have been entitled to overtime,[16] Gilbert's Motion for Partial Summary Judgment on the Issue of Exemption at **Docket 42** is hereby **GRANTED**.

ENTERED this 10th day of January, 2007.

s/RALPH R. BEISTLINE
UNITED STATES DISTRICT JUDGE

---

[15]    <u>Id</u>. (footnote omitted).

[16]    Indeed, given his job description, the sum of the evidence thus proffered suggests Gilbert <u>may</u> have spent about 80% of his time, as a Safety <u>Supervisor</u>, doing that which a Safety <u>Specialist</u> did. <u>See e.g.</u>, Docket 92, Ex. 4.