IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| JOHN GILBERT,<br><br>          Plaintiff,<br><br>vs.<br><br>APC NATCHIQ, INC.,<br><br>          Defendant. | Case No. 3:03-cv-0174-RRB<br><br><br>**ORDER REGARDING**<br>**PENDING MOTIONS** |

## I.    INTRODUCTION

Before the Court are a number of pending ripe motions. Inasmuch as the Court concludes oral argument is neither necessary nor warranted with respect to any of them, the oral argument scheduled for Thursday, January 18, 2007, at 1:30 p.m., is hereby canceled.[1]  The Court's rulings and findings for each of the pending motions follows.

---

[1]    Inasmuch as the Court concludes the parties have submitted memoranda thoroughly discussing the law and evidence in support of their positions, it further concludes oral argument is neither necessary nor warranted with regard to any of the ripe matters presently before the Court.  See Mahon v. Credit Bureau of Placer County, Inc., 171 F.3d 1197, 1200 (9th Cir. 1999)(explaining that if the parties provided the district court with complete memoranda of the law and evidence in support of their positions, ordinarily oral argument would not be required).

## II.  FACTS

Because the relevant facts are more than substantially briefed within the applicable pleadings, they are not repeated herein except as necessary.

## III. STANDARD OF REVIEW

Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment should be granted if there is no genuine dispute as to material facts and if the moving party is entitled to judgment as a matter of law.  The moving party has the burden of showing that there is no genuine dispute as to material fact.[2]  The moving party need not present evidence; it need only point out the lack of any genuine dispute as to material fact.[3]  Once the moving party has met this burden, the nonmoving party must set forth evidence of specific facts showing the existence of a genuine issue for trial.[4]  All evidence presented by the non-movant must be believed for purposes of summary judgment, and all justifiable inferences must be drawn in favor of the non-movant.[5]  However, the nonmoving party may not rest upon mere allegations or denials, but must show that there is sufficient evidence supporting the claimed

---

[2]    Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

[3]    Id. at 323-325.

[4]    Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-9 (1986).

[5]    Id. at 255.

factual dispute to require a fact-finder to resolve the parties' differing versions of the truth at trial.[6]

## IV.  DISCUSSION

### A.  Dockets 34 and 52

At Docket 34 is Defendant APC Natchiq, Inc. ("Defendant") with a Motion for Summary Judgment to Dismiss Liquidated Damages Claim and Memorandum in Support Thereof.  The motion is opposed at Docket 79.  Inasmuch as the Court concludes the determination as to whether Defendant "willfully and intentionally" failed to: (1) pay Plaintiff John Gilbert ("Plaintiff") overtime; and/or (2) pay Plaintiff for all of the hours that he worked, depends upon material issues of fact that remain in dispute, the motion at **Docket 34** is **DENIED**.[7]  Plaintiff's Motion for Partial Summary Judgment on the Issues of Good Faith and Willfulness at **Docket 52** is also **DENIED**.

### B.  Docket 36

At **Docket 36** is Defendant's Motion in Limine to Preclude the Testimony of Plaintiff's Expert and Memorandum in Support Thereof.  The motion is opposed at Docket 83 and is **DENIED** without prejudice.  Should Plaintiff call expert Monte L. Jordon to testify

---

[6]     Id. at 248-9.

[7]     Notwithstanding, the Court notes that the evidence thus proffered strongly suggests Defendant "acted in good faith when it classified the Safety Specialist and Supervisor positions as exempt."  Docket 34 at 8.  Indeed, it appears that Defendant "engaged in a comprehensive review of the exempt/non-exempt classification of various positions and the propriety of day rate compensation."  Id. at 2 (citations omitted).

at trial and/or rely upon the expert report of Monte L. Jordon at trial, the Court will revisit the issue and <u>may</u> allow <u>voir dire</u> and/or a <u>Daubert</u> Hearing, out of the presence of the jury, should it ultimately determine that the same is required.

**C.    Docket 38**

Given the Court's ruling at Docket 106, Defendant's Motion for Summary Judgment to Dismiss Plaintiff's Overtime Claims Under the Administrative Exemption and Memorandum in Support Thereof at **Docket 38** is hereby **DENIED**.

**D.    Docket 44**

At Docket 44 is Plaintiff's Memorandum of Law 90-Day Penalty. Plaintiff "moves the Court for an Order directing the [D]efendant to pay a 90-day penalty for its failure to pay all overtime and wages due him, pursuant to [Alaska Stat. § 23.05.140(d)]."[8] The motion is opposed at Docket 67. Because the Court concludes Defendant is, and/or has been, making every effort to pay Plaintiff the moneys owed him, as the relevant issues relating to the same are resolved in this matter,[9] Plaintiff's motion at **Docket 44** is also **DENIED**.

**E.    Docket 47**

In accordance with the Court's Order at Docket 95, Plaintiff's Motion for Partial Summary Judgment Regarding the Law

---

[8]    Docket 44 at 1.

[9]    Indeed, the Court concludes "[a] penalty is not proper because [the evidence suggests Defendant] did not intentionally withhold or delay payment of overtime wages." Docket 67 at 1.

of the Case on His Breech of Contract Action for Overtime at **Docket 47** is **DENIED**.

    **F.**   **Docket 50**

    In accordance with the Court's Order at Docket 90, Plaintiff's Motion for Summary Judgment for State Rate Calculation on AWHA and Contract Claims at **Docket 50** is **DENIED** as moot.

    **G.**   **Docket 101**

    The Court notes that the pleading at Docket 101, entitled Notice of Supplemental Authority, is essentially a motion for reconsideration. Plaintiff has asked the Court to revisit its ruling at Docket 95 regarding the statute of limitations in this matter. Having fully considered the same, as well as the relevant pleadings filed in response thereto, Plaintiff's motion at **Docket 101** is hereby **DENIED**.

    **H.**   **Docket 98**

    Finally, at Docket 98, is Plaintiff's Renewed Demand for Payment, Pursuant to Alaska Stat. § 23.10.060 and 8 Alaska Admin. Code tit. 8, § 15.100; Subsequent to Court Order Filed at Docket 90. Because the Court concludes Defendant is making every effort to pay Plaintiff the money owed him as the relevant issues relating to the same are resolved in this matter, Plaintiff's Motion at **Docket 98** is hereby **DENIED**.

    Notwithstanding, in accordance with Defendant's Response to Plaintiff's Demand for Payment Filed at Docket 98 (Docket 99), the Court concludes the controlling authority regarding the methodology by which to calculate Plaintiff's regular rate of pay

and overtime is <u>Piquniq Management Corp. v. Reeves</u>, 965 P.2d 732 (Alaska 1998). As a consequence, the parties are to calculate the moneys owed Plaintiff in accordance with the same.

**V.    CONCLUSION**

Based upon the aforesaid: (1) the oral argument presently scheduled for Thursday, January 18, 2007, at 1:30 p.m. is hereby canceled; (2) this order shall enter with respect to the relevant motions addressed herein; and (3) the parties shall proceed forward in due course.

ENTERED this 16th day of January, 2007.

s/RALPH R. BEISTLINE
UNITED STATES DISTRICT JUDGE