KENNETH L. COVELL
Alaska Bar No. 8611103
LAW OFFICE OF KENNETH L. COVELL
712 Eighth Avenue
Fairbanks, Alaska  99701
(907)452-4377 tel.
(907)451-7802 fax
kcovell@gci.net

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| JOHN GILBERT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| APC NATCHIQ, INC. | ) |
| | ) |
| Defendants. | ) |
| | ) Case No. A03-0174CV (RRB) |

**RESPONSE TO ORDER**
**CALCULATION OF MONIES OWED PLAINTIFF IN ACCORDANCE WITH**
***PIQUNIQ V REEVES*, 965 P.2D 732 (ALASKA 1998) AS ORDERED AT DOC 109**
**AND REQUEST FOR ORDER ON SAME**

1. The court ordered the parties to calculate the monies owed plaintiff in accordance with *Piquniq Management Corp. v Reeves*, 965 P.2d 732 (Alaska 1998) (Exhibit A); (*Ken Brock v. Cominco Alaska Incorporated,* Case No. F00-0025-CV (HRH) (Exhibit B)); at docket 109 (Exhibit C) pages 5 and 6.  *Piquniq* applies 8 AAC 15.100.

2. The court had previously ordered that "plaintiff's regular rate should be calculated pursuant to 8 AAC 15.100" (Doc 90, p.3) (Exhibit D)

3. The court has established hours worked pursuant to plaintiff's motion to establish hours worked. (Doc 91) (Exhibit E)

Gilbert was paid a daily salary.

    6/20/01 – 1/20/02    Daily Salary $425

    1/3/02 – 4/13/03    Daily Salary $475

8 AAC 15.100(a)(2) and *Piquniq* at 734 say, "all salary must be converted to an hourly rate figured on a weekly basis: …" 8 AAC 15.100(a)(1) requires the employment contract to set out a specific number of hours the employee is expected to work and establish a regular hourly rate of pay.

APC failed to follow the law under 8 AAC 15.100(a)(1). The second paragraph of 8 AAC 15.100 applies in default of the first. *Piquniq* at 735.

> If a contract fails to establish a fixed number of daily and weekly hours for which the salary is intended to compensate, <u>or if the actual hours worked deviate from the hours specified in the contract, the salary will be considered to be compensation for an eight-hour work day and a forty-hour work week,</u> and overtime will be computed on that basis.

These matters were all heard (Doc 27 and Doc 50), and decided by the court previously in the court's order denying Motion for Rule of Law Establishing FLSA Day Rate Calculation of Overtime Damages (Doc 90). The court is first required to figure a salary on a weekly basis, *Piquniq* at 735.

The Supreme Court of the state of Alaska directs that 8 AAC 15.100 be applied thusly:

> Accordingly, 8 AAC 15.100(a) and (a)(2) require a salaried worker's award for unpaid overtime compensation to be computed by: (1) "figuring" the worker's salary on a weekly basis; (2) assuming that the week of salary represents pay for a week of straight-time work; (3) using the "regular rate" of hourly pay derived from this

assumption as the basis for determining the worker's total compensation for all hours actually worked; and (4) deducting from this amount all amounts of salary actually paid.

Gilbert's daily salary converts to a weekly basis as follows:

6/20/01 – 1/2/02        Daily Salary $425

    Weekly Basis      =   5 days x $425    =$2125.00
    Regular Rate      =   $2125/40         =$53.13
    Overtime Rate     =   $53.15 x 1.5     =$79.69

1/3/02 – 4/13/03        Daily Salary $475

    Weekly Basis      =   5 days x $475    =$2375.00
    Regular Rate      =   $2375/40         =$59.38
    Overtime Rate     =   $59.38 x 1.5     =$89.06

Defendant APC Natchiq, Inc. paid Gilbert for each day he worked. In the period from 6/20/01 through 1/2/02, Gilbert worked 95 days including travel days to and from the worksite for a total of $40,375 in wages.

In the following period from 1/3/02 through 4/13/03, Gilbert worked 239 days including travel days to and from the worksite for a total of $113,525 in wages.

