IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| JOHN GILBERT,<br><br>    Plaintiff,<br><br>vs.<br><br>APC NATCHIQ, INC.,<br><br>    Defendant. | Case No. 3:03-cv-0174-RRB<br><br>**ORDER DENYING MOTION FOR RULE OF LAW ESTABLISHING FLSA DAY RATE CALCULATION OF OVERTIME DAMAGES** |

## I. INTRODUCTION

Before the Court is Defendant APC Natchiq, Inc. with a Motion for Rule of Law Establishing the FLSA Day Rate Calculation of Overtime Damages at Docket 27. The motion is opposed at Docket 50 and, for reasons more carefully articulated herein, is **DENIED**.

---

[1] Inasmuch as the Court concludes the parties have submitted memoranda thoroughly discussing the law and evidence in support of their positions, it further concludes oral argument is neither necessary nor warranted with regard to the instant matter. See Mahon v. Credit Bureau of Placer County, Inc., 171 F.3d 1197, 1200 (9th Cir. 1999)(explaining that if the parties provided the district court with complete memoranda of the law and evidence in support of their positions, ordinarily oral argument would not be

(continued...)

II. **FACTS**

Inasmuch as the facts are more than substantially briefed within the applicable pleadings, they are not repeated herein except as necessary.

III. **STANDARD OF REVIEW**

"[T]he Court may ascertain as it sees fit any fact that is merely a ground for laying down a rule of law . . . ."[2]

IV. **DISCUSSION**

Inasmuch as the parties agree that some overtime pay is appropriate,[3] and inasmuch as it appears as though "Alaska has no specific Wage & Hour law addressing the payment of a day-rate to exempt employees,"[4] it further appears as though overtime damages in this case, if any, should be calculated in accordance with the Fair Labor Standards Act (the "FLSA"). However, upon closer examination, it is evident that the Alaska Wage and Hour Act (the "AWHA") is not silent with respect to "daily salaries." Indeed, the AWHA provides:

---

[1](...continued)
required). As a result, Defendant's Motion for Oral Argument at **Docket 28** is hereby **DENIED**.

[2] Chastleton Corp. v. Sinclair, 264 U.S. 543, 548 (1924).

[3] Docket 27, n.1 ("Defendant concedes that Plaintiff is entitled to overtime for work performed in excess of 40 hours while employed as a Safety Specialist.")

[4] Docket 50, Bates No. APC0180.

ORDER DENYING MOTION AT DOCKET 27 - 2
3:03-CV-0174-RRB

> Exempt administrative, executive, or professional employees may be compensated on a <u>daily rate</u> if they receive at least $300 per day and that, subject to the provisions of this section, the employee receives the full <u>daily salary</u> for any day in which any hours are worked regardless of the number of hours worked.[5]

The Alaska Department of Labor's interpretive ruling in December 1989 found similarly.[6]

As a consequence, the Court concludes "[Plaintiff's] regular rates should be calculated pursuant to 8 AAC 15.100. There is no need or direction to go to the Federal law,"[7] i.e., the FLSA.

## V. CONCLUSION

Based upon the aforesaid, and for additional reasons articulated in Plaintiff's Opposition to Defendant's Motion for Rule of Law Establishing the FLSA Day Rate Calculation of Overtime Damages at Docket 50, Defendant's Motion at **Docket 27** is hereby **DENIED**.

ENTERED this 10th day of October, 2006.

S/RALPH R. BEISTLINE
UNITED STATES DISTRICT JUDGE

---

[5]   Id. at 4 (quoting 8 AAC 15.908(c))(emphasis added).

[6]   Id. at Bates No. APC0180 ("The [Alaska] Department [of Labor] 'would indeed allow a <u>daily rate</u> providing the following procedures and conditions are true . . . .'")(emphasis added).

[7]   Id. at 4.

ORDER DENYING MOTION AT DOCKET 27 - 3
3:03-CV-0174-RRB

Exhibit D page 3 of 3