January 23, 2007

Kenneth L. Covell
Law Office of Kenneth L. Covell
712 8th Avenue
Fairbanks, Alaska 99701

Re: GILBERT v. APC NATCHIQ, CASE NO. 3:03-cv-0174-RRB

Dear Mr. Covell:

This report is in response to your request to provide additional calculations for overtime wages as a result of an Order Regarding Pending Motions received from U.S District Court Judge Beistline on 1/16/07.

Please note, that the agreed hourly rate during the preparation of this report is $100.

This report is based on my review of the records and information provided by John Gilbert along with records and information maintained and provided by APC Natchiq. A detailed explanation of the audit is enclosed, however the total overtime wages owed is:

$113,810.94

This report is based on the information provided to date. Therefore, I reserve the right to amend, modify, or supplement this report based upon the receipt of new or additional information.

Sincerely,

Monte I. Jordan
MJ Resources

Attachment: addendum (2)

# I  METHOD OF CALCULATION – 8 AAC 15.100

The court has ordered that the calculation of overtime wages in Gilbert v APC Natchiq, Inc., 3:03-CV-0174 (APC) should be based on 8 AAC 15.100 Payment for Overtime, Under (a) of the regulation an employee's regular rate is the basis for computing the overtime and the regular rate is defined as an hourly rate that is "figured on a weekly basis."

Gilbert was paid a daily salary.  This is verified by APC/Natchiq, Inc.'s employment document entitled, "Employee Information Record" beginning on 1/10/01 through his final wage increase on 1/04/02.  The "Employee Information Record" form consistently indicates Gilbert as receiving a "Day Rate" with the amount of his daily salary.  This daily salary increased over the term of his employment as follows: $350 on 1/20/01; $375 on 4/16/01;  $425 on 6/18/01; and on 1/3/02 a final increase to $475.  The regulation further states that the employee does not need to be hired at an hourly rate but, "may be paid by piece-rate, salary, commission or any other basis agreeable to the employer and employee.  However, the applicable compensation basis must be converted to an hourly rate when determining the regular rate for compensation".  There are further provisions under (1) and (2) of the regulation for an employee such as Plaintiff Gilbert, who was paid a salary.

Gilbert's employment contract did not set out specific daily and weekly straight time and overtime hours or a regular straight time hourly rate of pay and appropriate overtime rate with regard to his salary per (a) (1) of the regulation and the actual hours he worked, deviated "from the hours specified in the contract", therefore, it is necessary to look to 8 AAC 15.100 (a)(2) which states that, "the salary will be considered to be compensation for an eight-hour workday and 40-hour workweek, and overtime will be computed on that basis.

# II  WEEKLY BASIS

APC's records reflect that Gilbert worked a rotating schedule but was only paid for periods he worked.  Therefore, to arrive at Gilbert's salary on a weekly basis it is merely necessary to multiply his daily salary times five workdays. [1] This "week of salary" includes pay for a week of 40 straight time hours worked as referenced in Piquniq Mgt. Corp. v Reeves (11/6/98), P 2d 732 (Piquniq).   It should be noted that if the calculation of "weekly basis" followed the regulatory definition of "workweek"[2] the calculation of regular rate and overtime would be greater.  The five-day calculation is reflected in the enclosed audit as "Weekly Salary Basis".

---

[1] 8 AAC 15.910 (17) "workday" means a fixed and regularly recurring period of 24 consecutive hours;

[2] 8 AAC 15.910 (15)"workweek" means a fixed and regularly recurring period of 168 hours that is seven consecutive 24-hour periods; it may begin on any day of the week and need not coincide with the calendar week; an individual employee's workweek is the statutory or contract number of hours that the employee is to regularly work during that period; the workweek may not be artificially adjusted for the purpose of avoiding the payment of overtime; however the workweek may be changed for any other purpose as provided in AS 23.05.160.

GILBERT v. APC/NATCHIQ, INC.
Page 3 of 4

After arriving at Gilbert's salary figured on a weekly basis as required under 8 ACC 15.100(a) and (a) (2) the calculation of "overtime damages" was determined as described in Piquniq. The weekly salary was divided by 40 hours to arrive at the regular rate and multiplied by 1.5 for the overtime rate. The straight time and overtime hours were then applied to the appropriate rate for each period to arrive at total earnings. Wages paid by APC per Gilbert's daily salary were deducted from his total earnings as outlined below.

### III   AUDIT

During the period claimed – 6/20/01 through 4/13/03 – Gilbert was paid at two different daily salaries. The dates and rates for each are reflected in the following audit and the days/hours worked were based on Gilbert's personal records as used in previous computations.

**6/20/01 – 1/2/02     Daily Salary $425**

| | | | |
|---|---|---|---|
| **Weekly Basis** | = 5 days x $425 | = | $2125.00 |
| **Regular Rate** | = $2125 / 40 | = | $ 53.13 |
| **Overtime Rate** | = $53.13 x 1.5 | = | $ 79.69 |

**1/3/02 – 4/13/03     Daily Salary $475**

| | | | |
|---|---|---|---|
| **Weekly Basis** | = 5 days x $475 | = | $2375.00 |
| **Regular Rate** | = $ 2375 / 40 | = | $ 59.38 |
| **Overtime Rate** | = $ 59.38 x 1.5 | = | $ 89.06 |

Defendant APC Natchiq, Inc. paid Gilbert for each day he worked. In the period from 6/20/01 through 1/2/02 Gilbert worked 95 days including travel days to and from the worksite for a total of $40,375 in wages.

**6/20/01 – 1/2/02     Daily Salary $425**

| | | |
|---|---|---|
| **612 ST Hours   @  $53.13** | = | $32,512.50 |
| **554.25 OT Hours @ $79.69** | = | $44,166.80 |
| **Total Wages Earned** | = | $76,679.30 |
| **Wages Paid** | = | $40,375.00 |
| **Overtime Owed** | = | $36,304.30 |

GILBERT v. APC/NATCHIQ, INC.
Page 4 of 4

In the following period from 1/3/02 through 4/13/03, Gilbert worked 239 days including travel days to and from the worksite for a total of $113,525.00 in wages.

**1/3/02 – 4/13/03      Daily Salary $475**

| | | |
|---|---|---|
| **1531 ST Hours    @ $59.38** | **=** | **$ 90,903.13** |
| **1124.25 OT Hours @ $89.06** | **=** | **$100,128.52** |
| **Total Wages Earned** | **=** | **$191,031.64** |
| **Wages Paid** | **=** | **$113,525.00** |
| **OT Owed** | **=** | **$ 77,506.64** |

Based on the above computations, Gilbert is owed total additional overtime wages as follows:

**Total OT Owed      =      $113,810.94**