IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

```
JOHN GILBERT,                  )
                               )
            Plaintiff,         )
                               )
v.                             )
                               )
APC NATCHIQ, INC.,             )
                               )
            Defendant.         ) Case No.: 3:03-cv-00174-RRB
_____)
```

## REPLY of DEFENDANT TO RESPONSE TO ORDER CALCULATIONS OF MONIES OWED AT DOCKET 110

### I. Introduction

Defendant, APC Natchiq, Inc., by and through its attorneys Delisio, Moran, Geraghty & Zobel, PC, hereby responds to Gilbert's demand for additional payment of overtime wages. The Court stated, at Docket 109, that:

> [I]n accordance with Defendant's Response to Plaintiff's Demand for Payment Filed at Docket 98 (Docket 99), the Court concludes the controlling authority regarding the methodology by which to calculate Plaintiff's regular rate of pay and overtime is Piquniq Management Company v. Reeves, 965 P.2d 732 (Alaska 1998). As a consequence, the parties are to calculate the moneys owed Plaintiff in accordance with the same.

Despite this clear direction from the Court, Gilbert argues for a calculation different from that explicitly provided for in Piquniq Mgmt Co v. Reeves.

DELISIO MORAN
GERAGHTY & ZOBEL, P.C.

943 WEST 6TH AVENUE
ANCHORAGE, ALASKA
99501-2033

(907) 279-9574

APC has made two payments to Gilbert, one for $8,988.85 in August 2006 for overtime earned between June 20, 2001 and December 31, 2001, and one for $22,979.17 (less withholding) in January 2007 for overtime earned between January 1, 2002 and April 7, 2003.  These two payments were made in accordance with the formula for calculation of overtime contained in APC's Response to Plaintiff's Demand for Payment Filed at Docket 98 (Docket 99).  APC respectfully submits that, since it has paid monies owed in accordance with Docket 99 and this Court's order, no further payment is due.

## II.   POINTS AND AUTHORITIES

**A.   Piquniq Mgmt. Corp v. Reeves mandates that overtime damage calculations under 8 AAC 15.100 begin by calculating the employee's annual salary.**

In calculating overtime compensation owed to Gilbert, APC followed Piquniq Mgmt. Co. v. Reeves, 965 P.2d 732 (Alaska 1998).  The calculation offered in Gilbert's most recent motion, however, is contrary to the steps mandated by the Piquniq court.  It is the calculation of Gilbert's weekly salary where Gilbert errs.

The Piquniq court laid out the following steps to be followed in calculating overtime.

Step #1:  Determine the employee's annual income

DELISIO MORAN
GERAGHTY & ZOBEL, P.C.

943 WEST 6TH AVENUE
ANCHORAGE, ALASKA
99501-2033

(907) 279-9574

00108737.DOC Reply to Response To Order Calculations of Monies Owed at Docket 110
*John Gilbert v. APC Natchiq, Inc.*; Case No. 3:03-cv-00174-RRB; Page 2 of 10

>    Step #2:   Annual income ÷ 52 weeks = weekly salary
>
>    Step #3:   Weekly salary ÷ 40 = regular rate of pay
>
>    Step #4:   Regular rate of pay x 1.5 = overtime rate
>
>    Step #5:   Determine straight time and overtime hours
>
>    Step #6:   Overtime rate x overtime hours = overtime pay
>
>    Step #7:   Regular rate of pay x straight time hours = straight time pay
>
>    Step #8:   Overtime pay + straight time pay = compensation actually earned
>
>    Step #9:   Compensation actually earned – compensation employer paid = overtime damages

In his calculation Gilbert fails to follow step #1 and step #2. Gilbert disregards calculation of his annual salary and argues that his weekly salary must be calculated by looking only at the weeks worked and the earnings in the weeks worked. Thus he would have the court ignore the fact that Gilbert was on a schedule which included working for several weeks for extended hours and then not working for a week. This factor was at the heart of Piquiniq's rationale. Gilbert's calculation, however, is contrary to Piquniq and was expressly rejected by the Piquiniq court.

The employee in Piquniq, Reeves, worked the same compressed schedule as the Plaintiff (two weeks on/two weeks off). In

DELISIO MORAN
GERAGHTY & ZOBEL, P.C.

