IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| JOHN GILBERT,<br><br>      Plaintiff,<br><br>vs.<br><br>APC NATCHIQ, INC.,<br><br>      Defendant. | Case No. 3:03-cv-0174-RRB<br><br>**ORDER REGARDING**<br>**MONIES OWED PLAINTIFF** |

**I.  INTRODUCTION**

At Docket 109 the Court ordered each of the parties to "calculate the moneys owed Plaintiff [John Gilbert ("Gilbert")] in accordance with [Piquniq Management Corp. v. Reeves, 965 P.2d 732 (Alaska 1998)]."[1] In response, Gilbert filed certain calculations at Docket 110, wherein he claims Defendant APC Natchiq, Inc. ("APC") owes him "$104,882.09 in satisfaction of wages and overtime due."[2] Subsequent to Gilbert's response, APC filed a reply at Docket 114, wherein APC claims it "has paid monies owed in

---

[1]  Docket 109 at 6.

[2]  Docket 110 at 7.

accordance with Docket 99 and this Court's order, [and] no further payment is due."[3]  The Court disagrees.[4]

## II.  FACTS

Because the relevant facts are more than substantially briefed within the applicable pleadings, they are not repeated herein except as necessary.

## III. DISCUSSION

APC paid Gilbert a "daily" salary of: (1) $425 from June 20, 2001, to January 20, 2002; and (2) $475 from January 3, 2002, to April 13, 2003.  "To convert [these daily salaries] to a regular rate of pay, [Gilbert was] first required to 'figure[]' [these daily salaries] 'on a weekly basis.'"[5]  Having done so, Gilbert contends his "daily" salaries translate to "weekly" salaries of: $2125.00 from June 20, 2001, to January 20, 2002; and (2) $2375.00 from January 3, 2002, to April 13, 2003.  APC opposes and argues: (1) "Gilbert's daily salary must [first] be annualized

---

[3] Docket 114 at 2.

[4] Inasmuch as the Court concludes the parties have submitted memoranda thoroughly discussing the law and evidence in support of their positions, it further concludes oral argument is neither necessary nor warranted with regard to the instant matter. See Mahon v. Credit Bureau of Placer County, Inc., 171 F.3d 1197, 1200 (9th Cir. 1999)(explaining that if the parties provided the district court with complete memoranda of the law and evidence in support of their positions, ordinarily oral argument would not be required).  As a result, Gilbert's Request for Hearing at **Docket 115** is hereby **DENIED**.

[5] Piquniq Management Corp. v. Reeves, 965 P.2d 732, 735 (Alaska 1998)(footnote omitted).

in order to properly calculate the moneys owed Gilbert"[6]; and/or (2) Gilbert's calculations are "contrary to Piquniq and are expressly rejected by the Piquniq court."[7] APC is incorrect.

In Piquniq, Plaintiff Jesse A. Reeves ("Reeves") was hired at a "yearly" salary of $57,876. "To convert this salary to a regular rate of pay, the court was first required to 'figure[]' this annual salary 'on a weekly basis.' [Thus,] Reeves's annual salary translated to a weekly salary of $1113."[8]

> Next, since Reeves's regular rate of pay was not set by an employment contract, the court converted his salary to a regular hourly rate by the method specified in 8 AAC 15.100(a)(2); treating Reeves's $1113 weekly salary as straighttime [sic] compensation for eight-hour workdays totaling forty hours of work per week, the court determined his regular hourly wage to be $27.83, and his overtime rate to be $41.74.[9]

Pursuant to Piquniq, therefore, the derivation of a "weekly" salary is the first step in calculating overtime damages in cases such as the one at bar. Piquniq does not stand for the broad proposition that a salary needs to "annualized" in order to calculate overtime damages. Indeed, it was only because Reeves was paid an "annual" salary that his "weekly" salary was derived therefrom. Had APC hired Gilbert on a "yearly" salary, the result

---

[6]   Docket 115 at 1.

[7]   Docket 114 at 3.

[8]   Piquniq, 965 P.2d at 735 (footnote omitted).

[9]   Id. at 736 (footnote omitted).

herein would have been similar.  It did not.  As a result, and/or because Gilbert was paid a "daily" salary, the Court concludes that it must convert Gilbert's "daily" salary to a "weekly" salary, as demonstrated by Gilbert,[10] in order to calculate overtime damages.

### IV.   CONCLUSION

For this reason, and for additional reasons more carefully articulated in Plaintiff's Response at Docket 110, the Court further concludes Gilbert is owed wages and overtime in the amount of **$113,810.94** minus the: (1) **$8,988.85** that Gilbert was paid in August of 2006; and (2) **$22,979.17** that Gilbert was paid in January of 2007.  It is hereby ordered, therefore, that APC is to pay Gilbert a total of **$81,842.92** in satisfaction of his straight time and over time claims for the period of June 1, 2001, to April 13, 2003.

ENTERED this 27th day of March, 2007.

S/RALPH R. BEISTLINE
UNITED STATES DISTRICT JUDGE

---

[10]   See Docket 110 at 2-4.