Days and hours worked are undisputed, pursuant to the "daily logs" (Doc 91). Based upon Gilbert's hours worked, Gilbert's additional overtime hours are as follows:

6/20/01 – 1/2/02        Daily Salary $425

    612 ST hours @ $53.13       =   $32,512.50
    554.25 OT Hours @ $79.69    =   $44,166.80
        Total Wages Earned   =   $76,679.30
        Wages Paid           =   $40,375.00
        **OT Owed**          =   **$36,304.30**

1/3/02 – 4/13/03        Daily Salary $475

    1531 ST Hours @ $59.38      =   $ 90,903.13
    1124.25 OT Hours @ $89.06   =   $100,128.52
        Total Wages Earned   =   $191,031.64
        Wages Paid           =   $113,525.00

|  |  |  |
|---|---|---|
| **OT Owed** | = | **$77, 506.64** |
| **Total OT Owed** | = | **$113,810.94** |
| [Liquidated Damages | = | $113,810.94] |
| **[Total OT and Liquidated** |  |  |
| **Damages** | = | **$227,621.88]** |
| **Total OT Owed** | = | **$113,810.94** |
| 08/06 Payment | = | $  -8988.85 |
|  |  | **$104,822.09** |

### Further Comment

"…[A]s a matter of law, plaintiff is entitled to the alternative calculation of regular rate of pay in order to correctly determine the overtime pay due him." *Brock v. Cominco,* Case No. F00-0025-CV (United States District Court, Alaska) (HRH) Exhibit B to Plaintiff's Motion to Establish State Rate Calculation, page 6.

The statutes and regulations of the AWHA plainly and clearly explain how to calculate a regular rate when overtime is due (See Gilbert's Motion for State Rate Calculation, filed at docket no. 50).

The Alaska Supreme Court, in *Piquniq Management v. Reeves*, 965 P.2d 732 (Alaska 1998), and The United States District Court, in *Brock v. Cominco, Id.,* use the Alaska Statutes and Regulations to calculate "regular rate." Both cases reject defendant's proposal that the Federal Regulations, in any way, play any part in calculating regular rate. What *Reeves* is all about is how to distinguish between "overtime compensation" and "overtime damages".

Defendant's argument to use a CFR to calculate either "regular rate" or "overtime damages" (as distinguished from "overtime wages") has been resoundingly rejected

twice, once by the Alaska Supreme Court in *Reeves* and once by the United States District Court in *Brock v. Cominco*.

> 8 AAC 15.100
>
> (a) An employee's **regular rate** is the basis for computing overtime.  The **regular rate** is an hourly rate figured on a weekly basis.  An employee need not actually be hired at an hourly rate.  The employee may be paid by piece-rate, salary, commission, or any other basis agreeable to the employer and employee.  However, the applicable compensation basis must be converted to an hourly rate when determining the **regular rate** for computing overtime compensation.  The following provisions apply for an employee paid on a salary basis: …(2) …if the actual hours of work deviate from the hours specified in the contract, **the salary will be considered to be compensation for an eight-hour work day and 40-hour workweek**, and overtime will be computed on that basis.  (emphasis added**)**

Applying this law to Gilbert:   Gilbert was paid $475 per day.  That compensation will be considered compensation for an eight-hour work day.  $475 divided by eight is $59.38.[1]  On a weekly basis, five days times $475, divided by 40 equals $59.38.

The defendants do not like the result of application of the law to the facts in this case.  Again, this is similar to *Brock,*

> "Defendant argues that plaintiff consented to a salary based upon 70 hours per week, and that the regulatory calculation takes plaintiff's salary and divides it by 40 hours per week, thereby producing a regular hourly rate that neither of the parties considered.  While the court recognizes the harsh result of the regulatory calculation method, the court also notes that defendant's argument has no basis in law."

---

[1] "The overtime rates calculated under the FLSA may result in a lower rate than the AWHA but, a plaintiff is entitled to use the higher of the two rates because the Federal Act does not pre-empt the State counterpart. *Grimes v. Kinney Shoe* 902 F Supp. 1070, 1073-74 (D. Alaska 1995)".  Fn. 17 *Brock* page 8.

*Gilbert v. APC,* Case No. A03-0174CV (RRB)
CALCULATION OF MONIES OWED PLAINTIFF IN ACCORDANCE WITH *PIQUNIQ V REEVES,* 965 P.2D 732 (ALASKA 1998) AS ORDERED AT DOC 109 AND REQUEST FOR ORDER ON SAME

*Brock* at page 10.

> Immediately above that, the court said:
>
>> As a matter of law, plaintiff is entitled to the alternative calculation [pursuant to 8 AAC 15.100 (a)(2)] of regular rate of pay in order to correctly determine the overtime pay due him.