943 WEST 6TH AVENUE
ANCHORAGE, ALASKA
99501-2033

(907) 279-9574

00108737.DOC Reply to Response To Order Calculations of Monies Owed at Docket 110
*John Gilbert v. APC Natchiq, Inc.*; Case No. 3:03-cv-00174-RRB; Page 3 of 10

order to determine Reeves' weekly wage for purposes of determining his regular pay rate under 8 AAC 15.100(a)(2), the Court took his total compensation and divided it by the total number of weeks in the employment period to determine his weekly wage. <u>Piquniq</u> at 737. The Court used this pay rate calculation to account for the week to week variance created by the compressed schedule. "In short, to count Reeves's entire sixty weeks of salary as pay for only thirty weeks of actual straight-time work would violate [8 AAC 15.100] subparagraph (a)(2)'s mandate to consider each week of his salary as a week of straight time pay." <u>Id.</u> Annual salary is merely a way to measure the total earnings over a period of time. The Court explained this further by stating that "because no evidence in the record suggests that Reeves' sixty weeks of salary were actually intended to pay only forty hours per week of straight-time wages for thirty workweeks, this rate of pay has no basis in reality." <u>Id,</u> at 738. Thus, <u>Piquniq</u> holds that, in order to determine an employee's weekly wage under 8 AAC 15.100(a)(2), the employee's wages must be averaged over a period sufficient to account for the compressed schedule when calculating the weekly wage.

DELISIO MORAN
GERAGHTY & ZOBEL, P.C.

943 WEST 6TH AVENUE
ANCHORAGE, ALASKA
99501-2033
_____

(907) 279-9574

00108737.DOC Reply to Response To Order Calculations of Monies Owed at Docket 110
*John Gilbert v. APC Natchiq, Inc.*; Case No. 3:03-cv-00174-RRB; Page 4 of 10

Here, Gilbert argues that his weekly wage should be determined by looking only at one work week. This approach was explicitly rejected in Piquniq because it would result in an inflated straight time and, consequently, an inflated overtime rate. Looking at the calculations the Court used to calculate Reeves' regular and overtime pay rates in Piquniq reinforces the holding that compensation must be averaged over a longer time period to account for the compressed schedule. Reeves worked for sixty weeks and was compensated $66,780, giving him a weekly salary of $1,113 ($66,780/60 = $1113). Id, at 737. The proper calculation was **not** total pay divided by actual weeks worked (30 in Reeves case), but rather total pay divided by total weeks in the employment period (including the weeks off due to the compressed schedule). To determine weekly salary by only looking at the actual weeks work was expressly rejected in Piquniq.

The rate calculations urged by Gilbert at Page 3 of Docket 110, follow logic expressly rejected in Piquniq. Gilbert argues "[t]he court is first required to figure a salary on a weekly basis, *Piquniq* at 735." Plaintiff Response, Docket 110, Page 2. However, this is not what the case states. The actual text citation states that "the court was first required to figure

DELISIO MORAN
GERAGHTY & ZOBEL, P.C.

943 WEST 6TH AVENUE
ANCHORAGE, ALASKA
99501-2033
___
(907) 279-9574

00108737.DOC Reply to Response To Order Calculations of Monies Owed at Docket 110
*John Gilbert v. APC Natchiq, Inc.*; Case No. 3:03-cv-00174-RRB; Page 5 of 10

this **annual** salary on a weekly basis." Piquniq at 735 (emphasis added, quotations omitted). The reason for the inclusion of the qualifier word "annual" is very important, as outlined above. By averaging the employee's compensation over a year, the variance caused by the compressed work schedule is averaged out and does not result in an artificially high or low compensation rate.

Gilbert's argument that his rate of pay should be determined by looking only at one work week is improper. This is the same argument advanced and expressly rejected in Piquniq. Piquniq mandates the use of a longer time period to account for the week to week variance created by the compressed work schedule. Thus, the rate formula and calculations explicitly endorsed by this Court, as set forth at Docket 99, constitute the correct method for calculating the Plaintiff's regular and overtime rate. APC's calculations are consistent with both the logic and the formula set forth in Piquniq and the motion of Gilbert for additional overtime payment must fail.

**B.   Gilbert is owed no further payment as all overtime pay owed under the formula set forth in Docket 99 has been paid.**

DELISIO MORAN
GERAGHTY & ZOBEL, P.C.

943 WEST 6TH AVENUE
ANCHORAGE, ALASKA
99501-2033

(907) 279-9574

00108737.DOC Reply to Response To Order Calculations of Monies Owed at Docket 110
*John Gilbert v. APC Natchiq, Inc.*; Case No. 3:03-cv-00174-RRB; Page 6 of 10

APC calculated overtime payments to Gilbert in accordance with the following steps and as outlined in Docket 99[1]. A summary of APC's calculations, pursuant to the formula summarized at Docket 99 and endorsed by the court in Docket 109 follows.

**For the time period from 6/20/01 to 12/31/01:**

Step #1:  Determine the employee's annual income. Gilbert earned $69,775 in 2001.

Step #2:  Annual income ÷ 52 weeks = weekly salary. $69,775/52 = $1341.83.

Step #3:  Weekly salary ÷ 40 = regular rate of pay. $1341.83/40 = $33.55.

Step #4:  Regular rate of pay x 1.5 = overtime rate. $33.55 X 1.5 = $50.33.

Step #5:  Determine straight time and overtime hours. From June 20, 2001 to December 31, 2001, Gilbert worked a total of 612 straight time hours and 554.25 overtime hours.

Step #6:  Overtime rate x overtime hours = overtime pay. $50.33 X 554.25 = $27,895.40.