## THE ANOMALY

In *Reeves,* the court recognized an anomaly in calculating "overtime damages" versus "overtime wages". There, the methodology used led to no monies paid by the employer being applied to overtime hours worked. The methodology described in *Piquniq,* avoids that anomaly. Here, using the methodology described in *Piquniq* will give the defendant credit for paying some monies towards overtime work, e.g. days 5 and 6 of his 7-day work week, where Gilbert worked all 7 days, the employer will be given credit[2] for the daily salary paid, $475 against the hours worked times the overtime rate calculated pursuant to 8 AAC 15.100. The anomaly from *Piquniq* does not arrive in the instant calculation.[3]

---

[2] The statutes and regulations are clear. The court is referred to plaintiff's motion for state rate calculation, filed at docket no. 50; the regulation 8 AAC 15.100 (a) and (2); the opinion of Judge Holland in *Brock v. Cominco*, especially pages 8-13; and *Piquniq v. Reeves* pages 735-738.

[3] There is no anomaly in Gilbert's calculation. If any anomaly were to arise in this matter, it would be following the defendant's suggestion that Gilbert's salary be converted to an annual salary. There is no direction in any of the case law or regulations to do so. It was necessary to discuss annual salary in *Reeves*, as that was the basis Reeves was paid on. Whatever benefits may inure to either the employer or employee vis a vis an annual salary versus a daily salary, existed in each instance. In any event, there is no annual salary in Gilbert's case, and absolutely no need or reason to discuss such a subject; more or less, launder the regular rate calculation through an annual salary. If anything creates an anomaly in this case, it would be running regular rate through an annual salary calculation. Such an exercise would lead to the anomaly of Gilbert being compensated for his overtime at something in the range of ½ of his regular rate computed per 8 AAC 15.100 (a)(2). A result that is proscribed by *Reeves*.

*Gilbert v. APC,* Case No. A03-0174CV (RRB)
CALCULATION OF MONIES OWED PLAINTIFF IN ACCORDANCE WITH *PIQUNIQ V REEVES*, 965 P.2D 732 (ALASKA 1998) AS ORDERED AT DOC 109 AND REQUEST FOR ORDER ON SAME

Page 6 of 9

The court noted, in *Piquniq*, that there were, "peculiar circumstances," *Piquniq* at 738. In *Piquniq*, the court notes that often times, overtime wages and overtime compensation could end up being the same result, *Piquniq* at 737. The court goes on to say:

> When read in light of paragraph (a), sub paragraph (a)(2), it does not support the proposition that Reeves' entire annual salary should automatically be treated as compensation for whatever straight time hours he actually worked. Rather, it stands for the narrower and more sensible proposition that each week of Reeve's salary should be treated as compensation for a corresponding week of actual straight time work at his regular rate of pay. In effect then, sub paragraph (a)(2) strives to ensure that salaried workers, like hourly workers, are compensated on the basis of their regular rate of pay for all the hours they actually work.

*Reeves* at 737.

Gilbert's calculation follows the mandate of 8 AAC 15.100. He will be compensated on the basis of his regular rate of pay for all hours worked. However, APC will be given credit for all monies paid.

The court should order that Gilbert is owed wages and overtime in the amount of $113,810.94 minus the $8,988.85 that the defendant paid in August of 2006. The defendant shall now pay $104,882.09 in satisfaction of wages and overtime due.

RESPECTFULLY SUBMITTED this 29th day of January, 2007.

LAW OFFICES OF KENNETH L. COVELL
Attorney for John Gilbert

/s/Kenneth L. Covell
712 8th Ave.
Fairbanks, AK 99701
Phone: 907.452.4377
Fax: 907.451.7802
E-mail: kcovell@gci.net

Attorney Bar #:  8611103

*Gilbert v. APC,* Case No. A03-0174CV (RRB)
CALCULATION OF MONIES OWED PLAINTIFF IN ACCORDANCE WITH *PIQUNIQ V REEVES*, 965
P.2D 732 (ALASKA 1998) AS ORDERED AT DOC 109 AND REQUEST FOR ORDER ON SAME

Page 8 of 9

**CERTIFICATE OF SERVICE**
This is to certify that a copy of the foregoing has been
Electronically sent via ECF to the following attorney(s):

**Patricia Zobel**

Dated: 1/29/07
By: ___/s/ Emily S. Ervin_____
    Emily S. Ervin for Kenneth L. Covell

*Gilbert v. APC,* Case No. A03-0174CV (RRB)
CALCULATION OF MONIES OWED PLAINTIFF IN ACCORDANCE WITH *PIQUNIQ V REEVES*, 965
P.2D 732 (ALASKA 1998) AS ORDERED AT DOC 109 AND REQUEST FOR ORDER ON SAME

Page 9 of 9