Step #7:  Regular rate of pay x straight time hours = straight time pay.
$33.55 X 612 = $20,532.60.

Step #8:  Overtime pay + straight time pay = compensation actually earned.
$27,895.40 + $20,532.60 = $48,428.00.

Step #9:  Compensation actually earned – compensation employer paid = overtime damages

---

[1] All hours and days worked were taken from Plaintiff's expert report.

DELISIO MORAN
GERAGHTY & ZOBEL, P.C.

943 WEST 6TH AVENUE
ANCHORAGE, ALASKA
99501-2033

(907) 279-9574

00108737.DOC Reply to Response To Order Calculations of Monies Owed at Docket 110
*John Gilbert v. APC Natchiq, Inc.*; Case No. 3:03-cv-00174-RRB; Page 7 of 10

Gilbert was paid $39,525.00 for that same time period (93 days X $425 per day). $48,428.00 – $39,525.00 = $8,903.00. APC paid Gilbert $8,988.85 in August 2006, an overpayment of $85.85. Thus, no additional payment is owed for the period from June 20, 2001 to December 31, 2001.

**For the time period from 1/3/02 to 4/7/03:**

Step #1: Determine the employee's annual income. Gilbert worked 186 days in 2002, at a day rate of $475. 186 X $475 = $88,350.

Step #2: Annual income ÷ 52 weeks = weekly salary. $88,350/52 = $1699.04.

Step #3: Weekly salary ÷ 40 = regular rate of pay. $1,699.04/40 = $42.48.

Step #4: Regular rate of pay x 1.5 = overtime rate. $42.48 X 1.5 = $63.72.

Step #5: Determine straight time and overtime hours. Gilbert worked 1,539 straight time hours and 1,116.25 overtime hours.

Step #6: Overtime rate x overtime hours = overtime pay. 1,116.25 X $63.72 = $71,127.45.

Step #7: Regular rate of pay x straight time hours = straight time pay. $1,539 X $42.48 = $65,376.72.

Step #8: Overtime pay + straight time pay = compensation actually earned. $71,127.45 + $65,376.72 = $136,504.17.

Step #9: Compensation actually earned – compensation employer paid = overtime damages

DELISIO MORAN
GERAGHTY & ZOBEL, P.C.

943 WEST 6TH AVENUE
ANCHORAGE, ALASKA
99501-2033
‾‾‾‾
(907) 279-9574

00108737.DOC Reply to Response To Order Calculations of Monies Owed at Docket 110
*John Gilbert v. APC Natchiq, Inc.*; Case No. 3:03-cv-00174-RRB; Page 8 of 10

Gilbert earned $136,504.17.  Gilbert worked a total of 239 days during the time period in question.  239 X $475 = $113,525.  Thus, $136,504.17 - $113,525 = $22,979.17.  APC paid Gilbert $22,979.17, less withholding, in January 2007.  Thus, no further payment is owed for the time period between January 3, 2002 and April 7, 2003.

### III. Conclusion

Defendant respectfully requests that the Court find that its calculations, made following the formula referenced by the Court in Docket 99, are the correct interpretation of Piquniq.  Further, because all wages due under the proper formula have been paid, Defendant respectfully requests that the Court find that the Plaintiff is owed no additional pay.

DATED this _____ day of February, 2007, at Anchorage, Alaska.

                                        DeLISIO MORAN GERAGHTY & ZOBEL, P.C.
                                        Attorneys for APC Natchiq, Inc.

                                        /s/ Patricia L. Zobel
By:_____
    Patricia L. Zobel
    Bar No. 7906067
    E-Mail: pzobel@dmgz.com
    Danielle M. Ryman
    Bar No. 9911071
    E-Mail: dryman@dmgz.com
    943 West 6th Avenue
    Anchorage, Alaska 99501

DeLisio Moran Geraghty & Zobel, P.C.
943 West 6th Avenue
Anchorage, Alaska
99501-2033
(907) 279-9574

00108737.DOC Reply to Response To Order Calculations of Monies Owed at Docket 110
*John Gilbert v. APC Natchiq, Inc.*; Case No. 3:03-cv-00174-RRB; Page 9 of 10

```
                                        Telephone: (907) 279-9574
                                        Facsimile: (907) 276-4231
```

This is to certify that a true copy of the foregoing was mailed this ____ day of March, 2006, to the following:

Kenneth L. Covell
712 8th Avenue
Fairbanks, AK 99701

By: /s/ Cheryl Eelbode
_____
    Cheryl Eelbode

DELISIO MORAN
GERAGHTY & ZOBEL, P.C.

943 WEST 6TH AVENUE
ANCHORAGE, ALASKA
99501-2033

(907) 279-9574

00108737.DOC Reply to Response To Order Calculations of Monies Owed at Docket 110
*John Gilbert v. APC Natchiq, Inc.*; Case No. 3:03-cv-00174-RRB; Page 10 of 0